MAXIMILIEN D. FETAZ, ESQ.
Nevada Bar No. 12737
mfetaz@bhfs.com
ZACHARY R. MEYER, ESQ.
Nevada Bar No. 15783
zmeyer@bhfs.com
BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
Telephone: 702.382.2101
Facsimile: 702.382.8135

*Attorneys for Defendants/Counterclaimants*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| UTHERVERSE, INC., a Nevada corporation, and BRIAN SHUSTER, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>BRIAN QUINN, an individual; JOSHUA DENNE, an individual; BLOCKCHAIN FUNDING, INC., a Delaware corporation; BLOCKCHAIN ALLIANCE LLC, a Wyoming Limited Liability Company; MASTERNODE PARTNERS, LLC, a Wyoming Limited Liability company; LYNNE MARTIN, an individual; NIYA HOLDINGS, LLC, a Nevada limited liability company; NIMA MOMAYEZ, an individual; and JEREMY ROMA, an individual.<br><br>Defendants. | Case No.: 3:25-cv-00020-MMD-CSB<br><br><br>**ANSWER TO COMPLAINT AND COUNTERCOMPLAINT** |
| BRIAN QUINN, an individual; JOSHUA DENNE, an individual; BLOCKCHAIN FUNDING, INC., a Delaware corporation; BLOCKCHAIN ALLIANCE LLC, a Wyoming Limited Liability Company; MASTERNODE PARTNERS, LLC, a Wyoming Limited Liability company; NIYA HOLDINGS, LLC, a Nevada limited liability company; and NIMA MOMAYEZ, an individual,<br><br>Counterclaimants,<br><br>v. | |

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

1

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

1  UTHERVERSE, INC., a Nevada corporation, and BRIAN SHUSTER, an individual,
2  UTHERVERSE DIGITAL INC., a Vancouver, British Columbia, Corporation;
3  PETER GANTNER, an individual; NEXUS VENTURE LLC, an Arizona Limited
4  Liability Company; ARI GOOD, an individual; GARY SHUSTER, an individual;
5  and DOES 1-25, inclusive,

6                            Counterdefendants.

7

8                        **ANSWER TO COMPLAINT**

9      Defendants Brian Quinn ("Quinn"), Joshua Denne ("Denne"), Blockchain Funding, Inc.

10  ("Blockchain Funding"), Blockchain Alliance LLC ("Blockchain Alliance"), Masternode Partners,

11  LLC ("Masternode"), Lyne Martin ("Martin"), Niya Holdings, LLC ("Niya Holdings"), and Nima

12  Momayez ("Momayez") (collectively, "Defendants") respond to the allegations set forth in

13  Plaintiffs Utherverse, Inc. ("UI") and Brain Schuster's ("Schuster") (collectively, "Plaintiffs")

14  complaint ("Complaint") as follows:[1]

15      1.      Answering Paragraph 1 of Plaintiffs' Complaint, Defendant states that this

16  Paragraph contains purported legal conclusions and/or statements or recitations of law rather than

17  allegations, and as such, no response is necessary. To the extent that a response is necessary,

18  Defendants deny generally and specifically each and every allegation contained therein.

19      2.      Answering Paragraph 2 of Plaintiffs' Complaint, Defendant states that this

20  Paragraph contains purported legal conclusions and/or statements or recitations of law rather than

21  allegations, and as such, no response is necessary. To the extent that a response is necessary,

22  Defendants deny generally and specifically each and every allegation contained therein.

23      3.      Answering Paragraph 3 of Plaintiffs' Complaint, Defendants admit that UI is a

24  corporation having its principal place of business in Carson City, Nevada.

25  / / /

26  / / /

27

28

---

[1] Unless otherwise specified, terms in this Answer have the same meaning given to them as in the Complaint.

2

32754401

4.    Answering Paragraph 4 of Plaintiffs' Complaint, Defendants are without sufficient knowledge or information upon which to forma a belief as to the truth of the allegations contained in said paragraph, and therefore denies each and every allegation contained therein.

5.    Answering Paragraph 5 of Plaintiffs' Complaint, Defendants admit that Quinn is an individual residing in Orange County, California.

6.    Answering Paragraph 6 of Plaintiffs' Complaint, Defendants admit that Denne is an individual residing in Paradise Valley, Arizona.

7.    Answering Paragraph 7 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph, except Defendants admit that Blockchain Funding is a Delaware corporation with its principal place of business at 1020 Wendy Lane, Cheyenne, Wyoming 82009.

8.    Answering Paragraph 8 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph, except Defendants admit that Blockchain Alliance is a Wyoming limited liability company with its principal place of business at 6933 E. Fanfol Dr., Paradise Valley, Arizona 85253.

9.    Answering Paragraph 9 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph, except Defendants admit that Masternode is a Wyoming limited liability company with its principal place of business at 1020 Wendy Lane, Cheyenne, Wyoming 82009.

10.    Answering Paragraph 10 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph, except Defendants admit that Martin is the mother of Denne.

11.    Answering Paragraph 11 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph, except Defendants admit that Niya Holdings is a Nevada limited liability company with a mailing address at 187 Warm Springs Road, Suite B206, Las Vegas, Nevada 89119.

/ / /

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

3

32754401

12. Answering Paragraph 12 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph, except Defendants admit that Momayez is an individual residing in Irvine, California, and is a manager of Niya Holdings.

13. Answering Paragraph 13 of Plaintiffs' Complaint, Defendants are without sufficient knowledge or information upon which to forma a belief as to the truth of the allegations contained in said paragraph, and therefore denies each and every allegation contained therein.

14. Answering Paragraph 14 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph.

15. Answering Paragraph 15 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph.

16. Answering Paragraph 16 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph, except Defendants admit that Quinn and Denne discussed obtaining funding for UI and UDI as part of a business venture with Plaintiffs.

17. Answering Paragraph 17 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph.

18. Answering Paragraph 18 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph.

19. Answering Paragraph 19 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph, except Defendants admit that the matter identified in this allegation, *Securities and Exchange Commission v. Tobin, et al.*, No. 18-CV-12451 (Dist. Mass. July 13, 2022), exists and speaks for itself.

20. Answering Paragraph 20 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph.

21. Answering Paragraph 21 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph.

22. Answering Paragraph 22 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph.

**BROWNSTEIN HYATT FARBER SCHRECK, LLP**
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

4

23.     Answering Paragraph 23 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph, except Defendants admit that the matter identified in this allegation, *Denne v. Shuster*, Cal. Sup. Ct., Co. of Orange, Case No. 30-2024-01438251-CU-FR-NJC, filed Nov. 8, 2024, exists and speaks for itself.

24.     Answering Paragraph 24 of Plaintiffs' Complaint, Defendants are without sufficient knowledge or information upon which to forma a belief as to the truth of the allegations contained in said paragraph, and therefore denies each and every allegation contained therein.

25.     Answering Paragraph 25 of Plaintiffs' Complaint, Defendants are without sufficient knowledge or information upon which to forma a belief as to the truth of the allegations contained in said paragraph, and therefore denies each and every allegation contained therein, except Defendants admit that Shuster represented UI and UDI as being in the business of developing virtual world environments and metaverses and working together in the ordinary course of their business.

26.     Answering Paragraph 26 of Plaintiffs' Complaint, Defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in said paragraph, and therefore denies each and every allegation contained therein, except Defendants admit that UDI represented that it was developing various forms of new software to Defendants and the development thereof was slow and potentially non-existent and fraudulent.

27.     Answering Paragraph 27 of Plaintiffs' Complaint, Defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations regarding software in said paragraph, and therefore denies the allegations about software, but admit that Quinn, Shuster, and Denne discussed investing in UI and represented that they were in contact with investors.

