JAMES PUZEY (NV SBN 05745)
jpuzey@nvlawfirm.com
KEARNEY PUZEY DAMONTE
800 South Meadows Parkway, Suite 800
Reno, Nevada 89521
Telephone: (775) 851-8700

SHERRIE M. FLYNN (*Pro Hac Vice*)
sflynn@ch-law.com
ROBERT K. ASHLEY (*Pro Hac Vice Forthcoming*)
rashley@ch-law.com
COLEMAN & HOROWITT, LLP
Attorneys at Law
499 W. Shaw Avenue, Suite 116
Fresno, California 93704
Telephone: (559) 248-4820
Facsimile: (559) 248-4830

Attorneys for Plaintiffs and Counter-Defendants

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA – RENO DIVISION

| | |
|---|---|
| UTHERVERSE, INC., a Nevada corporation, BRIAN SHUSTER, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> BRIAN QUINN, an individual; JOSHUA DENNE, and individual; BLOCKCHAIN FUNDING, INC. a Delaware corporation; BLOCKCHAIN ALLIANCE LLC, a Wyoming Limited Liability Company; MASTERNODE PARTNERS, LLC, a Wyoming Limited Liability Company; LYNNE MARTIN, an individual; NIYA HOLDINGS, LLC, a Nevada limited liability company; NIMA MOMAYEZ, an individual; and JEREMY ROMA, an individual, <br><br> Defendants. <br><br> AND RELATED COUNTERCOMPLAINT. | Case No. 3:25-cv-00020-MMD-CSD <br><br> **DISCOVERY PLAN AND SCHEDULING ORDER** <br><br> **SPECIAL SCHEDULING REVIEW REQUESTED** <br><br><br> **Complaint Filed:** January 10, 2025 <br><br> **Counterclaim Filed:** February 28, 2025 |

Plaintiffs and Counter-Defendants UTHERVERSE, INC. and BRIAN SHUSTER on the one

hand, and Defendants and Counterclaimants BRIAN QUINN, JOSHUA DENNE, BLOCKCHAIN FUNDING, INC., BLOCKCHAIN ALLIANCE LLC, MASTERNODE PARTNERS, LLC, NIYA HOLDINGS, LLC and NIMA MOMAYEZ, and Defendant LYNNE MARTIN on the other hand, by and through their respective counsel of record, jointly submit this proposed Discovery Schedule and [Proposed] Scheduling Order pursuant to Order Setting Case Management Conference (ECF 31), Fed. R. Civ. P. 26(f) and Local Rule LR-26-1[1].

## PARTIES' PROPOSED DISCOVERY PLAN
## SPECIAL SCHEDULING REVIEW REQUESTED

The parties propose the following dates, subject to Court approval:

| ITEM DESCRIPTION | PROPOSED DATE | NOTES |
|---|---|---|
| Initial Disclosures | April 18, 2025 | For parties that have appeared to date. Parties will meet and confer on an initial disclosure date for parties added by amended countercomplaint once served. |
| Fact Discovery Cut-Off | October 27, 2025 | Defendants answered and filed their countercomplaint on February 28, 2025. 180 days from February 28 is August 27, 2025.<br><br>Counsel for parties met and conferred re: countercomplaint, and on March 27, 2025, counsel for countercomplainants indicated an amended countercomplaint would be filed on or before April 7, 2025. If filed and served by April 7, a response to the countercomplaint will be due April 28. Date proposed is the next court day 180 after response to countercomplaint is due. |
| Amending Pleadings & Adding Parties | July 29, 2025 | 90 days prior to close of fact discovery |
| Expert Witness Disclosure | November 26, 2025 | 59 days prior to close of discovery (60 days is Thanksgiving Day) |
| Rebuttal Expert Disclosure | December 26, 2025 | 30 days after expert witness disclosure |

---

[1] During counsel for the parties meet and confer on March 27, 2025, counsel for Defendants indicated that he would be appearing for Defendant Jeremy Roma. Counsel acknowledged the default notice that had been submitted by Plaintiffs and discussed a potential resolution to setting aside the default. Those discussions are ongoing. In the interim, the undersigned counsel for Defendants filed a Notice of Appearance for Mr. Roma. *See* Notice of Appearance [ECF 38].

| | | | |
|---|---|---|---|
| Discovery Cut-off | January 26, 2026 | Due to the complexity of the matter, the filing and amendment to the countercomplaint, this date is 332 days (approx.11 months) from the first date that a defendant answered. The 11 months comprises approx. 2 months related to the countercomplaint/ amendment of the countercomplaint, approx. 6 months for fact discovery, and approx. 3 months for expert discovery. |
| Dispositive Motion Cut-off | February 25, 2026 | 30 days after discovery cut-off date |
| Joint Pretrial Order | March 27, 2026 | Including disclosures pursuant to FRCP 26(a)(3) - 30 days after dispositive motion cut-off |

**Statement re: Longer Time Periods**

This case is complex, involving 16 parties, two (2) plaintiffs, nine (9) defendants, and an additional five (5) counter-defendants, located in various jurisdictions. The primary count in the Complaint is Violation of the Racketeer Influenced and Corrupt Organizations Act (18 U.S.C. §§ 1961 et seq.). The main count in the Countercomplaint is Fraud. The shear number of parties and complexity of the counts alleged require extensive fact discovery.

