MAXIMILIEN D. FETAZ, ESQ.
Nevada Bar No. 12737
mfetaz@bhfs.com
ZACHARY R. MEYER, ESQ.
Nevada Bar No. 15783
zmeyer@bhfs.com
BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
Telephone: 702.382.2101
Facsimile: 702.382.8135

*Attorneys for Defendants/Counterclaimants*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UTHERVERSE, INC., a Nevada corporation, and BRIAN SHUSTER, an individual, | Case No.: 3:25-cv-00020-MMD-CSB |
| Plaintiffs, | |
| v. | **AMENDED ANSWER TO COMPLAINT AND AMENDED COUNTERCLAIM** |
| BRIAN QUINN, an individual; JOSHUA DENNE, an individual; BLOCKCHAIN FUNDING, INC., a Delaware corporation; BLOCKCHAIN ALLIANCE LLC, a Wyoming Limited Liability Company; MASTERNODE PARTNERS, LLC, a Wyoming Limited Liability company; LYNNE MARTIN, an individual; NIYA HOLDINGS, LLC, a Nevada limited liability company; NIMA MOMAYEZ, an individual; and JEREMY ROMA, an individual. | |
| Defendants. | |
| BRIAN QUINN, an individual; JOSHUA DENNE, an individual; BLOCKCHAIN FUNDING, INC., a Delaware corporation; BLOCKCHAIN ALLIANCE LLC, a Wyoming Limited Liability Company; MASTERNODE PARTNERS, LLC, a Wyoming Limited Liability company; NIYA HOLDINGS, LLC, a Nevada limited liability company; and NIMA MOMAYEZ, an individual, | |
| Counterclaimants, | |
| v. | |

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

1

UTHERVERSE, INC., a Nevada corporation, and BRIAN SHUSTER, an individual, UTHERVERSE DIGITAL INC., a Vancouver, British Columbia corporation; UTHERVERSE INTERNATIONAL, LTD., a British Virgin Islands Corporation; PETER GANTNER, an individual; NEXUS VENTURE LLC, an Arizona limited liability company; ARI GOOD, an individual; GARY SHUSTER, an individual; and DOES 1-25, inclusive,

Counterdefendants.

## **AMENDED ANSWER TO COMPLAINT**

Defendants Brian Quinn ("Quinn"), Joshua Denne ("Denne"), Blockchain Funding, Inc. ("Blockchain Funding"), Blockchain Alliance LLC ("Blockchain Alliance"), Masternode Partners, LLC ("Masternode"), Lyne Martin ("Martin"), Niya Holdings, LLC ("Niya Holdings"), Nima Momayez ("Momayez"), and Jeremy Roma ("Roma") (collectively, "Defendants") respond to the allegations set forth in Plaintiffs Utherverse, Inc. ("UI") and Brain Schuster's ("Schuster") (collectively, "Plaintiffs") complaint ("Complaint") as follows:[1]

1.      Answering Paragraph 1 of Plaintiffs' Complaint, Defendant states that this Paragraph contains purported legal conclusions and/or statements or recitations of law rather than allegations, and as such, no response is necessary. To the extent that a response is necessary, Defendants deny generally and specifically each and every allegation contained therein.

2.      Answering Paragraph 2 of Plaintiffs' Complaint, Defendant states that this Paragraph contains purported legal conclusions and/or statements or recitations of law rather than allegations, and as such, no response is necessary. To the extent that a response is necessary, Defendants deny generally and specifically each and every allegation contained therein.

3.      Answering Paragraph 3 of Plaintiffs' Complaint, Defendants admit that UI is a corporation having its principal place of business in Carson City, Nevada.

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

---

[1] Unless otherwise specified, terms in this Answer have the same meaning given to them as in the Complaint.

4.      Answering Paragraph 4 of Plaintiffs' Complaint, Defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in said paragraph, and therefore denies each and every allegation contained therein.

5.      Answering Paragraph 5 of Plaintiffs' Complaint, Defendants admit that Quinn is an individual residing in Orange County, California.

6.      Answering Paragraph 6 of Plaintiffs' Complaint, Defendants admit that Denne is an individual residing in Paradise Valley, Arizona.

7.      Answering Paragraph 7 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph, except Defendants admit that Blockchain Funding is a Delaware corporation with its principal place of business at 1020 Wendy Lane, Cheyenne, Wyoming 82009 and is owned and operated by Denne.

8.      Answering Paragraph 8 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph, except Defendants admit that Blockchain Alliance is a Wyoming limited liability company with its principal place of business at 6933 E. Fanfol Dr., Paradise Valley, Arizona 85253 and is owned and operated by Denne.

9.      Answering Paragraph 9 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph, except Defendants admit that Masternode is a Wyoming limited liability company with its principal place of business at 1020 Wendy Lane, Cheyenne, Wyoming 82009.

10.      Answering Paragraph 10 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph, except Defendants admit that Martin is the mother of Denne and is a resident of California.

11.      Answering Paragraph 11 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph, except Defendants admit that Niya Holdings is a Nevada limited liability company with a mailing address at 187 Warm Springs Road, Suite B206, Las Vegas, Nevada 89119.

/ / /

/ / /

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

32754401

12.     Answering Paragraph 12 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph, except Defendants admit that Momayez is an individual residing in Irvine, California, and is a manager of Niya Holdings.

13.     Answering Paragraph 13 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph, except Defendants admit that Roma is an individual residing in Orange County, California.

14.     Answering Paragraph 14 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph.

15.     Answering Paragraph 15 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph.

16.     Answering Paragraph 16 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph, except Defendants admit that Quinn and Denne discussed obtaining funding for UI and UDI as part of a business venture with Plaintiffs.

17.     Answering Paragraph 17 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph.

18.     Answering Paragraph 18 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph.

19.     Answering Paragraph 19 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph, except Defendants admit that the matter identified in this allegation, *Securities and Exchange Commission v. Tobin, et al.*, No. 18-CV-12451 (Dist. Mass. July 13, 2022), exists and speaks for itself.

20.     Answering Paragraph 20 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph.

21.     Answering Paragraph 21 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph.

22.     Answering Paragraph 22 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph.

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

32754401

23.    Answering Paragraph 23 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph, except Defendants admit that the matter identified in this allegation, *Denne v. Shuster*, Cal. Sup. Ct., Co. of Orange, Case No. 30-2024-01438251-CU-FR-NJC, filed Nov. 8, 2024, exists and speaks for itself.

24.    Answering Paragraph 24 of Plaintiffs' Complaint, Defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in said paragraph, and therefore denies each and every allegation contained therein.

25.    Answering Paragraph 25 of Plaintiffs' Complaint, Defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in said paragraph, and therefore denies each and every allegation contained therein, except Defendants admit that Shuster represented UI and UDI as being in the business of developing virtual world environments and metaverses and working together in the ordinary course of their business.

26.    Answering Paragraph 26 of Plaintiffs' Complaint, Defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in said paragraph, and therefore denies each and every allegation contained therein, except Defendants admit that UDI represented that it was developing various forms of new software to Defendants and the development thereof was slow and potentially non-existent and/or fraudulent.

27.    Answering Paragraph 27 of Plaintiffs' Complaint, Defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations regarding software in said paragraph, and therefore denies the allegations about software, but admit that Quinn, Shuster, and Denne discussed investing in UI and represented that they were in contact with investors.

28.    Answering Paragraph 28 of Plaintiffs' Complaint, Defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in said paragraph, and therefore denies each and every allegation contained therein.

29.    Answering Paragraph 29 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph.

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

5

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

30.     Answering Paragraph 30 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph.

31.     Answering Paragraph 31 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph.

32.     Answering Paragraph 32 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph.

33.     Answering Paragraph 33 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph.

34.     Answering Paragraph 34 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph.

35.     Answering Paragraph 35 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph.

36.     Answering Paragraph 36 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph.

37.     Answering Paragraph 37 of Plaintiffs' Complaint, Defendants contend that the Letter of Intent speaks for itself and deny the allegations in Paragraph 37 to the extent that they deviate from the terms of the Letter of Intent.  Defendants generally and specifically deny the remaining allegations contained in said paragraph.

38.     Answering Paragraph 38 of Plaintiffs' Complaint, Defendants contend that the Letter of Intent speaks for itself and deny the allegations in Paragraph 38 to the extent that they deviate from the terms of the Letter of Intent.  Defendants generally and specifically deny the remaining allegations contained in said paragraph.

39.     Answering Paragraph 39 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph, except Defendants admit that a former associate of UDI informed Quinn and Denne that Shuster was a fraud and that the associate indicated that he intended to sue Shuster.

40.     Answering Paragraph 40 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph.

41.     Answering Paragraph 41 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph.

42.     Answering Paragraph 42 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph.

43.     Answering Paragraph 43 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph.

44.     Answering Paragraph 44 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph, except that Defendants admit that Quinn and Denne communicated their progress in securing funding from investors to Shuster, which communications speak for themselves.

45.     Answering Paragraph 45 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph.

46.     Answering Paragraph 46 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph, except Defendants admit that Robert Hackett served as CEO of UI.

47.     Answering Paragraph 47 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph.

48.     Answering Paragraph 48 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph, except Defendants admit that Quinn communicated with Shuster about tokens, which communications speak for themselves.

