1  JAMES PUZEY (NV SBN 05745)
   jpuzey@nvlawfirm.com
2  KEARNEY PUZEY DAMONTE
   800 South Meadows Parkway, Suite 800
3  Reno, Nevada 89521
   Telephone: (775) 851-8700
4
   SHERRIE M. FLYNN (*Pro Hac Vice*)
5  sflynn@ch-law.com
   ROBERT K. ASHLEY (*Pro Hac Vice Forthcoming*)
6  rashley@ch-law.com
   COLEMAN & HOROWITT, LLP
7  Attorneys at Law
   499 W. Shaw Avenue, Suite 116
8  Fresno, California 93704
   Telephone: (559) 248-4820
9  Facsimile: (559) 248-4830

10  Attorneys for Plaintiffs and Counter-Defendants

11

12                              **UNITED STATES DISTRICT COURT**

13                              **DISTRICT OF NEVADA – RENO DIVISION**

14

| | |
|---|---|
| UTHERVERSE, INC., a Nevada corporation, BRIAN SHUSTER, an individual, | Case No. 3:25-cv-00020-MMD-CSD |
| Plaintiffs, | |
| v. | **STIPULATION AND ORDER TO EXTEND DEADLINE FOR PLAINTIFFS UTHERVERSE, INC. AND BRIAN SHUSTER TO RESPOND TO AMENDED COUNTERCLAIM** |
| BRIAN QUINN, an individual; JOSHUA DENNE, and individual; BLOCKCHAIN FUNDING, INC. a Delaware corporation; BLOCKCHAIN ALLIANCE LLC, a Wyoming Limited Liability Company; MASTERNODE PARTNERS, LLC, a Wyoming Limited Liability Company; LYNNE MARTIN, an individual; NIYA HOLDINGS, LLC, a Nevada limited liability company; NIMA MOMAYEZ, an individual; and JEREMY ROMA, an individual, | |
| Defendants. | **(FIRST REQUEST)** |
| AND RELATED AMENDED COUNTERCLAIM. | |

1
STIPULATION

33646586

///

IT IS HEREBY STIPULATED AND AGREED, by and between Plaintiffs and Counter-Defendants Utherverse, Inc. and Brian Shuster (collectively, "Plaintiffs") through their counsel of record, Kearney Puzey Damonte Ltd. and Coleman & Horowitt, LLP, and Defendants and Counterclaimants Brian Quinn, Joshua Denne, Blockchain Funding, Inc., Blockchain Alliance LLC, Masternode Partners, LLC, Niya Holdings, LLC, and Nima Momayez ("Defendants"), through their counsel of record, Brownstein Hyatt Farber Schreck, LLP, as follows:

1. On January 10, 2025, Plaintiffs filed their Complaint for Violation of The Racketeer Influenced and Corrupt Organizations Act (18 U.S.C. §§ 1961 et seq.); Fraud In The Inducement; Intentional Misrepresentation (Fraud); Conversion; Breach of Fiduciary Duty; Aiding and Abetting Breach of Fiduciary Duty; and Tortious Interference With Contract (the "Complaint"). ECF 1.

2. On February 28, 2025, Defendants filed their Answer and Countercomplaint for Fraud and Deceit, Civil Claim Under Penal Code Section 496(c), Breach of Fiduciary Duty, and Defamation Per Se (the "Countercomplaint"). ECF 30.

3. By virtue of their appearances, Plaintiffs were served with the Countercomplaint on February 28, 2025. Accordingly, the original deadline to respond to the Countercomplaint by Plaintiffs was March 21, 2024.

4. On March 13, 2025, counsel for Plaintiffs and counsel for Defendants spoke by telephone and agreed to extend the time for Plaintiffs to respond to the Countercomplaint to April 4, 2025.

5. On March 20, 2025, counsel for the respective parties again spoke by telephone and discussed, among other items, that the Countercomplaint had not yet been served on additional counter-defendants added as parties by way of the Countercomplaint (*i.e.*, counter-defendants Utherverse Digital, Inc., Peter Gantner, Nexus Venture LLC, Ari Good, and Gary Shuster; collectively "Additional Counter-Defendants"). Counsel also discussed a universal response deadline in light of the anticipated varying service dates for Plaintiffs and the Additional Counter-Defendants.

