1  JAMES PUZEY (NV SBN 05745)
   jpuzey@nvlawfirm.com
2  KEARNEY PUZEY DAMONTE
   800 South Meadows Parkway, Suite 800
3  Reno, Nevada  89521
   Telephone: (775) 851-8700
4
   SHERRIE M. FLYNN (*Pro Hac Vice*)
5  sflynn@ch-law.com
   ROBERT K. ASHLEY (*Pro Hac Vice Forthcoming*)
6  rashley@ch-law.com
   COLEMAN & HOROWITT, LLP
7  Attorneys at Law
   499 W. Shaw Avenue, Suite 116
8  Fresno, California 93704
   Telephone: (559) 248-4820
9  Facsimile: (559) 248-4830

10 Attorneys for Plaintiffs and Counter-Defendants (excluding Utherverse International, Ltd.)

11 **UNITED STATES DISTRICT COURT**

12 **DISTRICT OF NEVADA – RENO DIVISION**

13

| | |
|---|---|
| 14  UTHERVERSE, INC., a Nevada corporation, BRIAN SHUSTER, an individual, | Case No. 3:25-cv-00020-MMD-CSD |
| 15                      Plaintiffs, | |
| 16  v. | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STRIKE AFFIRMATIVE DEFENSES AND PORTIONS OF AMENDED COUNTERCLAIM PURSUANT TO FRCP 12(f)** |
| 17  BRIAN QUINN, an individual; JOSHUA DENNE, and individual; BLOCKCHAIN FUNDING, INC. a Delaware corporation; BLOCKCHAIN ALLIANCE LLC, a Wyoming Limited Liability Company; MASTERNODE PARTNERS, LLC, a Wyoming Limited Liability Company; LYNNE MARTIN, an individual; NIYA HOLDINGS, LLC, a Nevada limited liability company; NIMA MOMAYEZ, an individual; and JEREMY ROMA, an individual, | |
| 18 | |
| 19 | **ORAL ARGUMENT REQUESTED** |
| 20 | **Complaint Filed:** January 10, 2025 |
| 21 | |
| 22 | **Counterclaim Filed:** February 28, 2025 |
| 23 | **Amended Counterclaim Filed:** April 27, 2025 |
|                      Defendants. | |
| 24 | |
| 25  AND RELATED COUNTERCLAIM. | Date:         TBD<br>Time:         TBD<br>Courtroom:  TBD |
| 26 | |
| 27 | Filed Concurrently with Notice of Motion and Motion to Strike and [Proposed] Order |
| 28 | |

## TABLE OF CONTENTS

INTRODUCTION ..................................................................................................................1

PROCEDURAL HISTORY..................................................................................................1

DISCUSSION ........................................................................................................................2

      A. Legal Standards Governing Rule 12(f) Motions................................................2

      B. Certain Affirmative Defenses Should Be Struck ...............................................4

      C. Portions of the ACC Should Be Struck..............................................................6

            1.  California-Specific Allegations Are Immaterial and Impertinent .....................6

            2.  Additional allegations are improper under Rule 12(f)........................................7

CONCLUSION....................................................................................................................10

# **TABLE OF AUTHORITIES**

**Cases**

*Ashcroft v. Iqbal*
  556 U.S. 662 (2009) .................................................................................................. 3

*Barnes v. AT & T Pension Ben. Plan-Nonbargained Program*
  718 F.Supp.2d 1167 (N.D. Cal. 2010) .......................................................................3

*Bell Atlantic Corporation v. Twombly* ...........................................................................3
  550 U.S. 544 (2007)

*California Dept. of Toxic Substances Control v. Alco Pacific, Inc.*
  217 F.Supp.2d 1028 (C.D. Cal. 2002) ...................................................................... 3

*Campagnolo S.R.L. v. Full Speed Ahead, Inc.*
  258 F.R.D. 663 (W.D. Wash. 2009) ......................................................................... 5

*Cortina v. Goya Foods, Inc.*
  94 F. Supp. 3d 1174 (S.D. Cal. 2015) ...................................................................... 3

*Doe 1 v. University of San Francisco*
  685 F.Supp.3d 882 (N.D. Cal. 2023) ........................................................................ 3

*Fantasy, Inc. v. Fogerty*
  984 F.2d 1524 (9th Cir. 1993) .................................................................................. 3

