1   JAMES PUZEY (NV SBN 05745)
    jpuzey@nvlawfirm.com
2   KEARNEY PUZEY DAMONTE
    800 South Meadows Parkway, Suite 800
3   Reno, Nevada  89521
    Telephone: (775) 851-8700
4
    SHERRIE M. FLYNN (*Pro Hac Vice*)
5   sflynn@ch-law.com
    ROBERT K. ASHLEY (*Pro Hac Vice*)
6   rashley@ch-law.com
    COLEMAN & HOROWITT, LLP
7   Attorneys at Law
    499 W. Shaw Avenue, Suite 116
8   Fresno, California 93704
    Telephone: (559) 248-4820
9   Facsimile: (559) 248-4830

10  Attorneys for Plaintiffs and Counter-Defendants

11              **UNITED STATES DISTRICT COURT**

12          **DISTRICT OF NEVADA – RENO DIVISION**

13

| | |
|---|---|
| 14   UTHERVERSE, INC., a Nevada corporation, BRIAN SHUSTER, an individual, | Case No. 3:25-cv-00020-MMD-CSD |
| 15 | |
| 16                      Plaintiffs, | **UTHERVERSE, INC. AND BRIAN SHUSTER'S EX PARTE MOTION TO** |
| 17   v. | **AMEND DISCOVERY PLAN AND SCHEDULING ORDER DATES** |
| 18   BRIAN QUINN, an individual; JOSHUA DENNE, and individual; BLOCKCHAIN | **PURSUANT TO LOCAL RULE 26-3** |
| 19   FUNDING, INC. a Delaware corporation; BLOCKCHAIN ALLIANCE LLC, a | **[First Request]** |
| 20   Wyoming Limited Liability Company; MASTERNODE PARTNERS, LLC, a | |
| 21   Wyoming Limited Liability Company; LYNNE MARTIN, an individual; NIYA | **Complaint Filed:** January 10, 2025 |
| 22   HOLDINGS, LLC, a Nevada limited liability company; NIMA MOMAYEZ, an individual; | **Amended Counterclaim Filed:** April 24, 2025 |
| 23   and JEREMY ROMA, an individual, | |
| 24                      Defendants. | |
| 25 | |
| 26   AND RELATED COUNTERCOMPLAINT. | |

27

28   ///

### LOCAL RULE LR IA 6-1 STATEMENT

This is the first request for an extension of deadlines set forth in the scheduling order.

### INTRODUCTION

Plaintiffs Utherverse, Inc. ("UI") and Brian Shuster ("Shuster; collectively, "Plaintiffs") hereby move ex parte for an order extending the dates in the Discovery Plan and Scheduling Order (Doc. 41; "Scheduling Order"). Good cause exists to grant this request because:

Plaintiffs have newly discovered evidence of egregious misconduct – including fraudulent lien filings on dozens of patents – that warrants amending their Complaint to add a new defendant and new causes of action. The deadline for amending pleadings and adding parties is July 29, 2025, which is imminent. Absent an order amending the Scheduling Order dates, Plaintiffs would be unable to meet and confer, draft, and file their motion to amend, and have it heard before this cutoff, causing significant prejudice. Plaintiffs seek to amend the Complaint to add Nazanin "Naz" Namazi as a defendant and to add new claims against the existing defendants (including at least claims for slander of title, abuse of process, international interference with contract, and intentional interference with prospective economic advantage) based on Defendants' recently uncovered actions.   As detailed below, Plaintiffs acted diligently upon learning of these new facts and there is good cause for the Court to grant the requested relief in order to permit the case to proceed on its merits.

Defendants' recent misconduct has continued via the filing fraudulent UCC-1 lien documents in California and Nevada and at the United States Patent and Trademark Office ("USPTO"), well beyond the April 4, 2025 date of the Scheduling Order. This recent misconduct revealed an additional co-conspirator and causes of action that will require additional time to amend the Complaint and conduct discovery. Defendants' fraudulently filed and recorded documents to create additional predicate acts and claims that post-date the Scheduling Order.

Justice and orderly judicial administration weigh heavily in favor of extending the Scheduling Order dates by at least 120 days to permit amendment of the pleadings and discovery.

### BACKGROUND

**A.    Original Complaint and Claims**

This action was initiated on January 10, 2025, when Plaintiffs filed their Complaint against

EX PARTE MOTION TO AMEND SCHEDULING ORDER DATES

Defendant Brian Quinn and associated individuals and entities. The Complaint alleges a complex scheme of wrongful conduct, asserting claims for violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), along with claims for fraud, breach of fiduciary duty, conversion, and other torts. In essence, Plaintiffs allege that Quinn and his co-defendants engaged in fraudulent and unlawful acts causing significant harm to Plaintiffs and their business.

