MAXIMILIEN D. FETAZ, ESQ.
Nevada Bar No. 12737
mfetaz@bhfs.com
ZACHARY R. MEYER, ESQ.
Nevada Bar No. 15783
zmeyer@bhfs.com
BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
Telephone: 702.382.2101
Facsimile: 702.382.8135

*Attorneys for Defendants Brian Quinn, Joshua Denne,*
*Blockchain Funding, Inc., Blockchain Alliance LLC,*
*Masternode Partners, LLC, Lynne Martin,*
*Niya Holdings, LLC, Nima Momayez, and Jeremy Roma*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UTHERVERSE, INC., a Nevada corporation, and BRIAN SHUSTER, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> BRIAN QUINN, an individual; JOSHUA DENNE, an individual; BLOCKCHAIN FUNDING, INC., a Delaware corporation; BLOCKCHAIN ALLIANCE LLC, a Wyoming Limited Liability Company; MASTERNODE PARTNERS, LLC, a Wyoming Limited Liability company; LYNNE MARTIN, an individual; NIYA HOLDINGS, LLC, a Nevada limited liability company; NIMA MOMAYEZ, an individual; and JEREMY ROMA, an individual. <br><br> Defendants. | Case No.: 3:25-cv-00020-MMD-CSD <br><br> **STIPULATION AND ORDER TO EXTEND DISCOVERY DEADLINES** <br><br> **(FIRST REQUEST)** |
| AND RELATED COUNTERCOMPLAINT. | |

Defendants/Counterclaimants Brian Quinn ("Quinn"), Joshua Denne ("Denne"), Blockchain Funding, Inc. ("Blockchain Funding"), Blockchain Alliance LLC ("Blockchain Alliance"), Masternode Partners, LLC ("Masternode"), Lynne Martin ("Martin"), Niya Holdings, LLC ("Niya Holdings"), Nima Momayez ("Momayez"), and Jeremy Roma ("Roma") (collectively,

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

1

"Defendants"), by and through the undersigned counsel of record, and Plaintiffs/Counter-Defendants Utherverse, Inc. ("Utherverse, Inc."), Brian Shuster ("Shuster"), Utherverse Digital, Inc. ("Utherverse Digital"), Peter Gantner ("Gantner"), Nexus Venture LLC ("Nexus"), Ari Good ("Good"), Gary Shuster's ("Gary") (collectively, "Plaintiffs") (all together, the "Parties"), by and through their undersigned counsel, hereby stipulate to extend discovery in Scheduling Order (ECF No. 41), as set forth below:

## I.    **PROCEDURAL POSTURE**

1.    Plaintiffs filed their Complaint on January 10, 2025.  ECF No. 1.

2.    Defendants filed their Amended Answer to Complaint and Amended Counterclaim on April 24, 2025.  ECF No. 48.

3.    On May 30, 2025, Counter-Defendants filed their Motion to Dismiss Amended Counterclaim and Motion to Strike Amended Affirmative Defenses and Portions of Amended Counterclaim.  Counter-Defendants' Motions are pending with the Court.

4.    Under FRCP 26(f) and LR 26-1(a), the Parties conferred via telephone, later submitting a joint proposed discovery plan and scheduling order. *See* ECF No. 40.

5.    This Court adopted the Parties' proposal, entering the governing scheduling order ("Scheduling Order") on April 4, 2024. ECF No. 41.

6.    The Scheduling Order set forth the following discovery deadlines:

   a.  Initial Disclosures:  April 18, 2025

   b.  Fact Discovery Cut-Off:  October 27, 2025

   c.  Amending Pleadings and Adding Parties:  July 29, 2025

   d.  Expert Witness Disclosure:  November 26, 2025

   e.  Rebuttal Expert Disclosure:  December 26, 2025

   f.  Discovery Cut-Off:  January 26, 2026

   g.  Dispositive Motion Cut-Off:  February 25, 2026

   h.  Joint Pretrial Order:  March 27, 2026

7.    Pursuant to LR 26-6, the Parties hereby respectfully request that the remaining deadlines be extended as follows:

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

2

     a.   Initial Disclosures:  Completed.

     b.   Fact Discovery Cut-Off:  February 24, 2026

     c.   Amending Pleadings and Adding Parties:  November 26, 2025

     d.   Expert Witness Disclosure:  March 26, 2026

     e.   Rebuttal Expert Disclosure:  April 27, 2026

     f.   Discovery Cut-Off:  May 26, 2026

     g.   Dispositive Motion Cut-Off:  June 25, 2026

     h.   Joint Pretrial order:  July 27, 2026

## II.    STATUS OF DISCOVERY

1.    The Parties made their initial disclosures in April 2025 pursuant to FRCP 26(a)(1)(A).

2.    The Parties have been reviewing the initial disclosures, and the review is ongoing.

3.    Plaintiffs served their first set of Requests for Production to Defendant Denne on July 11, 2025.

4.    Plaintiffs served their First Set of Requests for Production to Defendant Quinn on July 11, 2025.

5.    Plaintiffs served their First Set of Requests for Admission to Defendant Denne on July 11, 2025.

6.    Plaintiffs served their First Set of Requests for Admission to Defendant Quinn on July 11, 2025.

7.    Defendant Denne served his Responses to Plaintiffs' First Set of Requests for Production on August 11, 2025.

8.    Defendant Quinn served his Responses to Plaintiffs' First Set of Requests for Production on August 11, 2025.

9.    Defendants anticipate serving written discovery requests on Plaintiffs at the time this stipulation is submitted to the Court.

