JAMES PUZEY (NV SBN 05745)
jpuzey@nvlawfirm.com
KEARNEY PUZEY DAMONTE
800 South Meadows Parkway, Suite 800
Reno, Nevada 89521
Telephone: (775) 851-8700

SHERRIE M. FLYNN (*Pro Hac Vice*)
sflynn@ch-law.com
ROBERT K. ASHLEY (*Pro Hac Vice Forthcoming*)
rashley@ch-law.com
COLEMAN & HOROWITT, LLP
Attorneys at Law
499 W. Shaw Avenue, Suite 116
Fresno, California 93704
Telephone: (559) 248-4820
Facsimile: (559) 248-4830

Attorneys for Plaintiffs and Counter-Defendants

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA – RENO DIVISION

| | |
|---|---|
| UTHERVERSE, INC., a Nevada corporation, BRIAN SHUSTER, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> BRIAN QUINN, an individual; JOSHUA DENNE, and individual; BLOCKCHAIN FUNDING, INC. a Delaware corporation; BLOCKCHAIN ALLIANCE LLC, a Wyoming Limited Liability Company; MASTERNODE PARTNERS, LLC, a Wyoming Limited Liability Company; LYNNE MARTIN, an individual; NIYA HOLDINGS, LLC, a Nevada limited liability company; NIMA MOMAYEZ, an individual; and JEREMY ROMA, an individual, <br><br> Defendants. <br><br> AND RELATED COUNTERCOMPLAINT. | Case No. 3:25-cv-00020-MMD-CSD <br><br> **STIPULATION AND [PROPOSED] ORDER TO EXTEND DISCOVERY DEADLINES** <br><br> **(SECOND REQUEST)** <br><br> **Complaint Filed:** January 10, 2025 <br><br> **Counterclaim Filed:** February 28, 2025 |

///

Plaintiffs and Counter-Defendants Utherverse, Inc. ("UI") and Brian Shuster ("Shuster")(collectively, "Plaintiffs") by and through their attorneys of record, and Defendants Brian Quinn ("Quinn"), Joshua Denne ("Denne"), Blockchain Funding, Inc. ("Blockchain Funding"), Blockchain Alliance LLC ("Blockchain Alliance"), Masternode Partners, LLC ("Masternode"), Lynne Martin ("Martin"), Niya Holdings, LLC ("Niya Holdings"), Nima Momayez ("Momayez"), and Jeremy Roma ("Roma") (collectively, "Defendants"; and with Plaintiffs, the "Parties") by and through their attorneys of record hereby stipulate to extend discovery in Scheduling Order (ECF No. 69), as set forth below.

## I. PROCEDURAL HISTORY

1. Plaintiffs filed their Complaint on January 10, 2025. ECF No. 1.

2. Under FRCP 26(f) and LR 26-1(a), the Parties conferred via telephone, later submitting a joint proposed discovery plan and scheduling order. *See* ECF No. 40.

3. This Court adopted the Parties' proposal, entering a scheduling order ("Scheduling Order") on April 4, 2024. ECF No. 41.

2. Defendants filed their Amended Answer to Complaint and Amended Counterclaim on April 24, 2025. ECF No. 48.

3. On May 30, 2025, Plaintiffs filed their Motion to Dismiss Amended Counterclaim (ECF 56 to 56-2) and Motion to Strike Amended Affirmative Defenses and Portions of Amended Counterclaim (ECF 57 to 57-2).

4. On August 14, 2025, the Parties filed a Stipulation and [Proposed] Order to Extend Discovery Deadlines (ECF 68).  ECF 68 was the Parties' first request for an extension.

5. On August 15, 2025, the Court ordered that the dates be extended as follows:

    a. Initial Disclosures: Complete

    b. Fact Discovery Cut-Off: February 24, 2026.

    c. Amending Pleadings and Adding Parties: November 26, 2025

    d. Expert Witness Disclosure: March 26, 2026

|   |   |   |   |
|---|---|---|---|
| 1 | | e. | Rebuttal Expert Disclosure: April 27, 2026 |
| 2 | | f. | Discovery Cut-Off: May 26, 2026 |
| 3 | | g. | Dispositive Motion Cut-Off: June 25, 2026 |
| 4 | | h. | Joint Pretrial Order: July 27, 2026 |

6. On September 25, 2025, Defendants filed a Motion for Judgment on the Pleadings (ECF 70). The Defendants' Motion is pending before the Court.

