JAMES PUZEY (NV SBN 05745)
jpuzey@nvlawfirm.com
KEARNEY PUZEY DAMONTE
800 South Meadows Parkway, Suite 800
Reno, Nevada  89521
Telephone: (775) 851-8700

SHERRIE M. FLYNN (*Pro Hac Vice*)
sflynn@ch-law.com
ROBERT K. ASHLEY (*Pro Hac Vice*)
rashley@ch-law.com
COLEMAN & HOROWITT, LLP
Attorneys at Law
499 W. Shaw Avenue, Suite 116
Fresno, California 93704
Telephone: (559) 248-4820
Facsimile: (559) 248-4830

Attorneys for Plaintiffs and Counter-Defendants

## UNITED STATES DISTRICT COURT

### DISTRICT OF NEVADA – RENO DIVISION

| | |
|---|---|
| UTHERVERSE, INC., a Nevada corporation, BRIAN SHUSTER, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> BRIAN QUINN, an individual; JOSHUA DENNE, an individual; BLOCKCHAIN FUNDING, INC., a Delaware corporation; BLOCKCHAIN ALLIANCE LLC, a Wyoming Limited Liability Company; MASTERNODE PARTNERS, LLC, a Wyoming Limited Liability Company; LYNNE MARTIN, an individual; NIYA HOLDINGS, LLC, a Nevada limited liability company; NIMA MOMAYEZ, an individual; and JEREMY ROMA, an individual, <br><br> Defendants. <br><br> AND RELATED COUNTERCOMPLAINT. | Case No. 3:25-cv-00020-MMD-CSD <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR VOLUNTARY DISMISSAL WITHOUT PREJUDICE OF DEFENDANTS NIMA MOMAYEZ AND NIYA HOLDINGS, LLC (FED. R. CIV. P. 41(a)(2));** <br><br> [Filed Concurrently with Notice of Motion, Declaration of Sherrie M. Flynn and Proposed Order] <br><br> **Complaint Filed:** January 10, 2025 <br><br> **Counterclaim Filed:** February 28, 2025 <br><br> Date: TBD <br> Time: TBD |

1

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.     INTRODUCTION AND RELIEF REQUESTED

The only claim asserted against the Momayez Parties in this action is Count I, the RICO claim, including its Section 1962(d) conspiracy aspect. (See ECF No. 1; Counts II through VIII are asserted against other Defendants only.) On June 24, 2026, the Court dismissed Count I as to the Momayez Parties (among others) without prejudice and with leave to amend within 15 days and provided that "[f]ailure to file an amended complaint within 15 days will result in dismissal of this claim with prejudice against Defendants Roma, Martin, Masternode, Momayez, and Niya and as to RICO conspiracy." (ECF No. 76 at 16.)

Plaintiffs have timely filed, this 9th day of July, 2026, their motion for leave to file a First Amended Complaint. The proposed First Amended Complaint cures the deficiencies identified by the Court as to Defendants Roma, Martin, and Masternode. It does not reassert any claim against the Momayez Parties — not because the identified deficiencies could not be cured as to them, but because Plaintiffs and the Momayez Parties have resolved the disputes between them. (Declaration of Sherrie M. Flynn, filed herewith ("Flynn Decl.") ¶¶ 2–3.) A term of that resolution provides for dismissal of the claims asserted against the Momayez Parties in this action without prejudice. (*Id*. ¶ 3.)

So that a settlement-based decision not to replead is not converted into an adjudication on the merits, Plaintiffs respectfully request an order that: (1) dismisses without prejudice all claims asserted in this action against the Momayez Parties, pursuant to Rule 41(a)(2) or, in the alternative, Rule 21; (2) provides that nothing in ECF No. 76 shall operate as, or result in, a dismissal with prejudice of any claim against the Momayez Parties; (3) drops the Momayez Parties as parties and directs the Clerk to terminate them as defendants; and (4) provides that each party bears its own attorneys' fees and costs as to the dismissed claims and that the dismissal does not affect any claim asserted by or against any other party. In the alternative, and at a minimum, Plaintiffs request that the 15-day period provided by ECF No. 76 be deemed satisfied, or be extended, as to the Momayez Parties pending resolution of this Motion. Fed. R. Civ. P. 6(b)(1)(A) (court may extend a deadline for good cause on a request made before the original time expires).

