MAXIMILIEN D. FETAZ, ESQ.
Nevada Bar No. 12737
mfetaz@bhfs.com
ZACHARY R. MEYER, ESQ.
Nevada Bar No. 15783
zmeyer@bhfs.com
BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
Telephone: 702.382.2101
Facsimile: 702.382.8135

*Attorneys for Defendants Brian Quinn, Joshua Denne, Blockchain Funding, Inc., Blockchain Alliance LLC, Masternode Partners, LLC, Lynne Martin, and Jeremy Roma and Counterclaimants*

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UTHERVERSE, INC., a Nevada corporation, and BRIAN SHUSTER, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>BRIAN QUINN, an individual; JOSHUA DENNE, an individual; BLOCKCHAIN FUNDING, INC., a Delaware corporation; BLOCKCHAIN ALLIANCE LLC, a Wyoming Limited Liability Company; MASTERNODE PARTNERS, LLC, a Wyoming Limited Liability company; LYNNE MARTIN, an individual; JEREMY ROMA, an individual; and NAZANIN NAMAZI a/k/a "NAZ NAMAZI," an individual.<br><br>Defendants. | Case No.: 3:25-cv-00020-MMD-CSB<br><br>**<u>ANSWER TO FIRST AMENDED COMPLAINT AND COUNTERCLAIM</u>** |
| BRIAN QUINN, an individual; JOSHUA DENNE, an individual; BLOCKCHAIN FUNDING, INC., a Delaware corporation; BLOCKCHAIN ALLIANCE LLC, a Wyoming Limited Liability Company; and MASTERNODE PARTNERS, LLC, a Wyoming Limited Liability company,<br><br>Counterclaimants, | |

| |
|---|
| v.<br><br>UTHERVERSE, INC., a Nevada corporation, and BRIAN SHUSTER, an individual, UTHERVERSE DIGITAL INC., a Vancouver, British Columbia corporation; and UTHERVERSE INTERNATIONAL, LTD., a British Virgin Islands Corporation,<br><br>Counterdefendants. |

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

## ANSWER TO FIRST AMENDED COMPLAINT

Defendants Brian Quinn ("Quinn"), Joshua Denne ("Denne"), Blockchain Funding, Inc. ("Blockchain Funding"), Blockchain Alliance LLC ("Blockchain Alliance"), Masternode Partners, LLC ("Masternode"), Lyne Martin ("Martin"), and Jeremy Roma ("Roma") (collectively, "Defendants") respond to the allegations set forth in Plaintiffs Utherverse, Inc. ("UI") and Brain Schuster's ("Schuster") (collectively, "Plaintiffs") first amended complaint ("FAC") as follows:[1]

1. Answering Paragraph 1 of Plaintiffs' FAC, Defendants state that this Paragraph contains purported legal conclusions and/or statements or recitations of law rather than allegations, and as such, no response is necessary. To the extent that a response is necessary, Defendants deny generally and specifically each and every allegation contained therein.

2. Answering Paragraph 2 of Plaintiffs' FAC, Defendants state that this Paragraph contains purported legal conclusions and/or statements or recitations of law rather than allegations, and as such, no response is necessary. To the extent that a response is necessary, Defendants deny generally and specifically each and every allegation contained therein.

3. Answering Paragraph 3 of Plaintiffs' FAC, Defendants admit that UI is a corporation having its principal place of business in Carson City, Nevada.

4. Answering Paragraph 4 of Plaintiffs' FAC, Defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in said paragraph, and therefore deny each and every allegation contained therein.

[1] Unless otherwise specified, terms in this Answer have the same meaning given to them as in the Complaint.

5. Answering Paragraph 5 of Plaintiffs' FAC, Defendants admit that Quinn is an individual residing in Orange County, California.

6. Answering Paragraph 6 of Plaintiffs' FAC, Defendants deny that Denne is an individual residing in Paradise Valley, Arizona.

7. Answering Paragraph 7 of Plaintiffs' FAC, Defendants generally and specifically deny the allegations contained in said paragraph, except Defendants admit that Blockchain Funding is a Delaware corporation with its principal place of business at 1020 Wendy Lane, Cheyenne, Wyoming 82009 and is owned and operated by Denne.

8. Answering Paragraph 8 of Plaintiffs' FAC, Defendants generally and specifically deny the allegations contained in said paragraph, except Defendants admit that Blockchain Alliance is a Wyoming limited liability company with its principal place of business at 6933 E. Fanfol Dr., Paradise Valley, Arizona 85253.

9. Answering Paragraph 9 of Plaintiffs' FAC, Defendants generally and specifically deny the allegations contained in said paragraph, except Defendants admit that Masternode is a Wyoming limited liability company with its principal place of business at 1020 Wendy Lane, Cheyenne, Wyoming 82009.

10. Answering Paragraph 10 of Plaintiffs' FAC, Defendants generally and specifically deny the allegations contained in said paragraph, except Defendants admit that Martin is the mother of Denne and is a resident of California.

11. Answering Paragraph 11 of Plaintiffs' FAC, Defendants generally and specifically deny the allegations contained in said paragraph, except Defendants admit that Roma is an individual residing in Orange County, California.

12. Answering Paragraph 12 of Plaintiffs' FAC, Defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in said paragraph, and therefore deny each and every allegation contained therein, except Defendants admit Nazanin Namazi ("Namazi") has acted at the direction of Quinn.

/ / /

/ / /

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

13. Answering Paragraph 13 of Plaintiffs' FAC, Defendants generally and specifically deny the allegations contained in said paragraph, except Defendants admit that Momayez and Niya Holdings were defendants in the original complaint.

14. Answering Paragraph 14 of Plaintiffs' FAC, Defendants state that this Paragraph contains purported legal conclusions and/or statements or recitations of law rather than allegations, and as such, no response is necessary. To the extent that a response is necessary, Defendants deny generally and specifically each and every allegation contained therein.

15. Answering Paragraph 15 of Plaintiffs' FAC, Defendants generally and specifically deny the allegations contained in said paragraph.

16. Answering Paragraph 16 of Plaintiffs' FAC, Defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in said paragraph, and therefore deny each and every allegation contained therein.

17. Answering Paragraph 17 of Plaintiffs' FAC, Defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in said paragraph, and therefore deny each and every allegation contained therein.

18. Answering Paragraph 18 of Plaintiffs' FAC, Defendants generally and specifically deny the allegations contained in said paragraph.

19. Answering Paragraph 19 of Plaintiffs' FAC, Defendants generally and specifically deny the allegations contained in said paragraph, except Defendants admit that Quinn and Denne discussed obtaining funding for UI and UDI as part of a business venture with Plaintiffs.

20. Answering Paragraph 20 of Plaintiffs' FAC, Defendants generally and specifically deny the allegations contained in said paragraph.

21. Answering Paragraph 21 of Plaintiffs' FAC, Defendants generally and specifically deny the allegations contained in said paragraph, except Defendants admit that the matter identified in this allegation, *Securities and Exchange Commission v. Tobin, et al.*, No. 18-CV-12451 (Dist. Mass. July 13, 2022), exists and speaks for itself.

22. Answering Paragraph 22 of Plaintiffs' FAC, Defendants generally and specifically deny the allegations contained in said paragraph.

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

23. Answering Paragraph 23 of Plaintiffs' FAC, Defendants generally and specifically deny the allegations contained in said paragraph.

24. Answering Paragraph 24 of Plaintiffs' FAC, Defendants generally and specifically deny the allegations contained in said paragraph.

25. Answering Paragraph 25 of Plaintiffs' FAC, Defendants contend that the communications speak for themselves and deny the allegations in Paragraph 25 to the extent that they deviate from the content of the communications. Defendants generally and specifically deny the remaining allegations contained in said paragraph.

26. Answering Paragraph 26 of Plaintiffs' FAC, Defendants contend that the communications speak for themselves and deny the allegations in Paragraph 25 to the extent that they deviate from the content of the communications. Defendants generally and specifically deny the remaining allegations contained in said paragraph.

27. Answering Paragraph 27 of Plaintiffs' FAC, Defendants generally and specifically deny the allegations contained in said paragraph, except Defendants admit that the Niya Note exists and speaks for itself.

28. Answering Paragraph 28 of Plaintiffs' FAC, Defendants contend that the Amendments to the Niya Note speak for themselves and deny the allegations in Paragraph 28 to the extent that they deviate from the terms of the Amendments. Defendants generally and specifically deny the remaining allegations contained in said paragraph.

29. Answering Paragraph 29 of Plaintiffs' FAC, Defendants generally and specifically deny the allegations contained in said paragraph.

30. Answering Paragraph 30 of Plaintiffs' FAC, Defendants contend that the Consulting Agreement speaks for itself and deny the allegations in Paragraph 30 to the extent that they deviate from the terms of the Consulting Agreement. Defendants generally and specifically deny the remaining allegations contained in said paragraph.

31. Answering Paragraph 31 of Plaintiffs' FAC, Defendants generally and specifically deny the allegations contained in said paragraph, except Defendants admit that Blockchain Funding and Denne contracted with Nexus to develop a software platform to launch tokens.

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

32. Answering Paragraph 32 of Plaintiffs' FAC, Defendants generally and specifically deny the allegations contained in said paragraph.

33. Answering Paragraph 33 of Plaintiffs' FAC, Defendants generally and specifically deny the allegations contained in said paragraph.

34. Answering Paragraph 34 of Plaintiffs' FAC, Defendants generally and specifically deny the allegations contained in said paragraph, except Defendants admit that presales of UTHER tokens by UDI occurred.

35. Answering Paragraph 35 of Plaintiffs' FAC, Defendants contend that the text messages and Blockchain Note speak for themselves and deny the allegations in Paragraph 35 to the extent that they deviate from the content of the text messages and terms of the Blockchain Note. Defendants generally and specifically deny the remaining allegations contained in said paragraph

36. Answering Paragraph 36 of Plaintiffs' FAC, Defendants contend that the 2023 Promissory Note and June 5, 2023 Amendment speak for themselves and deny the allegations in Paragraph 36 to the extent that they deviate from the terms of the 2023 Promissory Note and June 5, 2023 Amendment. Defendants generally and specifically deny the remaining allegations contained in said paragraph.

37. Answering Paragraph 37 of Plaintiffs' FAC, Defendants generally and specifically deny the allegations contained in said paragraph, except Defendants admit that UI initially prepared a SAFT requiring investors who wished to buy tokens during the presale period to be accredited by demonstrating a minimum threshold of income.

38. Answering Paragraph 38 of Plaintiffs' FAC, Defendants contend that the Blockchain SAFT speaks for itself and deny the allegations in Paragraph 38 to the extent that they deviate from the terms of the Blockchain SAFT. Defendants generally and specifically deny the remaining allegations contained in said paragraph.

39. Answering Paragraph 39 of Plaintiffs' FAC, Defendants contend that the Masternode SAFT speaks for itself and deny the allegations in Paragraph 39 to the extent that they deviate from the terms of the Masternode SAFT. Defendants generally and specifically deny the remaining allegations contained in said paragraph.

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

40. Answering Paragraph 40 of Plaintiffs' FAC, Defendants generally and specifically deny the allegations contained in said paragraph, except Defendants admit that Masternode is a Wyoming limited liability company.

41. Answering Paragraph 41 of Plaintiffs' FAC, Defendants state that this Paragraph contains purported legal conclusions and/or statements or recitations of law rather than allegations, and as such, no response is necessary. To the extent that a response is necessary, Defendants deny generally and specifically each and every allegation contained therein.

42. Answering Paragraph 42 of Plaintiffs' FAC, Defendants generally and specifically deny the allegations contained in said paragraph.

43. Answering Paragraph 43 of Plaintiffs' FAC, Defendants generally and specifically deny the allegations contained in said paragraph.

44. Answering Paragraph 44 of Plaintiffs' FAC, Defendants generally and specifically deny the allegations contained in said paragraph, except Defendants admit that Blockchain Funding's principal place of business is in Wyoming.

45. Answering Paragraph 45 of Plaintiffs' FAC, Defendants contend that the Membership Agreement speaks for itself and deny the allegations in Paragraph 44 to the extent that they deviate from the terms of the Membership Agreement. Defendants generally and specifically deny the remaining allegations contained in said paragraph

46. Answering Paragraph 46 of Plaintiffs' FAC, Defendants generally and specifically deny the allegations contained in said paragraph.

47. Answering Paragraph 47 of Plaintiffs' FAC, Defendants generally and specifically deny the allegations contained in said paragraph, except Defendants admit that Blockchain Alliance was administratively dissolved and reinstated.

48. Answering Paragraph 48 of Plaintiffs' FAC, Defendants generally and specifically deny the allegations contained in said paragraph.

