MAXIMILIEN D. FETAZ, ESQ.
Nevada Bar No. 12737
mfetaz@bhfs.com
ZACHARY R. MEYER, ESQ.
Nevada Bar No. 15783
zmeyer@bhfs.com
BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
Telephone: 702.382.2101
Facsimile: 702.382.8135

*Attorneys for Defendants Brian Quinn, Joshua Denne, Blockchain Funding, Inc., Blockchain Alliance LLC, Masternode Partners, LLC, Lynne Martin, and Jeremy Roma*

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UTHERVERSE, INC., a Nevada corporation, and BRIAN SHUSTER, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>BRIAN QUINN, an individual; JOSHUA DENNE, an individual; BLOCKCHAIN FUNDING, INC., a Delaware corporation; BLOCKCHAIN ALLIANCE LLC, a Wyoming Limited Liability Company; MASTERNODE PARTNERS, LLC, a Wyoming Limited Liability company; LYNNE MARTIN, an individual; JEREMY ROMA, an individual; and NAZANIN NAMAZI a/k/a "NAZ NAMAZI," an individual.<br><br>Defendants. | Case No.: 3:25-cv-00020-MMD-CSB<br><br>**REPLY TO MOTION FOR JUDGMENT ON THE PLEADINGS** |
| BRIAN QUINN, an individual; JOSHUA DENNE, an individual; BLOCKCHAIN FUNDING, INC., a Delaware corporation; BLOCKCHAIN ALLIANCE LLC, a Wyoming Limited Liability Company; and MASTERNODE PARTNERS, LLC, a Wyoming Limited Liability company,<br><br>Counterclaimants,<br><br>v. | |

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

UTHERVERSE, INC., a Nevada corporation, and BRIAN SHUSTER, an individual, UTHERVERSE DIGITAL INC., a Vancouver, British Columbia corporation; and UTHERVERSE INTERNATIONAL, LTD., a British Virgin Islands Corporation,

Counterdefendants.

Defendants Lynne Martin ("Martin") and Jeremy Roma ("Roma") (collectively, "Movants"), by and through their counsel of record, the law firm of Brownstein Hyatt Farber Schreck, file this Memorandum of Points and Authorities in support of Defendants' Reply ("Reply") in Support of Defendants' Motion for Judgment on the Pleadings ("Motion for Judgment").

This Reply is based on the following memorandum of points and authorities, the papers and pleadings on file, and any argument this Court may request.

DATED this 16th day of September, 2026.

BROWNSTEIN HYATT FARBER SCHRECK, LLP

BY: */s/ Maximilien D. Fetaz*
Maximilien D. Fetaz, Esq.
Zachary R. Meyer, Esq.
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614

*Attorneys for Defendants Brian Quinn, Joshua Denne, Blockchain Funding, Inc., Blockchain Alliance LLC, Masternode Partners, LLC, Lynne Martin, and Jeremy Roma*

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

## I. INTRODUCTION

On August 18, 2026, Movants filed the Motion for Judgment (ECF 89), seeking dismissal of the First Amended Complaint (ECF 83) ("FAC") as against Movants. On September 1, 2026, Plaintiffs filed their Opposition thereto (ECF 90) ("Opposition").

The Opposition misstates key arguments raised in the Motion for Judgment, and it also appears to misinterpret critical language in the Court's prior Order dismissing counts without prejudice (ECF 76) ("Order"). For these reasons and as set forth below, Movants file this brief Reply.

## II. ARGUMENT

### A. The Motion for Judgment is Not an Improper Motion for Reconsideration.

Plaintiffs first argue that the Motion for Judgment should be discounted as "an unacknowledged motion for reconsideration." Opp'n at 5. This is inaccurate for several reasons.

First, it is entirely appropriate and permissible for defendants to file a successive motion for judgment on the pleadings to address ***continued*** pleading defects in counts that were re-pled after dismissal. *See, e.g., Interior Electric Inc. Nev. v. T.W.C. Constr., Inc., et al.*, 2020 WL 5983882, *4 (D. Nev. Oct. 08, 2020) ("Defendants are thus again permitted to seek dismissal of those claims against Ryba and Wilmer, assuming Interior Electric did not remedy its pleading defects. So I consider these arguments on their merits.").

