JAMES PUZEY (NV SBN 05745)
jpuzey@nvlawfirm.com
KEARNEY PUZEY DAMONTE
800 South Meadows Parkway, Suite 800
Reno, Nevada 89521
Telephone: (775) 851-8700

SHERRIE M. FLYNN (*Pro Hac Vice*)
sflynn@ch-law.com
ROBERT K. ASHLEY (*Pro Hac Vice*)
rashley@ch-law.com
COLEMAN & HOROWITT, LLP
Attorneys at Law
499 W. Shaw Avenue, Suite 116
Fresno, California 93704
Telephone: (559) 248-4820
Facsimile: (559) 248-4830

Attorneys for Plaintiffs and Counter-Defendants

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA – RENO DIVISION**

| | |
|---|---|
| UTHERVERSE, INC., a Nevada corporation, BRIAN SHUSTER, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>BRIAN QUINN, an individual; JOSHUA DENNE, an individual; BLOCKCHAIN FUNDING, INC., a Delaware corporation; BLOCKCHAIN ALLIANCE LLC, a Wyoming limited liability company; MASTERNODE PARTNERS, LLC, a Wyoming limited liability company; LYNNE MARTIN, an individual; JEREMY ROMA, an individual; and NAZANIN NAMAZI a/k/a “NAZ NAMAZI,” an individual,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIM. | Case No. 3:25-cv-00020-MMD-CSD<br><br>**COUNTER-DEFENDANTS' MOTION TO DISMISS AMENDED COUNTERCLAIM IN PART, OR ALTERNATIVELY, ENTIRE COUNTERCLAIM**<br><br>**(FED. R. CIV. P. 12(b)(6))**<br><br>**Complaint Filed:** January 10, 2025<br><br>**Counterclaim Filed:** February 28, 2025 |

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Counter-Defendants Utherverse, Inc., Brian Shuster ("Shuster"), Utherverse Digital, Inc., and Utherverse International, Ltd. (collectively, "Counter-Defendants") move this Court, pursuant to Federal Rule of Civil Procedure 12(b)(6), for an order dismissing the Amended Counterclaim (ECF No. 88; "ACC") in part, as follows:

1. Dismissing Counter-Defendant Shuster from the First, Third, Fifth, and Seventh Causes of Action, because the ACC contains no allegation that Shuster is a party to any of the four contracts on which those claims are founded;

2. Dismissing Brian Quinn, Joshua Denne, and Blockchain Alliance LLC as Counterclaimants, because the ACC pleads no cause of action on their behalf; and

3. In the alternative and as to the pleading as a whole, dismissing the ACC under Federal Rule of Civil Procedure 8(a)(2) because Counterclaimants failed to provide "a short and plain statement of the claim showing that the [Counterclaimants are] entitled to relief."

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the pleadings and papers on file in this action, and such other matters as the Court may consider. The Motion is submitted on the papers; no hearing date is requested unless the Court orders otherwise. See LR 78–1.

Dated: September 16, 2026

COLEMAN & HOROWITT, LLP

By: /s/ Sherrie M. Flynn

Sherrie M. Flynn. Esq.
Robert K. Ashley, Esq.
499 West Shaw Avenue, Suite 116
Fresno, California 93704
Telephone: (559) 248- 4820
Email: sflynn@ch-law.com

James W. Puzey, Esq
800 South Meadows Parkway, Suite 800
Reno, Nevada 89521
Telephone: (775) 851- 8700
Email: jpuzey@nvlawfirm.com

Attorneys for Plaintiffs Utherverse, Inc. and Brian Shuster and Counter-Defendants Utherverse, Inc., Brian Shuster, Utherverse Digital Inc., and Utherverse International, Ltd.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This Motion is narrow and, Counter-Defendants respectfully submit, straightforward. It does not ask the Court to revisit the merits of the parties' contract disputes. It asks the Court to enforce two elementary pleading requirements.

First, the ACC asserts four breach-of-contract claims against Shuster and one or another Utherverse entity. But in each of those four counts, the only party alleged to have entered the contract is the entity, and the only party alleged to have breached it is the entity. Shuster is named in the heading of each count and nowhere in its body. The first element of a breach-of-contract claim under Nevada law is the existence of a valid contract, and a defendant who is not alleged to be a party to the contract cannot have breached it. Shuster should be dismissed from the First, Third, Fifth, and Seventh Causes of Action.

Second, the ACC is brought by five Counterclaimants, but only two of them plead any claim. Every cause of action belongs to Blockchain Funding, Inc. (the First, Second, Third, Fourth, Seventh, and Eighth) or to Masternode Partners, LLC (the Fifth and Sixth). Brian Quinn, Joshua Denne, and Blockchain Alliance LLC appear in the caption and in the prayer for relief, and in no cause of action at all. A party who pleads no claim states no claim, and those three Counterclaimants should be dismissed.

