JAMES PUZEY (NV SBN 05745)
jpuzey@nvlawfirm.com
KEARNEY PUZEY DAMONTE
800 South Meadows Parkway, Suite 800
Reno, Nevada 89521
Telephone: (775) 851-8700

SHERRIE M. FLYNN (*Pro Hac Vice*)
sflynn@ch-law.com
ROBERT K. ASHLEY (*Pro Hac Vice*)
rashley@ch-law.com
COLEMAN & HOROWITT, LLP
Attorneys at Law
499 W. Shaw Avenue, Suite 116
Fresno, California 93704
Telephone: (559) 248-4820
Facsimile: (559) 248-4830

Attorneys for Plaintiffs and Counter-Defendants

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA – RENO DIVISION**

| | |
|---|---|
| UTHERVERSE, INC., a Nevada corporation, BRIAN SHUSTER, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>BRIAN QUINN, an individual; JOSHUA DENNE, an individual; BLOCKCHAIN FUNDING, INC., a Delaware corporation; BLOCKCHAIN ALLIANCE LLC, a Wyoming limited liability company; MASTERNODE PARTNERS, LLC, a Wyoming limited liability company; LYNNE MARTIN, an individual; JEREMY ROMA, an individual; and NAZANIN NAMAZI a/k/a “NAZ NAMAZI,” an individual,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIM. | Case No. 3:25-cv-00020-MMD-CSD<br><br>**COUNTER-DEFENDANTS' MOTION TO STRIKE PORTIONS OF THE AMENDED COUNTERCLAIM (FED. R. CIV. P. 12(f))**<br><br>**Complaint Filed:** January 10, 2025<br><br>**Counterclaim Filed:** February 28, 2025 |

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Counter-Defendants Utherverse, Inc., Brian Shuster, Utherverse Digital, Inc., and Utherverse International, Ltd. move this Court, pursuant to Federal Rule of Civil Procedure 12(f), for an order striking the following immaterial, impertinent, and scandalous matter from the Amended Counterclaim (ECF No. 88):

1. Paragraph 15 in its entirety;

2. Paragraph 17 in its entirety;

3. The final two sentences of Paragraph 42, beginning "However, Pritcher was unable to verify" and ending "potential liabilities";

4. In Paragraph 45, the clause "as Shuster had previously represented, and which representation was relied upon by the parties in becoming involved with Utherverse and providing significant investment funding";

5. In Paragraph 40, the words sentence "Counterclaimants discovered that Shuster had used Utherverse in a way that tied it to the pornography industry, which was severely detrimental to its reputation"; and

6. In Paragraph 46, the words "due to Shuster's participation in the pornography industry."

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the pleadings and papers on file, and such other matters as the Court may consider. It is submitted on the papers; no hearing is requested unless the Court orders otherwise. See LR 78–1. This Motion is filed concurrently with, and is independent of, Counter-Defendants' Motion to Dismiss Amended Counterclaim in Part, or Alternatively, Entire Counterclaim.

DATED: September 16, 2026 COLEMAN & HOROWITT, LLP

By: /s/ Sherrie M. Flynn

Sherrie M. Flynn. Esq.
Robert K. Ashley, Esq.
499 West Shaw Avenue, Suite 116
Fresno, California 93704
Telephone: (559) 248- 4820
Email: sflynn@ch-law.com

James W. Puzey, Esq
800 South Meadows Parkway, Suite 800
Reno, Nevada 89521
Telephone: (775) 851- 8700
Email: jpuzey@nvlawfirm.com

Attorneys for Plaintiffs Utherverse, Inc. and Brian Shuster and Counter-Defendants Utherverse, Inc., Brian Shuster, Utherverse Digital Inc., and Utherverse International, Ltd.

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

The Amended Counterclaim ("ACC") pleads eight causes of action, and every one of them sounds in contract or quasi-contract: four for breach of four written agreements, and four for unjust enrichment pleaded in the alternative to each. No claim for fraud, intentional misrepresentation, negligent misrepresentation, or breach of fiduciary duty from the initial Counterclaim remains.

