JAMES W. PUZEY (NV SBN 05745)
jpuzey@nvlawfirm.com
KEARNEY PUZEY DAMONTE
800 South Meadows Parkway, Suite 800
Reno, Nevada 89521
Telephone: (775) 851-8700

SHERRIE M. FLYNN (Pro Hac Vice)
sflynn@ch-law.com
ROBERT K. ASHLEY (Pro Hac Vice)
rashley@ch-law.com
COLEMAN & HOROWITT, LLP
499 W. Shaw Avenue, Suite 116
Fresno, California 93704
Telephone: (559) 248-4820

Attorneys for Plaintiffs and Counter-Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA – RENO DIVISION

| | |
|---|---|
| UTHERVERSE, INC., a Nevada corporation; BRIAN SHUSTER, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>BRIAN QUINN, an individual; JOSHUA DENNE, an individual; BLOCKCHAIN FUNDING, INC., a Delaware corporation; BLOCKCHAIN ALLIANCE LLC, a Wyoming limited liability company; MASTERNODE PARTNERS, LLC, a Wyoming limited liability company; LYNNE MARTIN, an individual; JEREMY ROMA, an individual; and NAZANIN NAMAZI a/k/a “NAZ NAMAZI,” an individual,<br><br>Defendants. | Case No. 3:25-cv-00020-MMD-CSD<br><br>**COUNTER-DEFENDANTS’ REPLY IN SUPPORT OF MOTION TO STRIKE PORTIONS OF THE AMENDED COUNTERCLAIM**<br><br>ECF Nos. 98, 102 |
| AND RELATED COUNTERCLAIM. | |

## I. INTRODUCTION

Counter-Defendants' Motion to Strike (ECF No. 98; "Motion") asked the Court to remove six passages from the Amended Counterclaim ("ACC," ECF No. 88 at 37–56). Having considered Counterclaimants' Opposition (ECF No. 102; "Opposition"), Counter-Defendants narrow the Motion to two passages: the sentence in paragraph 40 and the clause in paragraph 46 that attribute Utherverse's reputational and banking difficulties to Brian Shuster's involvement with "the pornography industry."

Counter-Defendants do not press the other four requests. As to paragraph 17, the Opposition is correct that the First Amended Complaint itself pleads the Niya Note, so the transaction is part of this case. ECF No. 102 at 5:3-6:28; ECF No. 83 ¶¶ 26–29, 200–207. As to paragraphs 15, 42, and 45, the Opposition ties the challenged passages to its alter-ego allegations (ECF No. 102 at 7–8), and the sufficiency of those allegations is before the Court on the companion Motion to Dismiss (ECF No. 97). Narrowing the Motion concedes neither the truth of those passages nor the Opposition's characterization of them.

## II. THE STANDARD

Counter-Defendants agree that a motion to strike is "an extreme and drastic remedy," is "generally disfavored," and that a court will not strike matter "unless the matters sought to be omitted have no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." *Alvarado v. Western Range Ass'n*, No. 3:22-cv-00249-MMD-CLB, 2024 WL 915659, at *4 (D. Nev. Mar. 4, 2024) (internal quotation marks omitted). Impertinent matter "consists of statements that do not pertain, and are not necessary, to the issues in question." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) (internal quotation marks omitted), *rev'd on other grounds*, 510 U.S. 517 (1994). An allegation is scandalous if it "improperly casts a 'cruelly derogatory light' on someone, most typically a party to the action." *Brizuela v. City of Sparks*, No. 3:19-cv-00692-MMD-WGC, 2021 WL 4150936, at *10 (D. Nev. Sept. 13, 2021) (internal quotation marks omitted). It "'is not enough that the matter offends the sensibilities of the objecting party if the challenged allegations describe acts or events that are relevant to the action.'" *Alvarado*, 2024 WL 915659, at *5 (quoting 5C Charles Wright & Arthur Miller, Federal

Practice and Procedure § 1382 (3d. ed. 2024)). But a court may strike such matter to avoid "giving the allegations any other unnecessary notoriety inasmuch as, once filed, pleadings generally are public documents." *Brizuela*, 2021 WL 4150936, at *10 (internal quotation marks omitted).

## III. ARGUMENT

### A. The Two Passages Describe No Act or Event in the Parties' Dealings

The requested deletions are one sentence and one clause. Paragraph 40 would still allege that, "[i]n an effort to repair the damaged reputation of Utherverse, Denne ... spent roughly $65,000.00 on a PR agency and spent an additional $165,000.00 on social media promotions." Paragraph 46 would still allege that "Utherverse was experiencing difficulty securing a banking relationship" and that Denne helped it secure one. Every service and every dollar remains pleaded.

