JAMES W. PUZEY (NV SBN 05745)
jpuzey@nvlawfirm.com
KEARNEY PUZEY DAMONTE
800 South Meadows Parkway, Suite 800
Reno, Nevada 89521
Telephone: (775) 851-8700

SHERRIE M. FLYNN (Pro Hac Vice)
sflynn@ch-law.com
ROBERT K. ASHLEY (Pro Hac Vice)
rashley@ch-law.com
COLEMAN & HOROWITT, LLP
499 W. Shaw Avenue, Suite 116
Fresno, California 93704
Telephone: (559) 248-4820

Attorneys for Plaintiffs and Counter-Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA – RENO DIVISION

| | |
|---|---|
| UTHERVERSE, INC., a Nevada corporation; BRIAN SHUSTER, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>BRIAN QUINN, an individual; JOSHUA DENNE, an individual; BLOCKCHAIN FUNDING, INC., a Delaware corporation; BLOCKCHAIN ALLIANCE LLC, a Wyoming limited liability company; MASTERNODE PARTNERS, LLC, a Wyoming limited liability company; LYNNE MARTIN, an individual; JEREMY ROMA, an individual; and NAZANIN NAMAZI a/k/a "NAZ NAMAZI," an individual,<br><br>Defendants. | Case No. 3:25-cv-00020-MMD-CSD<br><br>**COUNTER-DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS AMENDED COUNTERCLAIM IN PART, OR ALTERNATIVELY, ENTIRE COUNTERCLAIM**<br><br>ECF Nos. 97, 103 |
| AND RELATED COUNTERCLAIM. | |

## I. INTRODUCTION

The Counterclaimants' Opposition (ECF No. 103; "Opposition") confirms the two defects in the Amended Counterclaim ("ACC," ECF No. 88 at 37–56) that Counter-Defendants' Motion to Dismiss (ECF No. 97; "Motion") identified. First, it does not identify one operative paragraph in which Brian Quinn, Joshua Denne, or Blockchain Alliance LLC pleads a claim. It relies on the word "Counterclaimants" in a boilerplate incorporation sentence, collective background allegations, and assertions  in the Opposition that the ACC itself does not make. Second, it defends Brian Shuster's liability on four contracts he is not alleged to have made by pointing to alter-ego paragraphs that this Court has already seen, that were re-pleaded without additional facts, and that use the same words for three different corporations.

Counter-Defendants do not dispute that a properly pleaded alter ego theory may be applied to a corporation's contract, or that Federal Rule of Civil Procedure 10(c) permits incorporation by reference. The question is whether this pleading supplies the facts for each claimant, each entity, and each count. It does not.

## II. ARGUMENT

### A. Quinn, Denne, And Blockchain Alliance Plead No Claim.

#### 1. The Second Cause of Action pleads only Blockchain Funding's claim

The Opposition identifies one count, the Second Cause of Action, as the claim of Quinn, Denne, and Blockchain Alliance. ECF No. 103 at 14:22–15:5. That count alleges that Utherverse Digital and Shuster retained "benefits conferred by Blockchain Funding"; that "Blockchain Funding conferred these benefits" expecting compensation; that the benefits were retained "without providing adequate compensation to Blockchain Funding"; that "Blockchain Funding has suffered damages"; and that the enrichment was "at Blockchain Funding's expense." ACC ¶¶ 62–63, 65, 67–68. No operative paragraph of the count alleges that Quinn, Denne, or Blockchain Alliance conferred, expected, or lost anything.

The Opposition answers that paragraph 61 says that "'Counterclaimants'—not just Blockchain Funding—incorporate by reference all allegations." ECF No. 103 at 15:2-5. The same sentence opens all eight counts. ACC ¶¶ 51, 61, 69, 79, 87, 97, 105, 115. If it made every

Counterclaimant a claimant, Masternode would be suing on the Blockchain Funding Note and Quinn on the Masternode SAFT. No one reads the pleading that way. An incorporation sentence identifies what is re-alleged, not who is suing.

**2. The ACC itself attributes the paragraph 38–46 efforts to Blockchain Funding**

The Opposition next relies on background paragraphs 38–46 and asserts that "each of Quinn, Denne, and/or Blockchain Alliance incurred" the expenses described there. ECF No. 103 at 15:5-10. That does not supply a claim, for several reasons.

