JAMES PUZEY (NV SBN 05745)
jpuzey@nvlawfirm.com
KEARNEY PUZEY DAMONTE
800 South Meadows Parkway, Suite 800
Reno, Nevada 89521
Telephone: (775) 851-8700

SHERRIE M. FLYNN (*Pro Hac Vice*)
sflynn@ch-law.com
ROBERT K. ASHLEY (*Pro Hac Vice Forthcoming*)
rashley@ch-law.com
COLEMAN & HOROWITT, LLP
Attorneys at Law
499 W. Shaw Avenue, Suite 116
Fresno, California 93704
Telephone: (559) 248-4820
Facsimile: (559) 248-4830

Attorneys for Plaintiffs and Counter-Defendants

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA – RENO DIVISION**

| | |
|---|---|
| UTHERVERSE, INC., a Nevada corporation, BRIAN SHUSTER, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>BRIAN QUINN, an individual; JOSHUA DENNE, an individual; BLOCKCHAIN FUNDING, INC., a Delaware corporation; BLOCKCHAIN ALLIANCE LLC, a Wyoming limited liability company; MASTERNODE PARTNERS, LLC, a Wyoming limited liability company; LYNNE MARTIN, an individual; JEREMY ROMA, an individual; and NAZANIN NAMAZI a/k/a “NAZ NAMAZI,” an individual, Defendants.<br><br>Defendants. | Case No. 3:25-cv-00020-MMD-CSD<br><br>**STIPULATION AND [PROPOSED] ORDER TO EXTEND DISCOVERY DEADLINES**<br><br>**(THIRD REQUEST)** |
| AND RELATED COUNTERCOMPLAINT. | |

///

///

Plaintiffs and counter-defendants Utherverse, Inc. ("UI") and Brian Shuster ("Shuster"; collectively with UI, "Plaintiffs"), Utherverse Digital, Inc. ("UDI") and Utherverse International, Ltd. ("ULTD"; collectively with UDI and Plaintiffs, "Counter-Defendants") by and through their attorneys of record; defendants Brian Quinn ("Quinn"), Joshua Denne ("Denne"), Blockchain Funding, Inc. ("Blockchain Funding"), Blockchain Alliance LLC ("Blockchain Alliance"), Masternode Partners, LLC ("Masternode"), Lynne Martin ("Martin"), and Jeremy Roma ("Roma"; collectively with Quinn, Denne, Blockchain Funding, Blockchain Alliance, Masternode, and Martin, the "Represented "Defendants") by and through their attorneys of record; and Nazanin Namazi, in pro per ("Namazi"; collectively, with the Represented Defendants, "Defendants"; and with Plaintiffs and Counter-Defendants, the "Parties"), hereby stipulate to extend discovery in Scheduling Order (ECF No. 78), as set forth below.

## I. <u>PROCEDURAL HISTORY</u>

1. Plaintiffs filed their Complaint on January 10, 2025. ECF No. 1.

2. Under FRCP 26(f) and LR 26-1(a), the Parties conferred via telephone, later submitting a joint proposed discovery plan and scheduling order. *See* ECF No. 40.

3. This Court adopted the Parties' proposal, entering a scheduling order ("Scheduling Order") on April 4, 2025. ECF No. 41.

4. On August 14, 2025, the Parties filed a Stipulation and [Proposed] Order to Extend Discovery Deadlines. ECF 68. ECF 68 was the Parties' first request for an extension.

5. On February 2, 2026, the Parties filed a Stipulation and [Proposed] Order to Extend Discovery Deadlines. ECF 75. ECF 75 was the Parties' second request for an extension.

6. On July 9, 2026, the Court ordered that the dates be extended as follows (ECF 78):

   a. Initial Disclosures: Except for Namazi, Initial Disclosures are Complete.

   b. Fact Discovery Cut-Off: October 26, 2026.

   c. Amending Pleadings and Adding Parties: August 24, 2026

   d. Expert Witness Disclosure: November 24, 2026

   e. Rebuttal Expert Disclosure: December 24, 2026

   f. Discovery Cut-Off: January 25, 2027

g. Dispositive Motion Cut-Off: February 25, 2027

h. Joint Pretrial Order: March 25, 2027

7. Plaintiffs filed their First Amended Complaint on July 14, 2026. ECF 83.

8. On August 18, 2026, Defendants Martin and Roma filed a Motion for Judgment on the Pleadings. ECF 89. The Martin and Roma's Motion is pending before the Court.