28.     Answering Paragraph 28 of Plaintiffs' Complaint, Defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in said paragraph, and therefore denies each and every allegation contained therein.

29.     Answering Paragraph 29 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph.

**BROWNSTEIN HYATT FARBER SCHRECK, LLP**
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

30. Answering Paragraph 30 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph.

31. Answering Paragraph 31 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph.

32. Answering Paragraph 32 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph.

33. Answering Paragraph 33 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph.

34. Answering Paragraph 34 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph.

35. Answering Paragraph 35 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph.

36. Answering Paragraph 36 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph.

37. Answering Paragraph 37 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph.

38. Answering Paragraph 38 of Plaintiffs' Complaint, Defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in said paragraph, and therefore denies each and every allegation contained therein.

39. Answering Paragraph 39 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph, except Defendants admit that a former associate of UDI informed Quinn and Denne that Shuster was a fraud and that the associate indicated that he intended to sue Shuster.

40. Answering Paragraph 40 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph.

41. Answering Paragraph 41 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph.

**Brownstein Hyatt Farber Schreck, LLP**
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

32754401

42.    Answering Paragraph 42 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph.

43.    Answering Paragraph 43 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph.

44.    Answering Paragraph 44 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph, except that Defendants admit that Quinn and Denne communicated their progress in securing funding from investors to Shuster, which communications speak for themselves.

45.    Answering Paragraph 45 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph.

46.    Answering Paragraph 46 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph, except Defendants admit that Robert Hackett served as CEO of UI.

47.    Answering Paragraph 47 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph.

48.    Answering Paragraph 48 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph, except Defendants admit that Quinn communicated with Shuster about tokens, which communications speak for themselves.

49.    Answering Paragraph 49 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph.

50.    Answering Paragraph 50 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph.

51.    Answering Paragraph 51 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph.

52.    Answering Paragraph 52 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph, except Defendants admit that Shuster executed a promissory note with Niya Holdings on behalf of him individually and UDI for $1,350,000 at 6% interest.

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

53.     Answering Paragraph 53 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph.

54.     Answering Paragraph 54 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph, except Defendants admit that Niya Holdings and Momayez demanded repayment of the promissory note.

55.     Answering Paragraph 55 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph.

56.     Answering Paragraph 56 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph.

57.     Answering Paragraph 57 of Plaintiffs' Complaint, Defendants contend that the Consulting Agreement speaks for itself and deny the allegations in Paragraph 57 to the extent that they deviate from the terms of the Consulting Agreement.

58.     Defendants contend that the Consulting Agreement speaks for itself and deny the allegations in Paragraph 58 about the Consulting Agreement to the extent that they deviate from the terms of the Consulting Agreement. As for the remaining allegations in Paragraph 58 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph.

59.     Answering Paragraph 59 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph, except Defendants admit that Blockchain Funding and Denne contracted with Nexus to develop a software platform to launch tokens.

60.     Answering Paragraph 60 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph.

61.     Answering Paragraph 61 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph.

62.     Answering Paragraph 62 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph.

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

32754401

63.    Answering Paragraph 63 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph.

64.    Answering Paragraph 64 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph, except that the presale of UTHER tokens by UDI went live on or about July 17, 2022.

65.    Answering Paragraph 65 of Plaintiffs' Complaint, Defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in said paragraph, and therefore denies each and every allegation contained therein generally and specifically deny the allegations contained in said paragraph, except Defendant denies that Quinn and Denne had not brough significant investors to purchase stock of UI or UDI.

66.    Answering Paragraph 66 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph, except Defendants admit that Blockchain Funding loaned $350,000 to UDI at 5% per anum under the Blockchain Note.

67.    Answering Paragraph 67 of Plaintiffs' Complaint, Defendants contend that Quinn's July 25, 2022 email to Shuster speaks for itself and deny the allegations in Paragraph 67 to the extent that they deviate from the content of that email.

68.    Answering Paragraph 68 of Plaintiffs' Complaint, Defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in said paragraph, and therefore denies each and every allegation contained therein.

69.    Answering Paragraph 69 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph.

70.    Answering Paragraph 70 of Plaintiffs' Complaint, Defendants contend that the Membership Agreement speaks for itself and deny the allegations in Paragraph 70 to the extent that they deviate from the terms of the Membership Agreement.

71.    Answering Paragraph 71 of Plaintiffs' Complaint, Defendants contend that the Membership Agreement speaks for itself and deny the allegations in Paragraph 70 to the extent that they deviate from the terms of the Membership Agreement.

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

32754401

72. Answering Paragraph 72 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph, except Defendants deny the allegations regarding the Membership Agreement to the extent that they deviate from the terms of the Membership Agreement, which speaks for itself.

73. Answering Paragraph 73 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph.

74. Answering Paragraph 74 of Plaintiffs' Complaint, Defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in said paragraph, and therefore denies each and every allegation contained therein.

75. Answering Paragraph 75 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph.

76. Answering Paragraph 76 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph, except Defendants admit that UI initially prepared a SAFT requiring investors who wished to buy tokens during the presale period to be accredited by demonstrating a minimum threshold of income.

77. Answering Paragraph 77 of Plaintiffs' Complaint, Defendants contend that the Blockchain SAFT speaks for itself and deny the allegations in said paragraph to the extent that they deviate from the terms of the Blockchain SAFT. Defendants deny that it is not typical for a SAFT to not provide vesting schedule or release schedule requirements.

78. Answering Paragraph 78 of Plaintiffs' Complaint, Defendants contend that the Blockchain SAFT speaks for itself and deny the allegations in said paragraph to the extent that they deviate from the terms of the Blockchain SAFT.

79. Answering Paragraph 79 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph.

80. Answering Paragraph 80 of Plaintiffs' Complaint, Defendants contend that the Masternode SAFT speaks for itself and deny the allegations in said paragraph to the extent that they deviate from the terms of the Masternode SAFT.

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

32754401

81.    Answering Paragraph 81 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph.

82.    Answering Paragraph 82 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph.

83.    Answering Paragraph 83 of Plaintiffs' Complaint, Defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in said paragraph, and therefore denies each and every allegation contained therein

84.    Answering Paragraph 84 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph.

85.    Answering Paragraph 85 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph.

86.    Answering Paragraph 86 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph.

87.    Answering Paragraph 87 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph.

88.    Answering Paragraph 88 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph.

89.    Answering Paragraph 89 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph.

90.    Answering Paragraph 90 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph, except Defendants admit that Quinn communicated to Shuster that Chen could be a potential investor.

91.    Answering Paragraph 91 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph.

92.    Answering Paragraph 92 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph.

**BROWNSTEIN HYATT FARBER SCHRECK, LLP**
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

32754401

93.     Answering Paragraph 93 of Plaintiffs' Complaint, Defendants contend that the Subscription Agreement speaks for itself and deny the allegations contained in said paragraph to the extent that they contradict the Subscription Agreement.

94.     Answering Paragraph 94 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph.

95.     Answering Paragraph 95 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph.

96.     Answering Paragraph 96 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph.

97.     Answering Paragraph 97 of Plaintiffs' Complaint, Defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in said paragraph, and therefore denies each and every allegation contained therein.

98.     Answering Paragraph 98 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph.

99.     Answering Paragraph 99 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph, except Defendants admit that, at one point, Quinn advised UI to delay minting tokens.