There is a related case pending in the Superior Court of California, County of Orange, captioned, *Joshua Denne et al. v. Brian Shuster et al.*, Case No. 30-2024-01438251-CU-FR-NJC. All defendants served in that case have moved to quash service of the summons based on a lack of personal jurisdiction. The hearing on defendants' motions is scheduled for June 25, 2025. On April 2, 2025, Plaintiffs in the Orange County Case requested dismissal without prejudice. As of the filing of this Joint Report, the Orange County Case has not been dismissed.

Counsel for the parties have met and conferred regarding the sufficiency of the Countercomplaint, and on March 27, 2025, counsel for defendants/countercomplainants indicated that countercomplainants will be filing an amended countercomplaint on or before April 7, 2025. If the amended complaint is filed and served on April 7, 2025, counter-defendants response will not be due until April 28, 2025. Thus, the case is not yet at issue.

The parties anticipate that discovery will include numerous forms of ESI, including, but not limited to emails, text messages, social media posts, word processing documents, spreadsheets,

presentations, photographs, video and audio files, voicemails, and corresponding metadata. The parties also anticipate that discovery may be necessary outside of Nevada, as at least two defendants reside in California, and at least one defendant and two counter-defendants are residents of Arizona. Additionally, some of the corporate entity defendants/counter-defendants have their primary place of business outside the state of Nevada.

The case will also mostly likely require expert witnesses. However, until a substantial portion of fact discovery is completed, the parties may not be able to identify what issues need to be addressed in expert reports and/or testimony.

Thus, the parties agree that a fact discovery cut-off approximately 180 days after a response to an amended countercomplaint is due, is reasonable.

**Certification Re: Alternative Dispute Resolution ("ADR")**

On March 20, 2025, counsel for the parties met and conferred regarding the possibility of using ADR processes. The parties agreed that any method of ADR would be most efficient and effective after written fact discovery has been conducted. At that time, the parties agreed to discuss the possibility of a Settlement Conference before the Court. The parties may also consider a private mediation as an alternative form of dispute resolution.

**Certification Re: Alternative Forms of Case Disposition**

On March 27, 2025, counsel for the parties conferred regarding consenting to trial by a magistrate judge. At this time, the parties have opted not to consent to the same. As to the use of the Short Trial Program, the parties understand that the Court has eliminated this program. *See* General Order 2023-03.

**Certification Re: Electronic Evidence**

On April 2, 2025, the parties discussed the presentation of evidence in an electronic format to jurors for the purposes of jury deliberations and agree that at least some evidence will be presented to jurors in an electronic format. To date, no stipulations between the parties have been reached regarding providing discovery in an electronic format.

**Resolution of Discovery Disputes**

The parties acknowledge and agree that pursuant to LR 1-1(b) (2) and U.S. Magistrate Judge

1 | Craig S. Denney's Civil Standing Order, section V.B., the parties must follow the informal discovery
2 | dispute procedures prior to filing any discovery motions.

3 | DATED: April 3, 2025                                         COLEMAN & HOROWITT, LLP

By: /s/ Sherrie M. Flynn
Sherrie M. Flynn. Esq.
Robert K. Ashley, Esq.
499 West Shaw Avenue, Suite 116
Fresno, California 93704
Telephone: (559) 248- 4820

James W. Puzey, Esq
800 South Meadows Parkway, Suite 800
Reno, Nevada 89521
Telephone: (775) 851- 8700

Attorneys for Plaintiffs and Counter-Defendants, Utherverse, Inc. and Brian Shuster

DATED: April 3, 2025                                         BROWNSTEIN HYATT FARBER SCHRECK, LLP

By: /s/ Maximilien D. Fetaz
Maximilien D. Fetaz, Esq.
Zachary R. Meyer, Esq.
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614

Attorneys for Defendants and Countercomplainants, Brian Quinn, Joshua Denne, Blockchain Funding, Inc., Blockchain Alliance LLC, Masternode Partners, LLC, Niya Holdings, LLC, and Nima Momayez, and Defendants, Lynn Martin and Jeremy Roma

**IT IS SO ORDERED**.

_____
UNITED STATES MAGISTRATE JUDGE

DATED: April 4, 2025