49.     Answering Paragraph 49 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph.

50.     Answering Paragraph 50 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph.

51.     Answering Paragraph 51 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph.

52.     Answering Paragraph 52 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph, except Defendants admit that Shuster

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

7

executed a promissory note with Niya Holdings on behalf of him individually and UDI for $1,350,000 at 6% interest.

53.    Answering Paragraph 53 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph.

54.    Answering Paragraph 54 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph, except Defendants admit that Niya Holdings and Momayez demanded repayment of the Niya Note.

55.    Answering Paragraph 55 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph.

56.    Answering Paragraph 56 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph.

57.    Answering Paragraph 57 of Plaintiffs' Complaint, Defendants contend that the Consulting Agreement speaks for itself and deny the allegations in Paragraph 57 to the extent that they deviate from the terms of the Consulting Agreement.

58.    Defendants contend that the Consulting Agreement speaks for itself and deny the allegations in Paragraph 58 about the Consulting Agreement to the extent that they deviate from the terms of the Consulting Agreement. As for the remaining allegations in Paragraph 58 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph.

59.    Answering Paragraph 59 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph, except Defendants admit that Blockchain Funding and Denne contracted with Nexus to develop a software platform to launch tokens.

60.    Answering Paragraph 60 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph.

61.    Answering Paragraph 61 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph.

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

8

62.    Answering Paragraph 62 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph.

63.    Answering Paragraph 63 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph.

64.    Answering Paragraph 64 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph, except that the presale of UTHER tokens by UDI went live on or about July 17, 2022.

65.    Answering Paragraph 65 of Plaintiffs' Complaint, Defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in said paragraph, and therefore denies each and every allegation contained therein generally and specifically deny the allegations contained in said paragraph, except Defendant denies that Quinn and Denne had not brough significant investors to purchase stock of UI or UDI.

66.    Answering Paragraph 66 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph, except Defendants admit that Blockchain Funding loaned $350,000 to UDI at 5% per anum under the Blockchain Note.

67.    Answering Paragraph 67 of Plaintiffs' Complaint, Defendants contend that Quinn's July 25, 2022 email to Shuster speaks for itself and deny the allegations in Paragraph 67 to the extent that they deviate from the content of that email.

68.    Answering Paragraph 68 of Plaintiffs' Complaint, Defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in said paragraph, and therefore denies each and every allegation contained therein.

69.    Answering Paragraph 69 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph.

70.    Answering Paragraph 70 of Plaintiffs' Complaint, Defendants contend that the Membership Agreement speaks for itself and deny the allegations in Paragraph 70 to the extent that they deviate from the terms of the Membership Agreement.

/ / /

/ / /

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

32754401

71.    Answering Paragraph 71 of Plaintiffs' Complaint, Defendants contend that the Membership Agreement speaks for itself and deny the allegations in Paragraph 70 to the extent that they deviate from the terms of the Membership Agreement.

72.    Answering Paragraph 72 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph, except Defendants deny the allegations regarding the Membership Agreement to the extent that they deviate from the terms of the Membership Agreement, which speaks for itself.

73.    Answering Paragraph 73 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph.

74.    Answering Paragraph 74 of Plaintiffs' Complaint, Defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in said paragraph, and therefore denies each and every allegation contained therein.

75.    Answering Paragraph 75 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph.

76.    Answering Paragraph 76 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph, except Defendants admit that UI initially prepared a SAFT requiring investors who wished to buy tokens during the presale period to be accredited by demonstrating a minimum threshold of income.

77.    Answering Paragraph 77 of Plaintiffs' Complaint, Defendants contend that the Blockchain SAFT speaks for itself and deny the allegations in said paragraph to the extent that they deviate from the terms of the Blockchain SAFT. Defendants deny that it is not typical for a SAFT to not provide vesting schedule or release schedule requirements.

78.    Answering Paragraph 78 of Plaintiffs' Complaint, Defendants contend that the Blockchain SAFT speaks for itself and deny the allegations in said paragraph to the extent that they deviate from the terms of the Blockchain SAFT.

79.    Answering Paragraph 79 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph.

**Brownstein Hyatt Farber Schreck, LLP**
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

80.    Answering Paragraph 80 of Plaintiffs' Complaint, Defendants contend that the Masternode SAFT speaks for itself and deny the allegations in said paragraph to the extent that they deviate from the terms of the Masternode SAFT.

81.    Answering Paragraph 81 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph.

82.    Answering Paragraph 82 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph.

83.    Answering Paragraph 83 of Plaintiffs' Complaint, Defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in said paragraph, and therefore denies each and every allegation contained therein

84.    Answering Paragraph 84 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph.

85.    Answering Paragraph 85 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph.

86.    Answering Paragraph 86 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph.

87.    Answering Paragraph 87 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph.

88.    Answering Paragraph 88 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph.

89.    Answering Paragraph 89 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph.

90.    Answering Paragraph 90 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph, except Defendants admit that Quinn communicated to Shuster that Chen could be a potential investor.

91.    Answering Paragraph 91 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph.

Brownstein Hyatt Farber Schreck, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

11

92.    Answering Paragraph 92 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph.

93.    Answering Paragraph 93 of Plaintiffs' Complaint, Defendants contend that the Subscription Agreement speaks for itself and deny the allegations contained in said paragraph to the extent that they contradict the Subscription Agreement.

94.    Answering Paragraph 94 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph.

95.    Answering Paragraph 95 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph.

96.    Answering Paragraph 96 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph.

97.    Answering Paragraph 97 of Plaintiffs' Complaint, Defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in said paragraph, and therefore denies each and every allegation contained therein.

98.    Answering Paragraph 98 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph.

99.    Answering Paragraph 99 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph, except Defendants admit that, at one point, Quinn advised UI to delay minting tokens.

100.    Answering Paragraph 100 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph, except Defendants admit that Denne and Quinn attempted to negotiate a separation from Plaintiffs that failed.

101.    Answering Paragraph 101 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph.

102.    Answering Paragraph 102 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph.

103.    Defendants admit or deny the allegations in Paragraph 103 consistent with the above admissions and denials.

**BROWNSTEIN HYATT FARBER SCHRECK, LLP**
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

12

104. Answering Paragraph 104 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph.

105. Answering Paragraph 105 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph.

106. Answering Paragraph 106 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph.

107. Answering Paragraph 107 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph.

108. Answering Paragraph 108 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph.

109. Answering Paragraph 109 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph.

110. Answering Paragraph 110 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph.

111. Answering Paragraph 111 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph.

112. Answering Paragraph 112 of Plaintiffs' Complaint, Defendants state that this Paragraph contains purported legal conclusions and/or statements or recitations of law, rather than allegations, and as such, no response is necessary. To the extent that a response is necessary, Defendants deny generally and specifically each and every allegation contained therein.

113. Answering Paragraph 113 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph.

114. Defendants admit or deny the allegations in Paragraph 114 consistent with the above admissions and denials.

115. Answering Paragraph 115 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph.

/ / /

/ / /

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

13

116.    Answering Paragraph 116 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations in said paragraph, including that Defendants made false statements.

117.    Answering Paragraph 117 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph.

118.    Answering Paragraph 118 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph.

119.    Answering Paragraph 119 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph.

120.    Answering Paragraph 120 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph.

121.    Answering Paragraph 121 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph.

122.    Answering Paragraph 122 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph.

123.    Defendants admit or deny the allegations in Paragraph 123 consistent with the above admissions and denials.

124.    Answering Paragraph 124 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph, including that Defendants made intentional misrepresentations of facts.

125.    Answering Paragraph 125 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph.

126.    Answering Paragraph 126 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph.

127.    Answering Paragraph 127 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph.

128.    Answering Paragraph 128 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph.

14

**BROWNSTEIN HYATT FARBER SCHRECK, LLP**
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

129.    Answering Paragraph 129 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph.

130.    Defendants admit or deny the allegations in Paragraph 130 consistent with the above admissions and denials.

131.    Answering Paragraph 131 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph.

132.    Answering Paragraph 132 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph.

133.    Answering Paragraph 133 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph.

134.    Answering Paragraph 134 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph.

135.    Defendants admit or deny the allegations in Paragraph 135 consistent with the above admissions and denials.

136.    Answering Paragraph 136 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph.

137.    Answering Paragraph 137 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph.

138.    Answering Paragraph 138 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph.

139.    Answering Paragraph 139 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph.

140.    Answering Paragraph 140 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph.

141.    Answering Paragraph 141 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph.

142.    Defendants admit or deny the allegations in Paragraph 142 consistent with the above admissions and denials.

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

143. Answering Paragraph 143 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph.

144. Answering Paragraph 144 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph.

145. Answering Paragraph 145 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph.

146. Answering Paragraph 146 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph.

147. Answering Paragraph 147 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph.

148. Defendants admit or deny the allegations in Paragraph 148 consistent with the above admissions and denials.

149. Answering Paragraph 149 of Plaintiffs' Complaint, Defendants state that this Paragraph contains purported legal conclusions and/or statements or recitations of law, rather than allegations, and as such, no response is necessary. To the extent that a response is necessary, Defendants deny generally and specifically each and every allegation contained therein.

150. Answering Paragraph 150 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph, except Defendants admit that Quinn and Denne knew of the Niya Note.