1    6.      Also on March 20, 2025, Plaintiffs' counsel agreed to accept service for the
2 Additional Counter-Defendants.
3    7.      On March 27, 2025, counsel for the respective parties again spoke by telephone and
4 discussed, among other items, that Defendants would be serving an amended countercomplaint.
5    8.      Plaintiffs' counsel and Defendants' counsel further agreed that subject to paragraph
6 7 above, Plaintiffs' deadline to respond to the Countercomplaint served on February 28, 2025, would
7 be extended to April 15, 2025.
8    9.      On March 28, 2025, parties filed a Stipulation and Order to Extend Deadline for
9 Plaintiffs Utherverse, Inc. and Brian Shuster to Respond to Countercomplaint ("First Request to
10 Extend") to April 15, 2025. ECF 35.
11    10.     On March 31, 2025, the Court granted parties First Request to Extend. ECF 36.
12    11.     On April 8, 2025, parties again spoke by telephone. Counsel for the respective parties
13 agreed to stipulate to set aside default of Jeremy Roma ("Roma") and counsel for Defendants and
14 Countercomplainants indicated that, assuming the Court granted the parties' stipulation, Roma
15 would respond to the complaint, and Defendants would file their amended countercomplaint.
16    12.     On April 10, 2025, parties filed a Stipulation to Set Aside Default of Jeremy Roma.
17 ECF 44.
18    13.     Also on April 10, 2025, the Court issued an Order Granting Stipulation and Order to
19 Set Aside Default [ECF 37] of Jeremy Roma. ECF 45.
20    14.     On April 15, 2025, parties filed a Stipulation and Order to Extend Deadline for
21 Plaintiffs Utherverse, Inc. and Brian Shuster to Respond to Countercomplaint ("Second Request to
22 Extend") to April 30, 2025. ECF 46.
23    15.     On April 16, 2025, the Court granted parties Second Request to Extend. ECF 47.
24    16.     On April 24, 2025, Defendants filed an Amended Answer to Complaint and Amended
25 Counterclaim. ECF 48.
26    17.     On May 5, 2025, Plaintiff's counsel emailed Defendants counsel to agree to an
27 extension of time to respond to the Amended Counterclaim to allow Defendants to serve Counter-
28

Defendants and enable Plaintiffs and Counter-Defendants to coordinate their responses to the Amended Counterclaim. Defendants counsel agreed to stipulate on May 6, 2025.

18. There is a strong public policy in the Ninth Circuit of deciding cases on the merits, rather than technicalities. *See U.S. v. Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010).

19. Pursuant to LR IA 6-1(a), the Parties wish to extend the deadline for Plaintiffs to respond to the Amended Counterclaim.

20. Pursuant to the Discovery Plan and Scheduling Order, fact discovery cut-off is October 27, 2025. ECF 41. No dates for trial have been set.

21. Accordingly, the Plaintiffs and Defendants stipulate and agree that Plaintiffs shall have up to and including May 30, 2025, within which to file their response to the Amended Counterclaim served via the ECF system on April 24, 2025.

22. This stipulation is brought in good faith and not for purposes of delay.

23. This is the first request for an extension of time for Plaintiffs to respond to the Amended Counterclaim.

**IT IS SO STIPULATED**.

DATED: May _9_, 2025        COLEMAN & HOROWITT, LLP

By: /s/Robert K Ashley
Sherrie M. Flynn. Esq.
Robert K. Ashley, Esq.
499 West Shaw Avenue, Suite 116
Fresno, California 93704
Telephone: (559) 248- 4820
Email: sflynn@ch-law.com

James W. Puzey, Esq
800 South Meadows Parkway, Suite 800
Reno, Nevada 89521
Telephone: (775) 851- 8700
Email: jpuzey@nvlawfirm.com

Attorneys for Plaintiffs Utherverse, Inc. and Brian Shuster and Counter-Defendants Utherverse, Inc., Brian Shuster, Utherverse Digital Inc., Peter Gantner, Nexus Venture LLC, Ari Good and Gary Shuster

DATED: May 9, 2025           BROWNSTEIN HYATT FARBER SCHRECK, LLP

By:  /s/Maximilien D. Fetaz
     Maximilien D. Fetaz, Esq
     Zachary R. Meyer, Esq
     Attorneys for Counterclaimants
     Brian Quinn, Joshua Denne, Blockchain Funding, Inc., Blockchain Alliance LLC, Masternode Partners, LLC, Niya Holdings, LLC, and Nima Momayez.

**IT IS SO ORDERED.**

_____
UNITED STATES MAGISTRATE JUDGE

DATED: May 12, 2025