*GEOMC Co., Ltd. v. Calmare Therapeutics Incorporated*
  918 F.3d 92 (2d Cir. 2019) ........................................................................................3

*Gilmer v. Interstate/Johnson Lane Corp.*
  500 U.S. 20 (1991) ................................................................................................... 5

*McKennon v. Nashville Banner Publ. Co.*
  513 U.S. 352 (1995) ................................................................................................. 5

*MetroPCS v. A2Z Connection, LLC*
  No. 2:15-cv-01412-JAD-CWH, 2019 WL 1244690 (D. Nev., Mar. 18, 2019) ........... 6

*Natural-Immunogenics Corp. v. Newport Trial Group*
  No. SACV 1502034JVS (JCGX), 2020 WL 7263540 (C.D. Cal., Oct. 28, 2020) ...... 5

*Quintana v. Baca*
  233 F.R.D. 562 (C.D. Cal. 2005) .............................................................................. 4

*RDF Media Ltd. v. Fox Broadcasting Co.* ......................................................................3
  372 F.Supp.2d 556 (C.D. Cal. 2005)

*Republic Molding Corp. v. B. W. Photo Utilities*
  319 F.2d 347 (9th Cir. 1963) .................................................................................... 5

*Rockwell Automation, Inc. v. Beckhoff Automation, LLC*
  23 F.Supp.3d 1236 (D. Nev. 2014) ...........................................................................3

*S.E.C. v. Sands*
  902 F.Supp. 1149 (C.D. Cal. 1995) .......................................................................... 4

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*Sidney-Vinstein v. A.H. Robins Co.*
    697 F.2d 880 (9th Cir. 1983) ........................................................................................ 4

*Smithfield Foods, Inc. v. United Food and Commercial Workers Intern. Union*
    (E.D. Va. 2008) 593 F.Supp.2d 840 ........................................................................... 5

*Snow Covered Capital, LLC v. Weidne,*
    No. 219CV00595JADNJK,2019 WL 6719526 (D. Nev., Nov. 22) ............................ 4

**Statutes**

18 U.S.C. §§ 1961 ................................................................................................................ 1

California Penal Code § 496 ................................................................................................ 7

**Other**

FRCP 12 ........................................................................................................ 2, 3, 4, 6, 7, 9

FRCP 8 ............................................................................................................................ 2, 4

FRCP 9 ............................................................................................................................ 2, 4

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

This is an action for violation of the Racketeer Influenced and Corrupt Organizations Act (18 U.S.C. §§ 1961 et seq.), fraud in the inducement, intentional misrepresentation, and related causes of action. Defendants Brian Quinn ("Quinn") and Joshua Denne ("Denne"), with the full knowledge and participation of the other Defendants, concocted an elaborate and premeditated scheme to defraud Plaintiffs Utherverse Inc. ("UI") and Brian Shuster ("Shuster"), embezzle and extort money from them and others, and eventually bankrupt UI and Utherverse Digital, Inc. ("UDI") to cover up their scheme. The scheme targeted UI, UDI, and Shuster because of their involvement in virtual world environments and cryptocurrency, and their vulnerability resulting from the need for cash for development of the virtual world environments.

Quinn and Denne convinced Shuster they were trustworthy, could infuse millions of dollars of investments into UI and UDI for virtual world development, and could assist in the launching of a cryptocurrency for trading and use in those virtual worlds. In furtherance of the scheme, Quinn and Denne sold stock in UI that they had no right to sell, presold "UTHER" cryptocurrency tokens under falsified Simple Agreements for Future Tokens ("SAFTs") and pocketed the money from the sales. They also convinced Shuster to enter into a variety of loans and agreements that were ultimately determinantal to UI and UDI, based on false statements, among numerous other misdeeds and violations of the law.

Counter-Defendants, Shuster, UI, UDI, Peter Gantner ("Gantner"), Nexus Venture LLC ("Nexus"), Ari Good ("Good") and Gary Shuster ("Gary"; collectively "Moving Parties") respectfully move to strike (a) insufficient defenses, and (b) redundant, immaterial, impertinent, or scandalous matter from the Amended Counterclaim ("ACC"; Doc. 48).