Pursuant to the Court's Scheduling Order, the parties have until July 29, 2025, to amend pleadings or add parties. Until recently, Plaintiffs had no reason to seek an amendment; however, the events unfolding this month have made clear that an amendment is not only justified but necessary to fully address Defendants' misconduct, and that the current Scheduling Order does not provide sufficient time to prepare the case.

**B.      Newly Discovered Fraudulent Liens**

On or about July 9, 2025, Plaintiffs discovered a lien had been recorded on behalf of defendant Niya Holdings, LLC ("Niya") against 44 patents (the "Patents") on which Shuster is an inventor.  Declaration of Sherrie M. Flynn in Support of Ex Parte Application To Amend Discovery Plan and Scheduling Order Dates ("Flynn Dec.") ¶¶ 4-5 and Ex. 1.  The lien was discovered while due diligence was being conducted related to one of the Patents. Some of the Patents were owned in part by Shuster, but many of the Patents had been previously assigned to third parties, well before the filing of this action and before the events at issue in this action. *Id*., ¶ 6. Prior to July 9, 2025, we had no notice of the lien, as it was not served on my office, the inventors, nor the current owners of the patents that had been previously assigned. *Id*., ¶ 7.

Plaintiffs discovered that a non-party, Nazanin "Naz" Namazi ("Namazi"), apparently acting in concert with Defendant Brian Quinn ("Quinn"), filed fraudulent lien documents on behalf of defendant and cross-complainant Niya Holdings, LLC ("Niya") in an apparent attempt to cloud or encumber Plaintiffs' assets, as the "Correspondent Name" on the Patent Assignment Cover Sheet lists Namazi. Additionally, Namazi's email address is listed as is the email address of defendant Brian Quinn.  *Id*., ¶ 8.

The lien is based on a Senior Secured Convertible Promissory Note (the "Note"), entered into on April 11, 2022, between Utherverse Digital, Inc. ("UDI") and Niya.  The Note grants a

security interest in favor of Niya in the tangible and intangible property of UDI only. It does not include any provision granting Niya a security interest or collateral in any patents owned in whole or in part by Shuster individually, or third parties. *Id.*, ¶ 9.  Even a cursory review of the USPTO records would have revealed that the majority of patents were not owned by UDI. Thus, the recording of the lien against the 44 patents, most owned by third parties was made improperly and fraudulently, or at minimum, with willful disregard for the truth. *Id.*, ¶ 10.

Moreover, the Note recorded on behalf of Niya is no longer the operative agreement between the parties, as the Note has been amended twice. Thus, the security interest is based on an agreement that was no longer the operative agreement between the parties at the time of the recording of the lien with the USPTO. *Id.*, ¶ 11.

Placing liens on patents that are not owned by any party to the note purportedly creating the security interest interferences with Plaintiffs' prospective economic advantage and contracts.

On July 15, 2025, counsel for Plaintiffs contacted opposing counsel, Maximillien Fetaz ("Fetaz"), and then followed up with an email, demanding that the improper lien be immediately removed from the Patents, and requesting a response by the close of business on July 18, 2025.  *Id.*, and ¶ 13, Ex. 2.  On July 16, 2025, Plaintiffs' counsel also discovered that UCC-1 statements had been filed in California and Nevada on behalf of Niya.  Id., ¶ 14, Exs. 3 & 4.

On July 16, 2025, Plaintiffs' counsel again contracted opposing counsel, and demanded that the improper UCC-1 liens filed in California and Nevada be removed, and again requested a response from opposing counsel by close of business on July 18, 2025. *Id.*, ¶ 15, Ex. 5. On July 18, 2025, Plaintiffs' counsel received a response from opposing counsel indicating that he was still reviewing the requests with his client, and he would respond the following week. *Id.*, ¶ 16, Ex. 6.

Due to the critical nature of the liens recorded, on July 21, 2025, Plaintiffs' counsel filed a petition with the USPTO to remove the liens. *Id.*, ¶ 17, Ex. 7.  The USPTO has not yet ruled on the petition.  *Id.*, ¶ 18.

On July 22, 2025, Counsel for Plaintiffs' again contacted opposing counsel and indicated that Plaintiffs' intend to amend our Complaint in this action to add Naz Namazi as a party and include additional causes of action.  Plaintiffs' counsel requested that opposing counsel stipulate to amend

the Scheduling Order dates by approximately 120 days to allow additional time for Plaintiffs to file an amended complaint and for both parties to conduct additional discovery on the issue. Plaintiffs counsel also requested opposing counsel to stipulate to allow Plaintiffs to amend their complaint to avoid the necessity to file motion and seek leave of court to amend, and requested that opposing counsel respond no later than July 23, 2024. Id., ¶ 19, Ex. 8.