/ / /

/ / /

Brownstein Hyatt Farber Schreck, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

10.     On July 28, 2025, Plaintiffs filed their Ex Parte Motion to Amend Discovery Plan and Scheduling Order Dates Pursuant to Local Rule 26-3 ("Ex Parte Motion") requesting the above deadline extensions.

**III.     REMAINING DISCOVERY TO BE COMPLETED**

1.     The remaining discovery in this action includes:

a.     Written discovery, including FRCP 33 interrogatories, FRCP 34 requests for production, and FRCP 36 requests for admission on all Parties, including any follow up requests for production or admissions for Quinn or Denne as Plaintiffs deem necessary;

b.     Fact depositions;

c.     Expert discovery, including both written discovery and depositions;

d.     FRCP 45 document subpoenas to third parties with relevant knowledge of Plaintiffs' claims and Defendants' counterclaims, allegations, and damages as well as related defenses;

e.     Potential third-party depositions; and

f.     Preparation of supplemental responses to written discovery and supplemental disclosure statements, as necessary.

2.     This summary of discovery completed and remaining is not intended to be limiting but is set forth to advise this Court of the remaining discovery that is anticipated in this matter in accordance with LR 26-3.

**IV.     REASONS THE PARTIES REQUEST AN EXTENSION**

1.     As Plaintiffs explain in their Ex Parte Motion:

a.     "Plaintiff have newly discovered evidence of egregious misconduct—including fraudulent lien filings on dozens of patents—that warrants amending their Complaint to add a new defendant and new causes of action." Ex Parte Motion at 2:7-9.

b.     "Plaintiffs seek to amend the Complaint to add Nazanin 'Naz' Namazi as a defendant and to add new claims against the existing defendants (including at least claims for slander of title, abuse of process, intentional interference with contract, and intentional interference

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

4

1    with prospective economic advantage) based on Defendants' recently uncovered actions." *Id.* at

2    2:12-15.

3            c.    "Defendants' recent misconduct has continued via the filing of fraudulent

4    UCC-1 lien documents in California and Nevada and at the United States Patent and Trademark

5    Office ("USPTO"), well beyond the April 4, 2025 date of the Scheduling Order.  This recent

6    misconduct revealed an additional co-conspirator and causes of action that will require additional

7    time to amend the Complaint and conduct discovery." *Id.* at 2:18-22.

8            2.    Defendants will in turn require additional time to answer Plaintiffs' new allegations

9    and claims, potentially amend Defendants' Counterclaim, move to dismiss Plaintiffs' new claims,

10   and/or conduct counter discovery.  In particular, upon Plaintiffs' request to amend their Complaint

11   in accordance with the above description, Defendants will potentially take the following actions,

12   including, without limitation:

13           a.    Contacting Naz to determine and/or offer her representation.

14           b.    Amending the Counterclaims to allege additional fraudulent conduct on

15   Plaintiffs' part, including further misrepresentations about the portfolio of intellectual property that

16   Plaintiffs represented they possessed in order to entice Defendants to enter into agreements,

17   particularly the $1,350,000.00 Niya Note, which, if Plaintiffs' new allegations are true, was secured

18   by only two patents in Plaintiff's possession rather than dozens as Plaintiffs represented.

19           c.    Moving to dismiss on the ground that Plaintiffs lack standing to challenge

20   the liens on the patents.

21           d.    Conducting discovery to determine if Plaintiffs were ever the inventors of

22   the patents in question, actually transferred the patents to third parties or transferred the patents so

23   as to conceal their true ownership, and otherwise verify their allegations regarding the patents.

24           3.    Given that the pleadings are not yet set (Counter-Defendants' Motion to Dismiss

25   and Motion to Strike are still pending), and considering the complexity of the claims and issues in

26   this matter, additional time is needed to conduct fact discovery.

27

28

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

34668930

## V.    REQUESTED EXTENSION

1.    A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).

2.    A stipulation "to extend a deadline set forth in a discovery plan must be received by the court no later than 21 days before the expiration of the subject deadline" and "must be supported by a showing of good cause." LR 26-3.

3.    LR IA 6-1 provides that "[a] motion or stipulation to extend time must state the reasons for the extension requested and must inform the court of all previous extensions of the subject deadline the court granted."

4.    There is good cause to extend the discovery deadlines in this matter given:

a.    Plaintiffs' need to amend the Complaint, add a Defendant, and conduct discovery to support new allegations and associated claims;

b.    Defendants' need to correspondingly amend the Answer, potentially allege counterclaims, and conduct discovery to counter Plaintiffs' new allegations and claims and support potential additional counterclaims; and

c.    The need for additional discovery due to the complex issues of fraud already present in this litigation.