7. On January 26, 2026, this Court entered its Order dismissing all of Defendants' claims in Defendants' Amended Counterclaim without prejudice and striking two of Defendants' affirmative defenses from Defendants' Answer (ECF 73).[1]

## II. STATUS OF DISCOVERY

1. The Parties made their initial disclosures in April 2025 pursuant to FRCP 26(a)(1)(A).

2. Plaintiffs served their First Set of Requests for Production and First Set of Requests for Admission to Defendant Denne on July 11, 2025.

3. Plaintiffs served their First Set of Requests for Production and First Set of Requests for Admission to Defendant Quinn on July 11, 2025.

4. Defendant Denne served his Responses to Plaintiffs' First Set of Requests for Production and First Set of Requests for Admissions on August 11, 2025.

5. Defendant Quinn served his Responses to Plaintiffs' First Set of Requests for Production and First Set of Requests for Admissions on August 11, 2025.

6. Defendants served their First Set of Requests for Production and First Set of Requests for Admissions to Plaintiff Shuster on August 19, 2025.

7. Defendants served their First Set of Requests for Production of Documents to Plaintiff Utherverse on August 19, 2025.

---

[1] Prior to submitting the instant stipulation and entry of this Court's order on January 26, 2026, the parties had agreed in principle to the extension requested herein pending decision on Plaintiffs' Motion to Dismiss Amended Counterclaim (ECF 56 to 56-2), Plaintiffs' Motion to Strike Amended Affirmative Defenses and Portions of Amended Counterclaim (ECF 57 to 57-2), and Defendants' Motion for Judgment on the Pleadings (ECF 70). The instant stipulation reflects the parties prior agreement and accounts for the Court's recent decision on January 26, 2026 (ECF 73).

8. Plaintiff Shuster responded to Defendant's First Set of Requests for Production and First Set of Requests for Admission on October 16, 2025.

9. Plaintiff Utherverse responded to Defendant's First Set of Requests for Production on October 16, 2025.

## III. REMAINING DISCOVERY TO BE COMPLETED

1. The remaining discovery in this action includes:

    a. Written discovery, including FRCP 33 interrogatories, FRCP 34 requests for production, and FRCP 36 requests for admission on all Parties, including any follow up requests for production or admissions for Quinn or Denne as Plaintiffs deem necessary, and follow up requests for production or admissions on Utherverse and Shuster as Defendants deem necessary;

    b. Fact depositions;

    c. Expert discovery, including both written discovery and depositions;

    d. FRCP 45 document subpoenas to third parties with relevant knowledge of Plaintiffs' claims and Defendants' counterclaims, allegations, and damages as well as related defenses;

    e. Potential third-party depositions; and

    f. Preparation of supplemental responses to written discovery and supplemental disclosure statements, as necessary.

2. This summary of discovery completed and remaining is not intended to be limiting but is set forth to advise this Court of the remaining discovery that is anticipated in this matter in accordance with LR 26-3.

## IV. REASONS THE PARTIES REQUEST AN EXTENSION

1. Defendants' Motion for Judgment on the Pleadings is pending before this Court and Defendants plan to seek leave to file a Second Amended Countercomplaint. Thus, the Parties are unable to determine the extent of discovery needed or focus discovery on the remaining claims, if any.

2.  The complexity of the issues (between the Complaint and the previous Amended Counterclaim[2] there are 16 causes of action) and the number of Parties (there were and may still be a total of seventeen parties)[3] require additional time for fact discovery including:

   a.  Time for Plaintiffs to further investigate the extent of the participation of each of the Defendants in the alleged conspiracy to violate the Racketeer Influenced and Corrupt Organization Act and alleged fraudulent conduct and breaches of fiduciary duty by Defendants;

   b.  Time for Plaintiffs to further investigate whether Defendants' actions in recording liens on dozens of patents warrant amending their Complaint to add new defendants and causes of action, including new causes of action against existing Defendants (at least claims for slander of title, abuse of process, intentional interference with contract, and intentional interference with prospective economic advantage), and otherwise verify the factual matters surrounding the liens.

   c.  Time for Defendants to further investigate the alleged fraud, alleged breaches of the various contracts between the parties, and alleged breaches of fiduciary duty against Counter-Defendants.

   d.  Time for Defendants to further investigate the alleged fraudulent conduct and misrepresentations about Plaintiffs' portfolio of intellectual property that Defendants allege enticed Defendants to enter various agreements secured by the portfolio.

   e.  Time for Defendants to further investigate whether Plaintiffs were ever the inventors of the patents in question, actually transferred the patents to third parties or transferred the patents so as to conceal their true ownership, and otherwise verify their allegations regarding the patents.