Counsel of record for Defendants has advised that Defendants are considering stipulating to the dismissal requested here, and counsel for the Momayez Parties in connection with their resolution with Plaintiffs is out of the office until July 14, 2026. (Flynn Decl. ¶ 5.) Because the Court's 15-day period expires today, Plaintiffs file this Motion now rather than await a fully executed stipulation, and will promptly notify the Court if a stipulation is reached.

## II.     BACKGROUND

Plaintiffs commenced this action on January 10, 2025. (ECF No. 1.) The Complaint asserts Count I (RICO, 18 U.S.C. § 1962) against all Defendants, including the Momayez Parties; its remaining Counts II through VIII (fraud in the inducement, fraud, conversion, breach of fiduciary duty and aiding and abetting, and tortious interference) are asserted against other Defendants only.

An answer and counterclaims, and later an amended answer and amended counterclaim, were filed in the names of Defendants, including the Momayez Parties. (ECF Nos. 30, 48.) On January 26, 2026, the Court dismissed the amended counterclaim in its entirety. (ECF No. 73.) No counterclaim is pending.

On June 24, 2026, ruling on Defendants' Motion for Judgment on the Pleadings, the Court dismissed Count I as to Defendants Roma, Martin, Masternode, Momayez, and Niya Holdings, and to the extent it includes a RICO conspiracy claim, without prejudice and with leave to amend, allowing Plaintiffs 15 days — through July 9, 2026 — to file an amended complaint "to cure the deficiencies of this claim," and providing that "[f]ailure to file an amended complaint within 15 days will result in dismissal of this claim with prejudice against Defendants Roma, Martin, Masternode, Momayez, and Niya and as to RICO conspiracy." (ECF No. 76 at 14, 16.)

Effective June 30, 2026, Plaintiffs, together with related parties, and the Momayez Parties entered into a written settlement agreement resolving the disputes between them. (Flynn Decl. ¶ 2.) The agreement provides for dismissal of the claims asserted against the Momayez Parties in this action without prejudice, with each party bearing its own attorneys' fees and costs, and does not affect claims asserted by or against any non-settling party. (*Id*. ¶ 3.) The agreement is confidential; Plaintiffs have disclosed its terms only to the extent necessary to effectuate the dismissal it contemplates, and will lodge the agreement for in camera review, or move to file it under seal, at the

Court's direction. (*Id.*)

On July 9, 2026, Plaintiffs filed their motion for leave to file the First Amended Complaint, which omits the Momayez Parties, and filed this Motion the same day — both within the 15-day period provided by ECF No. 76.

## III.  ARGUMENT

### A.    Dismissal Without Prejudice is Warranted Under Rule 41(a)(2).

A district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it "will suffer some plain legal prejudice as a result of the dismissal." *Westlands Water Dist. v. United States*, 100 F.3d 94, 96 (9th Cir. 1996). Rule 41(a) may be used to dismiss all claims against fewer than all defendants. See *Pedrina v. Chun*, 987 F.2d 608, 609 n.1 (9th Cir. 1993); cf. *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 687–88 (9th Cir. 2005). Unless the order states otherwise, a Rule 41(a)(2) dismissal is without prejudice. Fed. R. Civ. P. 41(a)(2).