49. Answering Paragraph 49 of Plaintiffs' FAC, Defendants contend that the Binding Letter speaks for itself and deny the allegations in Paragraph 49 to the extent that they deviate from

the terms of the Binding Letter. Defendants generally and specifically deny the remaining allegations contained in said paragraph.

50. Answering Paragraph 50 of Plaintiffs' FAC, Defendants contend that the Binding Letter speaks for itself and deny the allegations in Paragraph 50 to the extent that they deviate from the terms of the Binding Letter. Defendants generally and specifically deny the remaining allegations contained in said paragraph.

51. Answering Paragraph 51 of Plaintiffs' FAC, Defendants generally and specifically deny the allegations contained in said paragraph.

52. Answering Paragraph 52 of Plaintiffs' FAC, Defendants generally and specifically deny the allegations contained in said paragraph.

53. Answering Paragraph 53 of Plaintiffs' FAC, Defendants generally and specifically deny the allegations contained in said paragraph.

54. Answering Paragraph 54 of Plaintiffs' FAC, Defendants contend that the referenced invoice speaks for itself and deny the allegations in Paragraph 54 to the extent that they deviate from the contents of the invoice. Defendants generally and specifically deny the remaining allegations contained in said paragraph.

55. Answering Paragraph 55 of Plaintiffs' FAC, Defendants generally and specifically deny the allegations contained in said paragraph.

56. Answering Paragraph 56 of Plaintiffs' FAC, Defendants generally and specifically deny the allegations contained in said paragraph.

57. Answering Paragraph 57 of Plaintiffs' FAC, Defendants generally and specifically deny the remaining allegations contained in said paragraph.

58. Answering Paragraph 58 of Plaintiffs' FAC, Defendants generally and specifically deny the allegations contained in said paragraph, except Defendants admit that the matter (Orange County Action) identified in this allegation, *Denne v. Shuster*, Cal. Sup. Ct., Co. of Orange, Case No. 30-2024-01438251-CU-FR-NJC, exists and speaks for itself.

59. Answering Paragraph 59 of Plaintiffs' FAC, Defendants generally and specifically deny the allegations contained in said paragraph.

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

60. Answering Paragraph 60 of Plaintiffs' FAC, Defendants generally and specifically deny the allegations contained in said paragraph.

61. Answering Paragraph 61 of Plaintiffs' FAC, Defendants contend that the referenced text messages speaks for themselves and deny the allegations in Paragraph 61 to the extent that they deviate from the text of the text messages. Defendants generally and specifically deny the remaining allegations contained in said paragraph.

62. Answering Paragraph 62 of Plaintiffs' FAC, Defendants contend that the Orange County Action speaks for itself and deny the allegations in Paragraph 62 to the extent that they deviate from the docket and filings in the Orange County Action. Defendants generally and specifically deny the remaining allegations contained in said paragraph.

63. Answering Paragraph 63 of Plaintiffs' FAC, Defendants state that this Paragraph contains purported legal conclusions and/or statements or recitations of law rather than allegations, and as such, no response is necessary. To the extent that a response is necessary, Defendants deny generally and specifically each and every allegation contained therein.

64. Answering Paragraph 64 of Plaintiffs' FAC, Defendants contend that ECF Nos. 30, 48, 55, and 73 speak for themselves and deny the allegations in Paragraph 64 to the extent that they deviate from the content of those filings. Defendants generally and specifically deny the remaining allegations contained in said paragraph.

65. Answering Paragraph 65 of Plaintiffs' FAC, Defendants contend that the CA UCC-1 Lien speaks for itself and deny the allegations in Paragraph 65 to the extent that they deviate from the text of the Lien. Defendants generally and specifically deny the remaining allegations contained in said paragraph.

66. Answering Paragraph 66 of Plaintiffs' FAC, Defendants contend that the NV UCC-1 Lien speaks for itself and deny the allegations in Paragraph 66 to the extent that they deviate from the text of the Lien. Defendants generally and specifically deny the remaining allegations contained in said paragraph.

67. Answering Paragraph 67 of Plaintiffs' FAC, Defendants contend that the USPTO Lien speaks for itself and deny the allegations in Paragraph 67 to the extent that they deviate from

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

the text of the Lien. Defendants generally and specifically deny the remaining allegations contained in said paragraph.

68. Answering Paragraph 68 of Plaintiffs' FAC, Defendants contend that the referenced reconveyance speaks for itself and deny the allegations in Paragraph 68 to the extent that they deviate from the text of the reconveyance. Defendants generally and specifically deny the remaining allegations contained in said paragraph.

69. Answering Paragraph 69 of Plaintiffs' FAC, Defendants contend that the referenced emails and text messages speak for themselves and deny the allegations in Paragraph 69 to the extent that they deviate from the text of the emails and text messages. Defendants generally and specifically deny the remaining allegations contained in said paragraph, except Defendants admit that Quinn brokered some communications between Nima and Plaintiffs.

70. Answering Paragraph 70 of Plaintiffs' FAC, Defendants state that this Paragraph contains purported legal conclusions and/or statements or recitations of law rather than allegations, and as such, no response is necessary. To the extent that a response is necessary, Defendants deny generally and specifically each and every allegation contained therein.

71. Answering Paragraph 71 of Plaintiffs' FAC, Defendants contend that the referenced text message speaks for itself and deny the allegations in Paragraph 71 to the extent that they deviate from the text of the text message. Defendants further state that this Paragraph contains purported legal conclusions and/or statements or recitations of law rather than allegations, and as such, no response is necessary. To the extent that a response is necessary, Defendants deny generally and specifically each and every allegation contained therein.

72. Answering Paragraph 72 of Plaintiffs' FAC, Defendants state that this Paragraph contains purported legal conclusions and/or statements or recitations of law rather than allegations, and as such, no response is necessary. To the extent that a response is necessary, Defendants deny generally and specifically each and every allegation contained therein.

73. Answering Paragraph 73 of Plaintiffs' FAC, Defendants state that this Paragraph contains purported legal conclusions and/or statements or recitations of law rather than allegations,

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

and as such, no response is necessary. To the extent that a response is necessary, Defendants deny generally and specifically each and every allegation contained therein.

74. Answering Paragraph 74 of Plaintiffs' FAC, Defendants state that this Paragraph contains purported legal conclusions and/or statements or recitations of law rather than allegations, and as such, no response is necessary. Defendants further state that Defendants are without sufficient knowledge or information upon which to form a belief as to the truth of allegations contained in said paragraph. To the extent that a response is necessary, Defendants deny generally and specifically each and every allegation contained therein, except Defendants admit that Quinn has used the email address brianquinn27@icloud.com and Denne has used the email address joshua@blockchainfunding.com and WhatsApp.

75. Answering Paragraph 75 of Plaintiffs' FAC, Defendants state that this Paragraph contains purported legal conclusions and/or statements or recitations of law rather than allegations, and as such, no response is necessary. Defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the remaining allegations contained in said paragraph, and therefore deny each and every allegation contained therein.

76. Answering Paragraph 76 of Plaintiffs' FAC, Defendants state that this Paragraph contains purported legal conclusions and/or statements or recitations of law rather than allegations, and as such, no response is necessary. To the extent that a response is necessary, Defendants deny generally and specifically each and every allegation contained therein, except Defendants admit that Denne and/or Quinn acted on behalf of Blockchain Funding and Blockchain Alliance, with Quinn only ever acting in the capacity of a consultant, advisor, or authorized representative.[2]

Answering Paragraph 76 of Plaintiffs' FAC, Defendants state that this Paragraph contains purported legal conclusions and/or statements or recitations of law rather than allegations, and as such, no response is necessary. Defendants contend that the emails referenced in this Paragraph speak for themselves and deny the allegations in this Paragraph to the extent that they

[2] The FAC contains two allegations numbered as "76." *See* FAC at 23. The second paragraph of this response address the second allegation labeled "76."

deviate from the text of the emails. Defendants generally and specifically deny the remaining allegations contained in said paragraph.

77. Answering Paragraph 77 of Plaintiffs' FAC, Defendants contend that the referenced electronic communications speak for themselves and deny the allegations in Paragraph 77 to the extent that they deviate from the content of the communications. Defendants state that this Paragraph contains purported legal conclusions and/or statements or recitations of law rather than allegations, and as such, no response is necessary. Defendants generally and specifically deny the remaining allegations contained in said paragraph.

78. Answering Paragraph 78 of Plaintiffs' FAC, Defendants contend that the referenced electronic communications speak for themselves and deny the allegations in Paragraph 78 to the extent that they deviate from the content of the communications. Defendants state that this Paragraph contains purported legal conclusions and/or statements or recitations of law rather than allegations, and as such, no response is necessary. Defendants generally and specifically deny the remaining allegations contained in said paragraph.

79. Answering Paragraph 79 of Plaintiffs' FAC, Defendants contend that the referenced electronic communications speak for themselves and deny the allegations in Paragraph 79 to the extent that they deviate from the content of the communications. Defendants state that this Paragraph contains purported legal conclusions and/or statements or recitations of law rather than allegations, and as such, no response is necessary. Defendants generally and specifically deny the remaining allegations contained in said paragraph.

80. Answering Paragraph 80 of Plaintiffs' FAC, Defendants contend that the referenced electronic communications speak for themselves and deny the allegations in Paragraph 80 to the extent that they deviate from the content of the communications. Defendants state that this Paragraph contains purported legal conclusions and/or statements or recitations of law rather than allegations, and as such, no response is necessary. Defendants generally and specifically deny the remaining allegations contained in said paragraph.

81. Answering Paragraph 81 of Plaintiffs' FAC, Defendants contend that the referenced electronic communications speak for themselves and deny the allegations in Paragraph 81 to the

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

extent that they deviate from the content of the communications. Defendants state that this Paragraph contains purported legal conclusions and/or statements or recitations of law rather than allegations, and as such, no response is necessary. Defendants generally and specifically deny the remaining allegations contained in said paragraph.

82. Answering Paragraph 82 of Plaintiffs' FAC, Defendants contend that the referenced electronic communications and Binding Letter of Intent speak for themselves and deny the allegations in Paragraph 82 to the extent that they deviate from the content of the communications. Defendants state that this Paragraph contains purported legal conclusions and/or statements or recitations of law rather than allegations, and as such, no response is necessary. Defendants generally and specifically deny the remaining allegations contained in said paragraph.

83. Answering Paragraph 83 of Plaintiffs' FAC, Defendants contend that the referenced electronic communications speak for themselves and deny the allegations in Paragraph 83 to the extent that they deviate from the content of the communications. Defendants state that this Paragraph contains purported legal conclusions and/or statements or recitations of law rather than allegations, and as such, no response is necessary. Defendants generally and specifically deny the remaining allegations contained in said paragraph.

84. Answering Paragraph 84 of Plaintiffs' FAC, Defendants contend that the referenced electronic communications speak for themselves and deny the allegations in Paragraph 84 to the extent that they deviate from the content of the communications. Defendants state that this Paragraph contains purported legal conclusions and/or statements or recitations of law rather than allegations, and as such, no response is necessary. Defendants generally and specifically deny the remaining allegations contained in said paragraph.

85. Answering Paragraph 85 of Plaintiffs' FAC, Defendants contend that the referenced electronic communication speaks for itself and deny the allegations in Paragraph 85 to the extent that they deviate from the content of the communication. Defendants state that this Paragraph contains purported legal conclusions and/or statements or recitations of law rather than allegations, and as such, no response is necessary. Defendants generally and specifically deny the remaining allegations contained in said paragraph.

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

86. Answering Paragraph 86 of Plaintiffs' FAC, Defendants contend that the referenced electronic communication speaks for itself and deny the allegations in Paragraph 86 to the extent that they deviate from the content of the communication. Defendants state that this Paragraph contains purported legal conclusions and/or statements or recitations of law rather than allegations, and as such, no response is necessary. Defendants generally and specifically deny the remaining allegations contained in said paragraph.

87. Answering Paragraph 87 of Plaintiffs' FAC, Defendants contend that the referenced recordations speak for themselves and deny the allegations in Paragraph 87 to the extent that they deviate from the content of the recordations. Defendants state that this Paragraph contains purported legal conclusions and/or statements or recitations of law rather than allegations, and as such, no response is necessary. Defendants generally and specifically deny the remaining allegations contained in said paragraph.

88. Answering Paragraph 88 of Plaintiffs' FAC, Defendants contend that the referenced electronic communication speaks for itself and deny the allegations in Paragraph 88 to the extent that they deviate from the content of the communication. Defendants state that this Paragraph contains purported legal conclusions and/or statements or recitations of law rather than allegations, and as such, no response is necessary. Defendants generally and specifically deny the remaining allegations contained in said paragraph, except Defendants admit that presales of UTHER tokens by UDI occurred.