It is also entirely appropriate and permissible for defendants to file a successive motion for judgment on the pleadings to address ***new*** pleading defects that arose in the amended pleadings. *See* Fed. R. Civ. P. 12(g)(2) (prohibiting a successive motion only when raising "a defense or objection that was available to the party but omitted from its earlier motion"). Further, courts have discretion to consider successive dismissal motions in any case when doing so would not unfairly prejudice the plaintiff and would expedite resolution of the case. *See In re Apple iPhone Antitrust Litig.*, 846 F.3d 313, 320 (9th Cir. 2017) (affirming district court's consideration of defendant's fourth and untimely Rule 12(b)(6) motion because it was not "filed for any strategically abusive purpose," declining to consider it "would have substantially delayed resolution," and the decision "materially expedited the district court's disposition of the case, which was a benefit to both

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

parties"), *aff'd sub nom. Apple Inc. v. Pepper*, 139 S. Ct. 1514 (2018).

In this case, the FAC contains a large volume of new and clarifying allegations (more than 50 new paragraphs and 30 new pages). To the extent the Motion for Judgment raises arguments previously denied by the Court, the arguments are being raised in good faith based on the new allegations and are appropriate for this Court's consideration under Fed. R. Civ. P. 12(g)(2) and *In re Apple iPhone Antitrust Litig*.

For all of these reasons, the Motion for Judgment is not an improper motion and should be considered in its entirety.

**B. <u>Count One of the FAC Still Fails to Satisfy RICO's Requirement for Two Predicate Acts Particular to Each Movant.</u>**

The Court held that Plaintiffs' original Complaint failed to state a RICO claim under 18 U.S.C. § 1962(c) because it did not plead at least two predicate acts "in particular" to Movants and others, as follows:

> While Plaintiffs seem to allege that Roma, Martin, Masternode, Momayez, and Niya each engaged in a singular predicate act of transferring funds, multiple predicate acts are not pled in particular as to each Defendant. To the extent that Plaintiffs object they have adequately tied predicate acts to "specific episodes" of "doctored SAFTs; forged documents; interstate wires; token sale misrepresentations; [Niya] Note assurances and reversal" that span "hundreds of communications" (ECF No. 71 at 11), that may be, but Plaintiffs failed to allege with specificity that these episodes involved transmittals via wire, and therefore failed to plead the requisite predicate acts.

Order at 11.

1. The FAC Fails to Allege that Defendants Roma and Martin Participated in Two Predicate Acts.

Plaintiffs claim to have cured the defects that this Court identified in the FAC by pleading "specific wires by date, clock time to the second, time zone, sender address, recipient address, subject line, attachment file name, verbatim content, and the state and national boundaries each transmission crossed." Opp'n at 2. However, these additional wire details do not address the underlying pleading deficiency actually identified by the Court; i.e., the failure to plead at least two predicate acts "in particular" as to each Movant. Order at 11.

On this point, the Opposition misstates Movants' argument. Movants are not claiming that

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

only those who send or receive wires can be found to have committed wire fraud. Rather, Movants are arguing that pleading dozens of wires will not suffice if there are not at least two racketeering acts pled "in particular" as to each defendant. Put another way, each defendant must be alleged to have ***participated*** in at least two specific acts of racketeering activity. 18 U.S.C. § 1961(5); *Blake v. Dierdorff*, 856 F.2d 1365, 1370-71 (9th Cir. 1988) (dismissing Complaint as to defendant against whom only one predicate is alleged). And it is for this reason that Count One fails to state a claim under 18 U.S.C. § 1962(c) against Movants.

Because the FAC still does not allege "multiple predicate acts . . . in particular as to each [Movant]," Order at 11, Count One should be dismissed as against Movants.

2. The FAC Does Not Plausibly Allege Causation as to Martin.

The Motion for Judgment does not argue that Plaintiffs failed to plausibly allege two wire fraud predicates as to Martin simply because she received or was copied on email wires. *See* Opp'n at 8. The Motion for Judgment argues Plaintiffs have not alleged how Martin satisfies one of the two bases for causation under the wire fraud statute: transmitting the wire herself or foreseeably causing the wire to be transmitted. *See* Motion for Judgment at 7-8; *see also* 18 U.S.C. § 1343 (requiring for wire fraud that one must "transmit[] or cause to be transmitted" a wire). The FAC does not allege that Martin transmitted any wires herself, so the FAC must establish that Martin foreseeably caused multiple wire transmissions.