Third, and in the alternative, the ACC reproduces the structural defect for which this Court dismissed its predecessor. Each of the eight causes of action still opens by re-alleging "each and every allegation of this Counterclaim." That is the blanket incorporation this Court held violates Rule 8. ECF No. 73 at 6–7. Counter-Defendants acknowledge that Counterclaimants have narrowed the pleading in other respects, and they raise this ground as an alternative rather than as their principal argument.

## II. RELEVANT BACKGROUND

On January 26, 2026, this Court dismissed the prior Amended Counterclaim in its entirety, without prejudice. ECF No. 73. The Court held that the pleading failed Rule 8(a) because Counterclaimants "allege most factual allegations in a "General Background" section of the

Counterclaim, and only sparsely plead facts germane to the individual causes of action while pleading by incorporation all prior factual allegations under each cause of action." *Id*. at 6. The Court found that with nine causes of action, seven counterclaimants, and eight counter-defendants, it was "unclear which allegations are meant to support what claims against which parties." *Id*. at 7.

The Court separately found the breach-of-contract claims deficient on the merits, holding that they "plead the barest of allegations to track the elements of each claim" and that the pleading contained "insufficient factual allegations to determine whether a contract existed between all of the parties, what the material terms were, and how Counter-Defendants breached it." *Id*. at 7–8.

The ACC pleads eight causes of action: four for breach of contract (the First, Third, Fifth, and Seventh), each paired with an alternative claim for unjust enrichment (the Second, Fourth, Sixth, and Eighth). The four contracts are the Consulting Agreement, the Blockchain Funding SAFT, the Masternode SAFT, and the Blockchain Funding Note.

## III. LEGAL STANDARD

To survive a motion under Rule 12(b)(6), a pleading must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Legal conclusions and "formulaic recitation[s] of the elements" are not entitled to the assumption of truth. *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678–79. The same standard governs a motion to dismiss a counterclaim.

Under Nevada law, a breach-of-contract claim requires "(1) the existence of a valid contract; (2) that plaintiff performed or was excused from performance; (3) that the defendant breached the contract; and (4) that the plaintiff sustained damages." *Sierra Development Co. v. Chartwell Advisory Group, Ltd.*, 223 F. Supp. 3d 1098, 1103 (D. Nev. 2016) (citing *Calloway v. City of Reno*, 993 P.2d 1259, 1263 (Nev. 2000)); accord ECF No. 73 at 7 (applying the same standard to the prior counterclaim).

///

///

///

## IV. DISCUSSION

### A. Brian Shuster Must Be Dismissed From The Four Breach-Of-Contract Counts Because He Is Not Alleged To Be A Party To Any Contract.

Each of the four breach counts names Shuster in its heading. Not one alleges that he is a party to the contract, that he owed any obligation under it, or that he breached it. In each instance the pleading identifies the contracting parties, and Shuster is not among them.

#### 1. First Cause of Action — Consulting Agreement.

The heading reads "Against Shuster and Utherverse Digital." The body alleges: "Blockchain Funding and Utherverse Digital are parties to the Consulting Agreement" (ECF No. 88, ACC ¶ 52); "Blockchain Funding and Utherverse Digital are mutually obligated to perform" (*id.* ¶ 53); "Blockchain Funding and Utherverse Digital fully executed" it (*id.* ¶ 54); and "Utherverse Digital breached the material terms" (*id.* ¶ 55). Every operative allegation names the entity. Shuster appears nowhere in ¶¶ 52–60.

#### 2. Third and Fifth Causes of Action — the two SAFTs.

The headings read "Against Shuster and Utherverse International." The bodies allege that Blockchain Funding and Utherverse International (Third Cause), and Masternode and Utherverse International (Fifth Cause), are the parties, and that Utherverse International breached. Shuster is again absent from the operative allegations.

#### 3. Seventh Cause of Action — Blockchain Funding Note.

The heading reads "Against Shuster and Utherverse Inc." The body alleges: "Blockchain Funding and Utherverse Inc. are parties to the Blockchain Funding Note" (*id.* ¶ 106); and "Utherverse Inc. breached the material terms of the Blockchain Funding Note" (*id.* ¶ 109). The claim then alleges that "Utherverse Inc. has not paid any of the principal loan amount" and that "Utherverse Inc." has not transferred shares. *Id.* Shuster is not alleged to have owed or failed to perform any obligation.