What does remain, however, is the fraud narrative. Counterclaimants carried forward allegations that Brian Shuster made representations "later learned to be false" (ACC ¶ 15), that his "misrepresentations were relied upon by investors" (*id*. ¶ 42), and that company revenue was not what he "had previously represented" (*id*. ¶ 45). They also carried forward an entire subsection devoted to the Niya Note (*id*. ¶ 17) — an instrument on which no cause of action is pleaded, between parties who settled and were dismissed from this case. And twice they inject the assertion that Shuster tied the company to "the pornography industry" (*id*. ¶¶ 40, 46).

Counter-Defendants do not ask the Court to sanitize the pleading. This Motion is deliberately narrow. Counterclaimants are entitled to plead the history of the parties' dealings, the services they say they rendered, and the expenses they say they incurred; Counter-Defendants do not move against any of that. They move only against matter that (a) supports no claim actually pleaded, and (b) serves no function except to place before the Court and a future jury an accusation of fraud that Counterclaimants have elected not to assert, and a sexual characterization that bears on nothing at all.

## II. LEGAL STANDARD

Rule 12(f) permits the Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The purpose of the Rule is "to avoid the expenditure of time and money that must arise from litigating spurious issues." *Sidney-Vinstein v. A.H. Robins Co*., 697 F.2d 880, 885 (9th Cir. 1983); accord ECF No. 73 at 10 (quoting the same standard).

The Rule's terms are given their plain meaning. *Whittlestone, Inc. v. Handi-Craft Co*., 618 F.3d 970, 973–74 (9th Cir. 2010); ECF No. 73 at 10, 12 (declining to strike matter not "impertinent"

or "immaterial" "under the plain meaning of the word"). "Immaterial" matter is that which has no essential or important relationship to the claim for relief pleaded. *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993). "Impertinent" matter consists of statements that do not pertain, and are not necessary, to the issues in question. *Id*. "Scandalous" matter is that which improperly casts a derogatory light on a party. *Righthaven LLC v. Democratic Underground, LLC*, 791 F.Supp.2d 968. 977 (D. Nev. 2011).

Counter-Defendants recognize that motions to strike are disfavored and that this Court denied the greater part of their prior Rule 12(f) motion. ECF No. 73 at 10–12. They have framed this Motion accordingly: it identifies five discrete items, states the ground for each, and explains the concrete prejudice each would cause if left standing.

## III. DISCUSSION

### A. Paragraph 17 Supports No Claim In The Pleading And Concerns Parties Who Have Been Dismissed.

Paragraph 17 is the whole of General Background subsection "A. Niya Note." It alleges that Utherverse Digital executed a $1,350,000 senior secured convertible promissory note with Niya Holdings, that Quinn and Denne "persuaded" Niya to invest, and that Utherverse Digital "defaulted on the Niya Note."

No cause of action in the ACC arises from the Niya Note. The eight claims arise from four other instruments: the Consulting Agreement, the Blockchain Funding SAFT, the Masternode SAFT, and the Blockchain Funding Note. Counterclaimants' own signposting confirms it. Each count identifies the background allegations "of particular relevance" to it, and those citations run to paragraphs 18–23, 24–27, 28–31, 32–37, and 38–46. ACC ¶¶ 51, 61, 69, 79, 87, 97, 105, 115. Not one count cites paragraph 17 or subsection A.

Nor is Niya still in the case. Niya Holdings and Nima Momayez were dismissed on July 14, 2026. ECF No. 82. Paragraph 17 itself concedes the point, noting they "separately settled with Plaintiffs."

An allegation that supports no pleaded claim, concerning an instrument on which no claim is brought, between parties no longer before the Court, has no essential or important relationship to

any claim for relief. It is immaterial in the plain sense of the word.

**B. The Falsity And Misrepresentation Allegations Are Immaterial To Contract And Quasi-Contract Claims.**

Three passages allege, in terms, that Shuster made false representations:

Paragraph 15: "Shuster claimed numerous past successes, millions of active Utherverse users, billions in transactions on the Utherverse platform, and a robust patent portfolio, among numerous other representations that were later learned to be false."

Paragraph 42, final two sentences: "However, Pritcher was unable to verify ownership of numerous patents that Shuster had represented were owned by himself and Utherverse. This realization was alarming, as Shuster's misrepresentations were relied upon by investors and left Utherverse with potential liabilities."

Paragraph 45, in part: revenue was not $8–10 million per year "as Shuster had previously represented, and which representation was relied upon by the parties in becoming involved with Utherverse and providing significant investment funding."