The Opposition says the references are needed to "justify" more than $200,000 in "damages." ECF No. 102 at 3:23-26, 9:17-22. That rationale does not hold. It has no application to paragraph 46, which pleads no expenditure at all. As to paragraph 40, the purpose of the spending remains pleaded: to "repair the damaged reputation of Utherverse." Whether the amount was reasonable is a matter of proof, and striking the words from the pleading leaves the allegations concerning the services, benefits, and banking difficulties intact. Nor is the amount Denne chose to spend the measure of recovery under either count. The contract count seeks the tokens promised (ACC ¶¶ 20, 55), and the alternative count seeks "the reasonable value" of the benefit conferred (*id.* ¶ 66). The value of a public relations campaign to its recipient does not turn on who is said to have caused the need for it.

Counter-Defendants recognize that this Court declined to strike pointed language in *Alvarado*. The allegations there described what the defendants themselves were alleged to have done in carrying out the scheme in the suit and so described "acts or events that are relevant to the action." 2024 WL 915659, at *4–5. The two passages here are different. They describe nothing done in the parties' dealings. They assign a cause to a reputational problem and to a bank's reluctance, and they assign it to Shuster personally: that "Shuster had used Utherverse in a way that tied it to the pornography industry," and that the banking difficulty was "due to Shuster's participation in the pornography industry." ACC ¶¶ 40, 46. No count requires the Court or a jury

to decide why Utherverse's reputation needed repair or why a bank hesitated. The counts put at issue what Denne did and what it was worth, and those allegations remain. The two passages are therefore "not necessary[ ] to the issues in question." *Fantasy*, 984 F.2d at 1527.

**B. Leaving the Passages in Place Serves Only to Give Them Notoriety**

The Opposition states that Counterclaimants "possess knowledge of exactly how Shuster associated Counter-Defendants with the pornography industry and could have pleaded additional details," but pleaded the label alone. ECF No. 102 at 3:17-26 and 9:19-22. That the references are brief does not make them pertinent. It confirms that the label is not there to plead a fact on which any count depends. What a label of this kind does in a public pleading is characterize the individual Counter-Defendant, in a record that later filings will quote. ECF No. 98 at 7:6-23. That is the "unnecessary notoriety" that Rule 12(f) permits a court to prevent (*Brizuela*, 2021 WL 4150936, at *10), and it is prejudice within the standard this Court applies (*Alvarado*, 2024 WL 915659, at *4).

The impact of the relief is correspondingly small. Deleting one sentence and one clause removes no service, no expenditure, and no claim, and it costs Counterclaimants nothing they need to plead or prove. It decides no question of discovery or admissibility.

**C. The Requests Not Pursued**

Not pressing the request as to paragraph 17 does not accept the Opposition's characterization of the Niya Note as Blockchain Funding's performance under the Consulting Agreement, or as a benefit conferred by Quinn and Denne. ECF No. 102 at 5:2–6:26. The ACC does not plead it that way. The Niya Note is dated before the Consulting Agreement (ACC ¶¶ 17–18); the counts identify the performance and benefit at issue as the "efforts and expenses" described "in allegations 38-46" (*id.* ¶¶ 57, 62); and no count specifically identifies paragraph 17 among the supporting allegations discussed. Likewise, not pressing the requests as to paragraphs 15, 42, and 45 does not concede that those passages state facts sufficient to hold Shuster liable on any entity's contract. That question is briefed on the companion Motion to Dismiss. The Court need not decide either point here.

///

## IV. CONCLUSION

Counter-Defendants respectfully request that the Court strike from the ACC: (1) in paragraph 40, the sentence "Counterclaimants discovered that Shuster had used Utherverse in a way that tied it to the pornography industry, which was severely detrimental to its reputation"; and (2) in paragraph 46, the words "due to Shuster's participation in the pornography industry." The two requests are severable. The requests concerning paragraphs 15, 17, 42, and 45 are not pursued, and items 1 through 4 of the Proposed Order at ECF No. 98-1 should be disregarded. Counter-Defendants will submit an amended proposed order if the Court wishes.

Dated: October 7, 2026

COLEMAN & HOROWITT, LLP

By: /s/ Sherrie M. Flynn

Sherrie M. Flynn. Esq.
Robert K. Ashley, Esq.
499 West Shaw Avenue, Suite 116
Fresno, California 93704
Telephone: (559) 248- 4820
Email: sflynn@ch-law.com

James W. Puzey, Esq
800 South Meadows Parkway, Suite 800
Reno, Nevada 89521
Telephone: (775) 851- 8700
Email: jpuzey@nvlawfirm.com

Attorneys for Plaintiffs Utherverse, Inc. and Brian Shuster and Counter-Defendants Utherverse, Inc., Brian Shuster, Utherverse Digital Inc., and Utherverse International, Ltd.