First, the ACC says otherwise. The count on which the Opposition relies describes the same efforts as "Blockchain Funding's numerous efforts and expenses to market and develop Utherverse as described in allegations 38-46." ACC ¶ 62. The contract count pleads those efforts as the way "Blockchain Funding performed its obligations under the Consulting Agreement." *Id.* ¶ 57. And the Opposition agrees that the three additional claimants acted "in furtherance of Blockchain Funding's performance of the Consulting Agreement." ECF No. 103 at 15:11-15. On the pleading's own theory, the work was the corporation's performance, for which the corporation was to be paid in tokens. ACC ¶¶ 20–22. Nothing alleges that Quinn, Denne, or Blockchain Alliance expected separate compensation from any Counter-Defendant or explains how each could recover the value of work that the count claims for Blockchain Funding.

Second, the collective allegations do not identify each Counterclaimant's contributions. ACC paragraph 23 refers collectively to expenditures and efforts, and paragraph 38 attributes more than $1.5 million in spending to "Counterclaimants" collectively. Paragraphs 40–46 describe acts by Denne. Quinn appears only as someone who "agreed to invest and help promote" Utherverse and who, with Denne, persuaded a lender to lend. *Id.* ¶¶ 16–17. Blockchain Alliance is not mentioned in any factual allegation after it is identified as a party. *Id.* ¶ 7. The Opposition's own phrasing, "each of Quinn, Denne, and/or Blockchain Alliance," concedes that the ACC does not identify who incurred which expense. The Court made the same observation about the prior pleading, which it found "largely devoid of factual allegations concerning" Quinn. ECF No. 73 at 7:23-8:1 & n.7.

Third, the Opposition's authorities do not fill the gap. *United States v. United Healthcare*

*Insurance Co.*, 848 F.3d 1161, 1184 (9th Cir. 2016), permits collective allegations against "multiple defendants who are alleged to have engaged in precisely the same conduct." It concerns how a pleader may describe those it sues, not whether a pleading may leave unstated which of several persons holds the claim; and the ACC does not allege "precisely the same conduct" by anyone. *Kennedy v. Carriage Cemetery Services, Inc.*, 727 F.Supp.2d 925, 932 (D. Nev. 2010), requires "a benefit conferred on the defendant by the plaintiff…" Its statement that "[a]n indirect benefit will support an unjust enrichment claim" concerns how the benefit reaches the defendant. It does not relieve each claimant of alleging that it conferred a benefit and that retention is inequitable as to it.

Finally, facts asserted in a brief do not amend a pleading. That each of the three "incurred" expenses "in furtherance of the agreements," and that "the evidence will confirm" Shuster's signature on the Consulting Agreement, are assertions found only in the Opposition. ECF No. 103 at 5:7-8 n. 1, 15:5-8. "[A] court *may not* look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss." *Schneider v. California Department of Corrections*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998). Rule 8(e) directs that pleadings be construed "so as to do justice," ECF No. 103 at 15-16, n. 4; it does not supply a claimant that the count omits.

Quinn, Denne, and Blockchain Alliance should be dismissed as Counterclaimants. Whether they will be deposed as defendants in any event (ECF No. 103 at 16:1-3) is beside the point; a party that pleads no claim cannot obtain judgment on one. At a minimum, if the Court concludes that the allegations about Denne in ACC paragraphs 40–46 permit him to proceed, it should dismiss Quinn and Blockchain Alliance, about whom the ACC pleads nothing comparable.

**B. The ACC Does Not Plausibly Plead Alter Ego.**

**1. The standard**

The Opposition does not contend that Shuster is a party to any of the four contracts in his own right; his liability on the First, Third, Fifth, and Seventh Causes of Action rests entirely on alter ego. ECF No. 103 at 6:14–14:21, n. 3. Counter-Defendants agree that alter-ego liability, where it exists, extends to contract obligations. *Brown v. Kinross Gold U.S.A., Inc.*, 531 F.Supp.2d

1234, 1241 (D. Nev. 2008). The Motion's point is that the ACC does not plead that route with facts. ECF No. 97 at 6:11–8:4.

Nevada law begins from the opposite presumption. "[N]o person other than a corporation is individually liable for a debt or liability of the corporation unless the person acts as the alter ego of the corporation," and a person does so only if "[t]he corporation is influenced and governed by the person"; the two are inseparable through "unity of interest and ownership," and adherence to the corporation's separate existence "would sanction fraud or promote a manifest injustice." NRS 78.747(1) - (2). The proponent "must establish the elements the statute articulates." *Brown*, 531 F.Supp.2d at 1241–42. Both sides have briefed that standard, and the ACC does not meet it.