9. On September 9, 2026, Defendant, Namazi, filed a Motion to Dismiss Counts I and II of the First Amended Complaint. ECF 94. Namazi's Motion is pending before the Court.

10. On September 16, 2026, Counter Defendants filed a Motion to Dismiss Amended Counterclaim in Part, or Alternatively, Entire Counterclaim. ECF 97. Counter-Defendants' Motion is pending before the Court.

11. Additionally, on September 16, 2026, Counter-Defendants filed a Motion to Strike portions of the Amended Counterclaim. ECF 98. Counter-Defendants' Motion is pending before the Court.

To date, the Court has not issued a ruling on any of the pending motions. Accordingly, all such motions remain submitted and awaiting the Court's determination.

## II. <u>STATUS OF DISCOVERY</u>

1. The Parties made their initial disclosures in April 2025 pursuant to FRCP26(a)(1)(A).

2. Plaintiffs served their First Set of Requests for Production and First Set of Requests for Admission to Defendant Denne on July 11, 2025.

3. Plaintiffs served their First Set of Requests for Production and First Set of Requests for Admission to Defendant Quinn on July 11, 2025.

4. Defendant Denne served his Responses to Plaintiffs' First Set of Requests for Production and First Set of Requests for Admissions on August 11, 2025.

5. Defendant Quinn served his Responses to Plaintiffs' First Set of Requests for Production and First Set of Requests for Admissions on August 11, 2025.

6. Defendants served their First Set of Requests for Production and First Set of Requests for Admissions to Plaintiff Shuster on August 19, 2025.

7. Defendants served their First Set of Requests for Production of Documents to

Plaintiff Utherverse on August 19, 2025.

8. Plaintiffs have not served discovery on Defendants Namazi, Martin, Roma, Blockchain Funding, Blockchain Alliance, or Masternode.

9. UDI and ULTD have not served discovery on any of the Counterclaimants.

## III. REMAINING DISCOVERY TO BE COMPLETED

1. The remaining discovery in this action includes:

a. Written discovery, including FRCP 33 interrogatories, FRCP 34 requests for production, and FRCP 36 requests for admission on all Parties, including any follow up requests for production or admissions for Quinn and Denne as Plaintiffs deem necessary, and follow up requests for production or admissions on Utherverse and Shuster as Defendants deem necessary;

b. Fact depositions;

c. Expert discovery, including both written discovery and depositions;

d. FRCP 45 document subpoenas to third parties with relevant knowledge of Plaintiffs' claims and Defendants' counterclaims, allegations, and damages as well as related defenses;

e. Potential third-party depositions; and

f. Preparation of supplemental responses to written discovery and supplemental disclosure statements, as necessary.

2. This summary of discovery completed and remaining is not intended to be limiting but is set forth to advise this Court of the remaining discovery that is anticipated in this matter in accordance with LR 26-3.

## IV. REASONS THE PARTIES REQUEST AN EXTENSION

1. Four (4) potentially dispositive motions remain pending before the Court, and the Court has yet to rule on any of them. The resolution of one or more of these motions may materially affect the posture, scope, and parties to this action, including by narrowing the claims or defenses at issue or dismissing one or more parties altogether.

2. Proceeding with discovery before the Court resolves the pending motions may

therefore result in unnecessary, inefficient, and potentially duplicative efforts. For example, if a party is dismissed or claims are eliminated, discovery directed to those parties or claims may prove unnecessary. Extending the discovery deadline until the Court has ruled on the pending motions will permit the parties to tailor discovery to operative claims, defenses, and parties that remain in the action.

3. Permit Plaintiffs additional time to further investigate their RICO, conspiracy, fraud, conversion, breach of fiduciary duty and tortious interference with contract claims, and whether newly discovered evidence surrounding a Disruptive Technology OÜ Binding Letter of Intent warrants adding a new defendant and cause of action.

4. Permit Defendants additional time to further investigate the alleged breaches of the various contracts between the parties and unjust enrichment claims.