100.    Answering Paragraph 100 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph, except Defendants admit that Denne and Quinn attempted to negotiate a separation from Plaintiffs that failed.

101.    Answering Paragraph 101 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph.

102.    Answering Paragraph 102 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph, except Defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegation that investors contacted Plaintiffs asking for tokens.

103.    Defendants admit or deny the allegations in Paragraph 103 consistent with the above admissions and denials.

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

104.    Answering Paragraph 104 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph.

105.    Answering Paragraph 105 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph.

106.    Answering Paragraph 106 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph.

107.    Answering Paragraph 107 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph.

108.    Answering Paragraph 108 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph.

109.    Answering Paragraph 109 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph.

110.    Answering Paragraph 110 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph.

111.    Answering Paragraph 111 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph.

112.    Answering Paragraph 112 of Plaintiffs' Complaint, Defendants state that this Paragraph contains purported legal conclusions and/or statements or recitations of law, rather than allegations, and as such, no response is necessary. To the extent that a response is necessary, Defendants deny generally and specifically each and every allegation contained therein.

113.    Answering Paragraph 113 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph.

114.    Defendants admit or deny the allegations in Paragraph 114 consistent with the above admissions and denials.

115.    Answering Paragraph 115 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph.

/ / /

/ / /

13

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

116.    Answering Paragraph 116 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations in said paragraph, including that Defendants made false statements.

117.    Answering Paragraph 117 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph.

118.    Answering Paragraph 118 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph.

119.    Answering Paragraph 119 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph.

120.    Answering Paragraph 120 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph.

121.    Answering Paragraph 121 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph.

122.    Answering Paragraph 122 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph.

123.    Defendants admit or deny the allegations in Paragraph 123 consistent with the above admissions and denials.

124.    Answering Paragraph 124 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph, including that Defendants made intentional misrepresentations of facts.

125.    Answering Paragraph 125 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph.

126.    Answering Paragraph 126 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph.

127.    Answering Paragraph 127 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph.

128.    Answering Paragraph 128 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph.

14

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

129.    Answering Paragraph 129 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph.

130.    Defendants admit or deny the allegations in Paragraph 130 consistent with the above admissions and denials.

131.    Answering Paragraph 131 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph.

132.    Answering Paragraph 132 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph.

133.    Answering Paragraph 133 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph.

134.    Answering Paragraph 134 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph.

135.    Defendants admit or deny the allegations in Paragraph 135 consistent with the above admissions and denials.

136.    Answering Paragraph 136 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph.

137.    Answering Paragraph 137 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph.

138.    Answering Paragraph 138 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph.

139.    Answering Paragraph 139 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph.

140.    Answering Paragraph 140 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph.

141.    Answering Paragraph 141 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph.

142.    Defendants admit or deny the allegations in Paragraph 142 consistent with the above admissions and denials.

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

15

143.    Answering Paragraph 143 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph.

144.    Answering Paragraph 144 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph.

145.    Answering Paragraph 145 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph.

146.    Answering Paragraph 146 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph.

147.    Answering Paragraph 147 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph.

148.    Defendants admit or deny the allegations in Paragraph 148 consistent with the above admissions and denials.

149.    Answering Paragraph 149 of Plaintiffs' Complaint, Defendants state that this Paragraph contains purported legal conclusions and/or statements or recitations of law, rather than allegations, and as such, no response is necessary. To the extent that a response is necessary, Defendants deny generally and specifically each and every allegation contained therein.

150.    Answering Paragraph 150 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph, except Defendants admit that Quinn and Denne knew of the NIYA Note.

151.    Answering Paragraph 151 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph.

152.    Answering Paragraph 152 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph.

153.    Answering Paragraph 153 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph.

154.    Answering Paragraph 154 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph.

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

32754401

155.    Defendants admit or deny the allegations in Paragraph 155 consistent with the above admissions and denials.

156.    Answering Paragraph 156 of Plaintiffs' Complaint, Defendants state that this Paragraph contains purported legal conclusions and/or statements or recitations of law, rather than allegations, and as such, no response is necessary. To the extent that a response is necessary, Defendants deny generally and specifically each and every allegation contained therein.

157.    Answering Paragraph 157 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph, except Defendants admit that Quinn and Denne knew of the Binding Letter.

158.    Answering Paragraph 158 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph.

159.    Answering Paragraph 159 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph.

160.    Answering Paragraph 160 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph.

161.    Answering Paragraph 161 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph.

## **AFFIRMATIVE DEFENSES**

1.    Plaintiffs failed to state a claim against Defendants on which relief can be granted.

2.    Plaintiffs failed to join indispensable parties.

3.    Plaintiffs failed to plead their claims with particularity.

4.    Plaintiffs' claims are barred by Plaintiffs' unclean hands.

5.    Plaintiffs' claim are barred as a result of Plaintiffs' prior wrongful conduct.

6.    Defendants acted in a legally permissible way.

7.    Plaintiffs' claims have been waived because of Plaintiffs' conduct.

8.    Plaintiffs' claims are barred as a result of lack of good faith.

9.    Defendants have properly and legally fulfilled their duties and obligations.

10.    Plaintiffs failed to perform as promised.

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

11.     Defendants fulfilled their duty to deal with Plaintiffs in good faith.

12.     All possible affirmative defenses may not have been alleged herein, insofar as sufficient facts were unavailable after reasonable inquiry upon filing of this Answer, therefore, Defendants reserve the right to amend their Answer to add affirmative defenses should the necessity arise.

WHEREFORE, Defendants pray for relief as follows:

1.     That Plaintiffs take nothing by their Complaint.

2.     That Defendants be awarded their attorneys' fees and costs incurred in defending against the Complaint.

3.     That Defendants be awarded any other relief that the Court deems appropriate.

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

32754401

**COUNTERCOMPLAINT**

Counterclaimants Brian Quinn ("Quinn"), Joshua Denne ("Denne"), Blockchain Funding, Inc. ("Blockchain Funding"), Blockchain Alliance LLC ("Blockchain Alliance"), Masternode Partners, LLC ("Masternode"), Niya Holdings, LLC ("Niya Holdings"), and Nima Momayez ("Momayez") (collectively, "Counterclaimants") allege as follows against Counter-defendants Utherverse, Inc. ("Utherverse, Inc."), Brian Shuster ("Shuster"), Utherverse Digital, Inc. ("Utherverse Digital"), Peter Gantner ("Gantner"), Nexus Venture LLC ("Nexus"), Ari Good ("Good"), Gary Shuster ("Gary") and DOES 1-25, inclusive (collectively, "Counter-Defendants"):

**SUMMARY**

1.      This case involves the fraudulent offer and sale of unregistered securities by Shuster and the entities he controlled and/or acted on behalf of: Utherverse, Inc. and Utherverse Digital (collectively, "Utherverse"). These Defendants, acting in concert with partners Gantner, Nexus, and attorneys Good and Gary, orchestrated a scheme to defraud investors, including the Plaintiffs.

2.      Since at least 2022 and continuing through the present, Counter-Defendants engaged in a systematic and intentional pattern of fraudulent conduct, misappropriating investor funds, concealing material facts, and making multiple false statements about the nature and profitability of their investments. The Counter-Defendants unlawfully induced Plaintiffs to invest in Utherverse by promising outsized returns, misrepresenting the state of Utherverse's financial health, and touting fictitious market success. Counterclaimants were deceived into believing that their investments would be used to develop virtual metaverse technologies and secure monetization opportunities through blockchain-based products.