151. Answering Paragraph 151 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph.

152. Answering Paragraph 152 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph.

153. Answering Paragraph 153 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph.

154. Answering Paragraph 154 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph.

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

32754401

155.    Defendants admit or deny the allegations in Paragraph 155 consistent with the above admissions and denials.

156.    Answering Paragraph 156 of Plaintiffs' Complaint, Defendants state that this Paragraph contains purported legal conclusions and/or statements or recitations of law, rather than allegations, and as such, no response is necessary. To the extent that a response is necessary, Defendants deny generally and specifically each and every allegation contained therein.

157.    Answering Paragraph 157 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph, except Defendants admit that Quinn and Denne knew of the Binding Letter.

158.    Answering Paragraph 158 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph.

159.    Answering Paragraph 159 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph.

160.    Answering Paragraph 160 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph.

161.    Answering Paragraph 161 of Plaintiffs' Complaint, Defendants generally and specifically deny the allegations contained in said paragraph.

## **AFFIRMATIVE DEFENSES**

1.    Plaintiffs failed to state a claim against Defendants on which relief can be granted.

2.    Plaintiffs failed to join indispensable parties.

3.    Plaintiffs failed to plead their claims with particularity.

4.    Plaintiffs' claims are barred by Plaintiffs' unclean hands.

5.    Plaintiffs' claim are barred as a result of Plaintiffs' prior wrongful conduct.

6.    Defendants acted in a legally permissible way.

7.    Plaintiffs' claims have been waived because of Plaintiffs' conduct.

8.    Plaintiffs' claims are barred as a result of lack of good faith.

9.    Defendants have properly and legally fulfilled their duties and obligations.

10.    Plaintiffs failed to perform as promised.

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

11.     Defendants fulfilled their duty to deal with Plaintiffs in good faith.

12.     Defendants made no false representations of material fact which they knew to be false.

13.     Defendants had no intent to defraud Plaintiffs.

14.     Defendants did not intend for Plaintiffs to rely on any alleged misrepresentations.

15.     Plaintiffs did not detrimentally rely on misrepresentations.

16.     Defendants' conduct was not oppressive, fraudulent, nor committed with malice.

17.     Defendants' acts were not misleading in any material way.

18.     Plaintiffs have not been injured as a result of any deceptive acts of Defendants.

19.     Defendants have not made any false or misleading statements in a commercial setting.

20.     Defendants' statements have not actually deceived and are not likely to deceive any part of an intended audience.

21.     Defendants have committed no acts of dominion over Plaintiffs' property/chattels.

22.     Defendants' acts of dominion, if any, were not wrongful.

23.     The claims, and each of them, for wrongful detention of personal property and conversion, are barred by the failure to satisfy conditions precedent.

24.     Shuster breached his fiduciary duties to Defendants.

25.     Shuster forfeited any entitlements because of his breach of fiduciary duties.

26.     Shuster's conduct was not conducted in the interest of the corporation.

27.     Plaintiffs conduct was conducted for their own personal motivation.

28.     Shuster violated his duty of loyalty to Defendants.

29.     Shuster owed fiduciary duties to Defendants to exercise due care, a duty of loyalty and a duty to act in Defendants' interest.

30.     Defendants are not an officer, director, or agent of Utherverse.

31.     Defendants committed no intentional acts intended or designed to disrupt contractual relationships of Plaintiffs.

32.     No actual disruption of contract occurred to Plaintiffs' contracts.

18

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

33.    Defendants did not intend to harm Plaintiffs if any relationship was prevented between Plaintiffs and a third party.

34.    This court lacks personal jurisdiction over Jeremy Roma because as a resident of California he (i) does not have contacts with the state of Nevada that are so continuous and systematic that he is essentially "at home" in Nevada and (ii) has not purposefully availed himself of the privilege of acting in the state of Nevada or of causing important consequences in the forum state.

35.    This court lacks personal jurisdiction over Lynne Martin because as a resident of California she (i) does not have contacts with the state of Nevada that are so continuous and systematic that she is essentially "at home" in Nevada and (ii) has not purposefully availed herself of the privilege of acting in the state of Nevada or of causing important consequences in the forum state.

36.    All possible affirmative defenses may not have been alleged herein, insofar as sufficient facts were unavailable after reasonable inquiry upon filing of this Amended Answer, therefore, Defendants reserve the right to amend their Amended Answer to add affirmative defenses should the necessity arise.

WHEREFORE, Defendants pray for relief as follows:

1.    That Plaintiffs take nothing by their Complaint.

2.    That Defendants be awarded their attorneys' fees and costs incurred in defending against the Complaint.

3.    That Defendants be awarded any other relief that the Court deems appropriate.

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

32754401

**AMENDED COUNTERCLAIM**

Counterclaimants Brian Quinn ("Quinn"), Joshua Denne ("Denne"), Blockchain Funding, Inc. ("Blockchain Funding"), Blockchain Alliance LLC ("Blockchain Alliance"), Masternode Partners, LLC ("Masternode"), Niya Holdings, LLC ("Niya Holdings"), and Nima Momayez ("Momayez") (collectively, "Counterclaimants") allege as follows against Counter-defendants Utherverse, Inc. ("Utherverse, Inc."), Brian Shuster ("Shuster"), Utherverse Digital, Inc. ("Utherverse Digital"), Utherverse International Ltd., Peter Gantner ("Gantner"), Nexus Venture LLC ("Nexus"), Ari Good ("Good"), Gary Shuster ("Gary") and DOES 1-25, inclusive (collectively, "Counter-Defendants"):

**SUMMARY**

1.       This case involves the fraudulent offer and sale of unregistered securities by Shuster and the entities he controlled and/or acted on behalf of: Utherverse, Inc. and Utherverse Digital (collectively, "Utherverse"). These Defendants, acting in concert with partners Gantner, Nexus, and attorneys Good and Gary, orchestrated a scheme to defraud investors, including the Plaintiffs.

2.       Since at least 2022 and continuing through the present, Counter-Defendants engaged in a systematic and intentional pattern of fraudulent conduct, misappropriating investor funds, concealing material facts, and making multiple false statements about the nature and profitability of their investments. The Counter-Defendants unlawfully induced Plaintiffs to invest in Utherverse by promising outsized returns, misrepresenting the state of Utherverse's financial health, and touting fictitious market success. Counterclaimants were deceived into believing that their investments would be used to develop virtual metaverse technologies and secure monetization opportunities through blockchain-based products.

3.       In reality, the Counter-Defendants misappropriated investor funds for personal gain and undisclosed purposes, including payments to non-licensed brokers, personal travel, and unrelated business ventures. Counter-Defendants further misrepresented key financial metrics such as user numbers, transaction volume, and proprietary technology. Their fraudulent conduct has caused significant financial harm to the Counterclaimants.

**Brownstein Hyatt Farber Schreck, LLP**
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

32754401

4.      Counterclaimants allege that, through this fraudulent scheme, Counter-Defendants violated California securities laws and committed theft under Penal Code § 496(c). The unlawful conduct includes:

      a.  Misrepresenting the expected return on investment and the state of the Utherverse platform;

      b.  Offering and selling unregistered securities through fraudulent inducement;

      c.  Concealing material facts, including conflicts of interest, misallocation of funds, and the financial instability of Utherverse; and

      d.  Using investor funds to pay commissions to unlicensed brokers and to finance personal expenses.

5.      Counter-Defendants also failed to disclose material information about related-party transactions and the payment of unauthorized commissions to associates. Counterclaimants allege that each of the Utherverse entities are mere alter egos of Shuster, whose personal use of corporate assets renders any separation between the entities and their owner illusory. Counterclaimants now seek compensatory and punitive damages, treble damages under California Penal Code § 496(c), and equitable relief to remedy the harm caused by Counter-Defendants' intentional and reckless conduct.

## PARTIES

**A.      Counterclaimants**

6.      Quinn is an individual who resides in Orange County, California.

7.      Denne is an individual who resides in Paradise Valley, Arizona.

8.      Momayez is an individual who resides in Irvine, California.

9.      Blockchain Funding is a Delaware Corporation.

10.     Masternode is a Wyoming Limited Liability Company.

11.     Blockchain Alliance is a Wyoming Limited Liability Company.

12.     Niya Holdings is a Nevada Limited Liability Company.

13.     Momayez is an individual who resides in Irvine, California.

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

32754401

**B.**    **Counter-Defendants**

14.    Shuster is an individual who resides in Vancouver, British Columbia.

15.    Utherverse, Inc. is a Nevada Corporation that conducts business in Nevada and California.

16.    Utherverse Digital is a Vancouver, British Columbia, Corporation that conducts business in Nevada and California.

17.    Upon information and belief, Utherverse International Ltd. is a corporation duly organized and existing under the laws of the British Virgin Islands that conducts business in Nevada and California.

18.    Gantner is an individual who resides in Fountain Hills, Arizona.

19.    Nexus is an Arizona Limited Liability Company that conducts business in Nevada and California.

20.    Good is an individual who resides in Miami, Florida.

21.    Gary is an individual who resides in Fresno, California. On information and belief, at all times relevant herein, Counter-Defendant Gary Shuster was the Chief Intellectual Property Officer of Counter-Defendant Utherverse Digital, Inc. and was the General Counsel of Counter-Defendant Utherverse, Inc.