### PROCEDURAL HISTORY

On January 10, 2025, Shuster and UI filed their Complaint (Doc. 1). On February 28, 2025, Defendants, except Jeremy Roma ("Roma")[1], answered and, except for Defendant Lynne Martin

---

[1] Roma was originally not represented by counsel, and default was entered against him (Doc. 37). Subsequently, Roma engaged the other defendants' counsel to represent him as well, and the parties stipulated to set aside the default (Doc. 44). On April 10, 2025, default was set aside (Doc. 45).

1  (Martin"), counterclaimed (Doc. 30).  On April 27, 2025, Defendants (including Roma) filed an
2  amended answer, and except for Martin and Roma, filed the ACC at issue here.  The ACC names
3  UDI, Utherverse International Ltd., ("UI Ltd."), Gantner, Nexus, Good, and Gary as Counter-
4  Defendants, in addition to Plaintiffs UI and Shuster. (*See* Doc 48.).

## DISCUSSION

The Amended Answer (Doc. 48) sets forth 36 affirmative defenses. The ACC attempts to set forth nine causes of action: (1) Fraud (against Shuster, UI and UDI); (2) Breach of Fiduciary Duty (against Shuster); (3) Aiding and Abetting Breach of Fiduciary Duty (against Good, Gantner, Nexus and Gary); (4) Civil Conspiracy (against Shuster, UI, UDI, Good, Gantner, Nexus, and Gary); (5) Breach of the NIYA Note (against Shuster and UDI); (6) Breach of the Blockchain Funding SAFT (against Shuster and UI Ltd), (7) Breach of the Masternode SAFT (against Shuster and UI Ltd.); (8) Breach of the Blockchain Funding Note (against Shuster and UDI); and (9) Breach of the Exit Agreement (against Shuster, UI and UDI).

However, as set forth below, certain affirmative defenses fail to include the necessary factual allegations to support a claim for relief under FRCP 8 and 9. Furthermore, the Amended Answer sets forth a variety of redundant, immaterial, impertinent, and scandalous matter that should properly be stricken from the complaint.

**A.    Legal Standards Governing Rule 12(f) Motions:**

FRCP 12(f) permits a court to strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter." *Fantasy, Inc. v. Fogerty,* 984 F.2d 1524 (9th Cir. 1993), rev'd on other grounds, 510 U.S. 517 (1994) explains "immaterial" and "impertinent":

> 'Immaterial' matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded … [and] 'Impertinent' matter consists of statements that do not pertain, and are not necessary, to the issues in question.  Superfluous historical allegations are a proper subject of a motion to strike. (*Id*, at 1527, internal citations and punctuation omitted).

"Even where matter in a pleading is relevant to the controversy, it nonetheless may be stricken if it is scandalous or set out in 'needless detail.'" *Doe 1 v. University of San Francisco,* 685 F.Supp.3d 882, 894 (N.D. Cal. 2023). "'Scandalous' under Rule 12(f) generally refers to any allegation that unnecessarily reflects on the moral character of an individual or states anything in

repulsive language that detracts from the dignity of the court." *Id*. The Southern District of California put it another way: "A pleading is scandalous if it improperly casts a derogatory light on someone, most typically on a party to the action." *Cortina v. Goya Foods, Inc.*, 94 F. Supp. 3d 1174, 1182 (S.D. Cal. 2015).

Definitions are also set out in *California Dept. of Toxic Substances Control v. Alco Pacific, Inc.,* 217 F.Supp.2d 1028 (C.D. Cal. 2002):

> To show that a defense is "**insufficient**," the moving party must demonstrate that there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the defense succeed... "**Immaterial**" matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded ... "**Impertinent**" matter consists of statements that do not pertain, and are not necessary, to the issues in question ... "**Redundant**" allegations are those that are needlessly repetitive or wholly foreign to the issues involved in the action. *Id*. at 1032–33, (internal quotations and citations omitted, emphasis added)

Motions to strike matter from a counterclaim are generally disfavored and will be granted only if it is clear that the matter will have no bearing on the controversy before the Court. *RDF Media Ltd. v. Fox Broadcasting Co.,* 372 F.Supp.2d 556, 566 (C.D. Cal. 2005).