**C.    Proposed Amendment to Complaint**

In light of these newly discovered facts, Plaintiffs intend to promptly file a Motion for Leave to Amend the Complaint. The proposed amended complaint will add Namazi as a new defendant, based on her role in the fraudulent lien scheme and her apparent collaboration with defendant Quinn (which further evidences the RICO conspiracy alleged). Plaintiffs will allege that Namazi's actions – filing false liens in multiple jurisdictions – were overt acts in furtherance of the racketeering enterprise already at issue in this case, and thus she should be held jointly liable under the RICO cause of action. In addition, the amended complaint will assert new causes of action against the existing Defendants, including claims for interference with prospective economic advantage, interference with contract, and for slander of title, abuse of process and/or similar causes of actions, premised on the filing of public documents that disparage Plaintiffs' title to their property (patents) without any legal right. Plaintiffs may also add or clarify related claims (for example, claims under NRS 41.336 et seq. for filing false documents, if applicable, and/or claims for civil conspiracy) to fully address this course of conduct. All these amendments are directly prompted by Defendants' new misconduct that just came to light in July.

Plaintiffs have acted swiftly and diligently upon discovering the above facts. They have prepared this motion without delay. Plaintiffs are currently in the process of preparing a First Amended Complaint and a motion to permit filing of the same. The only obstacle is the timing relative to the Scheduling Order's deadline. The current deadline to add parties or amend pleadings is July 29, 2025—literally within a matter of hours. Thus, absent an order extending the Scheduling Order dates, Plaintiffs' motion for leave to amend would be deemed untimely under the scheduling order, despite Plaintiffs' diligent discovery of the new evidence and prompt action.

Plaintiffs accordingly seek an order extending the scheduling order deadlines by the greater

of 120 days from the date of this request or 90 days from an order on counter-defendants Motion to Dismiss and Motion to Strike (Docs. 56 and 57), ensuring that justice is done on the merits rather than impaired by technical timing constraints.

## DISCUSSION

**A.    Local Rule 26-3 Permits an Extension of Scheduling Deadlines**

Local Rule 26-3 states, in pertinent part:

> A motion or stipulation to extend any date set by the discovery plan, scheduling order, or other order must, in addition to satisfying the requirements of LR IA 6-1, be supported by a showing of good cause for the extension. A motion or stipulation to extend a deadline set forth in a discovery plan must be received by the court no later than 21 days before the expiration of the subject deadline. A request made within 21 days of the subject deadline must be supported by a showing of good cause... LR 26-3.

As detailed below, there is good cause for the request by Plaintiffs within 21 days of the date for the deadline for amendment of the pleadings.

**B.    Good Cause Exists to Extend the Dates**

The need to amend the Complaint is a primary issue. Federal Rule of Civil Procedure 6(c)(1) provides that a written motion must ordinarily be served at least 14 days before the hearing, **"unless a different time is set by court order."** Here, a different time is necessary. The Court has broad discretion under Rule 6 and its inherent case-management authority to modify briefing schedules and expedite hearings for good cause. Indeed, "all the Federal Rules of Civil Procedure [are] to be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1258–59 (9th Cir. 2010) (internal punctuation removed); *see Rodgers v. Watt*, 722 F.2d 456, 459 (9th Cir. 1983) ("rules are to be construed to achieve the just determination of every action"). "'Good cause' is a non-rigorous standard that has been construed broadly across procedural and statutory contexts." *Ahanchian,* 624 F.3d at 1259.

As set forth above, the circumstances giving rise to the need to extend Scheduling Order deadlines, including to amend the complaint were entirely out of Plaintiffs' control and could not have been foreseen or raised earlier. Only on July 9, 2025, Plaintiffs first learned a lien had been filed by Namazi, defendants Quinn and Niya Holdings, LLC ("Niya") on 44 patents. Flynn Decl. ¶¶ 4, 5 and Ex. 1.  Plaintiffs had no notice of the liens, prior to July 9, 2025.  *Id.*, ¶ 7. These acts could

1    not have been anticipated at the time the Scheduling Order was issued. Because of the severe risk of

2    economic harm arising from the fraudulently filed liens, counsel took steps to mitigate the damages

3    by filing a petition with the USPTO on July 18, 2025. Id.. ¶ 17, Ex. 7.

4            Rather than burden the court with unnecessary motion practice, counsel for Plaintiffs

5    attempted to reach a stipulation with defendants and counterclaimants to amend the Scheduling

6    Order dates by 120 days.  Id., ¶ 19. When counsel for defendants and counterclaimants failed to

7    respond by July 24, 2025, Plaintiffs began preparation of this motion. Flynn Decl. ¶¶ 19, 20, Ex. 8.