5.    This is the first request for an extension of the discovery deadlines.

6.    This stipulation is submitted well before the 21-day deadline under LR 26-3 to extend all deadlines, except amending pleadings and adding parties.

7.    For the amending pleadings and adding parties deadline, the Parties recognize that this stipulation is being submitted after the deadline has expired, but submit that the failure to act prior to the deadline expiration was result of excusable neglect based on the following:

a.    On July 15, 2025, counsel for the Parties spoke concerning Plaintiffs' claims concerning the 45 patents and Plaintiffs' request related to those same patents.

b.    On July 16, 2025, Plaintiffs' counsel emailed Defendants' counsel, and reiterated her clients' request related to the patents and requested a response by July 18, 2025.

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

34668930

**BROWNSTEIN HYATT FARBER SCHRECK, LLP**
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

c.    On July 18, 2025, Defendants' counsel emailed Plaintiffs' counsel that he was still reviewing Plaintiffs' request with his client and would respond the following week.

d.    On July 22, 2025, Plaintiffs' counsel emailed Defendants' counsel requesting a 120-day extension to allow additional time for Plaintiffs to file an amended complaint and for both parties to conduct additional discovery on the issue.

e.    On July 28, 2025, counsel for Defendants' sent a letter to Plaintiffs' counsel indicating its intent to comply with Plaintiffs' request related to the patents and reserved all rights related to the issue.

f.    Later that same day, Plaintiffs' filed their Ex Parte Motion.

g.    The next day, on July 29, 2025, Defendants' counsel requested a telephone conference with Plaintiffs' counsel to discuss the filing of the Ex Parte Motion.

h.    On July 31, 2025, counsel for the Parties spoke concerning the relief requested in the Ex Parte Motion.

i.    On August 11, 2025, counsel for the Parties spoke again concerning the relief requested in the Ex Parte Motion and Defendants' counsel stated his clients' ability to agree to the continuance while reserving all rights as related to the patent issues.  This stipulation now follows.

j.    As noted above, during the discussion on this complex issue on an expedited basis, the Parties' counsel communicated in good faith to address their respective clients' concerns, but those discussions resulted in the delay in seeking a stipulated continuance of the amending pleadings and adding parties deadline.  Accordingly, the Parties submit the request related to that deadline is the result of excusable neglect.

8.    Because all Parties stipulate to this requested extension, no Party will be prejudiced by extending discovery as requested.

9.    Nor is this stipulation made with undue delay, dilatory motive, or bad faith.

10.    Based on the foregoing, Plaintiffs and Defendants stipulate that the discovery deadlines be extended by 120-days, with the new deadlines to be as follows:

a.    Initial Disclosures:  Completed.

b.    Fact Discovery Cut-Off:  February 24, 2026

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

1    c.    Amending Pleadings and Adding Parties:  November 26, 2025

2    d.    Expert Witness Disclosure:  March 26, 2026

3    e.    Rebuttal Expert Disclosure:  April 27, 2026

4    f.    Discovery Cut-Off:  May 26, 2026

5    g.    Dispositive Motion Cut-Off:  June 25, 2026

6    h.    Joint Pretrial order:  July 27, 2026

7        11.    Plaintiffs further stipulate that their Ex Parte Motion is hereby mooted and/or

8    withdrawn.

9        **IT IS SO STIPULATED.**

10    DATED this 14th day of August 2025.        DATED this 14th day of August 2025.

11    **BROWNSTEIN HYATT**                    **COLEMAN & HOROWITT, LLP**
     **FARBER SCHRECK, LLP**
12

13    By:  _/s/ Maximilien D. Fetaz_            By:  ___/s/ Sherrie Flynn_____
     MAXIMILIEN D. FETAZ, ESQ.              SHERRIE FLYNN, ESQ. (*pro hac vice*)
14    ZACHARY R. MEYER, ESQ.                499 West Shaw Avenue, Suite 116
                                          Fresno, California 93704
15    *Attorneys for Defendants Brian Quinn, Joshua*   Telephone: (559) 248-48200
     *Denne, Blockchain Funding, Inc., Blockchain*   Email: SFlynn@ch-law.com
16    *Alliance LLC, Masternode Partners, LLC,*
     *Lynne Martin, Niya Holdings, LLC, Nima*   **KEARNEY   PUZEY   DAMONTE   LTD**
17    *Momayez, and Jeremy Roma*              JAMES W. PUZEY, ESQ.
                                          Nevada Bar No. 5745
18                                          800 South Meadows Parkway, Suite 800
                                          Reno, Nevada 89521
19                                          Telephone: (775) 851-8700
                                          Email: jpuzey@nvlawfirm.com
20
                                          *Attorneys for Plaintiffs Utherverse, Inc. and*
21                                          *Brian Shuster*

22    **IT IS SO ORDERED**.

23

24    DATED: August 15, 2025

25                                          _____

26                                          Craig S. Denney
                                          United States Magistrate Judge
27

28

8