---

[2] Defendants anticipate that, if granted leave, they will file a Second Amended Countercomplaint.
[3] *See supra* fn. 2.

## V. REQUESTED EXTENSION

1. A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).

2. A stipulation "to extend a deadline set forth in a discovery plan must be received by the court no later than 21 days before the expiration of the subject deadline" and "must be supported by a showing of good cause." LR 26-3.

3. LR IA 6-1 provides that "[a] motion or stipulation to extend time must state the reasons for the extension requested and must inform the court of all previous extensions of the subject deadline the court granted."

4. There is good cause to extend the discovery deadlines in this matter given:

   a. The Court's ruling on the pending Motion for Judgment on the Pleadings may affect the Parties' need for discovery;

   b. Plaintiffs may need to amend their Complaint, add one or more defendants, and conduct discovery to support additional allegations and associated claims;

   c. Defendants may need to correspondingly amend their Answer, their counterclaims and conduct discovery to counter Plaintiffs' additional allegations and claims;

   d. Defendants plan to seek leave to file a Second Amended Countercomplaint.

   e. Plaintiffs may need to correspondingly move to dismiss the Second Amended Complaint and/or amend their answer and conduct discovery to counter Defendants' additional allegations and claims; and

   f. All Parties need additional time for discovery due to the complex issues of conspiracy and fraud already present in this litigation.

5. This is the second request for an extension of the discovery deadlines.

6. This stipulation is submitted before the 21-day deadline under LR 26-3 to

extend all deadlines, except amending pleadings and adding parties.

7. The Parties respectfully request additional time after ruling on the pending Motion for Judgment on the Pleadings. Depending on the outcome of said Motion, amendment of the pleadings may be ordered by the Court. In any case, the Parties require additional time to investigate their respective claims and amend the pleadings accordingly. Amending the pleadings while a motion for judgment on the pleadings is pending would not promote efficient use of judicial or the Parties' resources.

8. Because all Parties stipulate to this requested extension, no Party will be prejudiced by extending discovery as requested.

9. Nor is this stipulation made with undue delay, dilatory motive, or bad faith.

10. Based on the foregoing, Plaintiffs and Defendants stipulate that the discovery deadlines be extended for a period after ruling on the pending Motion for Judgment on the Pleadings as follows:

    a. Initial Disclosures: Completed.

    b. Fact Discovery Cut-Off: Four (4) months after the ruling.

    c. Amending Pleadings and Adding Parties: Two (2) months after the ruling.

    d. Expert Witness Disclosure: One (1) month after the Fact Discovery Cut-Off.

    e. Rebuttal Expert Disclosure: One (1) month after the Expert Witness Disclosure.

    f. Discovery Cutoff: One (1) month after Rebuttal Expert Disclosure.

    g. Dispositive Motion Cutoff: One (1) month after Rebuttal Expert.

    h. Joint Pretrial Order: One (1) month after Dispositive Motion Cutoff.

///

///

///

1     **IT IS SO STIPULATED.**

2   DATED: January 30, 2026.     **COLEMAN & HOROWITT, LLP**

By: */s/ Sherrie Flynn*
SHERRIE FLYNN, ESQ. (*pro hac vice*)
499 West Shaw Avenue, Suite 116
Fresno, California 93704
Telephone: (559) 248-48200
Email: sflynn@ch-law.com

**KEARNEY PUZEY DAMONTE LTD**
JAMES W. PUZEY, ESQ.
Nevada Bar No. 5745
800 South Meadows Parkway, Suite 800
Reno, Nevada 89521
Telephone: (775) 851-8700
Email: jpuzey@nvlawfirm.com
*Attorneys for Plaintiffs Utherverse, Inc. and Brian Shuster*

DATED: January 30, 2026.     **BROWNSTEIN HYATT FARBER SCHRECK, LLP**

By: */s/ Maximilien D. Fetaz*
MAXIMILIEN D. FETAZ, ESQ.
ZACHARY R. MEYER, ESQ.

*Attorneys for Defendants Brian Quinn, Joshua Denne, Blockchain Funding, Inc., Blockchain Alliance LLC, Masternode Partners, LLC, Lynne Martin, Niya Holdings, LLC, Nima Momayez, and Jeremy Roma*

**IT IS SO ORDERED**.

DATED:

_____
Craig S. Denney
UNITED STATES MAGISTRATE JUDGE

8
**STIPULATION AND [PROPOSED] ORDER TO EXTEND DISCOVERY DEADLINES**

50036447