No party will suffer plain legal prejudice. The Momayez Parties have themselves resolved the claims against them and their agreement calls for precisely this dismissal. The non-settling Defendants lose no legal interest, claim, or argument: every claim asserted against them remains pending and unaffected, and neither the prospect that dismissed claims might one day be reasserted nor the loss of a with-prejudice windfall constitutes plain legal prejudice. *See Smith v. Lenches*, 263 F.3d 972, 976 (9th Cir. 2001) ("legal prejudice" means "prejudice to some legal interest, some legal claim, some legal argument"; "uncertainty because a dispute remains unresolved" is not legal prejudice); *Westlands*, 100 F.3d at 96–97.  Rule 41(a)(2)'s only textual limitation — a counterclaim that cannot be independently adjudicated — is inapplicable because the amended counterclaim was dismissed in its entirety more than six months ago. (ECF No. 73.) Finally, granting the Motion implements a settlement, and "there is a strong judicial policy that favors settlements." *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992).

### B.    The Court Should Confirm that ECF No. 76's Dismissal-With-Prejudice Provision Does Not Operate Against the Settling Momayez Parties.

By its terms, that provision is triggered by "[f]ailure to file an amended complaint within 15

MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION FOR VOLUNTARY DISMISSAL

days." (ECF No. 76 at 16.) Plaintiffs have timely sought leave to file an amended complaint that cures the identified deficiencies as to the defendants against whom Plaintiffs continue to press Count I. As to the Momayez Parties, the omission is not a failure to cure; it is the performance of a settlement. The provision serves the Court's case-management authority — it ensures that dismissed claims are either promptly repaired or brought to rest — and converting a settlement-based non-repleading into an adjudication on the merits would serve no such purpose while frustrating the parties' bargain and the policy favoring settlement. The Court retains full authority to direct that the dismissal of the settled claims be and remain without prejudice, cf. Fed. R. Civ. P. 41(b) (involuntary dismissal operates as an adjudication on the merits "[u]nless the dismissal order states otherwise"), and Plaintiffs respectfully ask the Court to say so expressly.

**C.**     **In the Alternative, the Court May Drop the Momayez Parties Under Rule 21**.

Rule 21 permits the Court "at any time, on just terms, [to] add or drop a party." Fed. R. Civ. P. 21. On these facts, the "just terms" are those of the parties' settlement: dismissal without prejudice, each party bearing its own fees and costs.

**D.**     **Protective Relief as to Timing**.

This Motion and Plaintiffs' motion for leave to amend are both filed within the 15-day period. To eliminate any argument that the with-prejudice provision self-executed while this Motion was under submission, Plaintiffs request that the Court deem the 15-day requirement satisfied as to the Momayez Parties by these filings or, in the alternative, extend that period as to the Momayez Parties until this Motion is resolved. Good cause exists: the request is made before the period expires, Fed. R. Civ. P. 6(b)(1)(A), and the brief enlargement will prejudice no one while permitting an orderly, settlement-implementing dismissal.

**IV.**     **CONCLUSION**

Plaintiffs respectfully request that the Court grant this Motion and enter the proposed order submitted herewith, dismissing all claims against Defendants Nima Momayez and Niya Holdings, LLC without prejudice, confirming that ECF No. 76 shall not operate as a dismissal with prejudice as to them, and terminating them as parties.

///

MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION FOR VOLUNTARY DISMISSAL

DATED: July 9, 2026                  COLEMAN & HOROWITT, LLP


By: /s/ Sherrie M. Flynn
    Sherrie M. Flynn. Esq.
    Robert K. Ashley, Esq.
    499 West Shaw Avenue, Suite 116
    Fresno, California 93704
    Telephone: (559) 248- 4820
    Email: sflynn@ch-law.com

KEARNEY PUZEY DAMONTE LTD.

    James W. Puzey, Esq
    800 South Meadows Parkway, Suite 800
    Reno, Nevada 89521
    Telephone: (775) 851- 8700
    Email: jpuzey@nvlawfirm.com

Attorneys for Plaintiffs Utherverse, Inc. and Brian Shuster and Counter-Defendants Utherverse, Inc., Brian Shuster, Utherverse Digital Inc., Peter Gantner, Nexus Venture LLC, Ari Good and Gary Shuster

MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION FOR VOLUNTARY DISMISSAL