89. Answering Paragraph 89 of Plaintiffs' FAC, Defendants contend that the referenced electronic communication speaks for itself and deny the allegations in Paragraph 89 to the extent that they deviate from the content of the communication. Defendants state that this Paragraph contains purported legal conclusions and/or statements or recitations of law rather than allegations, and as such, no response is necessary. Defendants generally and specifically deny the remaining allegations contained in said paragraph.

90. Answering Paragraph 90 of Plaintiffs' FAC, Defendants contend that the referenced electronic communications speak for themselves and deny the allegations in Paragraph 90 to the extent that they deviate from the content of the communications. Defendants state that this

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

Paragraph contains purported legal conclusions and/or statements or recitations of law rather than allegations, and as such, no response is necessary. Defendants are without sufficient knowledge or information upon which to form a belief as to the truth of allegations contained in said paragraph. Defendants generally and specifically deny the remaining allegations contained in said paragraph.

91. Answering Paragraph 91 of Plaintiffs' FAC, Defendants contend that the referenced emails speak for themselves and deny the allegations in Paragraph 91 to the extent that they deviate from the content of the emails. Defendants state that this Paragraph contains purported legal conclusions and/or statements or recitations of law rather than allegations, and as such, no response is necessary. Defendants generally and specifically deny the remaining allegations contained in said paragraph.

92. Answering Paragraph 92 of Plaintiffs' FAC, Defendants contend that the referenced transmissions speak for themselves and deny the allegations in Paragraph 92 to the extent that they deviate from the content of the transmission. Defendants state that this Paragraph contains purported legal conclusions and/or statements or recitations of law rather than allegations, and as such, no response is necessary. Defendants generally and specifically deny the remaining allegations contained in said paragraph.

93. Answering Paragraph 93 of Plaintiffs' FAC, Defendants contend that the referenced Membership Interest Purchase Agreement speaks for itself and deny the allegations in Paragraph 93 to the extent that they deviate from the content of the Agreement. Defendants state that this Paragraph contains purported legal conclusions and/or statements or recitations of law rather than allegations, and as such, no response is necessary. Defendants generally and specifically deny the remaining allegations contained in said paragraph.

94. Answering Paragraph 94 of Plaintiffs' FAC, Defendants contend that the referenced Blockchain SAFT and email speak for themselves and deny the allegations in Paragraph 94 to the extent that they deviate from the content of the Blockchain SAFT or email. Defendants state that this Paragraph contains purported legal conclusions and/or statements or recitations of law rather than allegations, and as such, no response is necessary. Defendants generally and specifically deny the remaining allegations contained in said paragraph.

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

95. Answering Paragraph 95 of Plaintiffs' FAC, Defendants state that this Paragraph contains purported legal conclusions and/or statements or recitations of law rather than allegations, and as such, no response is necessary. To the extent that a response is necessary, Defendants deny generally and specifically each and every allegation contained therein.

96. Answering Paragraph 96 of Plaintiffs' FAC, Defendants contend that the referenced June 2023 DocHub note, amendments, and transmittal speak for themselves and deny the allegations in Paragraph 96 to the extent that they deviate from the contents of said June 2023 DocHub note, amendments, and transmittal. Defendants state that this Paragraph contains purported legal conclusions and/or statements or recitations of law rather than allegations, and as such, no response is necessary. Defendants generally and specifically deny the remaining allegations contained in said paragraph.

97. Answering Paragraph 97 of Plaintiffs' FAC, Defendants state that this Paragraph contains purported legal conclusions and/or statements or recitations of law rather than allegations, and as such, no response is necessary. To the extent that a response is necessary, Defendants deny generally and specifically each and every allegation contained therein.

98. Answering Paragraph 98 of Plaintiffs' FAC, Defendants state that this Paragraph contains purported legal conclusions and/or statements or recitations of law rather than allegations, and as such, no response is necessary. To the extent that a response is necessary, Defendants deny generally and specifically each and every allegation contained therein.

99. Answering Paragraph 99 of Plaintiffs' FAC, Defendants contend that the referenced transmissions speak for themselves and deny the allegations in Paragraph 99 to the extent that they deviate from the contents of the transmission. Defendants generally and specifically deny the remaining allegations contained in said paragraph.

100. Answering Paragraph 100 of Plaintiffs' FAC, Defendants contend that the referenced Membership Agreement speaks for itself and deny the allegations in Paragraph 100 to the extent that they deviate from the text of the Membership Agreement. Defendants state that this Paragraph contains purported legal conclusions and/or statements or recitations of law rather than

allegations, and as such, no response is necessary. Defendants generally and specifically deny the remaining allegations contained in said paragraph.

101. Answering Paragraph 101 of Plaintiffs' FAC, Defendants contend that the referenced Membership Agreement speaks for itself and deny the allegations in Paragraph 101 to the extent that they deviate from the text of the Membership Agreement. Defendants state that this Paragraph contains purported legal conclusions and/or statements or recitations of law rather than allegations, and as such, no response is necessary. Defendants generally and specifically deny the remaining allegations contained in said paragraph.

102. Answering Paragraph 102 of Plaintiffs' FAC, Defendants state that this Paragraph contains purported legal conclusions and/or statements or recitations of law rather than allegations, and as such, no response is necessary. Defendants generally and specifically deny the remaining allegations contained in said paragraph.

103. Answering Paragraph 103 of Plaintiffs' FAC, Defendants contend that Nevada UCC-1 No. 2025476203-7 speaks for itself and deny the allegations in Paragraph 103 to the extent that they deviate from the content of Nevada UCC-1 No. 2025476203-7. Defendants admit or deny the remaining allegations in this Paragraph consistent with their admissions or denials as to the allegations in Section IV.C of the FAC.[3]

104. Answering Paragraph 104 of Plaintiffs' FAC, Defendants contend that the referenced EPAS submission 509214520 speaks for itself and deny the allegations in Paragraph 104 to the extent that they deviate from the content of EPAS submission 509214520. Defendants state that this Paragraph contains purported legal conclusions and/or statements or recitations of law rather than allegations, and as such, no response is necessary. Defendants admit or deny the remaining allegations in this Paragraph consistent with their admissions or denials as to the allegations in Section IV.C of the FAC.

[3] This allegation references a "Section IV.C above," but the FAC does not use this label for any section. To the extent the section exists, Defendants admit or deny the allegations in this paragraph consistent with its admissions and denials to the allegations in that section above. Likewise, wherever else Plaintiffs refer to sections by such symbols, Defendants admit or deny the allegations consistent with Defendants' admissions and denials in whatever section to which Plaintiffs may be referring.

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

105. Answering Paragraph 105 of Plaintiffs' FAC, Defendants generally and specifically deny the allegations contained in said paragraph, except Defendants admit that Quinn directed Namazi to file the January 10, 2025 California UCC-1.

106. Answering Paragraph 106 of Plaintiffs' FAC, Defendants contend that the referenced text exchange speaks for itself and deny the allegations in Paragraph 106 to the extent that they deviate from the content of the text exchange. Defendants state that this Paragraph contains purported legal conclusions and/or statements or recitations of law rather than allegations, and as such, no response is necessary. To the extent that a response is necessary, Defendants deny generally and specifically each and every allegation contained therein, except Defendants admit that Namazi has acted as Quinn's assistant.

107. Answering Paragraph 107 of Plaintiffs' FAC, Defendants state that this Paragraph contains purported legal conclusions and/or statements or recitations of law rather than allegations, and as such, no response is necessary. To the extent that a response is necessary, Defendants deny generally and specifically each and every allegation contained therein.

108. Answering Paragraph 108 of Plaintiffs' FAC, Defendants contend that the referenced Masternode SAFT speaks for itself and deny the allegations in Paragraph 108 to the extent that they deviate from the text of the Masternode SAFT. Defendants state that this Paragraph contains purported legal conclusions and/or statements or recitations of law rather than allegations, and as such, no response is necessary. Defendants generally and specifically deny the remaining allegations contained in said paragraph.

109. Answering Paragraph 109 of Plaintiffs' FAC, Defendants contend that the referenced email speaks for itself and deny the allegations in Paragraph 109 to the extent that they deviate from the content of the email. Defendants generally and specifically deny the remaining allegations contained in said paragraph.

110. Answering Paragraph 110 of Plaintiffs' FAC, Defendants contend that the referenced email speaks for itself and deny the allegations in Paragraph 110 to the extent that they deviate from the content of the email. Defendants generally and specifically deny the remaining allegations contained in said paragraph.

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

111. Answering Paragraph 111 of Plaintiffs' FAC, Defendants state that this Paragraph contains purported legal conclusions and/or statements or recitations of law rather than allegations, and as such, no response is necessary. To the extent a response is necessary, Defendants deny generally and specifically each and every allegation contained therein.

112. Answering Paragraph 112 of Plaintiffs' FAC, Defendants contend that the referenced email speaks for itself and deny the allegations in Paragraph 112 to the extent that they deviate from the text of said email. Defendants state that this Paragraph contains purported legal conclusions and/or statements or recitations of law rather than allegations, and as such, no response is necessary. Defendants generally and specifically deny the remaining allegations contained in said paragraph.

113. Answering Paragraph 113 of Plaintiffs' FAC, Defendants contend that the referenced email and executed instrument speak for themselves and deny the allegations in Paragraph 113 to the extent that they deviate from the text of said email and instrument. Defendants state that this Paragraph contains purported legal conclusions and/or statements or recitations of law rather than allegations, and as such, no response is necessary. Defendants generally and specifically deny the remaining allegations contained in said paragraph.

114. Answering Paragraph 114 of Plaintiffs' FAC, Defendants contend that the referenced email and wiring instructions speak for themselves and deny the allegations in Paragraph 114 to the extent that they deviate from the text of said email and instructions. Defendants generally and specifically deny the remaining allegations contained in said paragraph.

115. Answering Paragraph 115 of Plaintiffs' FAC, Defendants contend that the referenced email and wiring instructions speak for themselves and deny the allegations in Paragraph 115 to the extent that they deviate from the text of said email and instructions. Defendants state that this Paragraph contains purported legal conclusions and/or statements or recitations of law rather than allegations, and as such, no response is necessary. Defendants generally and specifically deny the remaining allegations contained in said paragraph.

116. Answering Paragraph 116 of Plaintiffs' FAC, Defendants contend that the referenced email and wire instructions speak for themselves and deny the allegations in Paragraph

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

116 to the extent that they deviate from the text of said email and instructions. Defendants state that this Paragraph contains purported legal conclusions and/or statements or recitations of law rather than allegations, and as such, no response is necessary. Defendants generally and specifically deny the remaining allegations contained in said paragraph.

117. Answering Paragraph 117 of Plaintiffs' FAC, Defendants contend that the referenced email and wire instructions speak for themselves and deny the allegations in Paragraph 117 to the extent that they deviate from the text of said email and instructions. Defendants state that this Paragraph contains purported legal conclusions and/or statements or recitations of law rather than allegations, and as such, no response is necessary. Defendants generally and specifically deny the remaining allegations contained in said paragraph.

118. Answering Paragraph 118 of Plaintiffs' FAC, Defendants contend that the referenced email speaks for itself and deny the allegations in Paragraph 118 to the extent that they deviate from the text of said email. Defendants generally and specifically deny the remaining allegations contained in said paragraph.

119. Answering Paragraph 119 of Plaintiffs' FAC, Defendants contend that the referenced email and Masternode SAFT speak for themselves and deny the allegations in Paragraph 119 to the extent that they deviate from the text of said email and Masternode SAFT. Defendants state that this Paragraph contains purported legal conclusions and/or statements or recitations of law rather than allegations, and as such, no response is necessary. Defendants generally and specifically deny the remaining allegations contained in said paragraph.

120. Answering Paragraph 120 of Plaintiffs' FAC, Defendants contend that the referenced email speaks for itself and deny the allegations in Paragraph 120 to the extent that they deviate from the text of said email. Defendants state that this Paragraph contains purported legal conclusions and/or statements or recitations of law rather than allegations, and as such, no response is necessary. Defendants generally and specifically deny the remaining allegations contained in said paragraph.

121. Answering Paragraph 121 of Plaintiffs' FAC, Defendants contend that the referenced email speaks for itself and deny the allegations in Paragraph 121 to the extent that they

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

deviate from the text of said email. Defendants state that this Paragraph contains purported legal conclusions and/or statements or recitations of law rather than allegations, and as such, no response is necessary. Defendants generally and specifically deny the remaining allegations contained in said paragraph.