The Opposition reimagines the allegations in the FAC to make up for its failure to allege foreseeable causation. *See* Opp'n at 8. Plaintiffs assert that Martin must have caused Good to send the "SAFT-Transmittal Wire to Martin (May 23-24, 2022)" and the "Advisor Investment Funding/Wiring-Instruction Wire (May 24, 2022)" because "Martin agreed to serve as Masternode's signatory" and "[h]aving accepted that role, the delivery of the instrument to her for signature, and the funding and wiring instructions that accompanied it" were foreseeable. *Id.* at 8. This explanation is not in the FAC, nor does the FAC allege when or how Martin accepted this role so as to cause either of these alleged wires. *See id.*

According to Plaintiffs, because Paragraph 143 mentions that Martin's son, Denne, kept Martin "informed of his Utherverse dealings in the weeks before the Masternode SAFT was

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

executed" and that Martin "accepted the nominee-signatory role those wires assigned her[,]" Martin foreseeably caused Good's emails. *Id.* at 8. There is no apparent link between Martin being kept aware of "Utherverse dealings"—the FAC does not define what "dealings" means—and Good sending or copying her in emails regarding the Masternode SAFT. *Id.* Likewise, Martin "accept[ing] the nominee-signatory role th[e] wires assigned her"—again, it is not clear what this means or entails—does not imply any conduct by Martin that would have foreseeably caused Good to send her an email. *Id.* And Plaintiffs specify Martin accepted the role the "***wires*** assigned her" so such acceptance occurred ***after*** the alleged wires, not before them such that her acceptance caused them. *Id.* (emphasis added); *see United States v. Dooley*, 578 F.3d 582, 588 (7th Cir. 2009)[1] ("[T]he communication must occur not only after the defendant's act, but as a result of that act. The statute requires a causal connection between the defendant's actions and the communication, not simply a temporal one." (Emphasis in the original)); *Sun Sav. and Loan Ass'n v. Dierdorff*, 825 F.2d 187, 196 (9th Cir. 1987) (applying the Rule 9(b) particularity requirement to wire fraud allegations).

What Plaintiffs deem Movants' "chronology argument" does not assume anything about the scheme, much less when the scheme began. *See* Opp'n at 8; Motion for Judgment at 7-8. The argument simply points out that, in order for Plaintiffs to establish that Martin caused a wire transmission by Good, Martin must have done something before the transmission. But the earliest conduct by Martin alleged in the FAC is her signing the Masternode SAFT.

Plaintiffs mischaracterize Movants' argument regarding the alleged wire fraud predicate of "Martin's Written Capacity/Authority representation in the Executed Masternode SAFT." *See* Motion for Judgment at 8-9; Opp'n at 9; FAC ¶¶ 123-24. What Plaintiffs describe as a "quibble" with passive voice is actually Plaintiffs failing to allege particular information under Rule 9(b),

[1] Plaintiffs attempt to distinguish *Dooley* on the grounds that it is an "out-of-circuit criminal decision" that does not "replace *Pereira* and *Schmuck*." Opp'n at 6. The RICO act provides for both civil and criminal liability, so a case being criminal is not sufficient to render it inapplicable in the civil RICO context. *See Chang v. Chen*, 80 F.3d 1293, 1297 (9th Cir. 1996) ("The substance of a RICO violation is set forth in § 1962(c) and is identical for civil and criminal cases."), *overruled on other grounds by Odom v. Microsoft Corp.*, 486 F.3d 541 (9th Cir. 2007). Further, *Dooley* is not inconsistent with either *Pereira* or *Schmuck*.

using writing that obfuscates Plaintiffs' omissions, and precluding defendants from discerning how Martin caused any wire transmission. Opp'n at 9. Plaintiffs allege the Masternode SAFT was "transmitted" and "returned" but do not allege any specific email—despite doing so in the previous allegations of wires—or who transmitted any email. Further, Plaintiffs use the same dates cited in Good's emails in "SAFT-Transmittal Wire to Martin (May 23-24, 2022)" and the "Advisor Investment Funding/Wiring-Instruction Wire (May 24, 2022)," so "Martin's Written Capacity/Authority representation in the Executed Masternode SAFT" appears duplicative of previously alleged wires and deliberately vague to hide that it is duplicative. *Compare* FAC ¶¶ 109-17 *with id.* ¶¶ 123-24.