#### 4. A non-party cannot breach a contract.

The first element of the claim is the existence of a valid contract, *Sierra Development*, 223 F. Supp. 3d at 1103, and that element runs between the parties to the claim. A defendant who is not

alleged to have entered a contract cannot be liable for breaching it. Naming Shuster in a heading is not an allegation; headings are not well-pleaded facts, and a caption cannot supply an element the body omits. This is precisely the deficiency the Court identified before, when it found the prior pleading contained “insufficient factual allegations to determine whether a contract existed between all of the parties.” ECF No. 73 at 8.

Counter-Defendants note what this argument does not reach. Shuster remains a named party to the four alternative unjust-enrichment claims, which do contain allegations directed at him personally — that he “received and retained benefits” (see, e.g., ACC ¶¶ 62, 116). Counter-Defendants do not move against those claims here. The relief sought is limited to dismissing Shuster from the First, Third, Fifth, and Seventh Causes of Action.

**5. The alter-ego allegations do not supply the missing element.**

Counterclaimants may respond that Shuster need not be a party because paragraphs 48 through 50 allege he is the alter ego of Utherverse, Inc., Utherverse Digital, and Utherverse International. Those paragraphs cannot carry that weight, for two independent reasons.

First, they are formulaic recitations of the elements, pleaded entirely on information and belief. Under Nevada law an individual is the alter ego of a corporation only if (a) the corporation is influenced and governed by him, (b) there is such unity of interest and ownership that the two are inseparable, and (c) adherence to the corporate fiction would sanction fraud or promote a manifest injustice. NRS 78.747(2). All three must be shown. Paragraphs 48 through 50 track those elements verbatim and add essentially nothing else: each recites that “there is a unity of interest and ownership”; that the entity “was inadequately capitalized” and its capitalization “illusory”; that assets were “so intertwined and comingled that their value could only be assessed as a whole”; and that adherence to the fiction “would promote injustice.” The only concrete particulars offered are “extravagant travel” and unspecified transfers “without proper documentation.” The three paragraphs are near-verbatim duplicates of one another, with only the entity name changed — including as to Utherverse International, a British Virgin Islands company. That is precisely the “formulaic recitation of the elements” that *Twombly* and *Iqbal* place outside the assumption of truth. *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678–79.

This is not the first pleading in which that language has appeared. Substantially the same alter-ego allegations were pleaded in the original counterclaim in this action (ECF No. 30 ¶¶ 62–63), in the amended counterclaim this Court dismissed (ECF No. 48 ¶¶ 70–72), and, before either of those, in a complaint and an amended complaint filed against the Utherverse parties in since-dismissed litigation in Orange County, California. Request for Judicial Notice ("RJN") ¶¶ 1-4 and Exs. A - D. The Orange County pleadings are word-for-word identical to each other. *Id*.

The Nevada counterclaims in ECF No. 30 reproduce the Orange County text with the party designations changed (the Orange County pleading says "Plaintiffs" and "Defendants"; the counterclaim says "Counterclaimants" and "Counter-Defendants"), Brian Shuster abbreviated to "Shuster," and one phrase modified to refer to the "Utherverse entities" in lieu of the "companies." RJN ¶¶ 1-3 and Exs. A - C.

The two paragraphs of the Amended Answer and Counterclaim (ECF No. 48 ¶¶ 70, 71) are identical to, respectively ECF No. 30 ¶¶ 62, 63 except for the removal of stray "/ / /" line markers. ECF No. ¶ 72 (Utherverse International, Ltd.) is new. It has no counterpart in ECF No. 30, but its text follows the same template as ¶¶ 70 and 71 with the entity name changed.

The only revisions made between the dismissed counterclaim (ECF No. 48) and the operative Counterclaim (ECF No. 88) were three deletions: (1) the words "sanction fraud and" were struck from the injustice element, the reference to unauthorized payments to non-licensed brokers was struck, and the sentence alleging that the entities existed "solely to funnel investor money for Shuster's personal benefit" was struck in its entirety. Compare ECF No. 48 ¶¶ 70–72 with ECF No. 88 ¶¶ 48-50. Nothing was added. Whether it is appropriate to permit further repleading of this language, after four prior pleadings and the current one, is a matter for the Court.

Second, and more importantly, alter ego is a theory for disregarding an entity's separateness so as to reach its owner. It is not a substitute for the element it is offered to replace. *Ahcom Ltd. v. Smeding,* 623 F.3d 1248, 1251 (9th Cir. 2010). Even a well-pleaded alter-ego theory would not make Shuster a party to a contract he did not sign; it would at most supply a derivative route to liability after a breach by the entity is established. *Double Bogey, L.P. v Enea*, 794F.3d 1047, 1051-52 (9th Cir. 2015). The four breach counts do not plead that route — they do not mention alter ego,

do not incorporate paragraphs 48 through 50 by specific reference, and do not allege that Shuster is answerable for the entities' obligations. If Counterclaimants intend to proceed against Shuster on an alter-ego theory, they should be required to plead it in the counts where they intend to use it, with facts rather than recitals.