Falsity, reliance, and inducement are elements of fraud. They are not elements of breach of contract, which requires a valid contract, performance, breach, and damages. *Sierra Development Co. v. Chartwell Advisory Group, Ltd.*, 223 F. Supp. 3d 1098, 1103 (D. Nev. 2016). Nor are they elements of unjust enrichment, which requires a benefit conferred, appreciation of the benefit, and inequitable retention. Counterclaimants abandoned the claims to which these allegations belonged when they elected not to replead fraud.

Counter-Defendants anticipate the response that these passages bear on Counterclaimants' "reasonable expectation of compensation" under the unjust-enrichment counts. They do not. The expectation alleged in those counts is an expectation of tokens, shares, and repayment arising from the four written agreements. ACC ¶¶ 63, 117. Whether Shuster overstated user counts or revenue years earlier has no bearing on whether Counterclaimants expected to be paid under those instruments. And the allegations are notably one-directional: they are pleaded to establish wrongdoing, not expectation.

The prejudice is concrete. Left standing, these passages license discovery into the truth of

every representation Shuster is said to have made about user numbers, transaction volume, patent ownership, and historical revenue over more than a decade — subjects with no connection to whether four contracts were performed. They also supply the raw material for a trial presentation in which Counterclaimants argue fraud to the jury while bearing none of fraud's elements, none of its heightened pleading burden under Rule 9(b), and none of its clear-and-convincing standard of proof.

### C. The Pornography References Are Scandalous And Unnecessary.

Twice the Amended Counterclaim asserts that Shuster tied the company to the pornography industry. Paragraph 40 alleges "Counterclaimants discovered that Shuster had used Utherverse in a way that tied it to the pornography industry, which was severely detrimental to its reputation." Paragraph 46 alleges the company had trouble establishing a banking relationship "due to Shuster's participation in the pornography industry."

Counter-Defendants do not move to strike either paragraph in their entirety. The surrounding allegations — that Denne spent approximately $65,000 on a public relations agency and $165,000 on social media promotion (¶ 40), and that he assisted in obtaining a banking relationship with Fresno Bank (¶ 46) — are expense-and-services allegations that go directly to the unjust-enrichment counts. Those allegations stand on their own. A public relations engagement needs no sexual predicate to be pleaded, and neither does a bank account.

What the excised language adds is not a fact bearing on any element. It is a characterization of the individual Counter-Defendant, of a kind calculated to color the reader's view of him. That is the paradigm of scandalous matter under Rule 12(f) — material that improperly casts a party in a derogatory light while contributing nothing to the claims pleaded. The prejudice is self-evident and, unlike most Rule 12(f) disputes, it is not curable by instruction: once the assertion is in a pleading it is in the public record of this case, repeated in every filing that quotes it.

## IV. CONCLUSION

Counter-Defendants respectfully request that the Court strike from the ACC: (1) paragraph 17 in its entirety; (2) paragraph 15 in its entirety; (3) the final two sentences of paragraph 42, beginning "However, Pritcher was unable to verify" and ending "potential liabilities"; (4) in Paragraph 45, the clause "as Shuster had previously represented, and which representation was relied

upon by the parties in becoming involved with Utherverse and providing significant investment funding"; (5) in paragraph 40, the sentence "Counterclaimants discovered that Shuster had used Utherverse in a way that tied it to the pornography industry, which was severely detrimental to its reputation"; and (6) in paragraph 46, the words "due to Shuster's participation in the pornography industry."

DATED: September 16, 2026

COLEMAN & HOROWITT, LLP

By: /s/ Sherrie M. Flynn

Sherrie M. Flynn. Esq.
Robert K. Ashley, Esq.
499 West Shaw Avenue, Suite 116
Fresno, California 93704
Telephone: (559) 248- 4820
Email: sflynn@ch-law.com

James W. Puzey, Esq
800 South Meadows Parkway, Suite 800
Reno, Nevada 89521
Telephone: (775) 851- 8700
Email: jpuzey@nvlawfirm.com

Attorneys for Plaintiffs Utherverse, Inc. and Brian Shuster and Counter-Defendants Utherverse, Inc., Brian Shuster, Utherverse Digital Inc., and Utherverse International, Ltd.