Counter-Defendants reserve the question whether the law of the place of incorporation governs Shuster's alter ego liability for Utherverse Digital (British Columbia) and Utherverse International (British Virgin Islands); *see* ACC ¶¶ 10–11), and give notice under Federal Rules of Civil Procedure, Rule 44.1 that they intend to rely on the law of those jurisdictions if that question is reached. *See Volvo Construction Equipment Rents, Inc. v. NRL Rentals, LLC*, 614 F.Appx 876, 879 (9th Cir. 2015) (applying local law of the state of incorporation to shareholder liability under Nevada choice-of-law rules). They do not seek dismissal under foreign law in this Reply.

The pleading standard is not in doubt. The Opposition quotes *Hu v. Aria Resort & Casino LLC* for the proposition that dismissal requires that the pleader "cannot prove any set of facts" (ECF No. 103 at 5:24–6:1-3), but omits that, "a plaintiff must provide more than mere labels and conclusions," and the result: dismissal of a complaint that did "not make clear whom plaintiff is suing for what wrongs" (No. 2:25-cv-00320-MMD-NJK, 2025 WL 3124309, at *1–2 (D. Nev. Nov. 7, 2025)). This Court applied the same rule to these parties. ECF No. 73 at 8:10-15, n. 8. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," and Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). The Opposition's own authority adds that allegations in "a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts…" *Geanacopulos v. Narconon Fresh Start*, 39 F.Supp.3d 1127, 1134 (D. Nev. 2014) (quoting *Starr*

*v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011)).

**2. The Court has already seen these allegations**

Paragraphs 48–50 are not new. The dismissed counterclaim contained the same three paragraphs. ECF No. 48 ¶¶ 70–72. In addressing the prior pleading's lack of clarity, the Court took note of them and held that Counterclaimants "may not offer an unclear complaint and use broad allegations of alter ego and conspiracy as a panacea." ECF No. 73 at 9:20-21. The ACC responded by deleting words ("sanction fraud and," a reference to payments to unlicensed brokers, and a sentence asserting that the entities existed "solely to funnel investor money for Shuster's personal benefit") without adding supporting facts. ECF No. 97 at 7:16-21. The Opposition does not dispute the comparison; it calls the history "irrelevant." ECF No. 103 at 12:3. The prior order did not separately decide whether these paragraphs satisfy every element of NRS 78.747. But it warned that broad alter-ego allegations cannot cure an unclear pleading, and the ACC adds no underlying facts to those paragraphs to address that concern.

Nor is the challenge new. The Opposition states that Counter-Defendants "are only now seeking dismissal of the alter-ego allegations…" *Id.* at 12:18. However, Counter-Defendants challenged the same paragraphs last time as "devoid of any factual basis" and as "alleged entirely on information and belief, without identifying the facts giving rise to the belief." ECF No. 56-1 at 17:2-4 & n. 4; ECF No. 62 at 10:13-15 & n. 4.

**3. The ACC does not plead what this Court has found sufficient**

This Court's own decisions mark the line. Allegations that an individual "signed documents on behalf of" a company and took part in its conduct as its manager "do not tend to show a plausibility that Defendant treated the corporation as his alter-ego." *JQ Solutions v. Dahir*, No. 2:11-cv-00101-MMD-PAL, 2013 WL 1189991, at *2 (D. Nev. Mar. 21, 2013). That answers the Opposition's reliance on Shuster's execution of the agreements "on behalf of each Counter-Defendant." ECF No. 103 at 5:7-8, 13:13-14 & n. 3. The ACC pleads that each entity contracted "by and through Shuster," ACC ¶¶ 24, 28, 32, 33, which alleges that the corporate form was used, not disregarded. On the other side of the line, the Court sustained an alter-ego contract claim where, regarding an entity that had borrowed plaintiff's money, the complaint alleged that an individual

was its sole contact and held its executive offices, that he solicited the loan in suit with representations about that entity's finances, and that the entity was undercapitalized. *Douglas Coder & Linda Coder Family LLLP v. RNO Exhibitions, LLC*, No. 3:19-cv-00520-MMD-CLB, 2020 WL 5995495, at *3 (D. Nev. Oct. 9, 2020). The ACC is not *Coder*, for two reasons.