## V. REQUESTED EXTENSION

1. A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).

2. A stipulation "to extend a deadline set forth in a discovery plan must be received by the court no later than 21 days before the expiration of the subject deadline" and "must be supported by a showing of good cause." LR 26-3.

3. LR IA 6-1 provides that "[a] motion or stipulation to extend time must state the reasons for the extension requested and must inform the court of all previous extensions of the subject deadline the court granted."

4. There is good cause to extend the discovery deadlines in this matter given:

a. The Court's ruling on the pending Motions may affect the Parties' need for discovery;

b. Plaintiffs may need to amend their First Amended Complaint, add, or delete one or more defendants, and conduct discovery to support additional allegations and associated claims;

c. Defendants may need to correspondingly amend their Answer, their counterclaims and conduct discovery to counter Plaintiffs' additional allegations and

claims; and

d. All Parties need additional time for discovery due to the complex issues of conspiracy and fraud already present in this litigation.

5. This is the third request for an extension of the discovery deadlines.

6. This stipulation is submitted before the 21-day deadline under LR 26-3 to all deadlines, except the close of fact discovery, and amending pleadings and adding parties.

7. The Parties respectfully request additional time after ruling on the pending Motions. Depending on the outcome of said Motions, amendment of the pleadings may be ordered by the Court. In any case, the Parties require additional time to investigate their respective claims and amend the pleadings accordingly. Amending the pleadings while a motion is pending would not promote efficient use of judicial or the Parties' resources.

8. Because all Parties stipulate to this requested extension, no Party will be prejudiced by extending discovery as requested.

9. Nor is this stipulation made with undue delay, dilatory motive, or bad faith.

10. This stipulation does not waive any party's existing rights, defenses, or objections, including objections to future amendments of the pleadings.

11. Based on the foregoing, Plaintiffs Defendants and Namazi stipulate that the discovery deadlines be extended for a period after ruling on the pending Motions as follows:

a. Initial Disclosures: Completed except for Namazi, whose Initial Disclosures will be due fourteen (14) days after an entry of order on this stipulation.

b. Fact Discovery Cut-Off: Four (4) months after the last ruling.

c. Amending Pleadings and Adding Parties: Two (2) months after the last ruling.

d. Expert Witness Disclosure: One (1) month after the Fact Discovery Cut-Off.

e. Rebuttal Expert Disclosure: One (1) month after the Expert Witness Disclosure.

f. Discovery Cutoff: One (1) month after Rebuttal Expert Disclosure.

g. Dispositive Motion Cutoff: One (1) month after Discovery Cutoff.

///

h. Joint Pretrial Order: One (1) month after Dispositive Motion Cutoff.

**IT IS SO STIPULATED.**

DATED: October 23, 2026

COLEMAN & HOROWITT, LLP

By: */s/ Sherrie M. Flynn*

Sherrie M. Flynn. Esq.
Robert K. Ashley, Esq.
499 West Shaw Avenue, Suite 116
Fresno, California 93704
Telephone: (559) 248- 4820
Email: sflynn@ch-law.com

James W. Puzey, Esq
800 South Meadows Parkway, Suite 800
Reno, Nevada 89521
Telephone: (775) 851- 8700
Email: jpuzey@nvlawfirm.com

Attorneys for Plaintiffs Utherverse, Inc. and Brian Shuster and Counter-Defendants Utherverse, Inc., Brian Shuster, Utherverse Digital Inc., and Utherverse International, Ltd.

DATED: October 23, 2026

BROWNSTEIN HYATT FARBER SCHRECK, LLP

By: */s/ Maximilien D. Fetaz*

Maximilien D. Fetaz, Esq
Zachary R. Meyer, Esq
Attorneys for Counterclaimants
Brian Quinn, Joshua Denne, Blockchain Funding, Inc., Blockchain Alliance LLC, Masternode Partners, LLC, Lynne Martin, and Jeremy Roma

DATED: October 23, 2026

By: */s/ Nazanin Namazi*

Nazanin Namazi, Pro Se

**IT IS SO ORDERED.**

______________________________
UNITED STATES MAGISTRATE JUDGE

DATED: ____________________________