3.      In reality, the Counter-Defendants misappropriated investor funds for personal gain and undisclosed purposes, including payments to non-licensed brokers, personal travel, and unrelated business ventures. Counter-Defendants further misrepresented key financial metrics such as user numbers, transaction volume, and proprietary technology. Their fraudulent conduct has caused significant financial harm to the Counterclaimants.

/ / /

/ / /

19

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

4.    Counterclaimants allege that, through this fraudulent scheme, Counter-Defendants violated California securities laws and committed theft under Penal Code § 496(c). The unlawful conduct includes:

      a.  Misrepresenting the expected return on investment and the state of the Utherverse platform;

      b.  Offering and selling unregistered securities through fraudulent inducement;

      c.  Concealing material facts, including conflicts of interest, misallocation of funds, and the financial instability of Utherverse; and

      d.  Using investor funds to pay commissions to unlicensed brokers and to finance personal expenses.

5.    Counter-Defendants also failed to disclose material information about related-party transactions and the payment of unauthorized commissions to associates. Counterclaimants allege that each of the Utherverse entities are mere alter egos of Shuster, whose personal use of corporate assets renders any separation between the entities and their owner illusory. Counterclaimants now seek compensatory and punitive damages, treble damages under California Penal Code § 496(c), and equitable relief to remedy the harm caused by Counter-Defendants' intentional and reckless conduct.

6.    Based upon the allegations made herein, Counterclaimants seek damages totaling over $2,936,659,500.

## PARTIES

**A.    <u>Counterclaimants</u>**

7.    Quinn is an individual who resides in Orange County, California.

8.    Denne is an individual who resides in Paradise Valley, Arizona.

9.    Momayez is an individual who resides in Irvine, California.

10.    Blockchain Funding is a Delaware Corporation.

11.    Masternode is a Wyoming Limited Liability Company.

12.    Blockchain Alliance is a Wyoming Limited Liability Company.

13.    Niya Holdings is a Nevada Limited Liability Company.

20

14. Momayez is an individual who resides in Irvine, California.

**B.    Counter-Defendants**

15. Shuster is an individual who resides in Vancouver, British Columbia.

16. Utherverse, Inc. is a Nevada Corporation that conducts business in Nevada and California.

17. Utherverse Digital is a Vancouver, British Columbia, Corporation that conducts business in Nevada and California.

18. Gantner is an individual who resides in Fountain Hills, Arizona.

19. Nexus is an Arizona Limited Liability Company that conducts business in Nevada and California.

20. Good is an individual who resides in Miami, Florida.

21. Gary is an individual who resides in Fresno, California. On information and belief, at all times relevant herein, Counter-Defendant Gary Shuster was the Chief Intellectual Property Officer of Counter-Defendant Utherverse Digital, Inc., was General Counsel of Counter-Defendant Utherverse, Inc.

22. The true names and capacities, whether individual, corporate, associate or otherwise, of Counter-Defendants sued herein as Does 1-25, inclusive, are unknown to Counterclaimants at the present time, and Counterclaimants therefore sue said Counter-Defendants, and each of them, by such fictitious names. If necessary, Counterclaimants will seek leave of court to amend this Countercomplaint to allege their true names and capacities when they are ascertained.

23. Counterclaimants are informed and believe, and on that basis allege, that each of Does 1-25, inclusive, participated in the activities described herein and rendered material assistance to Counter-Defendants in the performance of the activities described in this Countercomplaint.

24. Counterclaimants are informed and believe, and on that basis allege, that each of the Counter-Defendants are responsible in some manner for the occurrences and matters alleged herein and that Counterclaimants' injuries and damages were and are the direct and proximate result of the actions and omissions of these Counter-Defendants, and each of them.

Brownstein Hyatt Farber Schreck, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

32754401

25.     Counterclaimants are further informed and believe, and on that basis allege, that each Counter-Defendant herein is, in some manner or fashion, by contract or otherwise, the successor, assign, joint venturer, co-venturer, co-conspirator, partner or alter ego of the others, or was otherwise involved with the other Counter-Defendants in the wrongdoing alleged herein, and by virtue of such capacity, assumed the obligations herein owed by Counter-Defendants to Counterclaimants. Each Counter-Defendant is liable and responsible on the facts alleged herein for all of the relief sought.

26.     Counterclaimants are further informed and believe, and on that basis allege, that certain of the Counter-Defendants conspired and agreed with and aided and abetted one or more of the other Counter-Defendants in additional ways which are unknown to counterclaimants at this time.

27.     Counterclaimants are informed and believe, and on that basis allege, that at all relevant times hereto each of the Counter-Defendants was the merging entity, merged entity, subsidiary, acquiring corporation, the agent, servant, successor-in-interest, independent contractor and/or employee of each of the remaining Counter-Defendants, and in doing the things herein alleged, was acting within the course and scope of their authority as agents, servants, successors-in-interest, independent contractors or employees, and with the express and/or implied permission, knowledge, consent, and ratification of their co-Counter-Defendants, or otherwise acting with apparent authority. All actions of each Counter-Defendant as alleged herein were ratified and approved by every other Counter-Defendant or their officers or managing agents. Each Counter-Defendant therefore knowingly and substantially participated in the conduct as alleged herein and is liable for the damages arising therefrom.

28.     Whenever this Countercomplaint references acts of any Counter-Defendant or Counter-Defendants, such allegation shall be deemed to mean the act of those Counter-Defendants named in the particular cause of action and each of them acting individually, jointly, and severally.

29.     At all relevant times, each of the Counter-Defendants were acting in concert with, and in conspiracy with, each and every of the remaining Counter-Defendants.

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

**GENERAL BACKGROUND**

30.    Counterclaimants are informed and believe that Counter-Defendant Shuster owns and operates each of the Utherverse entities, which act by and through Shuster.

31.    Utherverse advertises itself as being "not just another player in the metaverse space[, but] the pioneers, with over 15 years of experience in building successful virtual economies and communities. . . . By harnessing the immense potential of web3, blockchain, and AI, we are creating a metaverse that is unmatched in its immersion, adaptability, and profitability."

32.    Counterclaimant Denne was introduced to Shuster and Utherverse in or about 2022. At that time, Utherverse was represented by a loan officer and a defunct mortgage broker. Utherverse had been struggling to raise capital for more than 10 years with zero success—it did not have a functioning website, did not have any formal presentation materials, such as investment documents or subscription agreements, it did not have a functional corporate structure, and it was critically devoid of any effective management. At that time, Utherverse consisted of eleven (11) separate LLCs with no apparent ties to one another, and were all operated by Shuster—a one man show.

33.    Shuster claimed numerous past successes, millions of active Utherverse users, billions in transactions on the Utherverse platform, and a robust patent portfolio, among numerous other representations that were later learned to be false.

34.    A non-exhaustive list of representations made by Shuster, which were relied upon by Counterclaimants in their decision to work with and invest in Utherverse is as follows:

    a.    Utherverse, Inc. having 50 million users;

    b.    Over 1 million metaverses on the platform;

    c.    Utherverse had a revenue of $8-10 million per year;

    d.    Utherverse, Inc. having $16,000,000,000 in transactions executed on its platform;

    e.    Shuster claimed to have invested $45 million of his personal money in the company;

Brownstein Hyatt Farber Schreck, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

f.   Utherverse has spent more than $40 million on development of its metaverse offerings;

g.   Utherverse was franchised out to 17 countries;

h.   Utherverse generated more than $77 million in revenues through memberships, marketplaces, advertising and other metaverse related revenue streams;

i.   Counter-Defendants Brian Shuster and Utherverse owned a large number of valuable patents; and

j.   That development of the Utherverse platform was ongoing and would be operational on specific dates (which were never met).