22.    The true names and capacities, whether individual, corporate, associate or otherwise, of Counter-Defendants sued herein as Does 1-25, inclusive, are unknown to Counterclaimants at the present time, and Counterclaimants therefore sue said Counter-Defendants, and each of them, by such fictitious names. If necessary, Counterclaimants will seek leave of court to amend this Amended Counterclaim to allege their true names and capacities when they are ascertained.

23.    Counterclaimants are informed and believe, and on that basis allege, that each of Does 1-25, inclusive, participated in the activities described herein and rendered material assistance to Counter-Defendants in the performance of the activities described in this Amended Counterclaim.

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

24.     Counterclaimants are informed and believe, and on that basis allege, that each of the Counter-Defendants are responsible in some manner for the occurrences and matters alleged herein and that Counterclaimants' injuries and damages were and are the direct and proximate result of the actions and omissions of these Counter-Defendants, and each of them.

25.     Counterclaimants are further informed and believe, and on that basis allege, that each Counter-Defendant herein is, in some manner or fashion, by contract or otherwise, the successor, assign, joint venturer, co-venturer, co-conspirator, partner or alter ego of the others, or was otherwise involved with the other Counter-Defendants in the wrongdoing alleged herein, and by virtue of such capacity, assumed the obligations herein owed by Counter-Defendants to Counterclaimants. Each Counter-Defendant is liable and responsible on the facts alleged herein for all of the relief sought.

26.     Counterclaimants are further informed and believe, and on that basis allege, that certain of the Counter-Defendants conspired and agreed with and aided and abetted one or more of the other Counter-Defendants in additional ways which are unknown to counterclaimants at this time.

27.     Counterclaimants are informed and believe, and on that basis allege, that at all relevant times hereto each of the Counter-Defendants was the merging entity, merged entity, subsidiary, acquiring corporation, the agent, servant, successor-in-interest, independent contractor and/or employee of each of the remaining Counter-Defendants, and in doing the things herein alleged, was acting within the course and scope of their authority as agents, servants, successors-in-interest, independent contractors or employees, and with the express and/or implied permission, knowledge, consent, and ratification of their co-Counter-Defendants, or otherwise acting with apparent authority. All actions of each Counter-Defendant as alleged herein were ratified and approved by every other Counter-Defendant or their officers or managing agents. Each Counter-Defendant therefore knowingly and substantially participated in the conduct as alleged herein and is liable for the damages arising therefrom.

/ / /

/ / /

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

23

32754401

28.    Whenever this Amended Counterclaim references acts of any Counter-Defendant or Counter-Defendants, such allegation shall be deemed to mean the act of those Counter-Defendants named in the particular cause of action and each of them acting individually, jointly, and severally.

29.    At all relevant times, each of the Counter-Defendants were acting in concert with, and in conspiracy with, each and every of the remaining Counter-Defendants.

## GENERAL BACKGROUND

30.    Counterclaimants are informed and believe that Counter-Defendant Shuster owns and operates each of the Utherverse entities, which act by and through Shuster.

31.    Utherverse advertises itself as being "not just another player in the metaverse space[, but] the pioneers, with over 15 years of experience in building successful virtual economies and communities. . . . By harnessing the immense potential of web3, blockchain, and AI, we are creating a metaverse that is unmatched in its immersion, adaptability, and profitability."

32.    Counterclaimant Denne was introduced to Shuster and Utherverse in or about 2022. At that time, Utherverse was represented by a loan officer and a defunct mortgage broker. Utherverse had been struggling to raise capital for more than 10 years with zero success—it did not have a functioning website, did not have any formal presentation materials, such as investment documents or subscription agreements, it did not have a functional corporate structure, and it was critically devoid of any effective management. At that time, Utherverse consisted of eleven (11) separate LLCs with no apparent ties to one another, and were all operated by Shuster—a one man show.

33.    Shuster claimed numerous past successes, millions of active Utherverse users, billions in transactions on the Utherverse platform, and a robust patent portfolio, among numerous other representations that were later learned to be false.

34.    A non-exhaustive list of representations made by Shuster, which were relied upon by Counterclaimants in their decision to work with and invest in Utherverse is as follows:

        a.    Utherverse, Inc. having 50 million users;

        b.    Over 1 million metaverses on the platform;

        c.    Utherverse had a revenue of $8-10 million per year;

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

24

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

d.  Utherverse, Inc. having $16,000,000,000 in transactions executed on its platform;

e.  Shuster claimed to have invested $45 million of his personal money in the company;

f.  Utherverse has spent more than $40 million on development of its metaverse offerings;

g.  Utherverse was franchised out to 17 countries;

h.  Utherverse generated more than $77 million in revenues through memberships, marketplaces, advertising and other metaverse related revenue streams;

i.  Counter-Defendants Brian Shuster and Utherverse owned a large number of valuable patents, were involved in or affiliated with litigation concerning some of the patents, and imminently stood to win said litigation and profit greatly therefrom; and

j.  That development of the Utherverse platform was ongoing and would be operational on specific dates (which were never met).

35.    In reliance on Shuster's representations about himself and Utherverse, Counterclaimant Denne agreed to invest and help promote and build Utherverse toward success.

36.    On or about April 11, 2022, Shuster, on behalf of Utherverse, executed a senior secured convertible promissory note with Counterclaimants Momayez and Niya Holdings ("Niya Note"). Pursuant to the Niya Note, Momayez, on behalf of Niya Holdings, transferred $1,350,000 to Utherverse. Momayez individually, and on behalf of Niya Holdings, agreed to these terms, and to provide the funding, in reliance on Shuster's numerous misrepresentations, as previously detailed herein. Shuster, on behalf of Utherverse, agreed to repay Momayez and Niya Holdings pursuant to the terms of the Niya Note, but now refuses to do so. Instead, Shuster has stolen the funds. Therefore, on information and belief, Counterclaimants allege that Shuster never intended to honor the Niya Note or repay the funds, but always intended to defraud and steal the money.

37.    On May 10, 2022, Utherverse, by and through Shuster, and Counterclaimant Blockchain Funding, by and through Denne, executed a simple agreement for future tokens

25

("SAFT") whereby Blockchain Funding purchased 360,000,000 tokens at the then-price per token of $0.000033334, for a total purchase amount of $12,000.24 USD ("Blockchain Funding SAFT"). Blockchain Funding fulfilled its obligations and made payment to Utherverse in accordance with the Blockchain Funding SAFT. However, Shuster never delivered tokens to Blockchain Funding or remitted Blockchain Funding's payment for the tokens in accordance with the Blockchain Funding SAFT. Shuster now takes the position that Blockchain Funding does not own any tokens whatsoever. Therefore, on information and belief, Counterclaimants allege that Shuster and Utherverse never intended to fulfill their obligations under the Blockchain Funding SAFT and instead intended to defraud Blockchain Funding of the money paid.

38.    On May 10, 2022, Utherverse, by and through Shuster, and Counterclaimant Masternode, by and through Denne, executed a SAFT whereby Masternode purchased 150,000,000 tokens at the then-price per token of $0.000033334, for a total purchase amount of $5,000.01 USD ("Masternode SAFT"). Masternode fulfilled its obligations and made payment to Utherverse in accordance with the Masternode SAFT. However, Shuster never delivered tokens to Blockchain or remitted Blockchain's payment for the tokens in accordance with the SAFT. Shuster now takes the position that Masternode does not own any tokens whatsoever. Therefore, on information and belief, Counterclaimants allege that Shuster and Utherverse never intended to fulfill their obligations under the Masternode SAFT and instead intended to defraud Masternode of the money paid in reliance on the Masternode SAFT.

39.    On or about June 5, 2023, Blockchain Funding, by and through Denne, loaned to Utherverse a total of $350,000.00, evidenced by a promissory note ("Blockchain Funding Note") executed by Utherverse, by and through Shuster. To secure the Blockchain Funding Note, Utherverse, by and through Shuster, executed a stock pledge agreement ("Stock Pledge Agreement"), which memorialized the Blockchain Funding Note and pledged 2,800,000 shares of Utherverse Inc. Class A Common Stock to Blockchain Funding. Blockchain Funding fulfilled its obligations and provided $350,000.00 to Utherverse in accordance therewith; and Blockchain Funding understood that ownership of the shares had been transferred accordingly. However, the proceeds from the Blockchain Funding Note have not been returned, and Shuster now takes the

26

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

position that Blockchain Funding does not own any shares whatsoever. Therefore, on information and belief, Counterclaimants allege that Shuster and Utherverse never intended to transfer the shares, but instead intended to defraud Blockchain Funding of the $350,000.00.

40.    In reliance on the representations made by Shuster and the agreements between Blockchain Funding, Masternode, and Utherverse, Denne, Blockchain Funding, Blockchain Alliance, and Masternode expended significant funds to promote and advance the success of Utherverse, totaling more than $1,376,500. Denne, Blockchain Funding, Blockchain Alliance, and Masternode expended these funds in reliance on Shuster's representations that they would be repaid by Utherverse. However, Shuster now takes the position that Blockchain Funding and Masternode do not own any shares or tokens. Therefore, on information and belief, Counterclaimants allege that Shuster and Utherverse intended to defraud Denne, Blockchain Funding, Blockchain Alliance, and Masternode of these funds by reaping the benefits therefrom without ever intending to compensate or repay them. A non-exhaustive list of the funds expended by Denne, Blockchain Funding, Blockchain Alliance, and Masternode in furtherance of the business and operations of Utherverse is as follows:

         a.   Token set up costs (Grant Thornton) - $198,000

         b.   Honing PR - $65,000

         c.   Elevator Social Media - $145,000

         d.   Mona Hire - $20,000

         e.   Tokensoft Platform - $35,000

         f.   HOW 3 (digital marketing) - $50,000

         g.   Ad spend - $6,500

         h.   Promote Republic Europe Group - $25,000

         i.   Additional digital marketing costs - $82,000

         j.   Blockchain Alliance marketing - $750,000

         APPROXIMATE TOTAL: $1,376,500

41.    It was later revealed that Shuster had used Utherverse in a way that tied it to the pornography industry, which was severely detrimental to its reputation. In an effort to repair the

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

27

damaged reputation of Utherverse, Denne, among other things, spent roughly $65,000 on a PR agency and spent an additional $165,000 on social media promotions, including professionally producing a video interview with Shuster.