Rule 12(f) also allows the Court to strike an "insufficient defense." This Court has held "that an affirmative defense need only provide fair notice of the issue." *Rockwell Automation, Inc. v. Beckhoff Automation, LLC,* 23 F.Supp.3d 1236, 1242 (D. Nev. 2014). Subsequently, the Northern District of California held that "[s]ince 2009, courts have been left to decide whether *Twombly* [550 U.S. 544 (2007)] and *Iqbal* [562 U.S. 662 (2009)] apply to the pleading of affirmative defenses. While neither the Ninth Circuit nor any other Circuit Courts of Appeals has ruled on this issue, the vast majority of courts presented with the issue have extended *Twombly*'s heightened pleading standard to affirmative defenses." *Barnes v. AT & T Pension Ben. Plan-Nonbargained Program,* 718 F.Supp.2d 1167, 1171 (N.D. Cal. 2010). Since those cases were decided, the Second Circuit held that "the plausibility standard of *Twombly* applies to determining the sufficiency of all pleadings, including the pleading of an affirmative defense." *GEOMC Co., Ltd. v. Calmare Therapeutics Incorporated,* 918 F.3d 92, 98 (2d Cir. 2019).

Conclusory or boilerplate defenses lacking any factual basis do not meet this standard and may be stricken. Likewise, content labeled as a defense that is not actually a true affirmative defense

(for example, an assertion that merely points out a defect in Plaintiff's case) should be held improper and subject to being stricken as "immaterial". Ultimately, the function of a Rule 12(f) motion is "to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Sidney-Vinstein v. A.H. Robins Co.,* 697 F.2d 880, 885 (9th Cir. 1983). Perhaps put most simply, regardless of whether this Court follows its own 2014 decision or the 2019 decision of the Second Circuit, something more than simply cutting and pasting a form file's list of all possible affirmative defenses is required.

**B.    Certain Affirmative Defenses Should Be Struck**

Defense 1: "Plaintiffs failed to state a claim against Defendants on which relief can be granted."

This "affirmative defense" is simply a statement that defendants believe plaintiffs have pled their complaint improperly. It is properly brought as a Rule 12(b)(6) motion and is not an affirmative defense. *See Quintana v. Baca,* 233 F.R.D. 562, 564 (C.D. Cal. 2005) (striking affirmative defense that "the complaint fails to state a cause of action" because "this defense is not an affirmative defense that must be pled or waived").

Defense 2: "Plaintiffs failed to join indispensable parties."

This Court has held that an affirmative defense of failure to join an indispensable party "fails to give Plaintiff fair notice" where it does not "identify the indispensable party and why the party is indispensable." *Snow Covered Capital, LLC v. Weidne*, No. 2:19-CV-00595-JAD-NJK, 2019 WL 6719526, at *4 (D. Nev., Nov. 22, 2019), report and recommendation adopted, No. 2:19-CV-00595-JAD-NJK, 2019 WL 6718087 (D. Nev., Dec. 10, 2019).

Defense 3: "Plaintiffs failed to plead their claims with particularity."

Under FRCP 8, pleading with particularity is not required except as noted under FRCP 9. Under FRCP 9, of the allegations made in the complaint, only fraud requires pleading with particularity. "The allegation that the complaint does not state fraud with particularity is not an affirmative defense on which the Defendants will produce evidence at trial," and should be struck. *S.E.C. v. Sands,* 902 F.Supp. 1149, 1166 (C.D. Cal. 1995), aff'd sub nom. *S.E.C. v. First Pacific Bancorp,* 142 F.3d 1186 (9th Cir. 1998).

1  <u>Defense 4</u>: "Plaintiffs' claims are barred by Plaintiffs' unclean hands."

This affirmative defense is pled bereft of any supporting facts. An unclean hands defense requires a very specific allegation that misconduct related to the claim bars recovery, as "misconduct in the abstract, unrelated to the claim to which it is asserted as a defense, does not constitute unclean hands." *Republic Molding Corp. v. B. W. Photo Utilities,* 319 F.2d 347, 349 (9th Cir. 1963). Plaintiffs are left to scour their imaginations to guess what they might have done wrong, and then determine which, if any, of the causes of action are impacted. Plaintiffs simply do not have sufficient notice of the particulars of the affirmative defense to enable formulation of a rebuttal. Due process requires that this defense be struck.