8            Plaintiffs have moved with dispatch to bring this to the Court's attention. The timing of the

9    discovery unfortunately coincides with the expiration of the amendment period, making the

10   extension of dates unsuitable for a regularly noticed motion. This confluence of events constitutes

11   good cause for relief. Without an extension of the dates in the Scheduling Order, Plaintiffs risk being

12   unable to amend their Complaint to address serious newly revealed wrongdoing and being unable to

13   properly conduct discovery on the apparently ongoing racketeering activities, which would unduly

14   prejudice Plaintiffs and reward Defendants for concealing their misconduct until Plaintiffs

15   discovered it at the eleventh hour.

16           Additionally, no party will be prejudiced by such a modification. Defendants' own actions

17   postdating the filing of this litigation and the Scheduling Order created the need for the proposed

18   change to the Scheduling Order.  Further, the pleadings are not yet complete, as counter-defendants

19   have Motions to Strike and Dismiss fully briefed and pending.  Plaintiffs are simply requesting that

20   the Court adjust the scheduling in this case to reflect the additional time required by the complexity

21   of the case and the actions by Defendants taken after issuance of the Scheduling Order.  The existing

22   Defendants, including Niya and Quinn, can hardly claim surprise that Plaintiffs would seek to add

23   claims/parties and extend the Scheduling Order dates when their new fraud has come to light.

24   Resolving the scope of the claims and parties now -- before depositions and expert work -- will

25   promote efficiency and judicial economy. Given the ongoing activities by Defendants that require

26   discovery, it would unjustly reward Defendants' ongoing bad acts by effectively immunizing those

27   acts from full discovery. Because the litigation now encompasses acts taking place subsequent to the

28   issuance of the Scheduling Order, extension of the dates in that order is reasonable.

EX PARTE MOTION TO AMEND SCHEDULING ORDER DATES

**C.    Imminent Deadline and Diligence Satisfy Rule 16's "Good Cause" Standard**

Plaintiffs submit that good cause is present under Federal Rule of Civil Procedure 16(b)(4) as well. The Ninth Circuit has held that "Rule 16(b)' s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9ᵗʰ Cir. 1992).

Plaintiffs have been diligent here. They could not have included Namazi or the slander of title claim earlier, because the factual basis for those amendments postdated the Scheduling Order and was not known to Plaintiffs until very recently. Once the information was obtained, Plaintiffs moved expeditiously to mitigate their damages and to prepare this motion.  As of the filing of this motion, no agreement has been reached with opposing counsel regarding stipulating to an extension of the Scheduling Order dates.  Thus, Plaintiffs were forced to file this ex parte motion.

In sum, Plaintiffs have demonstrated good cause and compelling circumstances for the Court to exercise its discretion to extend the Scheduling Order dates. Plaintiffs respectfully request that the Court grant this motion and issue an order extending the scheduling order deadlines by the greater of 120 days from the date of this request or 90 days from an order on counter-defendants Motion to Dismiss and Motion to Strike.

**D.    Proposed Amended Scheduling Order Dates**

Plaintiffs propose the following amended Scheduling Order dates:

| ITEM DESCRIPTION | CURRENT DATE | PROPOSED DATE |
|---|---|---|
| Initial Disclosures | April 18, 2025 | Completed |
| Fact Discovery Cut-Off | October 27, 2025 | February 24, 2026 |
| Amending Pleadings & Adding Parties | July 29, 2025 | November 26, 2025 |
| Expert Witness Disclosure | November 26, 2025 | March 26, 2026 |
| Rebuttal Expert Disclosure | December 26, 2025 | April 27, 2026 |
| Discovery Cut-off | January 26, 2026 | May 26, 2026 |
| Dispositive Motion Cut-off | February 25, 2026 | June 25, 2026 |
| Joint Pretrial Order | March 27, 2026 | July 27, 2026 |

EX PARTE MOTION TO AMEND SCHEDULING ORDER DATES

**CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that the Court GRANT this ex parte motion. Plaintiffs specifically ask that the Court issue an order extending the scheduling order deadlines by the greater of 120 days from the date of this request or 90 days from an order on counter-defendants Motion to Dismiss and Motion to Strike.

DATED: July 28, 2025                    COLEMAN & HOROWITT, LLP

By: _____

Sherrie M. Flynn. Esq.
Robert K. Ashley, Esq.
499 West Shaw Avenue, Suite 116
Fresno, California 93704
Telephone: (559) 248- 4820
Email: sflynn@ch-law.com

James W. Puzey, Esq
800 South Meadows Parkway, Suite 800
Reno, Nevada 89521
Telephone: (775) 851- 8700
Email: jpuzey@nvlawfirm.com

Attorneys for Plaintiffs Utherverse, Inc. and Brian Shuster and Counter-Defendants Utherverse, Inc., Brian Shuster, Utherverse Digital Inc., Peter Gantner, Nexus Venture LLC, Ari Good and Gary Shuster