122. Answering Paragraph 122 of Plaintiffs' FAC, Defendants contend that the referenced email speaks for itself and deny the allegations in Paragraph 122 to the extent that they deviate from the text of said email. Defendants state that this Paragraph contains purported legal conclusions and/or statements or recitations of law rather than allegations, and as such, no response is necessary. Defendants generally and specifically deny the remaining allegations contained in said paragraph.

123. Answering Paragraph 123 of Plaintiffs' FAC, Defendants contend that the referenced Masternode SAFT speaks for itself and deny the allegations in Paragraph 123 to the extent that they deviate from the text of said Masternode SAFT. Defendants state that this Paragraph contains purported legal conclusions and/or statements or recitations of law rather than allegations, and as such, no response is necessary. Defendants generally and specifically deny the remaining allegations contained in said paragraph.

124. Answering Paragraph 124 of Plaintiffs' FAC, Defendants contend that the referenced documents speak for themselves and deny the allegations in Paragraph 124 to the extent that they deviate from the text of said Masternode SAFT and notice. Defendants state that this Paragraph contains purported legal conclusions and/or statements or recitations of law rather than allegations, and as such, no response is necessary. Defendants generally and specifically deny the remaining allegations contained in said paragraph.

125. Answering Paragraph 125 of Plaintiffs' FAC, Defendants state that this Paragraph contains purported legal conclusions and/or statements or recitations of law rather than allegations, and as such, no response is necessary. Defendants generally and specifically deny the remaining allegations contained in said paragraph.

126. Answering Paragraph 126 of Plaintiffs' FAC, Defendants state that this Paragraph contains purported legal conclusions and/or statements or recitations of law rather than allegations,

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

and as such, no response is necessary. Defendants generally and specifically deny the remaining allegations contained in said paragraph.

127. Answering Paragraph 127 of Plaintiffs' FAC, Defendants contend that the referenced "SAFT-transmittal and Advisor-Investments wires" and "signatory-designation and capacity-representation wires" speak for themselves and deny the allegations in Paragraph 127 to the extent that they deviate from the text of said "wires." Defendants state that this Paragraph contains purported legal conclusions and/or statements or recitations of law rather than allegations, and as such, no response is necessary. Defendants generally and specifically deny the remaining allegations contained in said paragraph.

128. Answering Paragraph 128 of Plaintiffs' FAC, Defendants contend that the referenced "wire[s]" speak for themselves and deny the allegations in Paragraph 128 to the extent that they deviate from the text of said "wire[s]." Defendants state that this Paragraph contains purported legal conclusions and/or statements or recitations of law rather than allegations, and as such, no response is necessary. Defendants generally and specifically deny the remaining allegations contained in said paragraph.

129. Answering Paragraph 129 of Plaintiffs' FAC, Defendants contend that the referenced "electronic mail" speaks for itself and deny the allegations in Paragraph 129 to the extent that they deviate from the text of said "electronic mail." Defendants state that this Paragraph contains purported legal conclusions and/or statements or recitations of law rather than allegations, and as such, no response is necessary. Defendants generally and specifically deny the remaining allegations contained in said paragraph.

130. Answering Paragraph 130 of Plaintiffs' FAC, Defendants contend that the referenced email and Letter of Intent speak for themselves and deny the allegations in Paragraph 130 to the extent that they deviate from the text of said email and Letter of Intent. Defendants state that this Paragraph contains purported legal conclusions and/or statements or recitations of law rather than allegations, and as such, no response is necessary. Defendants generally and specifically deny the remaining allegations contained in said paragraph.

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

131. Answering Paragraph 131 of Plaintiffs' FAC, Defendants contend that the referenced transmission speaks for itself and deny the allegations in Paragraph 131 to the extent that they deviate from the content of said transmission. Defendants state that this Paragraph contains purported legal conclusions and/or statements or recitations of law rather than allegations, and as such, no response is necessary. Defendants generally and specifically deny the remaining allegations contained in said paragraph.

132. Answering Paragraph 132 of Plaintiffs' FAC, Defendants contend that the referenced "wire" speaks for itself and deny the allegations in Paragraph 132 to the extent that they deviate from the text of said "wire." Defendants state that this Paragraph contains purported legal conclusions and/or statements or recitations of law rather than allegations, and as such, no response is necessary. Defendants generally and specifically deny the remaining allegations contained in said paragraph.

133. Answering Paragraph 133 of Plaintiffs' FAC, Defendants contend that the referenced "drafting-and-transmittal-sequence" speaks for itself and deny the allegations in Paragraph 133 to the extent that they deviate from the contents of said "drafting-and-transmittal sequence." Defendants generally and specifically deny the remaining allegations contained in said paragraph.

134. Answering Paragraph 134 of Plaintiffs' FAC, Defendants contend that the referenced "drafting-and-transmittal sequence" speaks for itself (including the "senders and recipients" listed therein) and deny the allegations in Paragraph 134 to the extent that they deviate from the contents of said "drafting-and-submittal sequence." Defendants generally and specifically deny the remaining allegations contained in said paragraph.

135. Answering Paragraph 135 of Plaintiffs' FAC, Defendants contend that the referenced "drafting-and-transmittal sequence" and "resulting instrument" speak for themselves and deny the allegations in Paragraph 135 to the extent that they deviate from the text of said "drafting-and-submittal sequence" and "resulting instrument." Defendants state that this Paragraph contains purported legal conclusions and/or statements or recitations of law rather than allegations,

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

and as such, no response is necessary. Defendants generally and specifically deny the remaining allegations contained in said paragraph.

136. Answering Paragraph 136 of Plaintiffs' FAC, Defendants contend that the referenced "transmissions" and "instrument" speak for themselves and deny the allegations in Paragraph 136 to the extent that they deviate from the text of said "transmissions" and "instrument." Defendants generally and specifically deny the remaining allegations contained in said paragraph.

137. Answering Paragraph 137 of Plaintiffs' FAC, Defendants contend that the referenced "transmissions" and "instrument" speak for themselves and deny the allegations in Paragraph 137 to the extent that they deviate from the text of said "transmissions" and "instrument." Defendants state that this Paragraph contains purported legal conclusions and/or statements or recitations of law rather than allegations, and as such, no response is necessary. Defendants generally and specifically deny the remaining allegations contained in said paragraph.

138. Answering Paragraph 138 of Plaintiffs' FAC, Defendants contend that the referenced "electronic message" speaks for itself and deny the allegations in Paragraph 138 to the extent that they deviate from the text of said "electronic message." Defendants generally and specifically deny the remaining allegations contained in said paragraph.

139. Answering Paragraph 139 of Plaintiffs' FAC, to the extent this Paragraph is describing the contents of the "electronic message" mentioned in Paragraph 138, Defendants contend that the referenced "electronic message" speaks for itself and deny the allegations in Paragraph 139 to the extent that they deviate from the text of said "electronic message." Defendants generally and specifically deny the remaining allegations contained in said paragraph.

140. Answering Paragraph 140 of Plaintiffs' FAC, Defendants contend that the referenced "communication," including the senders and recipients listed therein, speaks for itself and deny the allegations in Paragraph 140 to the extent that they deviate from the content of said "communication." Defendants state that this Paragraph contains purported legal conclusions and/or statements or recitations of law rather than allegations, and as such, no response is necessary. Defendants generally and specifically deny the remaining allegations contained in said paragraph.

141. Answering Paragraph 141 of Plaintiffs' FAC, Defendants generally and specifically deny the allegations contained in said paragraph.

142. Answering Paragraph 142 of Plaintiffs' FAC, Defendants are without sufficient knowledge or information upon which to form a belief as to the truth of allegations contained in said paragraph, particularly what Shuster "recounted." Defendants state that this Paragraph contains purported legal conclusions and/or statements or recitations of law rather than allegations, and as such, no response is necessary. Defendants generally and specifically deny the remaining allegations contained in said paragraph.

143. Answering Paragraph 143 of Plaintiffs' FAC, Defendants contend that the communications, transmissions, Masternode SAFT, and Orange County Action referenced in this Paragraph speak for themselves and deny the allegations in Paragraph 143 to the extent that they deviate from the contents of said communications, transmissions, Masternode SAFT, and Orange County Action. Defendants state that this Paragraph contains purported legal conclusions and/or statements or recitations of law rather than allegations, and as such, no response is necessary. Defendants generally and specifically deny the remaining allegations contained in said paragraph, except Defendants admit that Martin is Denne's mother.

144. Answering Paragraph 144 of Plaintiffs' FAC, Defendants generally and specifically deny the allegations contained in said paragraph.

145. Answering Paragraph 145 of Plaintiffs' FAC, Defendants generally and specifically deny the allegations contained in said paragraph.

146. Answering Paragraph 146 of Plaintiffs' FAC, Defendants state that this Paragraph contains purported legal conclusions and/or statements or recitations of law rather than allegations, and as such, no response is necessary. Defendants generally and specifically deny the remaining allegations contained in said paragraph.

147. Answering Paragraph 147 of Plaintiffs' FAC, Defendants generally and specifically deny the allegations contained in said paragraph.

148. Answering Paragraph 148 of Plaintiffs' FAC, Defendants generally and specifically deny the allegations contained in said paragraph.

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

149. Answering Paragraph 149 of Plaintiffs' FAC, Defendants contend that the referenced text messages and email speak for themselves and deny the allegations in Paragraph 149 to the extent that they deviate from the content of said text messages and email. Defendants state that this Paragraph contains purported legal conclusions and/or statements or recitations of law rather than allegations, and as such, no response is necessary. Defendants generally and specifically deny the remaining allegations contained in said paragraph.

150. Answering Paragraph 150 of Plaintiffs' FAC, Defendants contend that the referenced email speaks for itself and deny the allegations in Paragraph 150 to the extent that they deviate from the content of said email. Defendants generally and specifically deny the remaining allegations contained in said paragraph.

151. Answering Paragraph 151 of Plaintiffs' FAC, Defendants state that this Paragraph contains purported legal conclusions and/or statements or recitations of law rather than allegations, and as such, no response is necessary. To the extent that a response is necessary, Defendants deny generally and specifically each and every allegation contained therein.

152. Defendants admit or deny the allegations in Paragraph 152 consistent with the above admissions and denials.

153. Answering Paragraph 153 of Plaintiffs' FAC, Defendants state that this Paragraph contains purported legal conclusions and/or statements or recitations of law rather than allegations, and as such, no response is necessary. To the extent that a response is necessary, Defendants deny generally and specifically each and every allegation contained therein.

154. Answering Paragraph 154 of Plaintiffs' FAC, Defendants state that this Paragraph contains purported legal conclusions and/or statements or recitations of law rather than allegations, and as such, no response is necessary. To the extent that a response is necessary, Defendants deny generally and specifically each and every allegation contained therein.

155. Answering Paragraph 155 of Plaintiffs' FAC, Defendants state that this Paragraph contains purported legal conclusions and/or statements or recitations of law rather than allegations, and as such, no response is necessary. To the extent that a response is necessary, Defendants deny generally and specifically each and every allegation contained therein.

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

156. Answering Paragraph 156 of Plaintiffs' FAC, Defendants state that this Paragraph contains purported legal conclusions and/or statements or recitations of law rather than allegations, and as such, no response is necessary. To the extent that a response is necessary, Defendants deny generally and specifically each and every allegation contained therein.

157. Defendants admit or deny the allegations in Paragraph 157 consistent with the above admissions and denials.

158. Answering Paragraph 158 of Plaintiffs' FAC, Defendants state that this Paragraph contains purported legal conclusions and/or statements or recitations of law rather than allegations, and as such, no response is necessary. To the extent that a response is necessary, Defendants deny generally and specifically each and every allegation contained therein.

159. Answering Paragraph 159 of Plaintiffs' FAC, Defendants state that this Paragraph contains purported legal conclusions and/or statements or recitations of law rather than allegations, and as such, no response is necessary. To the extent that a response is necessary, Defendants deny generally and specifically each and every allegation contained therein.

160. Defendants admit or deny the allegations in Paragraph 160 consistent with the above admissions and denials.

161. Answering Paragraph 161 of Plaintiffs' FAC, Defendants contend that the referenced NIYA Note, Consulting Agreement, Blockchain SAFT, Masternode SAFT, and Blockchain Note speak for themselves and deny the allegations in Paragraph 161 to the extent that they deviate from the content of said NIYA Note, Consulting Agreement, Blockchain SAFT, Masternode SAFT, and Blockchain Note. Defendants state that this Paragraph contains purported legal conclusions and/or statements or recitations of law rather than allegations, and as such, no response is necessary. Defendants generally and specifically deny the remaining allegations contained in said paragraph.

162. Answering Paragraph 162 of Plaintiffs' FAC, Defendants generally and specifically deny the allegations contained in said paragraph.