Plaintiffs' *post hoc* attempt to spell out how Rule 9(b) is satisfied is unpersuasive. *See* Motion for Judgment at 9. Notably, Plaintiffs designate the "who" as Martin because she is the signor of the Masternode SAFT, but the Masternode SAFT is not alleged to be the wire, an email is, and the FAC does not state who sent the email or received it. *See Sun Sav.*, 825 F.2d at 196 (finding allegations about letters plausibly alleged a wire fraud predicate because the complaint "describe[d] the dates on which the letters were written, ***by whom and to whom the letters were sent***, the letters' content, and the letters' role in the fraudulent scheme" (emphasis added)).

While Plaintiffs assert that their allegations are consistent, they have no response to Footnote 2's observation that they have not alleged how "a delinquency notice necessitates an inference that Masternode definitively knew it could not meet its obligations when it entered into the Masternode SAFT or knew it would not be an accredited investor." Motion for Judgment at 9 n.2; *see* Opp'n at 9. Without such allegations, Plaintiffs have not provided grounds to infer Martin intentionally misrepresented Masternode's standing in executing the Masternode SAFT so as to commit fraud—the only theory Plaintiffs present for Martin committing fraud. And, if the Masternode SAFT was not so fraudulently induced, then the wires containing the Masternode SAFT cannot be wire fraud predicates.

Plaintiffs do not dispute the Motion for Judgment's identification of details required under Rule 9(b) that were omitted from their allegations regarding "Unauthorized Token Sales with Retained Proceeds (on information and belief)." *See* Opp'n at 9; Motion for Judgment at 9. Instead,

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

Plaintiffs posit that they can forgo providing any of these details and solely make allegations on information and belief because they are "peculiarly within" Defendants' knowledge. *See* Opp'n at 9. But to invoke this exception, Plaintiffs were required to allege facts sufficient to establish that they "cannot be expected to have personal knowledge of the facts constituting the wrongdoing." *Wool v. Tandem Computers Inc.*, 818 F.2d 1433, 1439 (9th Cir. 1987) (quoting *Zatkin v. Primuth*, 551 F. Supp. 39, 42 (S.D. Cal. 1982)), *overruled on other grounds as stated in Flood v. Miller*, 35 F. App'x 701, 703 n.3 (9th Cir. 2002).

The FAC contains no allegations of why Plaintiffs could not be expected to have ***any*** personal knowledge to support their belief that Martin sold tokens to multiple third-party investors or to support their belief that Martin caused transmissions of investor payments and token transfers. *See* FAC ¶¶ 125-27. Plaintiffs cite their statement that Masternode "employed the same misappropriation method used by the Denne-affiliated Blockchain Funding, Inc." Opp'n at 9. This is merely another conclusory allegation, not an explanation of why Plaintiffs can only make allegations on information and belief such that they should be excused from providing ***any*** of the details required by the Rule 9(b) standard.

Plaintiffs' last-ditch effort to establish a pattern as to Martin is to cite to Paragraph 73, arguing that "the FAC separately pleads an alternative pattern composed entirely of concealment and lulling wires, funds-diversion wires, and the 2025 lien recordations." Opp'n at 9. Paragraph 73 does not mention Martin or how she caused any of the wires or transmissions alleged therein, so this allegation cannot establish wire fraud predicates. *See* 18 U.S.C. § 1343.

As discussed in the Motion for Judgment and acknowledged by this Court in the Order, Plaintiffs must establish at least two predicates to satisfy the pattern requirement. Plaintiffs have established none insofar as they haven't shown Martin foreseeably caused any wire fraud.

**C. <u>Count One of the FAC Fails to Satisfy RICO's "Conduct" Element.</u>**

Relying upon the FAC's new allegations, Movants seek to dismiss Count One (alleging violations of 18 U.S.C. § 1962(c)) for failing to satisfy RICO's "conduct" element as defined in *Reves v. Ernst & Young*, 507 U.S. 170 (1993), and its progeny. Plaintiffs argue in opposition that: (a) the "conduct" element need not be pled in a RICO conspiracy under 18 U.S.C. § 1962(d); and

(b) the "conduct" element does not "confine [RICO liability] to an enterprise's leadership." Opp'n at 11. However, the Motion for Judgment makes neither argument.