**B. Quinn, Denne, And Blockchain Alliance Must Be Dismissed as Counterclaimants Because They Assert No Cause Of Action.**

The ACC is brought by five Counterclaimants: Quinn, Denne, Blockchain Funding, Blockchain Alliance, and Masternode. ACC at 1. Each of the eight causes of action, however, belongs to one of only two of them:

The First, Second, Third, Fourth, Seventh, and Eighth Causes of Action are pleaded by Blockchain Funding. Each alleges that Blockchain Funding is the contracting party, that Blockchain Funding performed, that Blockchain Funding conferred the benefit, and that Blockchain Funding was damaged. See *id*. ¶¶ 52–68, 69–86, 105–123.

The Fifth and Sixth Causes of Action are pleaded by Masternode. Id. ¶¶ 87–104.

Quinn, Denne, and Blockchain Alliance are not alleged to be parties to any of the four contracts, are not alleged to have performed under any of them, are not alleged to have conferred any benefit, and are not alleged to have suffered any damages. They appear in the caption and in the prayer for relief. They appear in no cause of action.

A counterclaimant who pleads no claim has stated no claim upon which relief can be granted. *Iqbal*, 556 U.S. at 678. Their presence is not harmless: it expands the scope of discovery, the number of depositions, and the trial record for parties who have asserted nothing. They should be dismissed as Counterclaimants.

**C. In The Alternative, The Retained Blanket-Incorporation Clauses Violate Rule 8 And This Court's Prior Order.**

Each of the eight causes of action opens with the identical sentence: “Counterclaimants repeat and re-allege each and every allegation of this Counterclaim and by reference incorporate the same as though fully set forth at length herein.” ACC ¶¶ 51, 61, 69, 79, 87, 97, 105, 115. Because each count incorporates the entire pleading, each count incorporates every count preceding it.

This Court has already held that this style of pleading violates Rule 8. ECF No. 73 at 6–7 (citing *Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013), and *Collins v. Nevada Dep't of Corrections*, 2025 WL 638627, at *20 (D. Nev. Feb. 25, 2025) (Rule 8 is violated where a party "pleads multiple counts and does not identify which specific facts fit . . . that very count, but instead rel[ies] on a blanket incorporation clause that incorporates all . . . statement of facts")). The notice-pleading requirement is violated not only when a pleading says too little but also "when a pleading says too much." *Knapp*, 738 F.3d at 1109.

Counter-Defendants acknowledge, as they must, that the Amended Counterclaim is an improvement on its predecessor. The causes of action have been reduced from nine to eight, the counterclaimants from seven to five, and the counter-defendants from eight to four. Each heading now identifies the parties to that claim, each count now pleads the elements in separate numbered paragraphs, and each count now adds a sentence directing the reader to allegations "of particular relevance."

But that added sentence is a signpost, not a limitation. It states which allegations are "of particular relevance"; it does not state that the others are excluded. The operative incorporation remains "each and every allegation of this Counterclaim." The result is that Counter-Defendants still cannot determine, for any given count, whether an allegation appearing elsewhere in the pleading is or is not being asserted against them under that count. If the Court concludes that the signposting sentences cure the defect, Counter-Defendants respectfully request that the order say so, and that Counterclaimants be held to the paragraph ranges they have identified.

## V. CONCLUSION

Counter-Defendants respectfully request that the Court (1) dismiss Brian Shuster from the First, Third, Fifth, and Seventh Causes of Action; (2) dismiss Brian Quinn, Joshua Denne, and Blockchain Alliance LLC as Counterclaimants; and (3) in the alternative, dismiss the Amended Counterclaim under Rule 8(a)(2).

If the Court grants leave, Counter-Defendants respectfully request that any repleaded counterclaim be required to conform to ECF No. 73 — in particular, that each cause of action identify the specific allegations on which it relies and the party against whom it is asserted, rather than

incorporating the pleading as a whole.

DATED: September 16, 2026

COLEMAN & HOROWITT, LLP

By: /s/ Sherrie M. Flynn

Sherrie M. Flynn. Esq.
Robert K. Ashley, Esq.
499 West Shaw Avenue, Suite 116
Fresno, California 93704
Telephone: (559) 248- 4820
Email: sflynn@ch-law.com

James W. Puzey, Esq
800 South Meadows Parkway, Suite 800
Reno, Nevada 89521
Telephone: (775) 851- 8700
Email: jpuzey@nvlawfirm.com

Attorneys for Plaintiffs Utherverse, Inc. and Brian Shuster and Counter-Defendants Utherverse, Inc., Brian Shuster, Utherverse Digital Inc., and Utherverse International, Ltd.