First, the ACC's entity-specific labels do not supply the supporting facts in *Coder*. *Coder* involved one company and facts specific to it. The ACC pleads three corporations, organized in Nevada, British Columbia, and the British Virgin Islands, under the single name "Utherverse." ACC ¶¶ 1, 9–11. Subparagraphs (a) and (b) of ACC paragraphs 48–50 recite the statutory elements and the familiar factors on information and belief, in identical words for each corporation. The one sentence that goes further, on which the Opposition relies, is that Shuster used Utherverse "'corporate funds to pay for personal travel and transferred company assets to his own accounts without proper documentation.'" *See e.g.*, ECF No. 103 at 10:3-4 (quoting ACC ¶¶ 48(c), 50(c)). Counter-Defendants do not ask the Court to ignore that sentence. But the sentence does not say which of three companies' funds were used. ACC paragraphs 48(d), 49(d) and 50(d) attribute the use of corporate assets to "Counter-Defendants," a group that includes the corporations themselves. And the sentence is pleaded verbatim for Utherverse Inc. and for Utherverse International, about which the ACC alleges nothing except that Utherverse International signed two agreements and received $17,000.25. ACC ¶¶ 11, 24–31, 48(c)–(d), 50(c)–(d). For Utherverse Digital, the only entity alleged to be a party to the Consulting Agreement, paragraph 49(c) omits the sentence alleging use of corporate funds for personal travel and transferring of company assets altogether. *Id.* ¶¶ 49(c), 52. The Opposition's other allegations, a "one man show," overstated success, and a proposed chief financial officer not hired (ECF No. 103 at 4:23-5:7, 11:5-10), are likewise pleaded about "Utherverse" collectively. A statement that reads the same whichever entity's name is inserted is not a fact about any of them.

Second, nothing connects the alleged misuse to the injuries sued on. In *Coder* the individual's representations about the borrower's finances procured the very loan that went unpaid. Nevada law requires a connection of that kind. In *Polaris Industrial Corp. v. Kaplan*, which the Opposition quotes through *Brown* (ECF No. 103 at 8:16-19), the court held that findings that a

corporation paid its owner's personal obligations and that he withdrew funds for his own use "point to a unity of interest," but that "these actions must also be the cause of [the creditor's] injury"; it pierced the veil as to the owner whose withdrawals "left the corporation without funds to repay the debt." 103 Nev. 598, 602–03, 747 P.2d 884, 887–88 (1987). *Polaris* was decided after trial, and Counter-Defendants do not suggest that the ACC must plead evidence. But it must plead facts that make the connection between allegations of alter ego and Counterclaimants' damages plausible, and it pleads none. Its theory of breach is not that any entity was left unable to perform. It is that the tokens "were minted" and "distributed to members of the public," and that Shuster "takes the position" that Blockchain Funding and Masternode are entitled to no tokens or shares. ACC ¶¶ 2, 27, 31, 36, 47. That is a dispute over entitlement under the contracts, to be resolved against the contracting entities. Nothing links alleged personal travel to the non-delivery of tokens the ACC says exists, and the ACC does not allege that Utherverse Inc. cannot pay the note.

**4. The Opposition's cases involved pleaded facts**

In *Las Vegas Sun, Inc. v. Adelson*, the pleader alleged that the affiliate was "the pertinent actor for much of the misconduct alleged in these claims" and identified a concrete practice: it "improperly allocates expenses to the printed Sun instead of the Sun website to ... make the Sun paper appear less profitable." No. 2:19-cv-01667-GMN-BNW, 2022 WL 876937, at *14 (D. Nev. Mar. 23, 2022). The ACC identifies no practice tied to any entity or to the breaches alleged.

In *Geanacopulos*, the court found the alter-ego allegations "largely conclusory" and allowed the claims to proceed because it was plausible that plaintiffs could show "an alter ego or agency relationship," given allegations, supported by citation to the defendant's own pamphlets, that it controlled "the time, manner, and method" of the affiliate's operations. 39 F.Supp.3d at 1135. The court allowed discovery because pleaded facts made a relationship plausible; it did not hold that conclusions earn discovery. *See Iqbal*, 556 U.S. at 678–79.

**5. The ruling should be entity-specific**

If the Court concludes that the allegations suffice as to one corporation but not another, the ruling should reflect the difference. The deficiency is plainest in the three token counts. The First Cause of Action concerns Utherverse Digital, as to which paragraph 49(c) omits even the template

sentence, and the Third and Fifth concern Utherverse International. The Seventh concerns Utherverse Inc. ACC ¶¶ 52, 70, 88, 106. Dismissing Shuster from the contract counts leaves in place the claims against the entities and the alternative unjust-enrichment counts, on which Counter-Defendants did not move. ECF No. 97 at 6:6-10.