35.   In reliance on Shuster's representations about himself and Utherverse, Counterclaimant Denne agreed to invest and help promote and build Utherverse toward success.

36.   On or about April 11, 2022, Shuster, on behalf of Utherverse, executed a Senior Secured Convertible Promissory Note with Counterclaimants Momayez and Niya Holdings. Pursuant to the Promissory Note, Momayez, on behalf of Niya Holdings, transferred $1,350,000 to Utherverse. Momayez individually, and on behalf of Niya Holdings, agreed to these terms, and to provide the funding, in reliance on Shuster's numerous misrepresentations, as previously detailed herein. Shuster, on behalf of Utherverse, agreed to repay Momayez and Niya Holdings pursuant to the terms of the Promissory Note, but now refuses to do so. Instead, Shuster has stolen the funds. Therefore, on information and belief, Counterclaimants allege that Shuster never intended to honor the Promissory Note or repay the funds, but always intended to defraud and steal the money.

37.   On May 10, 2022, Utherverse, by and through Shuster, and Counterclaimant Blockchain Funding, by and through Denne, executed a Simple Agreement for Future Tokens ("SAFT Agreement") whereby Blockchain Funding purchased 360,000,000 tokens at the then-price per token of $0.000033334, for a total purchase amount of $12,000.24 USD. Blockchain Funding fulfilled its obligations and made payment to Utherverse in accordance with the SAFT Agreement. However, Shuster now takes the position that Blockchain Funding does not own any tokens whatsoever. Therefore, on information and belief, Counterclaimants allege that Shuster and Utherverse never intended to fulfill their obligations under the SAFT Agreement and instead

24

intended to defraud Blockchain Funding of the money paid. As of September 2024, the tokens were trading at $1.90 per token, putting a total value of $684,000,000 on the 360,000,000 tokens that were to be allocated to Plaintiff Blockchain Funding, Inc.

38.     On May 10, 2022, Utherverse, by and through Shuster, and Counterclaimant Masternode, by and through Denne, executed a SAFT Agreement whereby Masternode purchased 150,000,000 tokens at the then-price per token of $0.000033334, for a total purchase amount of $5,000.01 USD. Masternode fulfilled its obligations and made payment to Utherverse in accordance with the SAFT Agreement. However, Shuster now takes the position that Masternode does not own any tokens whatsoever. Therefore, on information and belief, Counterclaimants allege that Shuster and Utherverse never intended to fulfill their obligations under the SAFT Agreement and instead intended to defraud Masternode Partners of the money paid in reliance on the SAFT Agreement. As of September 2024, the tokens were trading at $1.90 per token, putting a total value of $285,000,000 on the 150,000,000 tokens owned that were to be allocated to Masternode.

39.     On or about June 5, 2023, Blockchain Funding, by and through Denne, loaned to Utherverse a total of $350,000.00, evidenced by a Promissory Note executed by Utherverse, by and through Shuster. To secure the Promissory Note, Utherverse, by and through Shuster, executed a Stock Pledge Agreement, which memorialized the Promissory Note and pledged 2,800,000 shares of Utherverse Inc. Class A Common Stock to Blockchain Funding. Blockchain Funding fulfilled its obligations and provided $350,000.00 to Utherverse in accordance therewith; and Blockchain Funding understood that ownership of the shares had been transferred accordingly. However, Shuster now takes the position that Blockchain Funding does not own any shares whatsoever. Therefore, on information and belief, Counterclaimants allege that Shuster and Utherverse never intended to transfer the shares, but instead intended to defraud Blockchain Funding of the $350,000.00. As of September 2024, the stock of Utherverse Inc., was last sold to investors at $2.50 per share, putting a total value of $7,000,000 on the 2,800,000 shares owned by Blockchain Funding.

40.     In reliance on the representations made by Shuster and the agreements between Blockchain Funding, Masternode, and Utherverse, Denne, Blockchain Funding, Blockchain

25

Brownstein Hyatt Farber Schreck, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

Alliance, and Masternode expended significant funds to promote and advance the success of Utherverse, totaling more than $1,376,500. Denne, Blockchain Funding, Blockchain Alliance, and Masternode expended these funds in reliance on Shuster's representations that they would be repaid by Utherverse. However, Shuster now takes the position that Blockchain Funding and Masternode do not own any shares or tokens. Therefore, on information and belief, Counterclaimants allege that Shuster and Utherverse intended to defraud Denne, Blockchain Funding, Blockchain Alliance, and Masternode of these funds by reaping the benefits therefrom without ever intending to compensate or repay them. A non-exhaustive list of the funds expended by Denne, Blockchain Funding, Blockchain Alliance, and Masternode in furtherance of the business and operations of Utherverse is as follows:

      a.   Token set up costs (Grant Thornton) - $198,000

      b.   Honing PR - $65,000

      c.   Elevator Social Media - $145,000

      d.   Mona Hire - $20,000

      e.   Tokensoft Platform - $35,000

      f.   HOW 3 (digital marketing) - $50,000

      g.   Ad spend - $6,500

      h.   Promote Republic Europe Group - $25,000

      i.   Additional digital marketing costs - $82,000

      j.   Blockchain Alliance marketing - $750,000

      APPROXIMATE TOTAL: $1,376,500

41.    Unfortunately, it was soon revealed that Shuster had used Utherverse in a way that tied it to the pornography industry, which was severely detrimental to its reputation. In an effort to repair the damaged reputation of Utherverse, Denne, among other things, spent roughly $65,000 on a PR agency and spent an additional $165,000 on social media promotions, including professionally producing a video interview with Shuster.

42.    Through a longstanding relationship that Denne had developed with a private investor, Denne was able to secure an agreement that would have raised $25 million for Utherverse.

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

However, days prior to the wiring of the funds from the investor, a disgruntled employee of Shuster contacted the investor and informed him that Shuster was a fraud and that a lawsuit against Shuster and Utherverse was being prepared for filing. As a result, the investor refused to move forward.

43.    Denne brought in Mr. Todd Pritcher ("Pritcher"), who is an expert on taking the necessary steps to make a company investable, which requires detailed documentation and structural reorganization. Pritcher eliminated the majority of the eleven LLCs that made up Utherverse and created a coherent parent company with subsidiaries. In the process, Pritcher attempted to verify and create proper intellectual property documentation to clearly illustrate which patents were owned by the various Utherverse entities. However, Pritcher was unable to verify ownership of numerous patents that Shuster had represented were owned by himself and Utherverse. This realization was alarming, as Shuster's misrepresentations were relied upon by investors and left Utherverse with potential liabilities. Ultimately, despite this understanding, Shuster refused to disclose these misrepresentations.

44.    Denne then brought in Mr. Robb Hackett ("Hackett"), an accomplished CEO in the Web3 space, who had stewarded several successful investment exits in his past. However, after four months, Hackett refused to continue working with Shuster and resigned due to a lack of payment for his work, a lack of effective corporate governance, and a legitimate fear of liabilities. Hackett is still owed $75,000 for his work on behalf of Shuster and Utherverse.

45.    Denne also attempted to bring in Mr. Joseph Ramelli ("Ramelli") to occupy the position of CFO, with an intention to clean up Utherverse's books and records, to create proper budgets and timelines, and oversee the use of investor funds. However, Shuster refused to hire Ramelli, in an effort to maintain control over, and conceal, his misappropriation of investor funds.