42.    Through a longstanding relationship that Denne had developed with a private investor, Denne was able to secure an agreement that would have raised $25 million for Utherverse. However, days prior to the wiring of the funds from the investor, a disgruntled employee of Shuster contacted the investor and informed him that Shuster was a fraud and that a lawsuit against Shuster and Utherverse was being prepared for filing. As a result, the investor refused to move forward.

43.    Denne brought in Mr. Todd Pritcher ("Pritcher"), who is an expert on taking the necessary steps to make a company investable, which requires detailed documentation and structural reorganization. Pritcher eliminated the majority of the eleven LLCs that made up Utherverse and created a coherent parent company with subsidiaries. In the process, Pritcher attempted to verify and create proper intellectual property documentation to clearly illustrate which patents were owned by the various Utherverse entities. However, Pritcher was unable to verify ownership of numerous patents that Shuster had represented were owned by himself and Utherverse. This realization was alarming, as Shuster's misrepresentations were relied upon by investors and left Utherverse with potential liabilities. Ultimately, despite this understanding, Shuster refused to disclose these misrepresentations.

44.    Denne then brought in Mr. Robb Hackett ("Hackett"), an accomplished CEO in the Web3 space, who had stewarded several successful investment exits in his past. However, after four months, Hackett refused to continue working with Shuster and resigned due to a lack of payment for his work, a lack of effective corporate governance, and a legitimate fear of liabilities. Hackett is still owed $75,000 for his work on behalf of Shuster and Utherverse.

45.    Denne also attempted to bring in Mr. Joseph Ramelli ("Ramelli") to occupy the position of CFO, with an intention to clean up Utherverse's books and records, to create proper budgets and timelines, and oversee the use of investor funds. However, Shuster refused to hire Ramelli, in an effort to maintain control over, and conceal, his misappropriation of investor funds.

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

46.    Denne brought in a Public Company Accounting Oversight Board accounting firm to produce audited financial statements to enable Utherverse to participate in crowdfunding. This initiative was accomplished; however, it was discovered that the Utherverse's revenue was not $8-10 million per year—as Shuster had previously represented, and which representation was relied upon by the parties in becoming involved with Utherverse and providing significant investment funding. Rather, Utherverse's revenue was less than $1.5 million per year. Additionally, the accounting firm was unable to confirm in any way that Shuster had invested $45 million of his own funds—as he had previously represented, and which was relied upon by the parties in becoming involved with Utherverse and providing investment funding.

47.    Prior to Denne's involvement, Utherverse was experiencing difficulty securing a banking relationship due to Shuster's participation in the pornography industry. However, Denne aided Utherverse in securing a reputable banking relationship with Fresno Bank, where Utherverse still banks to this day.

48.    Despite all of the notable progress that Utherverse experienced at the hand of Denne, Shuster chose to continue in his misrepresentations and mismanagement of Utherverse. Over twenty significant developmental deadlines were missed and over a dozen "launch dates" were unmet. On information and belief, each of these deadlines and launch dates were only provided by Shuster to further delay and conceal his fraudulent activities.

49.    Shuster's mismanagement was exemplified on numerous occasions, including him hiring an individual as a "Pro-Developer" for $30,000 per month. It was later discovered that this "Pro-Developer" was outsourcing the work overseas for $1,500 per month, submitting the work as his own, and keeping the remaining $28,500. On information and belief, Shuster conspired with this individual and used this opportunity to launder and/or siphon and misappropriate investor funds.

50.    In or about April 2024, after Shuster once again failed to meet a promised deadline, Denne ultimately decided to part ways with Shuster and Utherverse.

51.    During the separation process, Shuster provided written acknowledgment of Denne's efforts to further the development and success of Utherverse—including the monies spent

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

on behalf of Utherverse, as well as Denne's ownership of 510,000,000 tokens and 2,800,000 shares of Utherverse Inc. Shuster and Denne engaged in detailed discussions, both oral and in writing, regarding this separation, and Denne provided an additional $160,000 in furtherance of these efforts—which was paid to promotion groups in order to create the necessary settlement liquidity.

52.    Counterclaimants Quinn and Denne sought to wind down their relationship with Shuster and Utherverse on mutually beneficial terms through an exit agreement ("Exit Agreement").

53.    Despite agreeing to the detailed exit strategy for Counterclaimants in the Exit Agreement, including sale of tokens and distribution of funds therefrom, Shuster reneged and took the patently incorrect position that neither Quinn, Denne, nor Counterclaimants own or are entitled to anything with regard to Utherverse.

54.    In or about September 2024, Shuster, as President and Chairman of Utherverse, Inc., sent formal letters to several of the investors that were located by Denne, and with whom Denne has had previous relationships. In these letters, Shuster falsely states that Denne committed fraud on the investors of Utherverse. Shuster falsely claims that Denne fraudulently altered documents, stole investor funds, and stole Utherverse money and stock. Shuster implored recipients of these letters to keep it a secret and to "undertake any investigation, criminal reporting, and civil litigation against the fraudsters." Denne denies the truth of these defamatory statements and Counterclaimants allege that Shuster knew the falsity of these claims and the harm they would cause at the time he made them.

55.    On information and belief, Counterclaimants allege that Shuster misrepresented the financial value and developmental progress of Utherverse, as previously discussed, in order to lure investors and disguise the actual state of Utherverse's operations, which were significantly underperforming. Counterclaimants relied on these misrepresentations when they decided to invest, believing Utherverse's platform was financially stable and poised for imminent growth. When these promises failed to materialize, Counterclaimants suffered significant financial harm.

56.    On information and belief, Defendant Shuster has used investor funds, including some or all of those mentioned herein, for his own personal gain, for purposes entirely unrelated to

30

Brownstein Hyatt Farber Schreck, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

the business of Utherverse or the purposes for which the funds were provided. Further, Shuster's pattern of fraud and misrepresentation brought unfathomable potential liability upon Utherverse and the investors that relied upon those misrepresentations. Specific examples of Shuster's character and propensity for fraudulent activity include, but are not limited to, the following:

    a.  Shuster paid commissions to two separate unlicensed brokers for the investment of $1,350,000 that was made by Momayez on behalf of Niya Holdings. This fraudulent activity brought significant liability on Utherverse and its investors.

    b.  Shuster took a one-million-dollar investment from Mr. Chauncey Lufkin ("Lufkin"), who Shuster then placed on the board of Utherverse. Shuster likewise paid a commission to an unlicensed broker for this investment, to a woman named Jasmine Yuan. This fraudulent activity brought significant liability on Utherverse and its investors.

    c.  After Lufkin's investment, Shuster entered a consulting agreement with Lufkin's wife, and paid her in Utherverse shares, creating a major conflict of interest.

    d.  It was subsequently discovered that Lufkin was under investigation by the SEC for cryptocurrency investment fraud and was ultimately sanctioned. However, Shuster refused to remove Lufkin from the board of Utherverse or remove Lufkin's wife as a consultant. Even more egregious, Shuster chose not to inform any of the investors of this significant liability. Further, Shuster did not disclose Lufkin or his wife's involvement with Utherverse to the SEC in the required SEC filings. This fraudulent activity brought significant liability on Utherverse and its investors.

    e.  Shuster was and/or is currently selling pre-sale tokens on a United States based non-SEC compliant and unregistered platform, which is owned by a US corporation and an individual. This fraudulent activity brings significant potential liability on Utherverse and its investors.

31

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

f.   Shuster is currently taking token investments from non-accredited US investors. This fraudulent activity brings significant liability on Utherverse and its investors.

g.   Shuster is paying a commission and referral fees to US-based individuals for sales of Utherverse tokens. This fraudulent activity brings significant liability on Utherverse and its investors.

h.   Shuster has taken equity investment from non-accredited US investors and also paid commissions to unlicensed individuals for investments. One such non-accredited investor is Jennifer Chen, who has repeatedly requested that her $100,000 investment be returned for well over a year. This fraudulent activity has brought significant liability on Utherverse and its investors.

i.   Shuster continues to take investments in cash and cryptocurrency, but is not reporting the investments to the SEC, the IRS, or local tax authorities. This fraudulent activity brings significant liability on Utherverse and its investors.

j.   Shuster is using Utherverse as a tool to launder money for himself and other criminal associates. This fraudulent activity brings significant liability on Utherverse and its investors.

k.   Shuster used Utherverse investor funds to make pornographic films.

l.   Shuster used Utherverse investor funds to pay for personal travel for himself and others.

m.   Shuster used Utherverse investor funds to pay attorneys for work on personal legal matters unrelated to Utherverse.

n.   Shuster gave shares and tokens to his escort girlfriend "Jade" for personal reasons unrelated to the operations of Utherverse.