*Campagnolo S.R.L. v. Full Speed Ahead, Inc*., 258 F.R.D. 663 (W.D. Wash. 2009) cleanly shows why a naked allegation of unclean hands is insufficient. In *Campagnolo*, on a motion to strike, the court determined that the unclean hands "claims are far too attenuated from the claims raised [in the complaint] to justify their inclusion in this lawsuit." *Id* at 666. No such finding is possible when no facts are pled in support of the unclean hands defense.

Furthermore, unclean hands is not a defense to a civil racketeering claim (and the application to claims such as breach of fiduciary duty and tortious interference with contract is far from clear, particularly in the absence of any factual allegations). *Smithfield Foods, Inc. v. United Food and Commercial Workers Intern. Union* 593 F.Supp.2d 840 (E.D. Va. 2008) opined that:

> [T]he Supreme Court has held that the affirmative defense of unclean hands has "been rejected" in the context of statutes "where Congress [has] authorize[d] broad equitable relief to serve important national purposes." *McKennon v. Nashville Banner Publ. Co*., 513 U.S. 352, 357 (1995) (addressing unclean hands in the context of an AEDA claim). RICO is such a statute. *See, e.g., Gilmer v. Interstate/Johnson Lane Corp*., 500 U.S. 20, 28 (1991) (RICO was "designed to advance important public policies"). The persuasive weight of authority is that the affirmative defense of unclean hands is not available in a civil RICO action and cannot be asserted by the Defendants as an affirmative defense. *Id.* at 848

The court in the Central District of California, citing a "lack of guidance from the Ninth Circuit or clarity of the issue from other circuits", determined that "the Court is inclined to follow the guidance from other circuits, both in holdings and analogies drawn, on the inapplicability of unclean hands defenses for situations where Congress has authorized broad equitable relief" and therefore "unclean hands is not a permissible affirmative defense to a RICO claim". *Natural-*

*Immunogenics Corp. v. Newport Trial Group*, No. SACV 1502034JVS(JCGX), 2020 WL 7263540, at *7 (C.D. Cal., Oct. 28, 2020).

<u>Defenses 5, 7, 8, 10, 24 – 28</u>: Each of these affirmative defenses are pled bare of any supporting factual allegations, and all comprise a variant of unclean hands. Accordingly, they should be struck for the same reasons that affirmative defense 4 fails.

<u>Defenses 6, 9, 11 – 20, 31-33</u>: The burden of proof for affirmative defenses rests with defendants. Yet for reasons difficult to fathom, defendants have asserted the failure of numerous elements of the claims against them as affirmative defenses. For example, affirmative defense 6 alleges that "Defendants acted in a legally permissible way." As helpful as it might be for defendants to shift the burden of proof to themselves, the benefits of such a shift are far outweighed by the additional cost and complexity of having to address multiple elements of the claims, as both elements plaintiffs must prove, and defenses that defendants must prove. These affirmative defenses should be struck as impertinent pursuant to Rule 12(f) (as well as repetitive).[2]

<u>Defenses 21 – 23, 29, 30</u>: These bare allegations appear to be immaterial, as they do not address an obvious portion of the plaintiffs' affirmative claims and do not comprise an affirmative defense.

<u>Defense 36</u>: A reservation of rights to amend the answer to plead newly discovered affirmative defenses does not meet the definition of "affirmative defense" because even if true, it would not result in the defeat of any claim against Defendants. *See MetroPCS v. A2Z Connection, LLC*, No. 2:15-cv-01412-JAD-CWH, 2019 WL 1244690, at *5 (D. Nev., Mar. 18, 2019) (striking reservation of rights because "a reservation of rights to assert additional defenses is neither appropriate under the Federal Rules of Civil Procedure nor an affirmative defense").

**C.    Portions of the ACC Should Be Struck:**

  **1.    California-Specific Allegations Are Immaterial and Impertinent**

As alleged in the Complaint (Doc. 1, ¶ 23), Denne and some other Defendants herein, sued

---

[2] The inclusion of an affirmative defense in this list is not an admission that the burden of proof for that element rests with Plaintiffs. As an example, the bare pleading that no misrepresentations were made in a commercial setting, set forth as affirmative defense 19, is not obviously relevant, making it impossible to determine why this might be considered an affirmative defense or whether it might be a part of Plaintiffs' affirmative case.