163. Answering Paragraph 163 of Plaintiffs' FAC, Defendants generally and specifically deny the allegations contained in said paragraph

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

164. Answering Paragraph 164 of Plaintiffs' FAC, Defendants state that this Paragraph contains purported legal conclusions and/or statements or recitations of law rather than allegations, and as such, no response is necessary. To the extent that a response is necessary, Defendants deny generally and specifically each and every allegation contained therein.

165. Answering Paragraph 165 of Plaintiffs' FAC, Defendants state that this Paragraph contains purported legal conclusions and/or statements or recitations of law rather than allegations, and as such, no response is necessary. To the extent that a response is necessary, Defendants deny generally and specifically each and every allegation contained therein.

166. Answering Paragraph 166 of Plaintiffs' FAC, Defendants state that this Paragraph contains purported legal conclusions and/or statements or recitations of law rather than allegations, and as such, no response is necessary. To the extent that a response is necessary, Defendants deny generally and specifically each and every allegation contained therein.

167. Answering Paragraph 167 of Plaintiffs' FAC, Defendants state that this Paragraph contains purported legal conclusions and/or statements or recitations of law rather than allegations, and as such, no response is necessary. To the extent that a response is necessary, Defendants deny generally and specifically each and every allegation contained therein.

168. Answering Paragraph 168 of Plaintiffs' FAC, Defendants state that this Paragraph contains purported legal conclusions and/or statements or recitations of law rather than allegations, and as such, no response is necessary. To the extent that a response is necessary, Defendants deny generally and specifically each and every allegation contained therein.

169. Answering Paragraph 169 of Plaintiffs' FAC, Defendants state that this Paragraph contains purported legal conclusions and/or statements or recitations of law rather than allegations, and as such, no response is necessary. To the extent that a response is necessary, Defendants deny generally and specifically each and every allegation contained therein.

170. Defendants admit or deny the allegations in Paragraph 170 consistent with the above admissions and denials.

171. Answering Paragraph 171 of Plaintiffs' FAC, Defendants generally and specifically deny the allegations contained in said paragraph.

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

172. Answering Paragraph 172 of Plaintiffs' FAC, Defendants generally and specifically deny the allegations contained in said paragraph.

173. Answering Paragraph 173 of Plaintiffs' FAC, Defendants state that this Paragraph contains purported legal conclusions and/or statements or recitations of law rather than allegations, and as such, no response is necessary. To the extent that a response is necessary, Defendants deny generally and specifically each and every allegation contained therein.

174. Answering Paragraph 174 of Plaintiffs' FAC, Defendants state that this Paragraph contains purported legal conclusions and/or statements or recitations of law rather than allegations, and as such, no response is necessary. To the extent that a response is necessary, Defendants deny generally and specifically each and every allegation contained therein.

175. Answering Paragraph 175 of Plaintiffs' FAC, Defendants state that this Paragraph contains purported legal conclusions and/or statements or recitations of law rather than allegations, and as such, no response is necessary. To the extent that a response is necessary, Defendants deny generally and specifically each and every allegation contained therein.

176. Answering Paragraph 176 of Plaintiffs' FAC, Defendants state that this Paragraph contains purported legal conclusions and/or statements or recitations of law rather than allegations, and as such, no response is necessary. To the extent that a response is necessary, Defendants deny generally and specifically each and every allegation contained therein.

177. Answering Paragraph 177 of Plaintiffs' FAC, Defendants state that this Paragraph contains purported legal conclusions and/or statements or recitations of law rather than allegations, and as such, no response is necessary. To the extent that a response is necessary, Defendants deny generally and specifically each and every allegation contained therein.

178. Defendants admit or deny the allegations in Paragraph 178 consistent with the above admissions and denials.

179. Answering Paragraph 179 of Plaintiffs' FAC, Defendants state that this Paragraph contains purported legal conclusions and/or statements or recitations of law rather than allegations, and as such, no response is necessary. To the extent that a response is necessary, Defendants deny generally and specifically each and every allegation contained therein.

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

180. Answering Paragraph 180 of Plaintiffs' FAC, Defendants state that this Paragraph contains purported legal conclusions and/or statements or recitations of law rather than allegations, and as such, no response is necessary. To the extent that a response is necessary, Defendants deny generally and specifically each and every allegation contained therein.

181. Answering Paragraph 181 of Plaintiffs' FAC, Defendants state that this Paragraph contains purported legal conclusions and/or statements or recitations of law rather than allegations, and as such, no response is necessary. To the extent that a response is necessary, Defendants deny generally and specifically each and every allegation contained therein.

182. Answering Paragraph 182 of Plaintiffs' FAC, Defendants state that this Paragraph contains purported legal conclusions and/or statements or recitations of law rather than allegations, and as such, no response is necessary. To the extent that a response is necessary, Defendants deny generally and specifically each and every allegation contained therein.

183. Answering Paragraph 183 of Plaintiffs' FAC, Defendants state that this Paragraph contains purported legal conclusions and/or statements or recitations of law rather than allegations, and as such, no response is necessary. To the extent that a response is necessary, Defendants deny generally and specifically each and every allegation contained therein.

184. Answering Paragraph 184 of Plaintiffs' FAC, Defendants state that this Paragraph contains purported legal conclusions and/or statements or recitations of law rather than allegations, and as such, no response is necessary. To the extent that a response is necessary, Defendants deny generally and specifically each and every allegation contained therein.

185. Answering Paragraph 185 of Plaintiffs' FAC, Defendants state that this Paragraph contains purported legal conclusions and/or statements or recitations of law rather than allegations, and as such, no response is necessary. To the extent that a response is necessary, Defendants deny generally and specifically each and every allegation contained therein.

186. Defendants admit or deny the allegations in Paragraph 186 consistent with the above admissions and denials.

187. Answering Paragraph 187 of Plaintiffs' FAC, Defendants state that this Paragraph contains purported legal conclusions and/or statements or recitations of law rather than allegations,

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

and as such, no response is necessary. To the extent that a response is necessary, Defendants deny generally and specifically each and every allegation contained therein.

188. Answering Paragraph 188 of Plaintiffs' FAC, Defendants state that this Paragraph contains purported legal conclusions and/or statements or recitations of law rather than allegations, and as such, no response is necessary. To the extent that a response is necessary, Defendants deny generally and specifically each and every allegation contained therein.

189. Answering Paragraph 189 of Plaintiffs' FAC, Defendants state that this Paragraph contains purported legal conclusions and/or statements or recitations of law rather than allegations, and as such, no response is necessary. To the extent that a response is necessary, Defendants deny generally and specifically each and every allegation contained therein.

190. Answering Paragraph 190 of Plaintiffs' FAC, Defendants state that this Paragraph contains purported legal conclusions and/or statements or recitations of law rather than allegations, and as such, no response is necessary. To the extent that a response is necessary, Defendants deny generally and specifically each and every allegation contained therein.

191. Answering Paragraph 191 of Plaintiffs' FAC, Defendants state that this Paragraph contains purported legal conclusions and/or statements or recitations of law rather than allegations, and as such, no response is necessary. To the extent that a response is necessary, Defendants deny generally and specifically each and every allegation contained therein.

192. Answering Paragraph 192 of Plaintiffs' FAC, Defendants state that this Paragraph contains purported legal conclusions and/or statements or recitations of law rather than allegations, and as such, no response is necessary. To the extent that a response is necessary, Defendants deny generally and specifically each and every allegation contained therein.

193. Defendants admit or deny the allegations in Paragraph 193 consistent with the above admissions and denials.

194. Answering Paragraph 194 of Plaintiffs' FAC, Defendants state that this Paragraph contains purported legal conclusions and/or statements or recitations of law rather than allegations, and as such, no response is necessary. To the extent that a response is necessary, Defendants deny generally and specifically each and every allegation contained therein.

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

195. Answering Paragraph 195 of Plaintiffs' FAC, Defendants state that this Paragraph contains purported legal conclusions and/or statements or recitations of law rather than allegations, and as such, no response is necessary. To the extent that a response is necessary, Defendants deny generally and specifically each and every allegation contained therein.

196. Answering Paragraph 196 of Plaintiffs' FAC, Defendants state that this Paragraph contains purported legal conclusions and/or statements or recitations of law rather than allegations, and as such, no response is necessary. To the extent that a response is necessary, Defendants deny generally and specifically each and every allegation contained therein.

197. Answering Paragraph 197 of Plaintiffs' FAC, Defendants state that this Paragraph contains purported legal conclusions and/or statements or recitations of law rather than allegations, and as such, no response is necessary. To the extent that a response is necessary, Defendants deny generally and specifically each and every allegation contained therein.

198. Answering Paragraph 198 of Plaintiffs' FAC, Defendants state that this Paragraph contains purported legal conclusions and/or statements or recitations of law rather than allegations, and as such, no response is necessary. To the extent that a response is necessary, Defendants deny generally and specifically each and every allegation contained therein.

199. Answering Paragraph 199 of Plaintiffs' FAC, Defendants state that this Paragraph contains purported legal conclusions and/or statements or recitations of law rather than allegations, and as such, no response is necessary. To the extent that a response is necessary, Defendants deny generally and specifically each and every allegation contained therein.

200. Defendants admit or deny the allegations in Paragraph 200 consistent with the above admissions and denials.

201. Answering Paragraph 201 of Plaintiffs' FAC, Defendants state that this Paragraph contains purported legal conclusions and/or statements or recitations of law rather than allegations, and as such, no response is necessary. To the extent that a response is necessary, Defendants deny generally and specifically each and every allegation contained therein.

202. Answering Paragraph 202 of Plaintiffs' FAC, Defendants state that this Paragraph contains purported legal conclusions and/or statements or recitations of law rather than allegations,

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

and as such, no response is necessary. To the extent that a response is necessary, Defendants deny generally and specifically each and every allegation contained therein.

203. Answering Paragraph 203 of Plaintiffs' FAC, Defendants state that this Paragraph contains purported legal conclusions and/or statements or recitations of law rather than allegations, and as such, no response is necessary. To the extent that a response is necessary, Defendants deny generally and specifically each and every allegation contained therein.

204. Answering Paragraph 204 of Plaintiffs' FAC, Defendants state that this Paragraph contains purported legal conclusions and/or statements or recitations of law rather than allegations, and as such, no response is necessary. To the extent that a response is necessary, Defendants deny generally and specifically each and every allegation contained therein.

205. Answering Paragraph 205 of Plaintiffs' FAC, Defendants contend that the referenced June 2026 settlement agreement speaks for itself and deny the allegations in Paragraph 205 to the extent that they deviate from the terms of the settlement. Defendants generally and specifically deny the remaining allegations contained in said paragraph. Defendants state that this Paragraph contains purported legal conclusions and/or statements or recitations of law rather than allegations, and as such, no response is necessary. To the extent that a response is necessary, Defendants deny generally and specifically each and every allegation contained therein.

206. Answering Paragraph 206 of Plaintiffs' FAC, Defendants state that this Paragraph contains purported legal conclusions and/or statements or recitations of law rather than allegations, and as such, no response is necessary. To the extent that a response is necessary, Defendants deny generally and specifically each and every allegation contained therein.

207. Answering Paragraph 207 of Plaintiffs' FAC, Defendants state that this Paragraph contains purported legal conclusions and/or statements or recitations of law rather than allegations, and as such, no response is necessary. To the extent that a response is necessary, Defendants deny generally and specifically each and every allegation contained therein.

208. Defendants admit or deny the allegations in Paragraph 208 consistent with the above admissions and denials.

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

209. Answering Paragraph 209 of Plaintiffs' FAC, Defendants state that this Paragraph contains purported legal conclusions and/or statements or recitations of law rather than allegations, and as such, no response is necessary. To the extent that a response is necessary, Defendants deny generally and specifically each and every allegation contained therein.

210. Answering Paragraph 210 of Plaintiffs' FAC, Defendants state that this Paragraph contains purported legal conclusions and/or statements or recitations of law rather than allegations, and as such, no response is necessary. To the extent that a response is necessary, Defendants deny generally and specifically each and every allegation contained therein.

211. Answering Paragraph 211 of Plaintiffs' FAC, Defendants state that this Paragraph contains purported legal conclusions and/or statements or recitations of law rather than allegations, and as such, no response is necessary. To the extent that a response is necessary, Defendants deny generally and specifically each and every allegation contained therein.

212. Answering Paragraph 212 of Plaintiffs' FAC, Defendants state that this Paragraph contains purported legal conclusions and/or statements or recitations of law rather than allegations, and as such, no response is necessary. To the extent that a response is necessary, Defendants deny generally and specifically each and every allegation contained therein.