First, the Motion for Judgment very clearly limits its "conduct" argument to Count One, which alleges substantive violations of § 1962(c). Motion for Judgment at 4, 11-14. Thus, Plaintiffs' argument that Movants incorrectly applied *Reves* to the RICO conspiracy claim in Count Two (Opp'n at 3, 12) is inaccurate.

Second, the Motion for Judgment does not argue that RICO liability is "confined to an enterprise's leadership." Opp'n at 11. To the contrary, Movants cite settled law that the "conduct" requirement of § 1962(c) requires each defendant to have "participate[d] in the operation or management" of the enterprise, *Reves*, 507 U.S. at 185; played "some part in directing the enterprise's affairs," *Id.* at 179; and must have "had a requisite degree of control over [the enterprise's] operation or management," *Adams v. Silar Advisors, LP*, 2013 WL 1104787, at *3 (D. Nev. March 11, 2013). *See also Pedrina v. Chun*, 97 F.3d 1296, 1301 (9th Cir. 1996) (dismissing RICO claim against defendant who benefited from RICO enterprise but did not manage it); *Baumer v. Pachl*, 8 F.3d 1341, 1344 (9th Cir. 1993) (dismissing § 1962(c) claim because defendant's role was "at best sporadic, . . . [n]or did he play any part in directing the affairs of the enterprise"); *Atl.-Pac. Processing Sys. NV Corp. v. Plaut*, 2023 WL 2744660, at *7-8 (D. Nev. March 31, 2023) (dismissing § 1962(c) claim because a blanket statement that defendants participated in the operation or management of the enterprise is merely conclusory and not sufficiently particular to satisfy Rule 9(b)); *Adams*, 2013 WL 1104787, at *3 (granting motion to dismiss RICO claim because defendant was part of an enterprise and "provided services" to it, but did not have a role in its management nor rise to the level of direction) (citing *Walter v. Drayson*, 538 F.3d 1244, 1249 (9th Cir. 2008)).

As detailed in the Motion for Judgment, not to be repeated here, Count One of the FAC fails to meet the "conduct" requirement defined above and set forth in *Reves* and its progeny. For this reason, Count One must be dismissed as to Movants.





BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

**D. <u>Count Two of the FAC Still Fails to Satisfy the Awareness and Intent Elements Required of a RICO Conspiracy.</u>**

The Court held that Plaintiffs' original Complaint failed to state a RICO conspiracy claim under § 1962(d) because it failed to allege facts sufficient to satisfy the awareness and intent elements of RICO conspiracy. Order at 14. More specifically, as set forth in the Court's prior Order, a RICO conspiracy requires defendants to have been "aware of the essential nature and scope of the enterprise and intend[] to participate in it." *Baumer*, 8 F.3d at 1346 (quoting *United States v. Muskovsky*, 863 F.2d 1319, 1324 (7th Cir. 1988)); *see also* ECF No. 76 at 13 (quoting *Baumer*); *Salinas v. United States*, 522 U.S. 52, 65 (1997) (RICO conspiracy statute requires that each defendant "knew about and agreed to facilitate the scheme," but does not require each actor to "commit or agree to commit the two or more predicate acts"). Plaintiffs failed to plead these elements in the Complaint, and the deficiency is not rectified in the FAC.

In their Opposition, Plaintiffs claim to refute several arguments that were not actually raised by Movants:

- Plaintiffs argue that *Reves* does not apply to a RICO conspiracy count, Opp'n at 12, but this is not an argument made by Movants.
- Plaintiffs argue that RICO conspirators need not agree to commit two or more predicate acts, Opp'n at 12-13, but this is not an argument made by Movants.
- Plaintiffs argue that Rule 9(b) does not require express allegations of specific intent, Opp'n at 13, but this is not an argument made by Movants.