**C. The Oppositions Illustrate the Rule 8 Problem**

The Rule 8 ground is an alternative, and Counter-Defendants do not contend that incorporating general allegations for context is improper in itself. *See Navajo Health Foundation–Sage Memorial Hospital, Inc. v. Razaghi Development Co LLC.*, No. 2:19-cv-00329-GMN-EJY, 2023 WL 2843649, at *3 (D. Nev. Jan. 30, 2023). The concern is practical. Because every count re-alleges "each and every allegation of this Counterclaim," the signposting sentences tell the reader what is "[o]f particular relevance" but not what a count excludes. ECF No. 97 at 8:23–9:20. The two Oppositions (*i.e.*, to the instant Motion and to the Motion to Strike) show that the concern is real. To keep three claimants in the case, this Opposition relies on the word "Counterclaimants" in an incorporation sentence. ECF No. 103 at 15:1-10. To defend ACC paragraph 17, the companion Opposition asserts that a paragraph no count cites, concerning a third party's loan, is Blockchain Funding's "performance under the Consulting Agreement," and maintains that the counts may rely on "allegations outside of those in a 'signposting.'" ECF No. 102 at 5:2–6:28. A pleading whose counts can be enlarged in a brief, by claimant and by theory, does not give "fair notice of what the ... claim is and the grounds upon which it rests." ECF No. 73 at 6:7-9 (internal quotation omitted).

The comparison to the First Amended Complaint (ECF No. 103 at 16:13–17:1) does not answer this. Each count of that pleading incorporates a defined range of factual paragraphs, "Paragraphs 1 through 150," and two add one specifically identified earlier count. ECF No. 83 ¶¶ 152, 157, 160, 170, 178, 186, 193, 200, 208. Each ACC count incorporates the entire pleading, including the other seven counts. ECF No. 97 at 8:25-27.

The Court need not dismiss the entire pleading to address the problem. Granting the two specific requests removes the claimants and the theory that the incorporation clauses are being used to supply. If the Court permits amendment, it should require what ECF No. 73 called for: that

each count states which Counterclaimant asserts it, against whom, and on what facts. ECF No. 97 at 9:26–10:1.

**D. Further Leave to Amend is Not Automatic**

The Opposition asks for leave. ECF No. 103 at 18:14-25. Leave is within the Court's discretion, and that discretion is "particularly broad" where a pleader has already amended after the deficiency was identified. *See Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009). The prior order identified both problems presented here: the absence of facts concerning Quinn and the reliance on broad alter-ego allegations. ECF No. 73 at 7:23-8:1 & n. 7, 9:12-21. Counterclaimants re-pleaded nearly seven months later. As to alter ego, the Opposition identifies no fact it would add. As to the three Counterclaimants, it offers only unspecified "facts about Counterclaimants and/or more definitive signposts." ECF No. 103 at 18:19-21. On that showing the Court may dismiss without further leave, as the Proposed Order provides. ECF No. 97-2. If it grants leave, the leave should be limited to the defects identified and conditioned as stated above.

## III. CONCLUSION

The Court should (1) dismiss Brian Shuster from the First, Third, Fifth, and Seventh Causes of Action; (2) dismiss Brian Quinn, Joshua Denne, and Blockchain Alliance LLC as Counterclaimants; and (3) in the alternative, dismiss the ACC under Rule 8(a)(2). Any leave to amend should be limited and conditioned as stated in sections II.C and D.

Dated: October 8, 2026

COLEMAN & HOROWITT, LLP

By: /s/ Sherrie M. Flynn

Sherrie M. Flynn. Esq.
Robert K. Ashley, Esq.
499 West Shaw Avenue, Suite 116
Fresno, California 93704
Telephone: (559) 248- 4820
Email: sflynn@ch-law.com

James W. Puzey, Esq
800 South Meadows Parkway, Suite 800
Reno, Nevada 89521
Telephone: (775) 851- 8700
Email: jpuzey@nvlawfirm.com

Attorneys for Plaintiffs Utherverse, Inc. and Brian Shuster and Counter-Defendants Utherverse, Inc., Brian Shuster, Utherverse Digital Inc., and Utherverse International, Ltd.