46.    Denne brought in a PCAOB accounting firm to produce audited financial statements to enable the company to participate in crowdfunding. This initiative was accomplished; however, it was discovered that the Utherverse's revenue was not $8-10 million per year—as Shuster had previously represented, and which was relied upon by the parties in becoming involved with Utherverse and providing significant investment funding. Rather, Utherverse's revenue was less than $1.5 million per year. Additionally, the accounting firm was unable to confirm in any way that

27

Brownstein Hyatt Farber Schreck, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

Shuster had invested $45 million of his own funds—as he had previously represented, and which was relied upon by the parties in becoming involved with Utherverse and providing investment funding.

47. Prior to Denne's involvement, Utherverse was experiencing difficulty securing a banking relationship due to Shuster's participation in the pornography industry. However, Denne aided Utherverse in securing a reputable banking relationship with Fresno Bank, where Utherverse still banks to this day.

48. Despite all of the notable progress that Utherverse experienced at the hand of Denne, Shuster chose to continue in his misrepresentations and mismanagement of Utherverse. Over twenty significant developmental deadlines were missed and over a dozen "launch dates" were unmet. On information and belief, each of these deadlines and launch dates were only provided by Shuster to further delay and conceal his fraudulent activities.

49. Shuster's mismanagement was exemplified on numerous occasions, including him hiring an individual as a "Pro-Developer" for $30,000 per month. It was later discovered that this "Pro-Developer" was outsourcing the work overseas for $1,500 per month, submitting the work as his own, and keeping the remaining $28,500. On information and belief, Shuster conspired with this individual and used this opportunity to launder and/or siphon and misappropriate investor funds.

50. In or about April 2024, after Shuster once again failed to meet a promised deadline, Denne ultimately decided to part ways with Shuster and Utherverse.

51. During the separation process, Shuster provided written acknowledgment of Denne's efforts to further the development and success of Utherverse—including the monies spent on behalf of Utherverse, as well as Denne's ownership of 510,000,000 tokens and 2,800,000 shares of Utherverse Inc. Shuster and Denne engaged in detailed discussions, both oral and in writing, regarding this separation, and Denne provided an additional $160,000 in furtherance of these efforts—which was paid to promotion groups in order to create the necessary settlement liquidity.

/ / /

/ / /

52.     Unsurprisingly, after agreeing in writing on a detailed exit strategy for Counterclaimants, Shuster reneged and took the position that Counterclaimants own nothing with regard to Utherverse.

53.     In or about September 2024, Shuster, as President and Chairman of Utherverse, Inc., sent formal letters to several of the investors that were located by Denne, and with whom Denne has had previous relationships. In these letters, Shuster falsely states that Denne committed fraud on the investors of Utherverse. Shuster falsely claims that Denne fraudulently altered documents, stole investor funds, and stole Utherverse money and stock. Shuster implored recipients of these letters to keep it a secret and to "undertake any investigation, criminal reporting, and civil litigation against the fraudsters." Shuster claims that he has all evidence of this alleged fraud and theft. Denne denies the truth of these defamatory statements and Counterclaimants allege that Shuster knew the falsity of these claims and the harm they would cause at the time he made them.

54.     On information and belief, Counterclaimants allege that Shuster misrepresented the financial value and developmental progress of Utherverse, as previously discussed, in order to lure investors and disguise the actual state of Utherverse's operations, which were significantly underperforming. Counterclaimants relied on these misrepresentations when they decided to invest, believing Utherverse's platform was financially stable and poised for imminent growth. When these promises failed to materialize, Counterclaimants suffered significant financial harm.

55.     On information and belief, Defendant Shuster has used investor funds for his own personal gain, for purposes entirely unrelated to the business of Utherverse or the purposes for which the funds were provided. Further, Shuster's pattern of fraud and misrepresentation brought unfathomable liability upon Utherverse and the investors that relied upon those misrepresentations. Specific examples of Shuster's character and propensity for fraudulent activity include, but are not limited to, the following:

　　　　a.　Shuster paid commissions to two separate unlicensed brokers for the investment of $1,350,000 that was made by Momayez on behalf of Niya Holdings. This fraudulent activity brought significant liability on Utherverse and its investors.

Brownstein Hyatt Farber Schreck, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

b.  Shuster took a one-million-dollar investment from Mr. Chauncey Lufkin ("Lufkin"), who Shuster then placed on the board of Utherverse. Again, Shuster paid commission to an unlicensed broker for this investment, to a woman named Jasmine Yuan. This fraudulent activity brought significant liability on Utherverse and its investors.

c.  After Lufkin's investment, Shuster entered a consulting agreement with Lufkin's wife, and paid her in Utherverse shares, creating a major conflict of interest.

d.  It was subsequently discovered that Lufkin was under investigation by the SEC for cryptocurrency investment fraud and was ultimately sanctioned. However, Shuster refused to remove Lufkin from the board of Utherverse or remove Lufkin's wife as a consultant. Even more egregious, Shuster chose not to inform any of the investors of this significant liability. Further, Shuster did not disclose Lufkin or his wife's involvement with Utherverse to the SEC in the required SEC filings. This fraudulent activity brought significant liability on Utherverse and its investors.

e.  Shuster is currently selling pre-sale tokens on a United States based non-SEC compliant and unregistered platform, which is owned by a US corporation and an individual. This fraudulent activity brings significant liability on Utherverse and its investors.

f.  Shuster is currently taking token investments from non-accredited US investors. This fraudulent activity brings significant liability on Utherverse and its investors.

g.  Shuster is paying a commission and referral fees to US-based individuals for sales of Utherverse tokens. This fraudulent activity brings significant liability on Utherverse and its investors.

h.  Shuster has taken equity investment from non-accredited US investors and also paid commissions to unlicensed individuals for investments. One such non-

30

accredited investor is Jennifer Chen, who has repeatedly requested that her $100,000 investment be returned for well over a year. This fraudulent activity has brought significant liability on Utherverse and its investors.

i. Shuster continues to take investments in cash and cryptocurrency, but is not reporting the investments to the SEC, the IRS, or local tax authorities. This fraudulent activity brings significant liability on Utherverse and its investors.

j. Shuster is using Utherverse as a tool to launder money for himself and other criminal associates. This fraudulent activity brings significant liability on Utherverse and its investors.

k. Shuster used Utherverse investor funds to make pornographic films.

l. Shuster used Utherverse investor funds to pay for personal travel for himself and others.

m. Shuster used Utherverse investor funds to pay attorneys for work on personal legal matters unrelated to Utherverse.

n. Shuster gave shares and tokens to his escort girlfriend "Jade" for personal reasons unrelated to the operations of Utherverse.

56.    The full extent of Shuster's fraudulent actions is presently unknown, and its discovery will require the parties to obtain all records from Shuster and Utherverse, including banking data and cryptocurrency wallet data.

**CO-DEFENDANT ACCOMPLICES THAT AIDED AND CONSPIRED WITH SHUSTER IN PERPETRATING HIS FRAUD.**

57.    On information and belief, Counter-Defendant Good is an attorney licensed in the state of Florida. On information and belief, Good knowingly aided and conspired with Shuster to defraud, and conceal and withhold funds obtained from Counterclaimants. On information and belief, Good created, formed, and operated a business structure which Shuster utilized to obtain money from Counterclaimants in a manner constituting theft. On information and belief, Shuster paid Good using funds fraudulently from Counterclaimants, and Good knowingly received funds fraudulently obtained from Counterclaimants.

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

58.    60. On information and belief, Counter-Defendant Gantner knowingly aided and conspired with Shuster to defraud, and conceal and withhold funds obtained from Counterclaimants. On information and belief, Gantner created a non-licensed platform to illegally and fraudulently sell tokens and receive commissions. On multiple occasions Shuster paid Gantner commissions for selling Utherverse tokens and shares to non-accredited US investors. On information and belief, Gantner knowingly received funds fraudulently obtained from Counterclaimants.