57.   The full extent of Shuster's fraudulent actions is presently unknown, and its discovery will require the parties to obtain all records from Shuster and Utherverse, including banking data and cryptocurrency wallet data.

32

**CO-DEFENDANT ACCOMPLICES THAT AIDED AND CONSPIRED WITH SHUSTER IN PERPETRATING HIS FRAUD.**

58.     On information and belief, Counter-Defendant Good is an attorney licensed in the state of Florida. On information and belief, Good knowingly aided and conspired with Shuster to fraudulently conceal and withhold funds obtained from Counterclaimants. On information and belief, Good created, formed, and operated a business structure which Shuster utilized to obtain money from Counterclaimants in a manner constituting theft, including setting up and transferring money to offshore accounts and corporations. On information and belief, Shuster paid Good using funds fraudulently obtained from Counterclaimants, and Good knowingly received funds fraudulently obtained from Counterclaimants.

59.     Good issued several cease and desist letters to Counterclaimants, investors, and others to stifle or otherwise deprive Counterclaimants of their property interests in, among other things, shares, tokens, cryptocurrencies, and funds. The letters further encouraged the recipients to take actions against Counterclaimants to undermine Counterclaimants' interests related to the various agreements and investment activities described *supra*. Good knowingly undermined Counterclaimants' interests and right to benefit from the Notes and SAFTs mentioned herein, including by, among other things, attempting to cancel the agreements without remitting the funds received by Counter-Defendants pursuant to those agreements. On information and belief, Good had an individual interest in Utherverse and the actions that he took to cancel the Counterclaimants' agreements benefitted his individual interest in Utherverse.

60.     This Court has personal jurisdiction over Good because the foregoing conspiracy, aiding and abetting, and other misconduct harmed Niya Holdings, a Nevada Corporation that relied on Good, Shuster, and Utherverse's coordinated representations.  Good's foregoing misconduct was also done in furtherance of Utherverse, Inc. and Utherverse Digital's business in Nevada.

61.     On information and belief, Counter-Defendant Gantner knowingly aided and conspired with Shuster to defraud, and conceal and withhold funds obtained from Counterclaimants and investors. On information and belief, Gantner created and developed a non-licensed platform –that competed with Utherverse's platform—to illegally and fraudulently sell tokens and receive

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

32754401

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

commissions. On multiple occasions Shuster paid Gantner commissions for selling Utherverse tokens and shares to non-accredited US investors, including on Gantner's unlicensed platform. On information and belief, Gantner knowingly received funds fraudulently obtained from Counterclaimants. Gantner further intentionally misrepresented and/or overstated the capabilities (*e.g.*, the readiness of the Utherverse platform and/or UTHER tokens for launch), financial data (*e.g.*, claimed over $70,000,000.00 in revenues), user data (*e.g.*, claimed over 50 million users), and other information about Utherverse's platform that was material to Counterclaimants' and investors' dedication of funds, time, and effort to Utherverse. Gantner exploited his roles as a developer of Utherverse's platform and CEO of Utherverse in doing so, knowing that his technical expertise, background, and intimate knowledge of the platform and company would lead Counterclaimants and investors to rely upon his misrepresentations.

62.    This Court has personal jurisdiction over Gantner because the foregoing conspiracy, aiding and abetting, and other misconduct harmed Niya Holdings, a Nevada Corporation that relied on Gantner, Shuster, and Utherverse's coordinated representations. Gantner's foregoing misconduct was also done in furtherance of Utherverse, Inc. and Utherverse Digital's business in Nevada.

63.    On information and belief, Counter-Defendant Nexus knowingly aided and conspired with Shuster to defraud, and conceal and withhold funds obtained from Counterclaimants. On information and belief, Nexus was created, owned, and operated by Gantner, who allowed Shuster to use Nexus to launder money and misappropriate or hide funding from investors.

64.    This Court has personal jurisdiction over Nexus because the foregoing conspiracy, aiding and abetting, and other misconduct harmed Niya Holdings, a Nevada Corporation that relied on Nexus, Gantner, Shuster, and Utherverse's coordinated representations. Nexus and Gantner's foregoing misconduct was also done in furtherance of Utherverse, Inc. and Utherverse Digital's business in Nevada.

65.    On information and belief, Counter-Defendant Gary knowingly aided and conspired with Shuster to defraud, and conceal and obtain and/or withhold funds from Counterclaimants and

34

investors. On information and belief, Gary is the brother of Shuster, was the Chief Intellectual Property Officer of Utherverse Digital, was the General Counsel of Utherverse, Inc, and is a member and serves on the executive board of Utherverse Gaming, LLC ("Utherverse Gaming").

66.    At all times relevant, Shuster acted with authority on behalf of, and represented himself as having authority to act on behalf of, Utherverse Gaming, including by emphasizing his relationship with his brother Gary who is a member of and serves in an executive role for Utherverse Gaming. On information and belief, Shuster and/or the Utherverse entities, with Gary's support and/or approval, publicly represented, and paid third party advertisers to publicly represent, that Shuster, on behalf of Utherverse, is suing Epic Games, Inc. for patent infringement, and that a positive result from that lawsuit will directly affect the value of Utherverse.  Shuster so publicly represented in order to entice Counterclaimants and investors to provide more time, funding, and other resources to Utherverse, some or all of which resources were misappropriated by Shuster for his own benefit. On information and belief, Shuster made said public representations and misappropriations with Gary's support and/or approval. On information and belief, the patent lawsuit was brought by Utherverse Gaming. On information and belief, the patents in question, such as Patent Numbers 8276071, 8812954, 9123157, 9724605, and 10198154, are designated as invented by Shuster (expect for 10198154 that shows Gary as the inventor) and assigned to Utherverse Gaming, but they remain prominently featured on the Utherverse website as though Utherverse possesses rights to them. On information and belief, Shuster represented that Utherverse Digital entered into an agreement with Utherverse Gaming, whereby Utherverse Gaming would obtain monetization rights to certain intellectual property that Shuster represented were owned and able to be utilized solely by himself and Utherverse. On information and belief, those representations were false. Indeed, on information and belief, Utherverse Gaming purchased the patents from Utherverse in 2020 and Utherverse assigned the patents to Utherverse Gaming that same year, which resulted in Utherverse Gaming being the sole and exclusive owner of the patents.

67.    This Court has personal jurisdiction over Gary because the foregoing conspiracy, aiding and abetting, and other misconduct harmed Niya Holdings, a Nevada Corporation that relied

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

on Gary, Shuster, and Utherverse's coordinated representations.  Gary's foregoing misconduct was also done in furtherance of Utherverse, Inc. and Utherverse Digital's business in Nevada.

68.    After minting the UTHER tokens—and failing to deliver them to the Counterclaimants who were entitled to them—Utherverse, through Shuster, Good, and Gantner, circulated the UTHER tokens into the market (*i.e.*, into cryptocurrency exchanges under the label "UTHX") in Fall 2024 in minimal amounts in an attempt to manipulate the value of the tokens. Because of the artificial scarcity that Shuster, Good, and Gantner created, UTHER tokens initially sold around $2.00 each.  However, once the various investors to whom Shuster and Utherverse owed tokens learned of the release of tokens into the market, demanded their tokens, and sold the tokens upon receiving them, the price of the UTHX token quickly plummeted to less than $0.01.

69.    Shuster, Good, and Gantner then feigned a malfunction in the UTHER tokens, abandoned the UTHX token, and created a new UTHER token (under the label "UTHR").  Shuster, Good, and Gantner distributed the new version of the UTHER tokens to a select few, and in some cases non-accredited, investors and left all the holders of UTHX with a token devoid of value.  On information and belief, Shuster, Good, and Gantner attempted to manipulate the price of the new UTHR token with the same artificial scarcity approach as for UTHX with similar results: the token initially sold for $0.70 and was trading around $0.07 the last time that Counterclaimants researched its value.

## ALTER EGO

70.    Counterclaimants are informed and believe that Shuster is the alter ego of Utherverse, Inc. as follows:

a.    Counterclaimants are informed and believe there is a unity of interest and ownership between Shuster and Utherverse, Inc. such that any individuality and separateness between the company and individual has ceased.

b.    Counterclaimants are informed and believe that at all times mentioned herein Utherverse, Inc. was inadequately capitalized in light of the nature of the business to be conducted and the accompanying risk of loss to its investors. Counterclaimants are informed and believe that the capitalization of Utherverse,

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

Inc. was illusory, and that the capital assets of Shuster and Utherverse, Inc. were so intertwined and comingled that their value could only be assessed as a whole, and the debts of one should be considered the debts of the other.

c.   Counterclaimants are informed and believe that Shuster has used Utherverse, Inc.'s assets for his own personal use without regard to the proper formalities and in such a manner as to cause the company to be undercapitalized. For instance, Shuster used Utherverse corporate funds to pay for personal travel and transferred company assets to his own accounts without proper documentation, further demonstrating the lack of separation between the entities and their owner.

d.   Adherence to the fiction of separate corporate existence of Utherverse, Inc. and Brian Schuster would sanction fraud and promote injustice. Counter-Defendants used corporate assets for personal gain, including extravagant travel and unauthorized payments to non-licensed brokers, blurring the line between personal and business interests. The Utherverse entities were consistently undercapitalized, existing solely to funnel investor money for Shuster's personal benefit.