Moving Parties in a since-dismissed California state court case. Substantial portions of the state court complaint appear to have been cut-and-pasted as a counterclaim in this matter. The cut-and-paste job left many immaterial and impertinent allegations part of the ACC.

For example, none of the causes of action in the instant case are for theft in California or violation of California securities law, yet those entirely immaterial allegations relevant only to causes of action pled in the since-dismissed California action remain. Moving Parties respectfully request that the following material be struck from the ACC (identified by page and line number):

21:1 – 10 (¶¶ 4 and 4a-d in their entirety).

21:15 (the portion of 21:15 stating "treble damages under California Penal Code § 496(c)").

These allegations are specific to California law and are entirely irrelevant to the claims made in the case at bar asserting Nevada state law claims.

**2.     Additional allegations are improper under Rule 12(f)**:

24:9 – 12 (¶ 31, in total): Advertising copy is immaterial and impertinent. No allegation has been made that such copy played any part in any of the claims made.

25:24 – 26 (¶ 36, starting after "but now refuses to do so"): Allegations that Shuster has stolen funds and always intended to defraud and steal money by dishonoring the Niya note are scandalous, immaterial, and impertinent. The claims that arise from the Niya note are asserted in the Fifth Cause of Action, styled "Breach of the Niya Note". No allegations of fraud or theft are asserted in that cause of action.[3]

26:7 – 9 (¶ 37, starting after "whatsoever"): Allegations that Shuster and Utherverse intended to defraud Blockchain Funding by breaching the "Blockchain Funding SAFT" are scandalous, immaterial, and impertinent. The claims that arise from the Blockchain Funding SAFT are asserted in the Sixth Cause of Action, styled "Breach of the Blockchain Funding SAFT". No allegations of fraud are asserted in that cause of action.

26:16 – 19 (¶ 38, (starting after "whatsoever"): Allegations that Shuster and Utherverse

---

[3] As explained in the concurrently filed Motion to Dismiss, Counterclaimants' decision to engage in impermissible "shotgun pleading" makes it impossible to know with certainty whether there is some allegation hidden elsewhere in the pleadings seeking recovery for breach of contract under a fraud theory. None appears present, as none is expressly alleged as a cause of action.

1  intended to defraud Masternode by breaching the "Masternode SAFT" are scandalous, immaterial
2  and impertinent. The claims that arise from the Masternode SAFT are asserted in the Seventh Cause
3  of Action, styled "Breach of the Masternode SAFT". No allegations of fraud are asserted in that
4  cause of action.

5  <u>27:1 – 3 (¶ 39, starting after "whatsoever")</u>: Allegations that Shuster and Utherverse
6  intended to defraud Blockchain Funding by breaching the "Blockchain Funding Note" are
7  scandalous, immaterial, and impertinent. The claims that arise from the Blockchain Funding Note
8  are asserted in the Eighth Cause of Action, styled "Breach of the Blockchain Funding Note". No
9  allegations of fraud are asserted in that cause of action.

10  <u>27:27 – 28:3 (¶ 41, in total)</u>: The alleged tie between Utherverse and "the pornography
11  industry" is not the basis of any claim, is not alleged to have been fraudulently concealed, and is
12  included for its prejudicial value despite being immaterial, impertinent, and scandalous material.

13  <u>28:20 – 23 (¶ 44, starting after "past")</u>: Mr. Hackett is not a party to the litigation, nor is any
14  claim by Mr. Hackett for unpaid money or other torts at issue in this litigation. The material is
15  included for its prejudicial value despite being immaterial, impertinent, and scandalous material.

16  <u>29:10 – 13 (¶ 47, in total)</u>: As with paragraph 41, the alleged tie between Utherverse and
17  "the pornography industry" is not the basis of any claim, is not alleged to have been fraudulently
18  concealed, and is included for its prejudicial value despite being immaterial, impertinent, and
19  scandalous material. Similarly, Utherverse's banking relationships are immaterial and impertinent.

20  <u>30:12 – 20 (¶ 54, in total)</u>: Allegations that Shuster defamed Denne are immaterial and
21  impertinent. No counterclaim is made based on libel or slander. We note that a defamation claim
22  was made in the now-dismissed California litigation and suspect that this paragraph is a vestigial
23  passage cut and pasted from the California complaint.