213. Answering Paragraph 213 of Plaintiffs' FAC, Defendants state that this Paragraph contains purported legal conclusions and/or statements or recitations of law rather than allegations, and as such, no response is necessary. To the extent that a response is necessary, Defendants deny generally and specifically each and every allegation contained therein.

214. Answering Paragraph 214 of Plaintiffs' FAC, Defendants state that this Paragraph contains purported legal conclusions and/or statements or recitations of law rather than allegations, and as such, no response is necessary. To the extent that a response is necessary, Defendants deny generally and specifically each and every allegation contained therein.

215. Answering Paragraph 215 of Plaintiffs' FAC, Defendants state that this Paragraph contains purported legal conclusions and/or statements or recitations of law rather than allegations, and as such, no response is necessary. To the extent that a response is necessary, Defendants deny generally and specifically each and every allegation contained therein.

216. Answering Paragraph 216 of Plaintiffs' FAC, Defendants state that this Paragraph contains purported legal conclusions and/or statements or recitations of law rather than allegations, and as such, no response is necessary. To the extent that a response is necessary, Defendants deny generally and specifically each and every allegation contained therein.

**AFFIRMATIVE DEFENSES**

1. Plaintiffs failed to state a claim against Defendants on which relief can be granted.

2. Plaintiffs failed to join indispensable parties; namely, the investors to whom Plaintiffs allege Defendants sold tokens or stock without authorization.

3. Plaintiffs failed to plead their claims with particularity.

4. Plaintiffs' claims are barred by Plaintiffs' unclean hands.

5. Plaintiffs' claim are barred as a result of Plaintiffs' prior wrongful conduct.

6. Defendants acted in a legally permissible way.

7. Plaintiffs' claims have been waived because of Plaintiffs' conduct.

8. Plaintiffs' claims are barred as a result of lack of good faith.

9. Defendants have properly and legally fulfilled their duties and obligations.

10. Plaintiffs failed to perform as promised.

11. Defendants fulfilled their duty to deal with Plaintiffs in good faith.

12. Defendants made no false representations of material fact which they knew to be false.

13. Defendants had no intent to defraud Plaintiffs.

14. Defendants' conduct was not oppressive, fraudulent, nor committed with malice.

15. Plaintiffs have not been injured as a result of any deceptive acts of Defendants.

16. Defendants' acts of dominion, if any, were not wrongful.

17. The claims, and each of them, for wrongful detention of personal property and conversion, are barred by the failure to satisfy conditions precedent.

18. Defendants committed no intentional acts intended or designed to disrupt contractual relationships of Plaintiffs.

19. No actual disruption of contract occurred to Plaintiffs' contracts.

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

20. Defendants did not intend to harm Plaintiffs if any relationship was prevented between Plaintiffs and a third party.

21. This court lacks personal jurisdiction over Jeremy Roma because as a resident of California he (i) does not have contacts with the state of Nevada that are so continuous and systematic that he is essentially "at home" in Nevada and (ii) has not purposefully availed himself of the privilege of acting in the state of Nevada or of causing important consequences in the forum state.

22. This court lacks personal jurisdiction over Lynne Martin because as a resident of California she (i) does not have contacts with the state of Nevada that are so continuous and systematic that she is essentially "at home" in Nevada and (ii) has not purposefully availed herself of the privilege of acting in the state of Nevada or of causing important consequences in the forum state.

WHEREFORE, Defendants pray for relief as follows:

1. That Plaintiffs take nothing by their Complaint.

2. That Defendants be awarded their attorneys' fees and costs incurred in defending against the Complaint.

3. That Defendants be awarded any other relief that the Court deems appropriate.

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

## AMENDED COUNTERCLAIM

Counterclaimants Brian Quinn ("Quinn"), Joshua Denne ("Denne"), Blockchain Funding, Inc. ("Blockchain Funding"), Blockchain Alliance LLC ("Blockchain Alliance"), and Masternode Partners, LLC ("Masternode") (collectively, "Counterclaimants") allege as follows against Counter-defendants Utherverse, Inc. ("Utherverse Inc."), Brian Shuster ("Shuster"), Utherverse Digital, Inc. ("Utherverse Digital"), and Utherverse International Ltd. ("Utherverse International") (collectively, "Counter-Defendants"):

### SUMMARY

1. This case involves the failure of Counter-Defendants to perform under five separate agreements related to supporting the growth and development of Utherverse Inc., Utherverse Digital, and Utherverse International (collectively, "Utherverse" or the "Utherverse Entities") and their efforts to launch an Utherverse cryptocurrency token ("Utherverse Token").

2. In exchange for Counterclaimants' funds and promotional and development efforts, Counter-Defendants promised, among other things, to repay a loan of $350,000.00 at 5% interest secured by stock and provide Counterclaimants with Utherverse Tokens when they were minted. The Utherverse Tokens were minted, but Counterclaimants never received any of the Utherverse Tokens, have not received any loan payments or the stock pledged as collateral for the loan, and have not been remitted any of the funds Counterclaimants provided in support of the Utherverse Entities. Counterclaimants now seek compensatory and consequential damages for Counter-Defendants' breaches.

### PARTIES

#### A. Counterclaimants

3. Quinn is an individual who resides in Orange County, California.

4. Denne is an individual who resides in Scottsdale, Arizona.

5. Blockchain Funding is a Delaware Corporation.

6. Masternode is a Wyoming Limited Liability Company.

7. Blockchain Alliance is a Wyoming Limited Liability Company.

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

**B. Counter-Defendants**

8. Shuster is an individual who resides in Vancouver, British Columbia.

9. Utherverse Inc. is a Nevada Corporation that conducts business in Nevada and California.

10. Utherverse Digital is a Vancouver, British Columbia, Corporation that conducts business in Nevada and California.

11. Upon information and belief, Utherverse International is a corporation duly organized and existing under the laws of the British Virgin Islands that conducts business in Nevada and California.

**GENERAL BACKGROUND**

12. Counterclaimants are informed and believe that Counter-Defendant Shuster owns and operates each of the Utherverse Entities, which act by and through Shuster.

13. Utherverse has advertised itself as being "not just another player in the metaverse space[, but] the pioneers, with over 15 years of experience in building successful virtual economies and communities. . . . By harnessing the immense potential of web3, blockchain, and AI, we are creating a metaverse that is unmatched in its immersion, adaptability, and profitability."

14. Counterclaimant Denne was introduced to Shuster and Utherverse in or about 2022. At that time, Utherverse was represented by a loan officer and a defunct mortgage broker. Utherverse had been struggling to raise capital for more than 10 years with zero success—it did not have a functioning website, did not have any formal presentation materials, such as investment documents or subscription agreements, it did not have a functional corporate structure, and it was critically devoid of any effective management. At that time, Utherverse consisted of eleven (11) separate LLCs with no apparent ties to one another, and were all operated by Shuster—a one man show.

15. Shuster claimed numerous past successes, millions of active Utherverse users, billions in transactions on the Utherverse platform, and a robust patent portfolio, among numerous other representations that were later learned to be false.

16. In reliance on Shuster's representations about himself and Utherverse, Counterclaimants Denne and Quinn agreed to invest and help promote and build Utherverse toward success, particularly with regard to developing and launching the Utherverse Tokens, which were a form of digital currency that Utherverse Digital planned to mint and sell to the public.

**A. Niya Note**

17. On or about April 11, 2022, Shuster, on behalf of Utherverse Digital, executed a senior secured convertible promissory note with Niya Holdings ("Niya Note"), a company that Quinn and Denne persuaded to invest with Utherverse. Pursuant to the Niya Note, Niya Holdings transferred $1,350,000 to Utherverse Digital. Shuster, on behalf of Utherverse Digital, agreed to repay Niya Holdings pursuant to the terms of the Niya Note, but defaulted on the Niya Note. Niya Holdings and its owner, Nima Momayez, were formerly defendants and counterclaimants in this suit until they separately settled with Plaintiffs.

**B. Consulting Agreement**

18. On April 16, 2022, Utherverse Digital and Blockchain Funding entered into a consulting agreement ("Consulting Agreement") for Blockchain Funding to perform marketing and business development services for Utherverse Digital for a five-year term in exchange for Utherverse Tokens.

19. Under Section 2(a) of the Consulting Agreement, Blockchain Funding agreed to perform marketing and business development services, including, among others: services in connection with the launch and release of Utherverse Digital's token; marketing and business development public relation services; paying for legal feels relating to token launch and maintenance; providing capital to cover expenditures associated with the token; paying "up to $5 Million dollars towards any and all expenses as it relates specifically to the token launch and ongoing token maintenance[;]" and other services reasonably related to the token development and launch, as agreed upon by the parties.

20. Under Section 3(a) of the Consulting Agreement, Utherverse Digital agreed to provide Blockchain Funding with "12% of the total Utherverse tokens that are available, estimated

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

to be a total of 3,000,000,000, with 360,000,000 tokens going to [Blockchain Funding]." The Utherverse Tokens were to be transferred to Blockchain Funding "once the tokens [were] minted."

21. Section 3(a) further provided that Blockchain Funding would "use a substantial majority of the token allocation it receives in accordance with this Section 3(a) for [the] benefit of [Utherverse Digital] and for the promotion of and to provide other value to the token, as previously discussed with [Utherverse Digital]. [Blockchain Funding] shall have the sole discretion as to whom to distribute its tokens with respect to marketing groups, influencers, token exchanges, affiliate groups or other parties, as previously discussed with the companies."

22. Additionally, Section 3(a) provided that Blockchain Funding's compensation in the form of Utherverse Tokens would be "deemed fully earned" upon the date that the Consulting Agreement was executed.

23. As described in further detail below, Counterclaimants expended significant funds, labor, and effort to develop and promote Utherverse and its Tokens but never received Utherverse Tokens when they were finally minted on December 20, 2024.

**C. <u>Blockchain Funding SAFT</u>**

24. On May 10, 2022, Utherverse International, by and through Shuster, and Counterclaimant Blockchain Funding, by and through Denne, executed a simple agreement for future tokens ("SAFT") whereby Blockchain Funding purchased 360,000,000 tokens at the then-price per token of $0.000033334, for a total purchase amount of $12,000.24 USD ("Blockchain Funding SAFT"). The Blockchain Funding SAFT further provided that, if Blockchain Funding did not receive tokens by December 31, 2022, Utherverse International would owe Blockchain Funding the purchase amount.

25. The purpose of the Blockchain Funding SAFT was to support and capitalize Utherverse and its creation of Utherverse Tokens in advance of Utherverse actually being able to mint the tokens. The Blockchain Funding SAFT was one of Denne's many efforts to support Utherverse's success.

/ / /

/ / /



BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

26. Blockchain Funding fulfilled its obligations and made payment to Utherverse International in accordance with the Blockchain Funding SAFT on or about May 26, 2022. Utherverse thus received funding to support its operations.

27. However, Shuster never delivered tokens to Blockchain Funding or remitted Blockchain Funding's payment for the tokens in accordance with the Blockchain Funding SAFT. Shuster now takes the position that Blockchain Funding does not own any tokens whatsoever.

**D. <u>Masternode SAFT</u>**

28. On May 10, 2022, Utherverse International, by and through Shuster, and Counterclaimant Masternode, by and through Lynne Martin ("Martin"), executed a SAFT whereby Masternode purchased 150,000,000 tokens at the then-price per token of $0.000033334, for a total purchase amount of $5,000.01 USD ("Masternode SAFT"). The Masternode SAFT further provided that, if Masternode did not receive tokens by December 31, 2022, Utherverse International would owe Masternode the purchase amount.

29. The purpose of the Masternode SAFT was to support and capitalize Utherverse and its creation of Utherverse Tokens in advance of Utherverse actually being able to mint the tokens. The Masternode SAFT was one of Denne's many efforts to support Utherverse's success.

30. Masternode fulfilled its obligations and made payment to Utherverse International in accordance with the Masternode SAFT on or about May 26, 2022. Utherverse thus received funding to support its operations.

31. However, Shuster never delivered tokens to Masternode or remitted Masternode's payment for the tokens in accordance with the SAFT. Shuster now takes the position that Masternode does not own any tokens whatsoever.

**E. <u>Blockchain Funding Note</u>**

32. On or about August 12, 2022, Blockchain Funding, by and through Denne, loaned to Utherverse Digital a total of $350,000.00 at 5% interest per annum, evidenced by a promissory note ("Blockchain Funding Note") executed by Utherverse Ditigal, by and through Shuster. The maturity date of the Blockchain Funding Note was August 12, 2025.