Plaintiffs then argue that they pled Movants' awareness with supporting facts. *See* Opp'n at 13-15. However, as set forth in the Motion for Judgment in great detail, the supporting facts are lengthy but not substantive. Plaintiffs essentially have no response to the Motion for Judgment's argument that none of the FAC's allegations establish that Martin was aware of and intended to participate in some scheme to bankrupt Plaintiffs, much less with the requisite particularity. *See* Motion for Judgment at 14-16; Opp'n at 13-14 (listing allegations about Martin (many of which are duplicative or not Martin's conduct), recognizing that the Motion for Judgment "address[es]

these [allegations] one at a time[,]" failing to respond in kind, and deflecting that the allegations must be considered as a "whole"). And the FAC paragraphs addressing Roma say nothing about his awareness and intent with regard to the nature and scope of the Quinn-Denne enterprise, nor his intent to participate in it, as required.

For all of the above reasons, the FAC failed to rectify the deficiencies previously identified by the Court, and Count Two must be dismissed as to Movants.

**E. <u>Count Nine of the FAC Should Be Dismissed As Against Roma.</u>**

In an apparent effort to strengthen their tortious interference with contract claim, Plaintiffs' FAC adds new allegations to Count Nine. However, these new allegations are inconsistent with Plaintiffs' RICO allegations, thus demonstrating Plaintiffs' inability to state a claim of tortious interference against Roma; i.e.: (a) The FAC alleges that Roma is liable under RICO because of his ability to control Disruptive Technology (FAC ¶ 128); yet (b) the FAC also alleges that Roma is liable for tortious interference because he was "a stranger to the contract for purposes of this Count and enjoys no privilege or immunity arising from any relationship with Disruptive Technology" (FAC ¶ 211). Plaintiffs' Opposition adds a third argument—that Roma is liable for tortious interference because "a shareholder is not a party to his corporation's contracts." Opp'n at 16.

In an effort to draw attention away from these inconsistencies and conflicts, Plaintiffs argue in the Opposition that dismissing Roma from Count Nine would set bad policy because, "[o]n [Movants'] logic, the more completely a fraudster dominates the shell he uses, the more absolutely he is immunized from interference liability." Opp'n at 16. However, this is not bad policy; it is simply a reality that torts have required elements of proof and limited applicability. Simply put, tortious interference with contract requires third-party interference with a contract, which is not the situation alleged here. *Blanck v. Hager*, 360 F. Supp.2d 1137, 1154 (D. Nev. 2005). Plaintiffs are trying to hammer a square peg into a round hole.

In the alternative, and in the interest of justice, the Court should decline to exercise jurisdiction over Roma if the RICO claims against him are dismissed.

**F. <u>This Court Lacks Personal Jurisdiction Over Martin.</u>**

Plaintiffs do not dispute that this Court lacks personal jurisdiction over Martin if the RICO





BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

claims are dismissed. *See* Opp'n at 17; Motion for Judgment at 20. And dismissal is appropriate for the reasons stated in the Motion for Judgment and *Supra*.

### G. Dismissal Should Be With Prejudice

Finally, Movants continue to advocate for dismissal with prejudice. Plaintiffs have made it clear that, even with over 50 new paragraphs, they cannot state a claim against Movants. Their theories against Movants are not sustainable under the law or the facts, and further amendment would be futile. *Sanchez v. Los Angeles Dep't of Transp.*, 39 F.4th 548, 562 (9th Cir. 2022) (dismissal with prejudice is appropriate when "no additional facts could possibly have cured the deficiency").

## III. CONCLUSION

For the foregoing reasons, Movants respectfully request that this Court grant the Motion for Judgment.

DATED this 16th day of September, 2026.

BROWNSTEIN HYATT FARBER SCHRECK, LLP

BY: */s/ Maximilien D. Fetaz*
Maximilien D. Fetaz, Esq.
Zachary R. Meyer, Esq.
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614

*Attorneys for Defendants Brian Quinn, Joshua Denne, Blockchain Funding, Inc., Blockchain Alliance LLC, Masternode Partners, LLC, Lynne Martin, and Jeremy Roma*

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

**CERTIFICATE OF SERVICE**

Pursuant to Fed. R. Civ. P. 5(b), and Section IV of District of Nevada Electronic Filing Procedures, I certify that I am an employee of BROWNSTEIN HYATT FARBER SCHRECK, LLP, and that the foregoing **REPLY TO MOTION FOR JUDGMENT ON THE PLEADINGS** was served via electronic service on the 16th day of September, 2026.

*/s/ Wendy Cosby*
An employee of BROWNSTEIN HYATT FARBER SCHRECK, LLP