59.    On information and belief, Counter-Defendant Nexus knowingly aided and conspired with Shuster to defraud, and conceal and withhold funds obtained from Counterclaimants. On information and belief, Nexus was created, owned, and operated by Gantner, who allowed Shuster to use Nexus to launder money and misappropriate or hide funding from investors.

60.    On information and belief, Counter-Defendant Gary knowingly aided and conspired with Shuster to defraud, and conceal and withhold funds obtained from Counterclaimants. On information and belief, Gary is the brother of Shuster, was the Chief Intellectual Property Officer of Utherverse Digital, and was General Counsel of Utherverse, Inc.

61.    On information and belief, at all times relevant, Shuster, owned, operated, acted with authority on behalf of, and represented himself as having authority to act on behalf of, Utherverse Gaming, LLC ("Utherverse Gaming"). Shuster, either individually or through the Utherverse entities, publicly represented, and paid third party advertisers to publicly represent, that he, on behalf of Utherverse, is suing Epic Games for patent infringement, and that a positive result from that lawsuit will directly affect the value of Utherverse. On information and belief, that lawsuit was brought by Utherverse Gaming. On information and belief, the patents in question, such as Patent Numbers 8276071, 8812954, 9123157, 9724605, which are inventoried under Shuster and assigned to Utherverse Gaming, but are yet prominently featured on the Utherverse website. On information and belief, Shuster represented that Utherverse Digital entered an agreement with Utherverse Gaming, whereby Utherverse Gaming would obtain monetization rights to certain

intellectual property that Shuster represented were owned and able to be utilized solely by himself and Utherverse. On information and belief, those representations were false.

## ALTER EGO

62.    Counterclaimants are informed and believe that Shuster is the alter ego of Utherverse, Inc. as follows:

    a.    Counterclaimants are informed and believe there is a unity of interest and ownership between Shuster and Utherverse, Inc. such that any individuality and separateness between the company and individual has ceased.

    b.    Counterclaimants are informed and believe that at all times mentioned herein Utherverse, Inc. was inadequately capitalized in light of the nature of the business to be conducted and the accompanying risk of loss to its investors. Counterclaimants are informed and believe that the capitalization of Utherverse, Inc. was illusory, and that the capital assets of Shuster and Utherverse, Inc. were so intertwined and comingled that their value could only be assessed as a whole, and the debts of one should be considered the debts of the other.

    c.    Counterclaimants are informed and believe that Shuster has used Utherverse, Inc.'s assets for his own personal use without regard to the proper formalities and in such a manner as to cause the company to be undercapitalized. For instance, Shuster used Utherverse corporate funds to pay for personal travel and transferred company assets to his own accounts without proper documentation, further demonstrating the lack of separation between the entities and their owner.

    d.    Adherence to the fiction of separate corporate existence of Utherverse, Inc. and Brian Schuster would sanction fraud and promote injustice. Counter-Defendants used corporate assets for personal gain, including extravagant travel and unauthorized payments to non-licensed brokers, blurring the line between personal and business interests. The Utherverse entities were consistently

Brownstein Hyatt Farber Schreck, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

undercapitalized, existing solely to funnel investor money for Shuster's personal benefit.

63.    Counterclaimants are informed and believe that Shuster is the alter ego of Utherverse Digital as follows:

a.    Counterclaimants are informed and believe there is a unity of interest and ownership between Shuster and Utherverse Digital such that any individuality and separateness between the company and individual has ceased.

b.    Counterclaimants are informed and believe that at all times mentioned herein Utherverse Digital was inadequately capitalized in light of the nature of the business to be conducted and the accompanying risk of loss to its investors. Counterclaimants are informed and believe that the capitalization of Utherverse Digital was illusory, and that the capital assets of Shuster and Utherverse Digital were so intertwined and comingled that their value could only be assessed as a whole, and the debts of one should be considered the debts of the other.

c.    Counterclaimants are informed and believe that Shuster has used Utherverse Digital's assets for his own personal use without regard to the proper formalities and in such a manner as to cause the company to be undercapitalized.

d.    Adherence to the fiction of the separate existence of Utherverse Digital as a corporation separate from its owner, Shuster, would sanction fraud and promote injustice. Counter-Defendants used corporate assets for personal gain, including extravagant travel and unauthorized payments to non-licensed brokers, blurring the line between personal and business interests. The Utherverse entities were consistently undercapitalized, existing solely to funnel investor money for Shuster's personal benefit.

/ / /

/ / /

/ / /

/ / /

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

# FIRST CAUSE OF ACTION

## Fraud and Deceit

### (Against All Defendants)

64.     Counterclaimants repeat and re-allege each and every allegation of this Countercomplaint and by reference incorporates the same as though fully set forth at length herein.

65.     Counter-Defendants represented to Counterclaimants that specific facts concerning Utherverse and Shuster were true, as alleged herein.

66.     Counter-Defendants' representations were false.

67.     Counter-Defendants knew that the representations were false when they were made.

68.     Counter-Defendants made the representations recklessly and without regard for their truth.

69.     Counter-Defendants intended that Counterclaimants rely on the representations.

70.     Counterclaimants reasonably relied on the representations.

71.     As a direct and proximate result of Counter-Defendants' fraudulent conduct, Counterclaimants have sustained damages in an amount to be proven at trial.

72.     Based on the allegations herein, Denne, Blockchain Alliance, Blockchain Funding, and Masternode seek to recover in an amount to be proven at trial, well over $977,536,500.

73.     Based on the allegations herein, Momayez and Niya Holdings seek to recover in an amount to be proven at trial not less than $1,350,000.

74.     Counter-Defendants' fraud as specifically set forth in this Countercomplaint are not meant to limit the generality of the allegations contained herein but are merely illustrative of the depths of Counter-Defendants' intentional, willful, knowing, malicious, oppressive, despicable, fraudulent and/or reckless conduct, which were done in bad faith, entitling the Counterclaimants to exemplary and punitive damages in an amount to be determined according to proof at the time of trial.

/ / /

/ / /

/ / /

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

35

Brownstein Hyatt Farber Schreck, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

## SECOND CAUSE OF ACTION

## Civil Claim Under Penal Code Section 496(c)

### (Against All Defendants)

75.     Counterclaimants repeat and re-allege each and every allegation of this Counterclaim and by reference incorporate the same as though fully set forth at length herein.

76.     Penal Code § 496(a) makes receiving or buying property "that has been obtained in any manner constituting theft or extortion, knowing the property to be stolen or obtained, or who conceals, sells, withholds, or aids in concealing, selling, or withholding any property from the owner, knowing the property to be so stolen obtained," a criminal offense punishable by imprisonment.

77.     Penal Code § 496(c) provides that any person "who has been injured by a violation of [subdivision (a)] . . . may bring an action for three times the amount of actual damages, if any, sustained by the plaintiff, costs of suit, and reasonable attorney's fees."

78.     Based on the statutory language, a criminal conviction under Penal Code § 496(a) is not a prerequisite to recover treble damages under Penal Code § 496(c).

79.     The phrase "any manner constituting theft" under Penal Code § 496(a) has been broadly construed and includes, *inter alia*, theft by false pretense, which is further defined in Penal Code § 484(a) as being: "Every person who shall feloniously steal, take, carry, lead, or drive away the personal property of another, or who shall fraudulently appropriate property which has been entrusted to him or her, or who shall knowingly and designedly, by any false or fraudulent representation or pretense, defraud any other person of money, labor or real or personal property, or who causes or procures others to report falsely of his or her wealth or mercantile character and by thus imposing upon any person, obtains credit and thereby fraudulently gets or obtains possession of money, or property or obtains the labor or service of another, is guilty of theft."