71.   Counterclaimants are informed and believe that Shuster is the alter ego of Utherverse Digital as follows:

a.   Counterclaimants are informed and believe there is a unity of interest and ownership between Shuster and Utherverse Digital such that any individuality and separateness between the company and individual has ceased.

b.   Counterclaimants are informed and believe that at all times mentioned herein Utherverse Digital was inadequately capitalized in light of the nature of the business to be conducted and the accompanying risk of loss to its investors. Counterclaimants are informed and believe that the capitalization of Utherverse Digital was illusory, and that the capital assets of Shuster and Utherverse Digital

Brownstein Hyatt Farber Schreck, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

37

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

were so intertwined and comingled that their value could only be assessed as a whole, and the debts of one should be considered the debts of the other.

c.  Counterclaimants are informed and believe that Shuster has used Utherverse Digital's assets for his own personal use without regard to the proper formalities and in such a manner as to cause the company to be undercapitalized.

d.  Adherence to the fiction of the separate existence of Utherverse Digital as a corporation separate from its owner, Shuster, would sanction fraud and promote injustice. Counter-Defendants used corporate assets for personal gain, including extravagant travel and unauthorized payments to non-licensed brokers, blurring the line between personal and business interests. The Utherverse entities were consistently undercapitalized, existing solely to funnel investor money for Shuster's personal benefit.

72.  Counterclaimants are informed and believe that Shuster is the alter ego of Utherverse International, Ltd. as follows:

a.  Counterclaimants are informed and believe there is a unity of interest and ownership between Shuster and Utherverse International, Ltd. such that any individuality and separateness between the company and individual has ceased.

b.  Counterclaimants are informed and believe that at all times mentioned herein Utherverse International, Ltd.was inadequately capitalized in light of the nature of the business to be conducted and the accompanying risk of loss to its investors. Counterclaimants are informed and believe that the capitalization of Utherverse International, Ltd.was illusory, and that the capital assets of Shuster and Utherverse International, Ltd.were so intertwined and comingled that their value could only be assessed as a whole, and the debts of one should be considered the debts of the other.

c.  Counterclaimants are informed and believe that Shuster has used Utherverse International, Ltd.'s assets for his own personal use without regard to the proper formalities and in such a manner as to cause the company to be undercapitalized.

38

For instance, Shuster used Utherverse corporate funds to pay for personal travel and transferred company assets to his own accounts without proper documentation, further demonstrating the lack of separation between the entities and their owner.

d.  Adherence to the fiction of separate corporate existence of Utherverse International, Ltd. and Brian Schuster would sanction fraud and promote injustice. Counter-Defendants used corporate assets for personal gain, including extravagant travel and unauthorized payments to non-licensed brokers, blurring the line between personal and business interests. The Utherverse entities were consistently undercapitalized, existing solely to funnel investor money for Shuster's personal benefit.

## FIRST CAUSE OF ACTION

## Fraud

## (Against Shuster, Utherverse, Inc., and Utherverse Digital)

73.    Counterclaimants repeat and re-allege each and every allegation of this Amended Counterclaim and by reference incorporates the same as though fully set forth at length herein.

74.    Shuster, Utherverse, Inc., and Utherverse Digital represented to Counterclaimants that specific facts concerning Utherverse and Shuster were true, as alleged herein.

75.    Shuster, Utherverse, Inc., and Utherverse Digital's representations were false.

76.    Shuster, Utherverse, Inc., and Utherverse Digital knew that the representations were false when they were made.

77.    Shuster, Utherverse, Inc., and Utherverse Digital made the representations recklessly and without regard for their truth.

78.    Shuster, Utherverse, Inc., and Utherverse Digital intended that Counterclaimants rely on the representations.

79.    Counterclaimants reasonably relied on the representations.

/ / /

/ / /

39

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

80.     As a direct and proximate result of Shuster, Utherverse, Inc., and Utherverse Digital's fraudulent conduct, Counterclaimants have sustained damages in an amount to be proven at trial.

81.     Based on the allegations herein, Denne, Blockchain Alliance, Blockchain Funding, and Masternode seek to recover in an amount to be proven at trial.

82.     Based on the allegations herein, Momayez and Niya Holdings seek to recover in an amount to be proven at trial.

83.     Shuster, Utherverse, Inc., and Utherverse Digital's fraud as specifically set forth in this Amended Counterclaim are not meant to limit the generality of the allegations contained herein but are merely illustrative of the depths of Shuster, Utherverse, Inc., and Utherverse Digital's intentional, willful, knowing, malicious, oppressive, despicable, fraudulent and/or reckless conduct, which were done in bad faith, entitling the Counterclaimants to exemplary and punitive damages in an amount to be determined according to proof at the time of trial.

### SECOND CAUSE OF ACTION

### **Breach of Fiduciary Duty**

### **(Against Shuster)**

84.     Counterclaimants repeat and re-allege each and every allegation of this Amended Counterclaim and by reference incorporate the same as though fully set forth at length herein.

85.     Shuster was Counterclaimants' fiduciary.

86.     Shuster acted on Counterclaimants' behalf for the purpose of obtaining their investments in Utherverse.

87.     Shuster failed to act as a reasonably careful person would have acted under the same or similar circumstances.

88.     Counterclaimants were harmed and Shuster's conduct was a substantial factor in causing Counterclaimants' harm.

89.     As a direct and proximate result of Shuster's actions, Counterclaimants have sustained damages in an amount to be proven at trial.

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

90.     Shuster's actions as specifically set forth in this Amended Counterclaim are not meant to limit the generality of the allegations contained herein but are merely illustrative of the depths of his intentional, willful, knowing, malicious, oppressive, despicable, fraudulent and/or reckless conduct, which were done in bad faith, entitling the Counterclaimants to exemplary and punitive damages in an amount to be determined according to proof at the time of trial.

**THIRD CAUSE OF ACTION**

**<u>Aiding and Abetting Breach of Fiduciary Duty</u>**

**(Against Good, Gantner, Nexus, and Gary)**

91.     Counterclaimants repeat and re-allege each and every allegation of this Amended Counterclaim and by reference incorporate the same as though fully set forth at length herein.

92.     As described in Paragraphs *supra*, Shuster breached his fiduciary duty or duties to Counterclaimants.

93.     Good, Gantner, Nexus, and Gary knowingly and substantially assisted and/or encouraged Shuster to breach his fiduciary duty or duties to Counterclaimants.

94.     Good, Gantner, Nexus, and Gary were aware of their roles in assisting and/or encouraging Shuster to breach his fiduciary duty or duties to Counterclaimants when they so assisted and/or encouraged.

95.     Counterclaimants were harmed and Good, Gantner, Nexus, and Gary's conduct was a substantial factor in causing Counterclaimants' harm.

96.     As a direct and proximate result of Good, Gantner, Nexus, and Gary's actions, Counterclaimants have sustained damages in an amount to be proven at trial.

97.     Good, Gantner, Nexus, and Gary's actions as specifically set forth in this Amended Counterclaim are not meant to limit the generality of the allegations contained herein but are merely illustrative of the depths of their intentional, willful, knowing, malicious, oppressive, despicable, fraudulent and/or reckless conduct, which were done in bad faith, entitling the Counterclaimants to exemplary and punitive damages in an amount to be determined according to proof at the time of trial.

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

32754401

**FOURTH CAUSE OF ACTION**

<u>Civil Conspiracy</u>

**(Against Shuster, Utherverse, Inc., Utherverse Digital, Good, Gantner, Nexus, and Gary )**

98.     Counterclaimants repeat and re-allege each and every allegation of this Amended Counterclaim and by reference incorporate the same as though fully set forth at length herein.

99.     Each Counter-Defendant knowingly acted in concert with one or more other Counter-Defendants to accomplish an unlawful objective or objectives for the purpose of harming Counterclaimants, including Shuster, Utherverse, Inc., and Utherverse Digital's effort to commit fraud against the Counterclaimants.

100.     In so acting, each Counter-Defendant intended to cause such harm.

101.     As a direct and proximate result of Counter-Defendants' actions in concert, Counterclaimants were in fact harmed and suffered damages in an amount to be proven at trial.

102.     Counter-Defendants' actions as specifically set forth in this Amended Counterclaim are not meant to limit the generality of the allegations contained herein but are merely illustrative of the depths of their intentional, willful, knowing, malicious, oppressive, despicable, fraudulent and/or reckless conduct, which were done in bad faith, entitling the Counterclaimants to exemplary and punitive damages in an amount to be determined according to proof at the time of trial.

**FIFTH CAUSE OF ACTION**

<u>Breach of the Niya Note</u>

**(Against Shuster and Utherverse Digital)**

103.     Counterclaimants repeat and re-allege each and every allegation of this Amended Counterclaim and by reference incorporate the same as though fully set forth at length herein.

104.     Niya Holdings, Shuster, and Utherverse Digital are parties to the Niya Note.

105.     Niya Holdings, Shuster, and Utherverse Digital are mutually obligated to perform under the Niya Note.

106.     Niya Holdings, Shuster, and Utherverse Digital fully executed the Niya Note.

107.     Shuster and Utherverse Digital breached the material terms of the Niya Note by failing to perform under its terms.