24  <u>31:3 – 4 (¶ 56, starting after "misrepresentations")</u>: The passage "Specific examples of
25  Shuster's character and propensity for fraudulent activity include, but are not limited to, the
26  following" is, by its own description, scandalous, immaterial, and impertinent. Neither Shuster's
27  character nor propensities need be proven to prevail on the counterclaims. Instead, they appear
28  intended to instill prejudice against Shuster without supporting any allegations.

1  31:5 – 32:24 (¶ 56, portions lettered a-n): These allegations are made not as elements of any counterclaim, but instead as "examples of Shuster's character and propensity for fraudulent activity". This renders them scandalous, immaterial, and impertinent. Even if these "examples" could be construed as actual allegations asserted in support of the claims rather than solely to besmirch Shuster's character, the allegations remain immaterial, impertinent, and scandalous even if asserted in support of actual counterclaims.

Claims 56a, 56b, 56d through 56j each allege activity that "brings significant liability on Utherverse and its investors". However, neither Utherverse nor its shareholders are counterclaimants in this matter and the shareholders would only be able to bring claims as derivative claims. At the same time, alleging potential "significant liability" simply alleges that at some point in the future, those allegations may become actionable. As such, they are immaterial, impertinent, and scandalous.

Claim 56k is not an element of any cause of action, nor does it allege that the purported "pornographic films" were made (assuming, *arguendo*, that they were made at all) other than for the benefit of Utherverse. The claim is included solely for the purpose of creating prejudice against Shuster, and is scandalous, impertinent, and immaterial.

Claims 56k, 56l and 56m allege in essence that Shuster used "investor funds" – i.e., funds paid into Utherverse – for improper or personal use. The claims to recover such investor funds belongs to Utherverse, and Utherverse has not brought any claim against Shuster.

Finally, claim 56n is solely included for the shock and scandalous value, and is neither material nor pertinent. Unlike the other allegations, no allegation that investor funds were used is made. Similarly, no allegation is made that the stock and tokens at issue were property of anybody other than Shuster. Instead, the allegation as written essentially and falsely accuses Shuster of providing some of his own shares and tokens in exchange for sex – the precise kind of scandalous but irrelevant allegation that Rule 12(f) was intended to preclude.

32:25 – 27 (¶ 57, in total): The allegation that the "full extent of Shuster's fraudulent actions is presently unknown" and will require discovery to determine is an admission that the allegation is immaterial, impertinent, and scandalous. It is no different than an allegation that "if permitted to

9
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STRIKE

1  engage in a fishing expedition, we might find something to support a claim".

2  <u>36:3 – 18 (¶¶ 68, 69, in total)</u>: There is no claim by any Counterclaimant based on market manipulation of tokens. Even if these false allegations are taken as true, they are immaterial, impertinent, and scandalous. Indeed, the term "token" does not even appear in any of the nine enumerated causes of action. See ACC ¶¶ 73-152).

## CONCLUSION

The ACC makes masterful use of the prohibited practice of shotgun pleading, such that it is a practical impossibility to determine which factual allegations are made against which Counter-Defendant and by which Counterclaimant. In such a chaotic environment, it is even more critical that immaterial, impertinent, and scandalous material be properly stricken from the document.

An analogous approach was used to pollute the Amended Answer with 36 affirmative defenses, most of which are not affirmative defenses at all. Moving Parties should not be forced to conduct discovery, make motions, and ultimately prepare for trial on illusory "affirmative defenses".

Moving Parties respectfully request that the Court should strike affirmative defenses 1-33 and 36, and those portions of the ACC detailed above.

Dated: May 30, 2025                         COLEMAN & HOROWITT, LLP

By: /S/ Sherrie M. Flynn
    Sherrie M. Flynn. Esq.
    Robert K. Ashley, Esq.
    499 West Shaw Avenue, Suite 116
    Fresno, California 93704
    Telephone: (559) 248- 4820
    Email: sflynn@ch-law.com

    James W. Puzey, Esq
    800 South Meadows Parkway, Suite 800
    Reno, Nevada 89521
    Telephone: (775) 851- 8700
    Email: jpuzey@nvlawfirm.com

    Attorneys for Plaintiffs Utherverse, Inc. and Brian Shuster and Counter-Defendants Utherverse, Inc., Brian Shuster, Utherverse Digital Inc., Peter Gantner, Nexus Venture LLC, Ari Good and Gary Shuster