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

33. To secure the Blockchain Funding Note, Utherverse Digital, by and through Shuster, executed a stock pledge agreement ("Stock Pledge Agreement"), which memorialized the Blockchain Funding Note and pledged 11,200,000 shares of Utherverse Inc. Class A Common Stock to Blockchain Funding.

34. Blockchain Funding fulfilled its obligations under the Blockchain Funding Note and provided $350,000.00 to Utherverse Digital in accordance therewith in three separate wire transactions. The first wire for $115,744.12 occurred on August 12, 2022. The second wire for $134,255.88 occurred on August 16, 2022. The Third wire for $100,000.00 occurred on August 18, 2022.

35. The Blockchain Funding Note was amended on June 5, 2023 to: name Utherverse Inc. as the debtor; and modify the Stock Pledge Agreement to pledge 2,800,000 shares of Utheverse Inc. Class A Common Stock instead of 11,200,000 shares. The principal, interest rate, and maturity date remained the same.

36. Blockchain Funding understood that ownership of the shares had been transferred accordingly. However, the proceeds from the Blockchain Funding Note have never been returned, nor have any interest payments been made, and Shuster now takes the position that Blockchain Funding does not own any shares whatsoever.

37. Shuster's position is incorrect on two counts. First, independent of Utherverse Inc.'s execution of the Stock Pledge Agreement, Blockchain Funding owns and has in its possession 1,400,000 shares of Utherverse Class A common stock. Second, Blockchain Funding never received the 2,800,000 shares of the Utherverse Inc. Class A Common Stock pledged as collateral for the Blockchain Funding Note, but these additional shares are owed to Blockchain Funding pursuant to the Blockchain Funding Note.

**F. <u>Counterclaimants' Expenses and Efforts to Promote Utherverse</u>**

38. In reliance on the representations made by Shuster and in furtherance of the above agreements between Blockchain Funding, Masternode, and Utherverse, Counterclaimants expended significant funds to promote and advance the success of Utherverse, totaling more than

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

$1,500,000. A non-exhaustive list of the major categories of funds expended by Counterclaimants in furtherance of the business and operations of Utherverse is as follows:

a. Backoffice Software - $89,092.54

b. Consultants and Development Personnel - $551,398.00

c. Legal Fees (Token & Compliance Related) - $193,782.00

d. Marketing and Digital Campaigns - $234,686.24

e. Event & Leadership Activation (Las Vegas Token Summit) - $55,000.00

f. Leadership Travel & Charter Transport (Token Launch Activation) - $278,754.95.

The "Leadership Travel & Charter Transport" category includes airfare for approximately 50 international marketing leaders, a private charter for executive participants, speaker travel expense, and event venue and activation logistics. Each of these expenses was in furtherance of launching the Utherverse Token and promoting the Utherverse ecosystem.

39. The foregoing major expenses are just that, major expenses. Additional expenses above and beyond the estimated total of $1,500,000.00 were frequently made in furtherance of the agreements, particularly the Consulting Agreement.

### G. <u>Examples of Specific Instances of Expenses and Efforts Made in Furtherance of Utherverse</u>

40. Counterclaimants discovered that Shuster had used Utherverse in a way that tied it to the pornography industry, which was severely detrimental to its reputation. In an effort to repair the damaged reputation of Utherverse, Denne, among other things, spent roughly $65,000.00 on a PR agency and spent an additional $165,000.00 on social media promotions, including professionally producing a video interview with Shuster.

41. Through a longstanding relationship that Denne had developed with a private investor, Denne was able to secure an agreement that would have raised $25 million for Utherverse. However, days prior to the wiring of the funds from the investor, a disgruntled employee of Shuster contacted the investor and informed him that Shuster was a fraud and that a lawsuit against Shuster and Utherverse was being prepared for filing. As a result, the investor refused to move forward.

42. Denne brought in Mr. Todd Pritcher ("Pritcher"), who is an expert on taking the necessary steps to make a company investable, which requires detailed documentation and structural reorganization. Pritcher eliminated the majority of the eleven LLCs that made up Utherverse and created a coherent parent company with subsidiaries. In the process, Pritcher attempted to verify and create proper intellectual property documentation to clearly illustrate which patents were owned by the various Utherverse Entities. However, Pritcher was unable to verify ownership of numerous patents that Shuster had represented were owned by himself and Utherverse. This realization was alarming, as Shuster's misrepresentations were relied upon by investors and left Utherverse with potential liabilities.

43. Denne then brought in Mr. Robb Hackett ("Hackett"), an accomplished CEO in the Web3 space, who had stewarded several successful investment exits in his past. However, after four months, Hackett refused to continue working with Shuster and resigned due to a lack of payment for his work, a lack of effective corporate governance, and a legitimate fear of liabilities. Hackett is still owed $75,000 for his work on behalf of Shuster and Utherverse.

44. Denne also attempted to bring in Mr. Joseph Ramelli ("Ramelli") to occupy the position of CFO, with an intention to clean up Utherverse's books and records, to create proper budgets and timelines, and oversee the use of investor funds. However, Shuster refused to hire Ramelli.

45. Denne brought in a Public Company Accounting Oversight Board accounting firm to produce audited financial statements to enable Utherverse to participate in crowdfunding. This initiative was accomplished; however, it was discovered that the Utherverse's revenue was not $8-10 million per year—as Shuster had previously represented, and which representation was relied upon by the parties in becoming involved with Utherverse and providing significant investment funding. Rather, Utherverse's revenue was less than $1.5 million per year.

46. Prior to Denne's involvement, Utherverse was experiencing difficulty securing a banking relationship due to Shuster's participation in the pornography industry. However, Denne aided Utherverse in securing a reputable banking relationship with Fresno Bank, where Utherverse still banks to this day.

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

**H. Utherverse Tokens are Minted**

47. In or about September 2024, Utherverse minted the Utherverse Tokens under the token name "UTHX." Later, on December 20, 2024, Utherverse minted additional Utherverse Tokens under the token name "UTHR." While the Utherverse Tokens were distributed to members of the public, none of Counterclaimants received the Utherverse Tokens they were owed under the Consulting Agreement, Blockchain Funding SAFT, or Master node SAFT.

**ALTER EGO**

48. Counterclaimants are informed and believe that Shuster is the alter ego of Utherverse Inc. as follows:

a. Counterclaimants are informed and believe there is a unity of interest and ownership between Shuster and Utherverse, Inc. such that any individuality and separateness between the company and individual has ceased.

b. Counterclaimants are informed and believe that at all times mentioned herein Utherverse Inc. was inadequately capitalized in light of the nature of the business to be conducted and the accompanying risk of loss to its investors. Counterclaimants are informed and believe that the capitalization of Utherverse Inc. was illusory, and that the capital assets of Shuster and Utherverse Inc. were so intertwined and comingled that their value could only be assessed as a whole, and the debts of one should be considered the debts of the other.

c. Counterclaimants are informed and believe that Shuster has used Utherverse Inc.'s assets for his own personal use without regard to the proper formalities and in such a manner as to cause the company to be undercapitalized. For instance, Shuster used Utherverse corporate funds to pay for personal travel and transferred company assets to his own accounts without proper documentation, further demonstrating the lack of separation between the entities and their owner.

d. Adherence to the fiction of separate corporate existence of Utherverse Inc. and Brian Schuster would promote injustice. Counter-Defendants used corporate

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

assets for personal gain, such as for extravagant travel, blurring the line between personal and business interests.

49. Counterclaimants are informed and believe that Shuster is the alter ego of Utherverse Digital as follows:

a. Counterclaimants are informed and believe there is a unity of interest and ownership between Shuster and Utherverse Digital such that any individuality and separateness between the company and individual has ceased.

b. Counterclaimants are informed and believe that at all times mentioned herein Utherverse Digital was inadequately capitalized in light of the nature of the business to be conducted and the accompanying risk of loss to its investors. Counterclaimants are informed and believe that the capitalization of Utherverse Digital was illusory, and that the capital assets of Shuster and Utherverse Digital were so intertwined and comingled that their value could only be assessed as a whole, and the debts of one should be considered the debts of the other.

c. Counterclaimants are informed and believe that Shuster has used Utherverse Digital's assets for his own personal use without regard to the proper formalities and in such a manner as to cause the company to be undercapitalized.

d. Adherence to the fiction of the separate existence of Utherverse Digital as a corporation separate from its owner, Shuster, would promote injustice. Counter-Defendants used corporate assets for personal gain, such as for extravagant travel, blurring the line between personal and business interests.

50. Counterclaimants are informed and believe that Shuster is the alter ego of Utherverse International as follows:

a. Counterclaimants are informed and believe there is a unity of interest and ownership between Shuster and Utherverse International such that any individuality and separateness between the company and individual has ceased.

b. Counterclaimants are informed and believe that at all times mentioned herein Utherverse International was inadequately capitalized in light of the nature of



BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

the business to be conducted and the accompanying risk of loss to its investors. Counterclaimants are informed and believe that the capitalization of Utherverse International was illusory, and that the capital assets of Shuster and Utherverse International were so intertwined and comingled that their value could only be assessed as a whole, and the debts of one should be considered the debts of the other.

c. Counterclaimants are informed and believe that Shuster has used Utherverse International's assets for his own personal use without regard to the proper formalities and in such a manner as to cause the company to be undercapitalized. For instance, Shuster used Utherverse corporate funds to pay for personal travel and transferred company assets to his own accounts without proper documentation, further demonstrating the lack of separation between the entities and their owner.

d. Adherence to the fiction of separate corporate existence of Utherverse International and Brian Schuster would promote injustice. Counter-Defendants used corporate assets for personal gain, such as for extravagant travel, blurring the line between personal and business interests.

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

**FIRST CAUSE OF ACTION**

**<u>Breach of the Consulting Agreement</u>**

**(Against Shuster and Utherverse Digital)**

51. Counterclaimants repeat and re-allege each and every allegation of this Counterclaim and by reference incorporate the same as though fully set forth at length herein. Of particular relevance to this Claim are allegations 18-23 in subsection B of the General Background section above.

52. Blockchain Funding and Utherverse Digital are parties to the Consulting Agreement.

53. Blockchain Funding and Uthverse Digital are mutually obligated to perform under the Consulting Agreement.

54. Blockchain Funding and Utherverse Digital fully executed the Consulting Agreement.

55. Utherverse Digital breached the material terms of the Consulting Agreement by failing to perform under its terms: Utherverse Digital never provided Blockchain Funding with any Utherverse Tokens, much less the 12% of all Utherverse Tokens available, despite the Utherverse Tokens having been minted and Blockchain Funding being deemed to have fully earned the tokens on the date of the Consulting Agreement's execution.

56. Utherverse Digital's material breach of the Consulting Agreement is unexcused.

57. As much as possible, Blockchain Funding performed its obligations under the Consulting Agreement. Notably, as described in allegations 38-46, Counterclaimants made numerous efforts and expenses to market and develop Utherverse.

58. All conditions precedent to Utherverse Digital's performance of the Consulting Agreement have been satisfied.

59. Blockchain Funding provided notice of Utherverse Digital's material breach of the Consulting Agreement.

60. As a direct and proximate result of Utherverse Digital's breach, Blockchain Funding was in fact harmed and suffered damages in an amount to be proven at trial.

**SECOND CAUSE OF ACTION**

**Unjust Enrichment: Consulting Agreement**

**(In the Alternative Against Shuster and Utherverse Digital)**

61. Counterclaimants repeat and re-allege each and every allegation of this Counterclaim and by reference incorporate the same as though fully set forth at length herein. Of particular relevance to this Claim are allegations 18-23 and 38-46 of the General Background section above.

62. Utherverse Digital and Shuster received and retained benefits conferred by Blockchain Funding, including but not limited to Blockchain Funding's numerous efforts and expenses to market and develop Utherverse as described in allegations 38-46.

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

63. Blockchain Funding conferred these benefits upon Utherverse Digital and Shuster with the reasonable expectation of compensation in the form of Utherverse Tokens and/or under circumstances in which Utherverse Digital and Shuster knew or should have known that Blockchain Funding expected compensation.

64. Utherverse Digital and Shuster were aware of, accepted, and retained the benefits conferred by Blockchain Funding.

65. Utherverse Digital and Shuster retained such benefits without providing adequate compensation to Blockchain Funding.

66. Under the circumstances, it would be unjust and inequitable for Utherverse Digital and Shuster to retain the benefits conferred by Blockchain Funding without paying the reasonable value thereof.

67. As a direct and proximate result of Utherverse Digital and Shuster's unjust enrichment, Blockchain Funding has suffered damages in an amount to be proven at trial.

68. This claim is pleaded in the alternative to the First Cause of Action for Breach of the Consulting Agreement. To the extent no valid and enforceable contract is found to govern the parties' relationship or the subject matter of the dispute, Utherverse Digital and Shuster have been unjustly enriched at Blockchain Funding's expense.