80.     As alleged herein, Counter-Defendants obtained funds from Counterclaimants by way of fraud, in a manner constituting theft.

81.     As alleged herein, Counter-Defendants continue to withhold and conceal funds from Counterclaimants, which were obtained by way of fraud, in a manner constituting theft.

36

82.    At all times relevant herein, Counterclaimants were damaged due to Counter-Defendants' theft.

83.    As alleged herein, Counter-Defendants knowingly obtained, received, withheld and/or concealed Counterclaimants' funds with the intent to deprive Counterclaimants of their use permanently and have knowingly, willfully, and deliberately, aided the other Counter-Defendants in obtaining, receiving, withholding, and/or concealing said monies, knowing that such property has been stolen from Counterclaimants' possession in a manner constituting theft.

84.    Counter-Defendants knowingly withheld Counterclaimants' funds, which were obtained through fraudulent representations. Counter-Defendants knew or were recklessly indifferent to the fact that their conduct constituted theft under Penal Code § 496, and they acted with intent to permanently deprive Counterclaimants of their funds. These funds were diverted for personal use, including the payment of unauthorized commissions and legal fees unrelated to the business operations of Utherverse. Counterclaimants are entitled to treble damages, attorney's fees, and costs for the Counter-Defendants' intentional theft. These unauthorized uses of investor funds not only breached fiduciary duties but also undermined the financial stability of Utherverse, to the detriment of Counterclaimants.

85.    As a direct and proximate result of Counter-Defendants' conduct, Counterclaimants have sustained damages in an amount to be proven at trial.

86.    Under California Penal Code section 496(c), Counterclaimants are entitled to three times the amount of actual damages, costs of suit, and reasonable attorney's fees.

    a.  Accordingly, Denne, Blockchain Alliance, Blockchain Funding, and Masternode seek to recover in an amount to be proven at trial, well over $977,536,500 x 3 = $2,932,609,500.

    b.  Based on the allegations herein, Momayez and Niya Holdings seek to recover in an amount to be proven at trial not less than $1,350,000 x 3 = $4,050,000.

/ / /

/ / /

/ / /

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

Brownstein Hyatt Farber Schreck, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

**THIRD CAUSE OF ACTION**

**Breach of Fiduciary Duty**

**(Against All Defendants)**

87.     Counterclaimants repeat and re-allege each and every allegation of this Counterclaim and by reference incorporate the same as though fully set forth at length herein.

88.     Shuster was Counterclaimants' fiduciary.

89.     Shuster acted on Counterclaimants' behalf for the purpose of obtaining their investments in Utherverse.

90.     Shuster failed to act as a reasonably careful person would have acted under the same or similar circumstances.

91.     Counterclaimants were harmed and Shuster's conduct was a substantial factor in causing Counterclaimants' harm.

92.     As a direct and proximate result of Counter-Defendants' actions, Counterclaimants have sustained damages in an amount to be proven at trial.

93.     Counter-Defendants' actions as specifically set forth in this Counterclaim are not meant to limit the generality of the allegations contained herein but are merely illustrative of the depths of Counter-Defendants' intentional, willful, knowing, malicious, oppressive, despicable, fraudulent and/or reckless conduct, which were done in bad faith, entitling the Counterclaimants to exemplary and punitive damages in an amount to be determined according to proof at the time of trial.

**FOURTH CAUSE OF ACTION**

**Defamation Per Se**

**(Against All Defendants)**

94.     Counterclaimants repeat and re-allege each and every allegation of this Counterclaim and by reference incorporate the same as though fully set forth at length herein.

95.     In or about September 2024, Shuster, as President and Chairman of Utherverse, Inc., sent formal letters to several of the investors that were located by Denne, and with whom Denne had previous relationships.

38

96.    In these letters, Shuster falsely states that Denne committed fraud on the investors of Utherverse.

97.    In these letters, Shuster falsely claims that Denne fraudulently altered documents, stole investor funds, and stole Utherverse money and stock.

98.    Shuster implored recipients of these letters to keep it a secret and to "undertake any investigation, criminal reporting, and civil litigation against the fraudsters."

99.    Shuster claims that he has all evidence of this alleged fraud and theft.

100.    Shuster made these statements knowing that they were false and knowing they would cause injury to Counterclaimants.

101.    As a direct and proximate result of the false statements, Counterclaimants have sustained damages in an amount to be proven at trial.

102.    Counter-Defendants' actions as specifically set forth in this complaint are not meant to limit the generality of the allegations contained herein but are merely illustrative of the depths of Counter-Defendants' intentional, willful, knowing, malicious, oppressive, despicable, fraudulent and/or reckless conduct, which were done in bad faith, entitling Counterclaimants to exemplary and punitive damages in an amount to be determined according to proof at the time of trial.

**WHEREFORE**, Counterclaimants pray for judgment as follows:

On the First Cause of Action for Fraud and Deceit:

1.    For compensatory damages in an amount according to proof; and

2.    For punitive damages in an amount to be determined at the time of trial.

On the Second Cause of Action for Civil Claim Under Penal Code § 496:

1.    For three times the amount of actual damages or "treble damages"; and

2.    For reasonable attorneys' fees.

On the Third Cause of Action for Breach of Fiduciary Duty:

1.    For compensatory damages in an amount according to proof; and

2.    For punitive damages in an amount to be determined at the time of trial.

On the Fourth Cause of Action for Defamation Per Se:

1.    For compensatory damages in an amount according to proof; and

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

32754401

1    2.    For punitive damages in an amount to be determined at the time of trial.

2    On All Causes of Action:

3    1.    For costs of suit incurred herein;

4    2.    For prejudgment interest at the maximum legal rate on all sums awarded; and

5    3.    For such other and further relief as the court may deem proper.

6    AND WHEREFORE, Counterclaimants pray for injunctive relief and account

7    Counterclaimants request and order for:

8    1.    Appointment of a receiver to oversee the Utherverse entities and ensure the

9    preservation of investor funds. The appointed receiver shall take control of Utherverse's operations,

10   including its financial records and bank accounts, to ensure no further dissipation of investor funds.

11   2.    Disgorgement of all ill-gotten gains derived from Counter-Defendants' fraudulent

12   conduct.

13   3.    A full and complete accounting of all funds received and disbursed by the

14   Utherverse entities to determine the location and use of Counterclaimants' investments.

15   4.    A preliminary injunction to freeze Counter-Defendants' assets, prevent further

16   transfers, and ensure no additional investor harm.

17   **DEMAND FOR JURY TRIAL**

18   Counterclaimants demand a trial by jury to all issues so triable.

19

20   DATED this 28th day of February, 2025.

21                            BROWNSTEIN HYATT FARBER SCHRECK, LLP

22                            BY: */s/ Maximilien D. Fetaz*
                                  Maximilien D. Fetaz, Esq.
23                                Zachary R. Meyer, Esq.
                                  100 North City Parkway, Suite 1600
24                                Las Vegas, NV 89106-4614

25                            *Attorneys for Defendants/Counterclaimants*

26

27

28

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

32754401

1

## **CERTIFICATE OF SERVICE**

2      Pursuant to Fed. R. Civ. P. 5(b), and Section IV of District of Nevada Electronic Filing

3   Procedures, I certify that I am an employee of BROWNSTEIN HYATT FARBER SCHRECK,

4   LLP, and that the foregoing **ANSWER TO COMPLAINT AND COUNTERCOMPLAINT** was

5   served via electronic service on the 28th day of February, 2025.

6

7                                                    */s/ Wendy Cosby*
                                                     An employee of BROWNSTEIN HYATT FARBER
8                                                    SCHRECK, LLP

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

32754401