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

108.    Shuster and Utherverse Digital's material breach of the Niya Note is unexcused.

109.    As much as possible, Niya Holdings performed its obligations under the Niya Note.

110.    All conditions precedent to Shuster and Utherverse Digital's performance of the Niya Note have been satisfied.

111.    Niya Holdings provided notice of Shuster and Utherverse Digital's material breach of the Niya Note.

112.    As a direct and proximate result of Shuster and Utherverse Digital's breach, Niya Holdings was in fact harmed and suffered damages in an amount to be proven at trial.

<h3 style="text-align:center">SIXTH CAUSE OF ACTION</h3>

<h3 style="text-align:center">Breach of the Blockchain Funding SAFT</h3>

<h3 style="text-align:center">(Against Shuster and Utherverse International Ltd.)</h3>

113.    Counterclaimants repeat and re-allege each and every allegation of this Amended Counterclaim and by reference incorporate the same as though fully set forth at length herein.

114.    Blockchain Funding and Utherverse International Ltd.are parties to the Blockchain Funding SAFT.

115.    Blockchain Funding, Shuster, and Utherverse International Ltd. are mutually obligated to perform under the Blockchain Funding SAFT.

116.    Blockchain Funding and Utherverse International Ltd. fully executed the Blockchain Funding SAFT.

117.    Shuster and Utherverse International Ltd.breached the material terms of the Blockchain Funding SAFT by failing to perform under its terms.

118.    Shuster and Utherverse International Ltd.'s material breach of the Blockchain Funding SAFT is unexcused.

119.    As much as possible, Blockchain Funding performed its obligations under the Blockchain Funding SAFT.

120.    All conditions precedent to Shuster and Utherverse International Ltd.'s performance of the Blockchain Funding SAFT have been satisfied.

121.    Blockchain Funding provided notice of Shuster and Utherverse International Ltd.'s material breach of the Blockchain Funding SAFT.

122.    As a direct and proximate result of Shuster and Utherverse International Ltd.'s breach, Blockchain Funding was in fact harmed and suffered damages in an amount to be proven at trial.

**SEVENTH CAUSE OF ACTION**

**<u>Breach of the Masternode SAFT</u>**

**(Against Shuster and Utherverse International Ltd.)**

123.    Counterclaimants repeat and re-allege each and every allegation of this Amended Counterclaim and by reference incorporate the same as though fully set forth at length herein.

124.    Masternode andand Utherverse International Ltd. are parties to the Masternode SAFT.

125.    Masternode, Shuster, and Utherverse International Ltd. are mutually obligated to perform under the Masternode SAFT.

126.    Masternode and Utherverse International Ltd. fully executed the Masternode SAFT.

127.    Shuster and Utherverse International Ltd.breached the material terms of the Masternode SAFT by failing to perform under its terms.

128.    Shuster and Utherverse International Ltd.'s material breach of the Masternode SAFT is unexcused.

129.    As much as possible, Masternode performed its obligations under the Masternode SAFT.

130.    All conditions precedent to Shuster and Utherverse International Ltd.'s performance of the Masternode SAFT have been satisfied.

131.    Masternode provided notice of Shuster and Utherverse International Ltd.'s material breach of the Masternode SAFT.

132.    As a direct and proximate result of Shuster and Utherverse International Ltd.'s breach, Masternode was in fact harmed and suffered damages in an amount to be proven at trial.

Brownstein Hyatt Farber Schreck, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

## EIGHTH CAUSE OF ACTION

### Breach of the Blockchain Funding Note

### (Against Shuster and Utherverse Digital)

133.     Counterclaimants repeat and re-allege each and every allegation of this Amended Counterclaim and by reference incorporate the same as though fully set forth at length herein.

134.     Blockchain Funding, Shuster, and Utherverse Digital are parties to the Blockchain Funding Note.

135.     Blockchain Funding, Shuster, and Utherverse Digital are mutually obligated to perform under the Blockchain Funding Note.

136.     Blockchain Funding, Shuster, and Utherverse Digital fully executed the Blockchain Funding Note.

137.     Shuster and Utherverse Digital breached the material terms of the Blockchain Funding Note by failing to perform under its terms.

138.     Shuster and Utherverse Digital's material breach of the Blockchain Funding Note is unexcused.

139.     As much as possible, Blockchain Funding performed its obligations under the Blockchain Funding Note.

140.     All conditions precedent to Shuster and Utherverse Digital's performance of the Blockchain Funding Note have been satisfied.

141.     Blockchain Funding provided notice of Shuster and Utherverse Digital's material breach of the Blockchain Funding Note.

142.     As a direct and proximate result of Shuster and Utherverse Digital's breach, Blockchain Funding was in fact harmed and suffered damages in an amount to be proven at trial.

## NINTH CAUSE OF ACTION

### Breach of the Exit Agreement

### (Against Shuster, Utherverse, Inc., and Utherverse Digital)

143.     Counterclaimants repeat and re-allege each and every allegation of this Amended Counterclaim and by reference incorporate the same as though fully set forth at length herein.

45

144. Quinn, Denne, Shuster, Utherverse, Inc., and Utherverse Digital are parties to the Exit Agreement.

145. Quinn, Denne, Shuster, Utherverse, Inc., and Utherverse Digital are mutually obligated to perform under the Exit Agreement.

146. Quinn, Denne, Shuster, Utherverse, Inc., and Utherverse Digital fully executed the Exit Agreement.

147. Shuster, Utherverse, Inc., and Utherverse Digital breached the material terms of the Exit Agreement by failing to perform under its terms.

148. Shuster, Utherverse, Inc., and Utherverse Digital's material breach of the Exit Agreement is unexcused.

149. As much as possible, Quinn and Denne performed their obligations under the Exit Agreement.

150. All conditions precedent to Shuster, Utherverse, Inc., and Utherverse Digital's performance of the Exit Agreement have been satisfied.

151. Quinn and Denne provided notice of Shuster, Utherverse, Inc., and Utherverse Digital's material breach of the Exit Agreement.

152. As a direct and proximate result of Shuster, Utherverse, Inc., and Utherverse Digital's breach, Quinn and Denne were in fact harmed and suffered damages in an amount to be proven at trial.

153.

**WHEREFORE**, Counterclaimants pray for judgment as follows:

On the First Cause of Action for Fraud:

1. For compensatory and damages in an amount according to proof; and

2. For punitive damages in an amount to be determined at the time of trial.

On the Second Cause of Action for Breach of Fiduciary Duty:

1. For compensatory damages in an amount according to proof; and

2. For punitive damages in an amount to be determined at the time of trial.

On the Third Cause of Action for Aiding and Abetting Breach of Fiduciary Duty:

46

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

1.      For compensatory damages in an amount according to proof; and

2.      For punitive damages in an amount to be determined at the time of trial.

On the Fourth Cause of Action for Civil Conspiracy:

1.      For compensatory damages in an amount according to proof; and

2.      For punitive damages in an amount to be determined at the time of trial.

On the Fifth Cause of Action for Breach of the Niya Note:

1.      For compensatory damages in an amount according to proof; and

2.      For consequential damages in an amount to be determined at the time of trial.

On the Sixth Cause of Action for Breach of the Blockchain Funding SAFT:

1.      For compensatory damages in an amount according to proof; and

2.      For consequential damages in an amount to be determined at the time of trial.

On the Seventh Cause of Action for Breach of the Masternode SAFT:

1.      For compensatory damages in an amount according to proof; and

2.      For consequential damages in an amount to be determined at the time of trial.

On the Eighth Cause of Action for Breach of the Blockchain Funding Note:

1.      For compensatory damages in an amount according to proof; and

2.      For consequential damages in an amount to be determined at the time of trial.

On the Ninth Cause of Action for Breach of the Exit Agreement:

1.      For compensatory damages in an amount according to proof; and

2.      For consequential damages in an amount to be determined at the time of trial.

On All Causes of Action:

1.      For costs of suit incurred herein;

2.      For prejudgment interest at the maximum legal rate on all sums awarded; and

3.      For such other and further relief as the court may deem proper.

AND WHEREFORE, Counterclaimants pray for injunctive relief and an order for:

1.      Disgorgement of all ill-gotten gains derived from Counter-Defendants' fraudulent conduct.

2.    A full and complete accounting of all funds received and disbursed by the Utherverse entities to determine the location and use of Counterclaimants' investments.

3.    A preliminary injunction to freeze Counter-Defendants' assets, prevent further transfers, and ensure no additional investor harm.

### DEMAND FOR JURY TRIAL

Counterclaimants demand a trial by jury to all issues so triable.

DATED this 24th day of April, 2025.

BROWNSTEIN HYATT FARBER SCHRECK, LLP

BY: */s/ Maximilien D. Fetaz*
        Maximilien D. Fetaz, Esq.
        Zachary R. Meyer, Esq.
        100 North City Parkway, Suite 1600
        Las Vegas, NV 89106-4614

        *Attorneys for Defendants/Counterclaimants*

32754401

**<u>CERTIFICATE OF SERVICE</u>**

Pursuant to Fed. R. Civ. P. 5(b), and Section IV of District of Nevada Electronic Filing Procedures, I certify that I am an employee of BROWNSTEIN HYATT FARBER SCHRECK, LLP, and that the foregoing **AMENDED ANSWER TO COMPLAINT AND AMENDED COUNTERCLAIM** was served via electronic service on the 24th day of April, 2025.

*/s/ Wendy Cosby*
An employee of BROWNSTEIN HYATT FARBER SCHRECK, LLP

**BROWNSTEIN HYATT FARBER SCHRECK, LLP**
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

32754401