**THIRD CAUSE OF ACTION**

**<u>Breach of the Blockchain Funding SAFT</u>**

**(Against Shuster and Utherverse International)**

69. Counterclaimants repeat and re-allege each and every allegation of this Counterclaim and by reference incorporate the same as though fully set forth at length herein. Of particular relevance to this Claim are allegations 24-27 in subsection C of the General Background section above.

70. Blockchain Funding and Utherverse International are parties to the Blockchain Funding SAFT.

71. Blockchain Funding and Utherverse International are mutually obligated to perform under the Blockchain Funding SAFT.

72. Blockchain Funding and Utherverse International fully executed the Blockchain Funding SAFT.

73. Utherverse International breached the material terms of the Blockchain Funding SAFT by failing to perform under its terms. Despite the Utherverse Tokens being minted and Blockchain Funding paying $12,000.24, no tokens were delivered to Blockchain funding.

74. Utherverse International's material breach of the Blockchain Funding SAFT is unexcused.

75. As much as possible, Blockchain Funding performed its obligations under the Blockchain Funding SAFT. Namely, Blockchain funding paid the purchase amount of $12,000.24.

76. All conditions precedent to Utherverse International's performance of the Blockchain Funding SAFT have been satisfied.

77. Blockchain Funding provided notice of Utherverse International's material breach of the Blockchain Funding SAFT.

78. As a direct and proximate result of Utherverse International's breach, Blockchain Funding was in fact harmed and suffered damages in an amount to be proven at trial.

**FOURTH CAUSE OF ACTION**

**Unjust Enrichment: Blockchain Funding SAFT**

**(In the Alternative Against Shuster and Utherverse International)**

79. Counterclaimants repeat and re-allege each and every allegation of this Counterclaim and by reference incorporate the same as though fully set forth at length herein. Of particular relevance to this Claim are allegations 24-27 in subsection C of the General Background section above.

80. Utherverse International and Shuster received and retained benefits conferred by Blockchain Funding, including but not limited to Blockchain Funding's payment of $12.000.24.

81. Blockchain Funding conferred these benefits upon Utherverse International and Shuster with the reasonable expectation of compensation in the form of Utherverse Tokens and/or under circumstances in which Utherverse International and Shuster knew or should have known that Blockchain Funding expected compensation.

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

82. Utherverse International and Shuster were aware of, accepted, and retained the benefits conferred by Blockchain Funding.

83. Utherverse International and Shuster retained such benefits without providing adequate compensation to Blockchain Funding.

84. Under the circumstances, it would be unjust and inequitable for Utherverse International and Shuster to retain the benefits conferred by Blockchain Funding without paying the reasonable value thereof.

85. As a direct and proximate result of Utherverse International and Shuster's unjust enrichment, Blockchain Funding has suffered damages in an amount to be proven at trial.

86. This claim is pleaded in the alternative to the Third Cause of Action for Breach of the Blockchain Funding SAFT. To the extent no valid and enforceable contract is found to govern the parties' relationship or the subject matter of the dispute, Utherverse International and Shuster have been unjustly enriched at Blockchain Funding's expense.

**FIFTH CAUSE OF ACTION**

**Breach of the Masternode SAFT**

**(Against Shuster and Utherverse International)**

87. Counterclaimants repeat and re-allege each and every allegation of this Counterclaim and by reference incorporate the same as though fully set forth at length herein. Of particular relevance to this Claim are allegations 28-31 in subsection D of the General Background section above.

88. Masternode and Utherverse International are parties to the Masternode SAFT.

89. Masternode and Utherverse International are mutually obligated to perform under the Masternode SAFT.

90. Masternode and Utherverse International fully executed the Masternode SAFT.

91. Utherverse International breached the material terms of the Masternode SAFT by failing to perform under its terms. Despite the Utherverse Tokens being minted and Masternode paying $5,000.01, no tokens were delivered to Masternode.

92. Utherverse International's material breach of the Masternode SAFT is unexcused.

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

93. As much as possible, Masternode performed its obligations under the Masternode SAFT. Namely, Masternode paid the purchase amount of $5,000.01.

94. All conditions precedent to Utherverse International's performance of the Masternode SAFT have been satisfied.

95. Masternode provided notice of Utherverse International's material breach of the Masternode SAFT.

96. As a direct and proximate result of Utherverse International's breach, Masternode was in fact harmed and suffered damages in an amount to be proven at trial.

**SIXTH CAUSE OF ACTION**

**Unjust Enrichment: Masternode SAFT**

**(In the Alternative Against Shuster and Utherverse International)**

97. Counterclaimants repeat and re-allege each and every allegation of this Counterclaim and by reference incorporate the same as though fully set forth at length herein. Of particular relevance to this Claim are allegations 28-31 in subsection D of the General Background section above

98. Utherverse International and Shuster received and retained benefits conferred by Masternode, including but not limited to Masternode's payment of $5,000.01.

99. Masternode conferred these benefits upon Utherverse International and Shuster with the reasonable expectation of compensation in the form of Utherverse Tokens and/or under circumstances in which Utherverse International and Shuster knew or should have known that Masternode expected compensation.

100. Utherverse International and Shuster were aware of, accepted, and retained the benefits conferred by Masternode.

101. Utherverse International and Shuster retained such benefits without providing adequate compensation to Masternode.

102. Under the circumstances, it would be unjust and inequitable for Utherverse International and Shuster to retain the benefits conferred by Masternode without paying the reasonable value thereof.

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

103. As a direct and proximate result of Utherverse International and Shuster's unjust enrichment, Masternode has suffered damages in an amount to be proven at trial.

104. This claim is pleaded in the alternative to the Fifth Cause of Action for Breach of the Masternode SAFT. To the extent no valid and enforceable contract is found to govern the parties' relationship or the subject matter of the dispute, Utherverse International and Shuster have been unjustly enriched at Masternode's expense.

**SEVENTH CAUSE OF ACTION**

**Breach of the Blockchain Funding Note**

**(Against Shuster and Utherverse Inc.)**

105. Counterclaimants repeat and re-allege each and every allegation of this Counterclaim and by reference incorporate the same as though fully set forth at length herein. Of particular relevance to this Claim are allegations 32-37 in subsection E of the General Background section above.

106. Blockchain Funding and Utherverse Inc. are parties to the Blockchain Funding Note.

107. Blockchain Funding and Utherverse Inc. are mutually obligated to perform under the Blockchain Funding Note.

108. Blockchain Funding and Utherverse Inc. fully executed the Blockchain Funding Note.

109. Utherverse Inc. breached the material terms of the Blockchain Funding Note by failing to perform under its terms. Utherverse Inc. has not paid any of the principal loan amount of $350,000.00 or interest payments thereon, and the maturity date of August 12, 2025, has passed. Nor has Utherverse Inc. transferred the shares of Utherverse Inc. owed to Blockchain Funding under the Stock Pledge Agreement.

110. Utherverse Inc.'s material breach of the Blockchain Funding Note is unexcused.

111. As much as possible, Blockchain Funding performed its obligations under the Blockchain Funding Note. Blockchain Funding provided Utherverse Inc. with $350,000.00 in three separate wire transfers.

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

112. All conditions precedent to Utherverse Inc.'s performance of the Blockchain Funding Note have been satisfied.

113. Blockchain Funding provided notice of Utherverse Inc.'s material breach of the Blockchain Funding Note.

114. As a direct and proximate result of Utherverse Inc.'s breach, Blockchain Funding was in fact harmed and suffered damages in an amount to be proven at trial.

**EIGHTH CAUSE OF ACTION**

**Unjust Enrichment: Blockchain Funding Note**

**(In the Alternative Against Shuster and Utherverse Inc.)**

115. Counterclaimants repeat and re-allege each and every allegation of this Counterclaim and by reference incorporate the same as though fully set forth at length herein. Of particular relevance to this Claim are allegations 32-37 in subsection E of the General Background section above.

116. Utherverse Inc. and Shuster received and retained benefits conferred by Blockchain Funding, including but not limited to Blockchain Funding's loan of $350,000.00.

117. Blockchain Funding conferred these benefits upon Utherverse Inc. and Shuster with the reasonable expectation of repayment of principal, interest payments of 5% per annum, and/or receipt of Utherverse Inc. Class A common stock shares. Blockchain Funding conferred these benefits under circumstances in which Utherverse Inc. and Shuster knew or should have known that Blockchain Funding expected compensation.

118. Utherverse Inc. and Shuster were aware of, accepted, and retained the benefits conferred by Blockchain Funding.

119. Utherverse Inc. and Shuster retained such benefits without providing adequate compensation to Blockchain Funding.

120. Under the circumstances, it would be unjust and inequitable for Utherverse Inc. and Shuster to retain the benefits conferred by Blockchain Funding without paying the reasonable value thereof.

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

121. As a direct and proximate result of Utherverse Inc. and Shuster's unjust enrichment, Blockchain Funding has suffered damages in an amount to be proven at trial.

122. This claim is pleaded in the alternative to the Seventh Cause of Action for Breach of the Blockchain Funding Note. To the extent no valid and enforceable contract is found to govern the parties' relationship or the subject matter of the dispute, Utherverse Inc. and Shuster have been unjustly enriched at Blockchain Funding's expense.

**WHEREFORE**, Counterclaimants pray for judgment as follows:

On the First Cause of Action for Breach of the Consulting Agreement:

1. For compensatory damages in an amount according to proof; and
2. For consequential damages in an amount to be determined at the time of trial.

On the Second Cause of Action for Unjust Enrichment: Consulting Agreement:

1. Restitution and disgorgement of all benefits unjustly obtained and retained; and
2. For the reasonable value of the benefits conferred upon Counter-Defendants in an amount to be proven at trial.

On the Third Cause of Action for Breach of the Blockchain Funding SAFT:

1. For compensatory damages in an amount according to proof; and
2. For consequential damages in an amount to be determined at the time of trial.

On the Fourth Cause of Action for Unjust Enrichment: Blockchain Funding SAFT:

1. Restitution and disgorgement of all benefits unjustly obtained and retained; and
2. For the reasonable value of the benefits conferred upon Counter-Defendants in an amount to be proven at trial.

On the Fifth Cause of Action for Breach of the Masternode SAFT:

1. For compensatory damages in an amount according to proof; and
2. For consequential damages in an amount to be determined at the time of trial.

On the Sixth Cause of Action for Unjust Enrichment: Masternode SAFT:

1. Restitution and disgorgement of all benefits unjustly obtained and retained; and
2. For the reasonable value of the benefits conferred upon Counter-Defendants in an amount to be proven at trial.

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

On the Seventh Cause of Action for Breach of the Blockchain Funding Note:

1. For compensatory damages in an amount according to proof; and
2. For consequential damages in an amount to be determined at the time of trial.

On the Eighth Cause of Action for Unjust Enrichment: Blockchain Funding Note:

1. Restitution and disgorgement of all benefits unjustly obtained and retained; and
2. For the reasonable value of the benefits conferred upon Counter-Defendants in an amount to be proven at trial.

On All Causes of Action:

1. For costs of suit incurred herein;
2. For prejudgment interest at the maximum legal rate on all sums awarded; and
3. For such other and further relief as the court may deem proper.

AND WHEREFORE, Counterclaimants pray for injunctive relief and an order for:

1. A full and complete accounting of all funds received and disbursed by the Utherverse entities to determine the location and use of Counterclaimants' investments.
2. A preliminary injunction to freeze Counter-Defendants' assets, prevent further transfers, and ensure no additional investor harm.

**DEMAND FOR JURY TRIAL**

Counterclaimants demand a trial by jury to all issues so triable.

DATED this 18th day of August, 2026.

BROWNSTEIN HYATT FARBER SCHRECK, LLP

BY: */s/ Maximilien D. Fetaz*
Maximilien D. Fetaz, Esq.
Zachary R. Meyer, Esq.
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614

*Attorneys for Brian Quinn, Joshua Denne, Blockchain Funding, Inc., Blockchain Alliance LLC, Masternode Partners, LLC, Lynne Martin, and Jeremy Roma and Counterclaimants*

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

**CERTIFICATE OF SERVICE**

Pursuant to Fed. R. Civ. P. 5(b), and Section IV of District of Nevada Electronic Filing Procedures, I certify that I am an employee of BROWNSTEIN HYATT FARBER SCHRECK, LLP, and that the foregoing **ANSWER AND COUNTERCLAIM TO AMENDED COMPLAINT** was served via electronic service on the 18th day of August, 2026.

*/s/ Wendy Cosby*
An employee of BROWNSTEIN HYATT FARBER SCHRECK, LLP